ACCEPTED
15-25-00124-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/23/2025 8:33 AM
CHRISTOPHER A. PRINE
CLERK

Cause No. 15-25-00124-CV

| | | |
|---|---|---|
| Brian Beckcom | § | FILED IN |
| | § | 15th COURT OF APPEALS |
| | § | Court of Appeals of Texas AUSTIN, TEXAS |
| v. | § | 9/23/2025 8:33:43 AM |
| | § | Fifteenth District CHRISTOPHER A. PRINE |
| Texas A&M University | § | Clerk |

## Appellant's Motion to Abate and Remand for Findings of Fact and Conclusions of Law

### Summary of Relief Requested

Appellant Brian Beckcom respectfully requests this Court to abate this appeal and remand this case to the trial court, with orders to prepare the findings of fact and conclusions of law that he timely requested.

### Background Facts

1. Appellant Brian Beckcom requested Appellee Texas A&M University to provide him with documents in accordance with the requirements of the Public Information Act.[1]

2. Texas A&M provided Beckcom with *some* records, but also alleged several grounds for refusing to produce all responsive documents.[2]

---

[1] App'x 10–11, 13–14.

[2] App'x 53–70; 135–46.

3. Unsatisfied with Texas A&M's responses, Beckcom filed a petition for a writ of mandamus in a Bryan County district court,[3] as the Public Information Act requires.[4]

4. In response—and in lieu of an answer—Texas A&M University filed a plea to the jurisdiction, challenging the trial court's authority to consider the merits of Beckcom's petition.[5]

5. The trial court held a hearing on Texas A&M's plea.[6]

6. Following the hearing, the trial court issued an order *denying* Texas A&M's plea to the jurisdiction and *dismissing* Beckcom's petition—*with prejudice*.[7]

7. Beckcom filed a request for findings of fact and conclusions of law, as well as his proposed findings and conclusions, and a proposed order.[8]

8. Texas A&M objected to Beckcom's request and his proposed order, but also filed proposed findings and conclusions of its own as an

---

[3] App'x 4–8.

[4] Tex. Gov't Code § 552.321.

[5] App'x 19–43.

[6] *See generally* RR 1–68.

[7] App'x 585.

[8] App'x 586 (request); 598–602 (proposed findings and conclusions); 604 (proposed order). Beckcom also timely filed a notice of past-due findings and conclusions. *Id.* at 618

alternative.[9]

9.      Beckcom responded to Texas A&M's objections.[10]

10.      The trial court signed an order sustaining Texas A&M's objections, in which it also "denied and disregarded" Beckcom's requests.[11]

## Argument

This Court should abate this appeal and order the trial court to prepare the findings of fact and conclusions of law that Beckcom timely requested. The Texas Supreme Court has held that such requests are appropriate in mandamus proceedings that originate in district courts.[12] And several of Texas's intermediate courts of appeals have held that "an appellant suffers injury from such a refusal when the circumstances of the case require him to guess the reason or reasons the court ruled against him."[13] In light of the issues that were pending before the district court, this Court should conclude that its findings and conclusions are required.

---

[9] App'x 588–593 (objection to request); App'x 610 (objection to order); App'x 605–09 (proposed findings and conclusions).

[10] App'x 594–97.

[11] App'x 616.

[12] *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex.1991).

[13] *In re S.R.O.*, 143 S.W.3d 237, 242 (Tex. App.—Waco 2004, no pet.) (citing *Beard v. Beard*, 49 S.W.3d 40, 52 (Tex. App.—Waco 2001, pet. denied)l *Chandler v. Chandler,* 991

Here, there is no question that Texas A&M responded to Beckcom's mandamus petition by arguing that (a) Beckcom "lacked standing" to pursue this relief;[14] (b) it produced documents responsive to Beckcom's request;[15] and (c) its decision to withhold documents from Beckcom was correct.[16]  The district court's order *dismissing* Beckcom's petition for a writ of mandamus suggests that it *agreed* with Texas A&M's argument that Beckcom lacked standing.[17] But its order expressly *denied* Texas A&M's jurisdictional plea.[18] And because its order dismissed Beckcom's petition "with prejudice," the district court's order suggests that Beckcom petition was incurably procedurally defective[19]—an argument that Texas A&M never asserted in its motion or at the hearing.

---

S.W.2d 367, 389 (Tex. App.—El Paso 1999, pet. denied); Tex. R. App. P. 44.1(a)(2) (error requires reversal if it "probably prevented the appellant from properly presenting the case to the court of appeals")).

[14] App'x 40–42.

[15] App'x 31–33.

[16] App'x 33–34. Texas A&M also asserted other arguments that were ultimately mooted by Beckcom's amended petition. *Compare* App'x 35–40 *with* App'x 577.

[17] *See, e.g.*, *Paxton v. Am. Oversight*, 716 S.W.3d 535, 548 (Tex. 2025) (requiring a *dismissal* of a petition for writ of mandamus filed under the Public Information Act if the district court lacks subject-matter jurisdiction).

[18] App'x 585.

[19] *Cf. Univ. of Tex. Rio Grande Valley v. Oteka*, 715 S.W.3d 734, 738 & n. 11 (Tex. 2025) (noting that a "failure to exhaust administrative remedies" would result in a "dismissal with prejudice").

This Court should conclude that the district court erred when "denying and disregarding" Beckcom's requests for findings of fact and conclusions of law[20] because, in their absence, Beckcom can only "guess the reason or reasons the court ruled against him."[21] And as a result, Beckcom's undersigned counsel risks waiving arguments in this appeal by failing to correctly guess which issues to present.[22] Moreover—and perhaps more importantly—*this* Court has no rational basis for determining which issues Beckcom is required to present and the arguments he must raise to obtain a reversal (or that Texas A&M must present to obtain an affirmance). For example:

— Were Beckcom's requests too broad?

— Was the information protected by state or federal law?

— Did Texas A&M demonstrate that responsive documents do not exist? If so, what burden of proof did it impose—and on which party—when making that determination?

What's more, the district court's determination—without explanation—that Beckcom's petition should be dismissed dismissed "with

---

[20] App'x 616.

[21] *See* note 13, *supra*.

[22] Tex. R. App. P. 38.1(i).

prejudice" also creates far more questions than the parties or this Court could possibly answer without additional guidance. For example:

— If the district conclusion was based on the absence of existing documents, and Beckcom learns later that responsive documents have been created, can Beckcom seek production of them in the future?

— If Beckcom files a new records request using different criteria, does the court's existing order now collaterally estop any requests for any documents that could have been the subject of the requests in *this* proceeding?

— Can Beckcom ever request records from Texas A&M again? If so, which ones? And if not, why?

In sum, all of these questions could have been answered—and Beckcom's appeal could have proceeded much more efficiently—if the district court had complied with Beckcom's reasonable request. Because an explanation from the district court serves the best interests of this Court, Beckcom, Texas A&M, and any district court that might consider Beckcom's future public information requests , this Court should order the district court to provide findings and conclusions that support its decision.

## Conclusion

Appellant Brian Beckcom respectfully requests this Court to abate this appeal and remand this case to the trial court, with orders to prepare the findings of fact and conclusions of law that he timely requested.

Respectfully submitted,

/s/ *Matthew J. Kita*
Matthew J. Kita
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

Counsel for Appellant

## Certificate of Conference

I certify that on September 23, 2025, I conferenced with Appellee's counsel, Jason Contreras, who responded by stating that he is "opposed to this non-meritorious motion."

/s/ *Matthew J. Kita*
Matthew J. Kita

## Certificate of Service

I certify that on September 23, 2025, I served a copy of this motion on all counsel of record via e-filing in accordance with Texas Rule of Appellate Procedure 9 and this Court's local rules.

/s/ *Matthew J. Kita*
Matthew J. Kita

Case No. 15-25-00124-CV

---

Court of Appeals of Texas
Fifteenth District

---

**Brian Beckcom**
*Appellant*

v.

**Texas A&M University**
*Appellee*

---

On Appeal from a Dismissal of a Petition for Writ of Mandamus
85th District Court; Bryan County, Texas
Cause No. 24-003177-CV-85
Hon. Kyle Hawthorne, Presiding

---

**Appellant's Appendix**

---

Matthew J. Kita
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

Counsel for Appellant

- 1 -

# Table of Contents

| Document | Page |
|---|---|
| Plaintiff's Amended Petition for Writ of Mandamus (3/3/25) | 4 |
| Agreed Order Consolidating Cases (3/6/25) | 16 |
| Defendant's First Amended Plea to the Jurisdiction (2/19/25) (filed in Cause No. 24-3358-CV-28, consolidated via order above) | 19 |
| Plaintiff's Response to Defendant's Plea to the Jurisdiction (4/15/25) | 576 |
| Court's Letter Ruling (4/24/25) | 584 |
| Order Denying Plea and Dismissing Petition (5/12/25) | 585 |
| Plaintiff's Request for Findings of Fact and Conclusions of Law (6/2/25) | 586 |
| Defendant's Objections to Plaintiff's Request (6/4/25) | 588 |
| Plaintiff's Response to Defendant's Objections (6/6/25) | 594 |
| Plaintiff's Proposed Findings and Conclusions (6/6/25) | 598 |
| Plaintiff's Proposed Order Overruling Defendant's Objections (6/6/25) | 603 |
| Plaintiff's Proposed Order Vacating May 12, 2025 Order (6/6/25) | 604 |
| Defendant's Proposed Findings and Conclusions (6/6/25) | 605 |
| Defendant's Objections to Plaintiff's Proposed Order (6/9/25) | 610 |
| Plaintiff's Motion for New Trial (6/10/25) | 614 |
| Order Sustaining Defendant's Objections to Plaintiff's Request (6/16/25) | 616 |

Plaintiff's Notice of Past Due Findings and Conclusions (6/23/25)     618

Plaintiff's Designation of Reporter's Record (6/30/25)     620

Plaintiff's Notice of Appeal (6/30/25)     622

Plaintiff's Notice of Appendix in Lieu of Clerk's Record (6/30/25)     624

District Court's Docket Sheet     627

**Received & Filed 3/3/2025 12:18 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Emily Velasquez
Envelope# - 97984983**

Cause No.24-003177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | ) | In the District Court of |
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | 85th Judicial District |

### Amended Petition for Writ of Mandamus

***"The purpose of the Texas Public Information Act is to ensure transparency in government so that the public can retain control over the government they created."[1]***

The Texas Public Information Act ("TPIA") mandates openness, emphasizing that governmental bodies exist to serve the people, not to withhold information from them. By requiring liberal construction in favor of disclosure, the Texas Legislature intended to empower citizens to fully monitor the official acts of public officials and institutions. Thus, when governmental entities withhold public records, they undermine the very foundation of public accountability that the Act was created to protect.

TAMU is withholding hundreds of pages of documents in this case, claiming a variety of inapplicable privileges and questionable exceptions. Petitioner requests that this Court require TAMU to respond to two particular requests: (1) documents related to a March 2024 investigation into Squadron 17 of the Corps of Cadets; and (2) a "compilation" of DEI documents, and any other documents that exist and have not been produced, related to former

---

[1] *City of Dallas v. Abbott*, 304 S.W.3d 380, 385 (Tex. 2010).

- 4 -

Commandant Patrick Michaelis' plan to completely restructure the Corps of Cadets freshman experience (or "fish brigade").[2]

**1.      Discovery Control Plan**

1.1      Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.

**2.      Claim for Relief**

2.1      Petitioner seeks only non-monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

**3.      Parties**

3.1      Petitioner Brian Beckcom is an attorney whose address is 1220 Augusta, Suite 240, Houston, Texas 77057.

3.2.      Respondent Texas A&M University is a public university that can be served through its Office of General Counsel at  Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas  77840-7896

**4.      Jurisdiction, Venue, and Conditions Precedent**

4.1      This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2      All conditions precedent have been performed or have occurred.

**5.      Facts**

---

[2] Michaelis has since been relieved of his duties by the Texas A&M Board of Regents in August 2024, in part for his insistence on moving forward with the proposed restructure.

**5.1 Petitioner Brian Beckcom sent requests for production under the TPIA that have not been fully responded to.**

5.1.1 The TPIA expressly prohibits governmental bodies from refusing to produce documents based on the status of the requester, and yet, TAMU is doing exactly that in this case.

5.1.2. On March 28, 2024, Petitioner Brian Beckcom sent a request for documents related to several investigations into Corps of Cadets.[3] TAMU refused to produce any documents related to one particular outfit—Squadron 17–yet produced documents related to other outfits, with appropriate private information redacted, TAMU claimed that because Mr. Beckcom is a parent of one of the students in the outfit, Mr. Beckcom was prohibited from seeing documents related to his son's outfit.

TAMU's legal position is incorrect based on black letter law. In fact, the TPIA expressly prohibits governmental entities from discriminating based on the stats of the requestor.[4]

Further, and strangely, TAMU produced documents related to a different investigation of the same outfit and has produced documents related to investigations of several other Corps units. It is only this one particular investigation, of this one particular outfit, that TAMU seeks to withhold.[5]

5.1.3 TAMU is also withholding many documents related to the former Commandant's plans to radically restructure the Corps based on DEI principles. On February 26, 2024, Petitioner

---

[3] Exhibit A, March Corps of Cadets Document Request.

[4] Tex. Gov't Code 552.223 "The officer for public information or the officer's agent shall treat all requests for information uniformly without regard to the position or occupation of the requestor, the person on whose behalf the request is made, or the status of the individual as a member of the media"

[5] Of note, all Corps members were cleared of any alleged wrongdoing.

Brian Beckcom sent a request for documents related to the Corps of Cadets freshman experience. TAMU stated that a "compilation of DEI documents" responsive to the request was withheld. It is still being withheld, along with the planning documents and other documents related to the former Commandant's plans to restructure the Corps of Cadets[6]

## 6.    Violation of the Texas Public Information Act

6.1    The TPIA requires that public information be produced "promptly."[7] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[8]   TAMU's failure to provide the requested information and perform an adequate search is a clear violation of the TPIA's unambiguous mandate.

## 7.    Request for Relief

Petitioner requests that the Court order TAMU to produce the requested documents and information or perform an *in-camera* review of the materials to determine the applicability of the alleged privileges. Petitioner Beckcom further requests costs and fees as allowed by law.

Respectfully submitted,

**VB Attorneys**

/s/ Brian Beckcom

_____

**Brian Beckcom**
SBN:  24012268
1220 Augusta, Suite 240
Houston, Texas 77057

---

[6] Exhibit B, Fish Brigade Request.
[7] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).
[8] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

713/224-7800 (Office)
713/224-7801 (Facsimile)

Certificate of Service

On the 3rd day of March a true and correct copy of the foregoing was forwarded to all counsel of record.

/s/Brian Beckcom

_____

Brian Beckcom

# EXHIBIT A



**Brian Beckcom**
Board Certified in Personal Injury Trial Law
Texas Board of Legal Specialization




6363 Woodway Drive
Suite 400
Houston, Texas 77057

Tel (713) 224-7800
Fax (713) 224-7801

www.VBAttorneys.com

March 28, 2024

Texas A&M University by email to: open-records@tamu.edu
Office of Open Records
750 Agronomy Road
Mail Stop 1280
College Station, Texas 77843

To Whom It May Concern:

Pursuant to Section 552.001, *et seq.,* of the Texas Open Records Act, Public Records Information, please produce the following documents:

- All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation

- All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same

- Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.

- Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.

I agree to pay reasonable fees for the processing of this request.

As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.

Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information.

Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.

Sincerely,

/s/ Brian Beckcom
Brian Beckom
Brian@vbattorneys.com

# EXHIBIT B



**Brian Beckcom**
Board Certified in Personal Injury Trial Law
Texas Board of Legal Specialization



6363 Woodway Drive
Suite 400
Houston, Texas 77057

Tel (713) 224-7800
Fax (713) 224-7801

www.VBAttorneys.com

February 26, 2024

Texas A&M University by email to: open-records@tamu.edu
Office of Open Records
750 Agronomy Road
Mail Stop 1280
College Station, Texas 77843

To Whom It May Concern:

Pursuant to Section 552.001, *et seq.,* of the Texas Open Records Act, Public Records Information, please produce the following documents:

- All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.

- All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of same.

- All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.

- Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.

- Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

- Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadaets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes would potentially impact Texas A&M or the Corps of Cadets from a DEI perspective.

I agree to pay reasonable fees for the processing of this request.

As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.

Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.


Sincerely,

/s/ Brian Beckcom
Brian Beckom
Brian@vbattorneys.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Granado on behalf of Brian Beckcom
Bar No. 24012268
Michael@vbattorneys.com
Envelope ID: 97984983
Filing Code Description: Amended Filing
Filing Description: Amended Petition For Writ of Mandamus
Status as of 3/3/2025 4:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patti Artavia | | patti@vbattorneys.com | 3/3/2025 12:18:04 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 3/3/2025 12:18:04 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 3/3/2025 12:18:04 PM | SENT |
| Michael Granado | | michael@vbattorneys.com | 3/3/2025 12:18:04 PM | SENT |
| Hunter Shurtleff | | hunter@shurtlefflaw.com | 3/3/2025 12:18:04 PM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 3/3/2025 12:18:04 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 3/3/2025 12:18:04 PM | SENT |

**Received & Filed 3/6/2025 11:36 AM**
**Gabriel Garcia, District Clerk**
**Brazos County, Texas**
**Kristin Emert**
**Envelope# - 98142714**

CAUSE NO. 24-003358-CV-85

| | | |
|---|---|---|
| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

**AGREED ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE**

Came to be considered Defendant Texas A&M University's Motion to Consolidate. Based on agreement of the parties, the motion is **GRANTED**.

ACCORDINGLY, it is **ORDERED** that the two following cases are **CONSOLIDATED** into one action:

1. *Brian Beckcom v. Texas A&M University*, in the 85th Judicial District of Brazos County, Texas, Case No. 2024-003177-CV-85

2. *Brian Beckcom v. Texas A&M University*, in the 85th Judicial District of Brazos County, Texas, Case No. 2024-003358-CV-85.

It is **ORDERED** that the cause number for the two consolidated cases identified above shall be No. 2024-003177-CV-85.

SIGNED this the _____ day of _____3/6/2025_____ 2025.

_____
JUDGE PRESIDING

- 16 -

**AGREED:**


/s/ Brendan Fradkin  *signed w/ permission
Brendan Fradkin
Texas Bar No. 24097706
VB Attorneys
1220 Augusta, Suite 240
Houston, TX 77057
brendan@vbattorneys.com
**Counsel for Plaintiff**


/s/ Jason T. Contreras
Jason T. Contreras
Assistant Attorney General
Texas Bar No. 24032093
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Jason.Contreras@oag.texas.gov
**Counsel for Defendant**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Jason Contreras
Bar No. 24092093
nicole.myette@oag.texas.gov
Envelope ID: 98142714
Filing Code Description: Proposed Order
Filing Description: AGREED ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE
Status as of 3/6/2025 3:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patti Artavia | | patti@vbattorneys.com | 3/6/2025 11:36:00 AM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 3/6/2025 11:36:00 AM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 3/6/2025 11:36:00 AM | SENT |
| Michael  Granado | | michael@vbattorneys.com | 3/6/2025 11:36:00 AM | SENT |
| Hunter Shurtleff | | hunter@shurtlefflaw.com | 3/6/2025 11:36:00 AM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 3/6/2025 11:36:00 AM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 3/6/2025 11:36:00 AM | SENT |

| | | |
|---|---|---|
| BRIAN BECKOM[1], | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S FIRST AMENDED PLEA TO THE JURISDICTION</u>

Defendant Texas A&M University ("TAMU") files this First Amended Plea to the Jurisdiction because it met its obligations under the Texas Public Information Act ("TPIA") to produce information responsive to Plaintiff's TPIA request in issue. TAMU also properly withheld documents as expressly permitted by the TPIA and controlling law.

Plaintiff also lacks standing because there was no violation of the TPIA that can be redressed by way of this lawsuit. There is no live justiciable controversy or dispute to resolve. Even if a controversy ever existed, which TAMU disputes, it is now moot. Thus, there has been no violation of the TPIA. Plaintiff is not entitled to any relief whatsoever and all TPIA claims should be dismissed with prejudice.

In support, TAMU respectfully offers the following for consideration by the Court:

---

[1] Plaintiff is not a TAMU student.

# I.     PLAINTIFF'S LITIGATION HISTORY AGAINST TAMU

To date, Plaintiff has filed a total of four actions against TAMU complaining of the same or substantially-related TPIA matters, as follows:

1. **Beckcom 1 – Plaintiff without explanation voluntarily non-suits case two days before the hearing**

On March 28, 2024, Plaintiff filed an action styled as follows: *Brian Beckcom v. Texas A&M University*, in the 85th Judicial District of Brazos County, Texas, Case No. 24-000902-CV-85 ("Beckcom 1"). See **Exhibit 1**. This was a suit for writ of mandamus under the Texas Public Information Act ("TPIA"). TEX. GOV'T CODE § 552.321. Plaintiff claimed that TAMU failed to produce "full and complete responsive documents" and further "has refused to produce all of the requested public information" in violation of the TPIA. **Exhibit 1** at ¶¶ 3.1, 5.2. TAMU timely filed an answer denying the allegations and asserted affirmative defenses.

On May 10, 2024, Plaintiff filed an amended petition for writ of mandamus and, on June 26, 2024, a second amended petition and request for declaratory relief. **Exhibit 2**; **Exhibit 3**. Plaintiff complained of the five following TPIA requests:

1. First request – J000762 – Office of the Commandant docs;
2. Second request – J000767 – Commandant Patrick Michaelis docs;
3. Third request – J001123 – Hiring of the Commandant docs;
4. Fourth request – J0001147 – the Squadron 17 Investigation docs;
5. Fifth request – J001320 – the DEI docs;
6. Sixth request – J001365 – Audio/video of candidates Commandant selection process; and
7. Seventh request – J0001723 – Bathroom renovation docs.

**Exhibit 3** at pgs. 2-7.

- 20 -

He further complained that TAMU's hazing investigation of Squadron 17 of the Corps of Cadets was improper. **Exhibit 3** at pgs. 4-5.

Without conferring with defense counsel, Plaintiff unilaterally set a hearing on August 9, 2024 (i.e., a date picked by Plaintiff) on the mandamus action as well as a baseless Motion for Sanctions[2] against TAMU. Although having previously filed a Plea to the Jurisdiction, Plaintiff's repeated amended petitions added more claims which necessitated the filing of a First Amended Plea to the Jurisdiction by TAMU. Within a few hours of this filing by TAMU setting it *on the same date and time selected by Plaintiff* – August 9, 2024 – his counsel contacted the undersigned defense counsel suddenly claiming a "scheduling conflict" and requested that TAMU agree to pass on the August 9th hearing date. TAMU declined to do so. On August 7, 2024, two days before the hearing, and without any explanation whatsoever, Plaintiff voluntarily non-suited the case. **Exhibit 4**.

2. **Beckcom 2 – Plaintiff gives TAMU 10 minutes notice of a hearing filed in the wrong venue then non-suits again**

On November 1, 2024 at 2:50pm, Plaintiff's counsel through his legal assistant directly emailed Ray Bonilla, General Counsel for the Texas A&M University System, transmitting to him four filings, namely:

1. Plaintiff's Motion for a Temporary Restraining Order;
2. Affidavit of Brian Beckcom;
3. A proposed order on the motion; and
4. A notice of hearing on the TRO set for November 1, 2024, at 3pm.

---

[2] Plaintiff's Motion for Sanctions was filed for improper, bad faith purposes thus the reason why he never pursued it any further.

These were not filings in the **Beckom 1** matter but rather in a new matter *filed in Houston* styled as follows: *Brian Beckcom v. Texas A&M University*, In the 281st Judicial District of Harris County, Texas, Case No. 2024-76697 ("Beckcom 2"). **Exhibit 5**. Plaintiff's TRO Motion involved the same TPIA matters raised in **Beckcom 1** and further requested that TAMU be ordered to halt an investigation into the Corps of Cadets. **Exhibit 6**.

Opposing counsel also informed General Counsel Bonilla there was "an emergency hearing today *at 3pm*." **Exhibit 5** (emphasis added). Thus, while Plaintiff was sitting in the courthouse in Houston ready to go on TRO motion, he failed to properly serve TAMU with process of the motion and gave Bonilla *ten minutes notice of the hearing.*

Plaintiff's counsel did not copy the undersigned defense counsel on the email to Bonilla despite being well-aware that said counsel was representing TAMU in **Beckcom 1**, a substantially-related matter. When told to cease and desist from contacting TAMU directly, Plaintiff's counsel Brendan Fradkin responded as follows:

> *"What are you talking about? I'm on vacation and certainly haven't contacted anyone directly."*

**Exhibit 6**.

Finding out after the fact, the Harris County judge did not permit Plaintiff to proceed on the TRO motion on Friday, November 1, 2024 due to improper service. Defense counsel was then informed by the court that same afternoon that Plaintiff re-set the hearing the following Monday, November 4th at 10am. When defense counsel landed in Houston that morning for the hearing, he was informed that

Plaintiff's counsel emailed General Counsel Bonilla around 8am that morning telling him that Plaintiff was passing on the 10 am hearing. *Id.* Plaintiff's counsel provided no explanation for passing on their own hearing *that they set*. *Id.*

TAMU promptly filed a Motion to Transfer Venue based on a Mandatory Venue Statute and set it for hearing on December 20, 2024. Plaintiff responded by filing a Notice of Nonsuit on December 2, 2024. **Exhibit 7**. It was plainly evident **Beckcom 2** was filed solely for purposes of harassment.

### 3. Beckcom 3 – improper piecemeal litigation

On October 24, 2024, Plaintiff filed yet another action styled as follows: *Brian Beckcom v. Texas A&M University*, in the 85th Judicial District of Brazos County, Texas, Case No. 2024-003177-CV-85. **Exhibit 8**. This is another suit for writ of mandamus under the TPIA. Plaintiff alleges that TAMU failed to produce documents in response to a TPIA request and requests an order that (1) prohibits TAMU from destroying documents and (2) prohibits TAMU from proceeding with an internal investigation. *Id.* at pg. 1. The underlying TPIA request (#J3445-101024) was made on October 10, 2024 seeking additional information regarding the investigation into Squadron 17 of TAMU's Corps of Cadets "in order to analyze claims and potential litigation against the conspirators." *Id.* at pgs. 3-5. He further alleges that TAMU is violating the 4th and 14th Amendment rights of its students[3] in connection with the investigation. *Id.* at pg. 6. He further claims that information should be provided to the public to determine if the investigation is in compliance with "due process." *Id.*

___

[3] Plaintiff is not a TAMU student.

On January 13, 2024, TAMU timely filed an answer denying the allegations and asserted several affirmative defenses.

### 4. Beckcom 4 – improper piecemeal litigation – the instant lawsuit

On November 12, 2024, Plaintiff filed a new action styled as follows: *Brian Beckcom v. Texas A&M University*, in the 85th Judicial District of Brazos County, Texas, Case No. 2024-003358-CV-85 ("Beckcom 4"). **Exhibit 9**. This is yet another suit for writ of mandamus under the TPIA and *is the instant lawsuit as referenced above*. He complains that TAMU failed to produce documents in response to a TPIA request and further complains of an investigation into Squadron 17 of the Corps of Cadets. *Id.* at pgs. 1-4. The TPIA request in issue was made on March 28, 2024, which was the same request raised in **Beckcom 1**, namely J0001147 – the Squadron 17 Investigation documents.

On December 27, 2024, TAMU timely filed an answer denying the allegations and asserted several affirmative defenses. On January 17, 2025, TAMU filed a Plea to the Jurisdiction since Plaintiff's mandamus action is without merit, frivolous and brought solely for purposes of harassment. TAMU now files this First Amended Plea to the Jurisdiction. Plaintiff's claims are without merit and should be dismissed with prejudice.

## II. INCORPORATION OF EVIDENCE

In filing this plea, TAMU attaches the following affidavits, documents, statements, materials, and other evidence to establish, as evidence in support

thereto, and all such evidence is fully incorporated and adopted herein by reference

for all purposes:

**Exhibit 1:** Plaintiff's Original Petition for Writ of Mandamus
**Exhibit 2:** Plaintiff's First Amended Petition for Writ of Mandamus
**Exhibit 3:** Plaintiff's Second Amended Petition for Writ of Mandamus
**Exhibit 4:** Plaintiff's Notice of Non-suit
**Exhibit 5:** Plaintiff's email to Ray Bonilla
**Exhibit 6:** Emails from Plaintiff's counsel
**Exhibit 7:** Plaintiff's Notice of Non-suit
**Exhibit 8:** Plaintiff's Petition for Writ of Mandamus
**Exhibit 9:** Plaintiff's Petition for Writ of Mandamus
**Exhibit 10:** Business Records Affidavit, Patricia Bledsoe
**Exhibit 11:** TAMU System policy 61.01, Public Information Act Compliance[4]
**Exhibit 12:** TAMU System regulation, 61.01.02, Public Information
**Exhibit 13:** Plaintiff's TPIA request w/ history – J001147
**Exhibit 14:** J1147 production part one (292 pgs)
**Exhibit 15:** J1147 production part two (13 pgs)
**Exhibit 16:** J1147 production June 13, 2024 (108 pgs)
**Exhibit 17:** TAMU Student Code of Conduct

## III.    STATEMENT OF FACTS

### A.    TAMU's Office of Open Records

TAMU's Office of Open Records (ORO) is dedicated to the principles of open

government and strives to ensure compliance with the TPIA. **Exhibit 10** at ¶ 5.

TAMU maintains policies regarding TPIA compliance and the establishment of

baseline procedures to help members of the TAMU System comply with it. **Exhibit

11**; **Exhibit 12**.

TAMU's ORO oversees the collection process of information requested under

the TPIA. *Id*. The actual collection is done by the department maintaining the

---

[4] TAMU system policies and regulations identified as **Exhibit 24** and **Exhibit 25** may be found online accessible to the public at https://orec.tamu.edu/open-records/.

information or, in the case of emails, IT for that group. **Exhibit 10** at ¶ 5. The ORO reviews, processes and releases information gathered by the respective department and/or IT. *Id*. The ORO confirms the applicability of exceptions to disclosure on information requested under the TPIA with the Office of General Counsel of The Texas A&M University System (TAMUS OGC). *Id*. For information determined to be excepted, TAMU's ORO works with TAMUS OGC to: request a decision from the Office of the Attorney General; confirm the applicability of a prior open records decision from the Office of the Attorney General; confirm TAMU's authority to redact or withhold excepted information without seeking a decision from the Office of the Attorney General per the TPIA; and/or confirm the applicability of the requestor's authorization to redact or withhold excepted information without seeking a decision from the Office of the Attorney General. *Id*. The ORO redacts and/or withholds information requested under TPIA only when: authorized by the Office of the Attorney General in a decision/letter ruling; the information is subject to a prior decision of the Office of the Attorney General; the TPIA authorizes the action; and/or authorized by the requestor. *Id*.

B. **Plaintiff's TPIA Request in Issue – J1147 - the Squadron 17 investigation documents**

On March 28, 2024, Plaintiff made a request for the following four (4) categories of documents:

- All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or

from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation;

- All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same;
- Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere; and
- Any texts, emails or other forms of communication, digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.

**Exhibit 13**.

The same day the request was made, the ORO responded and assigned a reference number to the request. *Id*. at p. 17. Plaintiff agreed to both the redaction of information subject to mandatory exceptions and to the redaction of information subject to discretionary exceptions. *Id*. at p. 3.

On April 1, 2024, the ORO requested clarification of the request. *Id*. at pgs. 15-16. The clarification requested was to provide a date range to better assist Plaintiff with his request. *Id*. at p. 13. Shortly thereafter, Plaintiff responded that "[t]his is

another form response" and provided the date range of 2023 and 2024. *Id.* at p. 13. On May 2, 2024, the ORO informed Plaintiff that his request was still being processed and that responsive documents will be produced by May 8, 2024. *Id.* at p. 9. TAMU produced the responsive documents on May 8, 2024, subject to redactions and/or withheld information under the TPIA. **Exhibit 13** at pgs. 5-6; **Exhibit 14** (292 pages produced); **Exhibit 15** (13 pages produced).

## C. TAMU Produces Additional Documents regarding the Squadron 17 Investigation

On or about June 12, 2023, while TAMU was in the process of gathering documents in support of its Plea to the Jurisdiction in **Beckcom 1**, additional documents responsive to this request were located. Accordingly, on June 13, 2024, TAMU promptly produced to Plaintiff an additional 108-pages of documents. **Exhibit 16**. They were produced in redacted form pursuant to TEX. GOV'T CODE § 552.114 because they contain personally identifiable student record information. *Id.* A 46-page document was withheld from disclosure pursuant to TEX. GOV'T CODE § 552.114 because the entire document contains personally identifiable student record information that cannot be sufficiently de-identified.

## IV.  THE PLEA TO THE JURISDICTION STANDARD

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The trial court's subject matter jurisdiction may be challenged through a plea to the jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Blue*, 34 S.W.3d at 554 ("A plea to the jurisdiction is a dilatory plea, the purpose of which

is to defeat a cause of action without regard to whether the claims asserted have merit."). Whether a court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 228.

The plaintiff has the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 226. We begin with the allegations in the plaintiff's live pleadings, which we construe liberally in favor of jurisdiction and, unless challenged with evidence, taken as true. See *id.* We consider any evidence introduced relevant to the jurisdictional inquiry. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Blue*, 34 S.W.3d at 555 ("[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.").

"Standing is implicit in the concept of subject-matter jurisdiction, and subject-matter jurisdiction is essential to the authority of a court to decide a case." *In re Abbott*, 601 S.W.3d 802, 807 (Tex. 2020) (orig. proceeding) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Thus, if Plaintiff lacks standing, this Court lacks subject-matter jurisdiction to proceed with this case. Mootness is also a threshold issue that implicates a court's subject matter jurisdiction. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018); *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

A trial court must determine at its earliest opportunity whether it has the authority to decide the issues before it because if it lacks jurisdiction over the subject matter of the case, its judgment is void. See *Tex. Dep't of Parks & Wildlife v. Miranda*,

133 S.W.3d 217, 226 (Tex.2004). Texas Courts of Appeal have similarly held that jurisdiction is fundamental in nature and must not be ignored. *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 494 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.–Houston [14th Dist.] 2008, no pet.); *State v. Morse*, 903 S.W.2d 100, 101 (Tex.App.–El Paso 1995, no pet.).

## V. ARGUMENT AND AUTHORITY

### A.    The Texas Public Information Act

The TPIA "guarantees access to public information, subject to certain exceptions." See generally TEX. GOV'T CODE ch. 552; *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). "Those exceptions embrace the understanding that the public's right to know is tempered by the individual and other interests at stake in disclosing that information." *Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 114.

The TPIA defines "public information" in relevant part, as "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it." TEX. GOV'T CODE § 552.002(a).

A public information request typically involves the governmental body holding the information and the citizen requesting it. Upon receiving a request for public information, a governmental body must promptly produce the information for inspection, duplication, or both, TEX. GOV'T CODE § 552.221, unless an exception

applies. *See In re City of Georgetown,* 53 S.W.3d 328, 331 (Tex. 2001). The TPIA is to be liberally construed in favor of granting requests for information. TEX. GOV'T CODE § 552.001(b).

If the governmental body believes an exception applies, it must promptly ask the Attorney General for a ruling. See *id.* § 552.301. Whether an exception under the TPIA applies to support withholding information is a question of law. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 357 (Tex. 2000). The party seeking the exception bears the burden of establishing that the exception applies. *See Texas Dep't of Pub. Safety v. Abbott,* 310 S.W.3d 670, 673–74 (Tex. App.—Austin 2010, no pet.). Because the TPIA is to be "liberally construed in favor of granting a request for information," TEX. GOV'T CODE § 552.001(b), the exceptions must be narrowly construed. *Harris Cnty. Appraisal Dist. v. Integrity Title Co.,* 483 S.W.3d 62, 69 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

**B.    TAMU Produced Documents Responsive to Plaintiff's TPIA Request regarding the Squadron 17 Investigation – J1147**

Plaintiff's assertion that TAMU has "refused to produce these documents" or that it has "refused to produce full and complete information and documents" in response to his TPIA request is simply false. *See* Plaintiff's Petition at pg. 4. In fact, in response to Plaintiff's clarification on the date range of the requested items to the years 2023 and 2024, TAMU promptly responded by advising him on May 2, 2024 that responsive documents were still being processed, and six days later on May 8, 2024, they were produced subject to redactions permitted under the TPIA. **Exhibit 13** at pgs. 5-6, 13; **Exhibit 14**; **Exhibit 15**.

TAMU is expressly permitted to request clarification pursuant to TEX. GOV'T CODE § 552.222(d), Permissible Inquiry by Governmental Body to Requestor. Per the clarification provided, TAMU's production of documents were responsive to item 2 (qualifications/training of staff participating in the Squadron 17 investigation), item 3 (any investigation of Squadron 17), and item 4 (communications related to the investigation of any Corps outfit) of that request. **Exhibit 13** at p. 2; **Exhibit 14**; **Exhibit 15**.

Information about the Squadron 17 hazing investigation was redacted under TEX. GOV'T CODE § 552.114 because the information is personally identifiable to the other students involved in the hazing case (complainant or respondent). Moreover, TAMU's withholding of the 46-page document from disclosure was appropriate pursuant to TEX. GOV'T CODE § 552.114 because the entire document contains personally identifiable student record information that cannot be sufficiently de-identified.

Indeed, Section 552.114(b) expressly provides that information is confidential and excepted from the requirements of Section 552.021 if it is information in a student record at an educational institution funded wholly or partly by state revenue. TAMU properly redacted information covered under subsection (b) without requesting a decision from the attorney general. *Id*. at § 552.114(d). The TPIA specifically adopts the term "student record" as defined by the Family Educational Rights and Privacy Act (FERPA) with respect to "information that constitutes education records." *Id*. at § 552.114(a)(1). The redactions were consistent with

TAMU's policies and established protocol in response to TPIA requests. **Exhibit 11**; **Exhibit 12**; **Exhibit 10** at ¶ 5.

Accordingly, there is no factual basis to support Plaintiff's obviously incorrect allegation that TAMU "refused to produce these documents" or that it improperly either redacted or withheld responsive documents or materials.

Moreover, his assertion that TAMU employees have been instructed to delete or destroy responsive information or materials is utterly baseless. A review of all exhibits attached hereto indicate no such instruction or direction to do so. TAMU has fully met and complied with its TPIA obligations in response to Plaintiff's request.

## C. TAMU Properly Withheld Documents Containing Personally Identifiable Student Record Information

TAMU properly withheld the above-referenced 46 pages of documents pursuant to TEX. GOV'T CODE § 552.114 because the entire document contains personally identifiable student record information that cannot be sufficiently de-identified.

In this regard, in the Squadron 17 investigation mentioned in J1147 (submitted March 28, 2024), the 46 pages of documents were withheld because TAMU reasonably believes that Plaintiff knows the identity of the students to the records relate, that is, the complainant and all students charged, including one of his own sons. In fact, Plaintiff was his son's representative in the process and knows all particulars of specific acts and the associated conduct charges, making all the information "personally identifiable" to these students as defined by 34 C.F.R. § 99.3.

Personally identifiable information includes, but is not limited to:

(a) The student's name;
(b) The name of the student's parent or other family members;
(c) The address of the student or student's family;
(d) A personal identifier, such as the student's social security number, student number, or biometric record;
(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
(g) *Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.*

See 34 C.F.R. § 99.3 (emphasis added); 20 U.S.C.A. § 1232g.

Moreover, Plaintiff's son has not given the university consent to release information to Plaintiff in TPIA request J0001147 or in any of his other requests. Similarly, none of the other involved students have provided such consent, either the complainant or other respondents. Even if all mention of students by name is redacted, Plaintiff knows their identities. Thus, disclosure would be a FERPA violation. See 20 U.S.C. § 1232g(b)(1). Plaintiff's son can access his individual education records from the university, but even his son cannot access information identifiable as to another student absent an exception to FERPA. Based on these circumstances, Section 552.026 grants TAMU the discretion whether to disclose information in an education record if the disclosure is authorized by FERPA. *The Univ. of Texas at Austin, et al. v. Gatehouse Media Texas Holdings II, Inc.*, No. 23-0023, 2024 WL 5249449, at *6-7 (Tex. Dec. 31, 2024) (mem. op.). Thus, TAMU properly exercised its discretion in this instance to not disclose the 46 pages of documents in compliance with the TPIA.

**D.      Plaintiff Attempts to Mislead the Court by Raising a Completely Unrelated Matter – the Katherine Banks message**

In his Petition, Plaintiff cites to a message by former TAMU President, Katherine Banks, that "I assume all texts were deleted" suggesting that documents are being hidden or destroyed with respect to the TPIA request in issue. See Plaintiff's Original Petition at pgs. 1, 5. This claim is patently false.

In order to intentionally mislead the court, Plaintiff failed to provide the context in which the message was made. That message was made in or around June 2023 related to the unsuccessful hiring of Kathleen McElroy to lead TAMU's new journalism program. A fact-finding committee was created to look into the mishandling of that matter resulting in an internal report released on August 3, 2023. The report completed by the Office of General Counsel of the Texas A&M University System along with all the documents can be found at https://www.tamus.edu/internal-review/. Contrary to Plaintiff's baseless contention, no texts or any or documents were deleted in that matter and were, in fact, included in the report.

There is also no evidence to support the claim that any documents were hidden or destroyed regarding Plaintiff's TPIA request for documents and information pertaining to the Squadron 17 hazing investigation in issue.

**E.      TAMU Rules Prohibit Hazing - TAMU has an Affirmative Obligation to Investigate Reports of Hazing**

Every institution of higher education has a code of conduct in some form or fashion that imposes certain obligations and standards regarding student conduct. In

this regard, TAMU may discipline students to secure compliance with these higher obligations as a teaching method or to sever the student from the academic community, such as for poor academic performance or misconduct. **Exhibit 17**; see also TEX. EDUC. CODE § 85.21(a) (TAMUS Board of Regents shall regulate the course of study and prescribe the course of discipline necessary to enforce the faithful discharge of the duties of the officers, faculty, and students).

Among these higher obligations is TAMU's policy that prohibits organization affiliation misconduct, including hazing, which expressly applies to the Corps of Cadets, Corps outfit, Corps unit, and Corps Special Activities. **Exhibit 17** at 24.4.5. TAMU's definition of "hazing" is broad and includes many types of misconduct, including physical brutality (whipping, beating, striking, branding, electric shock, etc.), sleep deprivation, activity that subjects an individual to unreasonable risk of harm, activity that causes or forces an individual to commit a violation of criminal law, or that coerces an individual to consume drugs or alcohol, among others. *Id.* at 24.4.5.1. Conduct constituting hazing is also a violation of Texas law. See TEX. EDUC. CODE §§ 37.151 and 51.936.

Under Texas law, "hazing" is defined as any intentional, knowing, or reckless act, occurring on or off the campus of an educational institution, by one person alone or acting with others, directed against a student for the purpose of pledging, being initiated into, affiliating with, holding office in, or maintaining membership in an organization if the act:

(A) is any type of physical brutality, such as whipping, beating, striking, branding, electronic shocking, placing of a harmful substance on the body, or similar activity;

(B) involves sleep deprivation, exposure to the elements, confinement in a small space, calisthenics, or other similar activity that subjects the student to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the student;

(C) involves consumption of a food, liquid, alcoholic beverage, liquor, drug, or other substance, other than as described by Paragraph (E), that subjects the student to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the student;

(D) is any activity that induces, causes, or requires the student to perform a duty or task that involves a violation of the Penal Code; or

(E) involves coercing, as defined by Section 1.07, Penal Code, the student to consume:

(i) a drug; or

(ii) an alcoholic beverage or liquor in an amount that would lead a reasonable person to believe that the student is intoxicated, as defined by Section 49.01, Penal Code.

TEX. EDUC. CODE § 37.151(6).

A TAMU organization, such as Squadron 17, commits an offense if the organization condones or encourages hazing or if an officer or any combination of members, pledges, or alumni of the organization commits or assists in the commission of hazing. TEX. EDUC. CODE § 37.153(a). A person commits an offense of hazing if that person (1) engages in hazing, (2) solicits, encourages, directs, aids, or attempts to aid another in engaging in hazing, (3) recklessly permits hazing to occur, or (4) has firsthand knowledge of the planning of a specific hazing incident involving a student in an educational institution, or has firsthand knowledge that a specific hazing incident has occurred, and knowingly fails to report that knowledge to the dean of

students or other appropriate official of the institution, a peace officer, or a law enforcement agency. *Id*. at § 37.152.[5]

An offense is a misdemeanor punishable by (1) a fine of not less than $5,000 nor more than $10,000; or (2) if the court finds that the offense caused personal injury, property damage, or other loss, a fine of not less than $5,000 nor more than double the amount lost or expenses incurred because of the injury, damage, or loss. *Id*. § 37.153(b).

State law also permits a school to expel a student for hazing. TEX. EDUC. CODE § 37.007(c)(D).

Texas law also imposes on institutions of higher education such as TAMU the requirement to report on hazing committed on or off campus to include information regarding each disciplinary action taken against an organization for hazing, each conviction for hazing under Section 37.153, including the name of the organization disciplined or convicted, the date the incident occurred, a general description of the incident and violations of the institutions code of conduct or criminal charges, the findings of the institution and any sanctions or fines imposed on the organization. TEX. EDUC. CODE § 51.936(c-1)(1). Postsecondary institutions such as TAMU are also required to provide to each student attending orientation a notice regarding the nature and availability of the report required under subsection c-1. *Id*. at c-2.

---

[5] The only section of this statute held as facially unconstitutional is Section 37.152(a)(3), providing that a person commits a personal hazing offense by recklessly permitting hazing to occur. See *State v. Zascavage*, 216 S.W.3d 495, 497 (Tex. App.— Fort Worth 2007, pet. ref'd) (high school wrestling coach charged with four counts of hazing).

Based on this robust body of law and well-established university rules that not only prohibit hazing but also for discipline and criminal liability for hazing, it is without question that TAMU has an affirmative duty to investigate reports of hazing as well as to provide a report on confirmed acts of hazing. Plaintiff can cite to no legal authority, under the TPIA or elsewhere, that this court can order TAMU to stop a hazing investigation into Squadron 17 "until the TPIA requests have been complied with." See **Beckcom 3** - Plaintiff's Petition for Writ of Mandamus at ¶ 7.3. Neither can Plaintiff, by way of this lawsuit, obtain an order that TAMU simply "look the other way" or ignore credible reports of hazing and decline to investigate. This request for relief by Plaintiff is utterly frivolous and without legal basis.

F.     **Plaintiff Raises Numerous Matters that have no Relevance or Bearing on the TPIA Request in Issue**

In Plaintiff's Petition for Writ of Mandamus, he raises numerous matters that have nothing to do with the TPIA request in issue, as follows:

- Falsely claiming that former TAMU President Katherine Banks encouraged TAMU personnel to destroy texts. Petition at pgs. 1, 5.
- An alleged "retaliatory" and "frivolous" investigation against Squadron 17. *Id.* at p. 4.
- The Commandant of the Corps of Cadets being relieved of command. *Id.*
- An alleged "DEI-inspired agenda" involving building transgender bathrooms and restructuring of the Corps of Cadets "in secret." *Id.*

None of these matters have any bearing on the TPIA request in issue and do not serve as a basis to aid or assist in the determination of TAMU's compliance in connection thereto. What is blatantly obvious is that Plaintiff has brought this TPIA mandamus action as nothing more than a conduit through which to express his disagreement with internal university business at TAMU. However, a TPIA

mandamus action is not the proper vehicle through which such complaints can or should be addressed.

## G. Plaintiff is Not Entitled to Costs or Attorney's Fees Because he is not the Prevailing Party

Based on the controlling law and the evidence presented in support, TAMU met its TPIA obligations in response to Plaintiff's request. Accordingly, TAMU is the prevailing party. As such, Plaintiff is not entitled to costs of litigation or reasonable attorney fees pursuant to TEX. GOV'T CODE § 552.323.

## H. Plaintiff Lacks Standing

Plaintiff lacks standing to bring this action. "Standing requires an injury-in-fact that is fairly traceable to the defendant's conduct and likely to be redressed by a decision in the plaintiff's favor." *Abbott v. Harris County*, 672 S.W.3d 1, 8 (Tex. 2023). An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022).

As set forth in detail above, TAMU complied with its TPIA obligations to disclose information, and it properly withheld documents as expressly permitted therein. For these reasons, any legally protected interest afforded to Plaintiff under the TPIA was not violated. Hence, Plaintiff can show no injury-in-fact traceable to TAMU's conduct that can be redressed by a decision by this Court in his favor.

Also, Plaintiff has no legal basis upon which to bring suit on behalf of TAMU students or to attempt to interfere with an internal university investigation of Squadron 17 by requesting in this action that any such investigations be halted. This

is not only based on the fact he is not a TAMU student, but also that the impacted TAMU students, as college students over the age of eighteen (18), are of majority age and could bring legal action on their own behalf if they so choose to. Nowhere in the TPIA can there be found a provision providing an individual such as Plaintiff withstanding much less grant him the requested injunctive relief.

In the alternative, this case is moot. A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021).

When a case becomes moot, the court loses jurisdiction and must dismiss the case, because any decision would constitute an advisory opinion that is outside the jurisdiction conferred by Texas Constitution article II, section 1. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). The mootness doctrine is a constitutional limitation that prohibits courts from issuing advisory opinions. *Electric Reliability Council of Texas, Inc.*, 562 S.W.3d at 634.

Here, even if a justiciable controversy ever existed, it no longer exists. This is based on TAMU's production of additional documents and information responsive to the TPIA requests in issue. More specifically, to the extent there was ever a delay or the unintentional non-production of information, it was remedied by TAMU's

subsequent supplemental production of that information, including the Squadron 17 hazing investigation documents. **Exhibit 16**. There is no controversy or dispute between the parties. Hence, this court cannot grant him any of the relief he is requesting, and any decision would constitute an impermissible advisory opinion.

## I.     Plaintiff's Request for Injunctive Relief Should be Denied

Plaintiff requests this court issue an order that TAMU preserve all documents and information and enjoin it from deleting, discarding, or hiding any such information. See Plaintiff's Petition at ¶ 7.2. There is no evidence that TAMU has deleted, discarded, or is hiding any documents or information, as incorrectly alleged by Plaintiff. Simply stated, no factual basis exists in support of this request for injunctive relief. Thus, Plaintiff has failed to state a viable claim for injunctive relief.

As set forth above, the message by former TAMU President Katherine Banks has no bearing or relevance on the TPIA request in issue. Furthermore, nowhere in the TPIA can be found a provision that would support the injunctive relief requested by Plaintiff.

Finally, it is without dispute that TAMU is a state agency. See *Tex. A&M Univ. v. Carapia*, 494 S.W.3d 201, 205 (Tex. App.—Waco 2015, pet. denied). As an arm of the state, a state university such as TAMU is entitled to sovereign immunity. See *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); see also *Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Plaintiff's request for injunctive relief against TAMU is barred by sovereign immunity.

## VI. PRAYER

Wherefore, premises considered, TAMU respectfully requests this First Amended Plea be set for hearing on March 5, 2025, and that this plea be granted thereby dismissing Plaintiff's claims with prejudice and denying all requested relief. TAMU further requests all other relief to which it may be justly entitled both at law and in equity.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Jason T. Contreras
Jason T. Contreras
Assistant Attorney General
Texas Bar No. 24032093
Jason.Contreras@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served electronically through E-File Texas, File and Serve Texas in compliance with TRCP 21 on February 19, 2025 to:

Brendan Fradkin
VB Attorneys
1220 Augusta, Suite 240
Houston, TX 77057
brendan@vbattorneys.com
**Counsel for Plaintiff**

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General

# EXHIBIT 1

Received & Filed 3/28/2024 4:08 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 86169545

24-000902-CV-85

Cause No. _____

| | | |
|---|---|---|
| Brian Beckcom | ) | In the District Court of |
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | ___ Judicial District |

## Petitioner's Original Petition for Writ of Mandamus

In this Petition for Writ of Mandamus under the Texas Public Information Act, Brian Beckcom ("Petitioner") seeks an order from the Court compelling Respondent Texas A&M University ("TAMU") to release public records requested by Petitioner.

1.  **Discovery Control Plan**

1.1  Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.

2.  **Claim for Relief**

2.1  Petitioner seeks only non monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

3.  **Parties**

3.1  Petitioner Brian Beckcom is an attorney whose address is 6363 Woodway Drive, Suite 400, Houston, Texas 77057.

3.2.  Respondent Texas A&M University is a public university that can be served through its Office of General Counsel at Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896

- 45 -

## 4. Jurisdiction, Venue, and Conditions Precedent

4.1     This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2     All conditions precedent have been performed or have occurred.

## 5. Facts

5.1     On February 26, 2024, Petitioner submitted two requests for public information to TAMU pursuant to the Texas Public Information Act, Texas Government Code Chapter 552 (the "TPIA"). The requests sought documents related to issues involving the Corps of Cadets, including but not limited to so-called "DE&I" and irregularities related to the hiring of the new Commandant as well as irregularities related to the new Commandant's plan to radically restructure the Corps of Cadets in secret. The requests are attached to this motion as Exhibit 1.

5.2     The TPIA mandates timely responses, and specifically responses within 10 days.[1] To date, over thirty business days later, TAMU has failed to produce full and complete responsive documents and has refused to produce all of the requested public information. Instead, TAMU initially lodged frivolous form objections, refused to comply with the requests, refused to work with the undersigned, refused to respond to certain emails seeking clarification, and has repeatedly violated Texas open records laws. The email exchanges between Mr. Beckcom and the open records department are attached as Exhibit 2.

---

[1] Tex. Gov't Code § 552.301

5.3     Given recent occurrences wherein certain individuals at TAMU encourage others to delete text messages and other communications, there is a real and present danger that information and documents may be destroyed. It is imperative that TAMU preserve and produce all relevant information and materials immediately.

5.3     TAMU's failure to "promptly produce" the requested information violates the TPIA[2].

6.      **Violation of the Texas Public Information Act**

6.1     The TPIA requires that public information be produced "promptly."[3] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[4] TAMU's failure to provide the requested information is a clear violation of the TPIA's unambiguous mandate.

7.      **Request for Relief**

Petitioner requests that the Court:

7.1     Order TAMU to immediately produce all public information responsive to Petitioner's February 26, 2024 TPIA requests immediately;

7.2     Order the video deposition of any personnel at TAMU who have participated in compiling the records requests or answering same;

7.3     Award Petitioner his reasonable attorney fees and costs under TPIA § 552.323, with that amount be decided pursuant to submission of evidence and hearing by this Court;

7.4     Order TAMU to comply fully with the TPIA for any future related requests or face further potential sanctions; and

---

[2] Tex. Gov't Code § 552.221(a)
[3] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).

[4] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

7.5    Grant all other relief to which Petitioner is entitled.

Respectfully submitted,

**VB Attorneys**

/s/ Brian Beckcom

**Brian Beckcom**
*Brian@vbattorneys.com*
SBN: 24012268
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)



**Brian Beckcom**
Board Certified in Personal Injury Trial Law
Texas Board of Legal Specialization

6363 Woodway Drive
Suite 400
Houston, Texas 77057

Tel (713) 224-7800
Fax (713) 224-7801

www.VBAttorneys.com

February 26, 2024

Texas A&M University by email to: open-records@tamu.edu
Office of Open Records
750 Agronomy Road
Mail Stop 1280
College Station, Texas 77843

To Whom It May Concern:

Pursuant to Section 552.001, *et seq.*, of the Texas Open Records Act, Public Records Information, please produce the following documents:

- All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.

- All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of same.

- All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.

- Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.

- Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

- Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadaets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes would potentially impact Texas A&M or the Corps of Cadets from a DEI perspective.

I agree to pay reasonable fees for the processing of this request.

As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.

Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.

Sincerely,

/s/ Brian Beckcom
Brian Beckom
Brian@vbattorneys.com



**Brian Beckcom**
Board Certified in Personal Injury Trial Law
Texas Board of Legal Specialization

6363 Woodway Drive
Suite 400
Houston, Texas 77057

Tel (713) 224-7800
Fax (713) 224-7801

www.VBAttorneys.com

February 26, 2024

Texas A&M University by email to: open-records@tamu.edu
Office of Open Records
750 Agronomy Road
Mail Stop 1280
College Station, Texas 77843

To Whom It May Concern:

Pursuant to Section 552.001, *et seq.,* of the Texas Open Records Act, Public Records Information, please produce the following documents:

1. Any contracts of employment for the Commandant of the Corps of Cadets, Patrick Michaelis, any drafts of the same, any communications in whatever form regarding the same, and any other agreements which relate to the same;

2. Any documents or materials related to the selection of Patrick Michaelis as Commandant, including but not limited to meeting notes, interview notes, memos, discussions, digital communications of any form, any discussion or notes regarding why Michaelis was selected over other candidates, and any other documents or materials concerning the same.

I agree to pay reasonable fees for the processing of this request.

As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.

Please direct any future correspondence to the undersigned or Patti@vbattorneys.com We look forward to hearing from you.

Sincerely,

/s/ Brian Beckcom
Brian Beckom
Brian@vbattorneys.com

## Message History (18)

↩ On 3/29/2024 2:42:02 PM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [open-records@tamu.edu], [patti@vbattorneys.com], [brendan@vbattorneys.com]

Ms. Brashear:
TAMU has repeatedly and intentionally violated Texas law. I will proceed accordingly.
-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video

On Fri, Mar 29, 2024 at 2:15 PM Texas A&M University Public Records Support wrote:

✉ On 3/29/2024 2:15:12 PM, Texas A&M University Public Records Support wrote:

CC: open-records@tamu.edu; patti@vbattorneys.com; brendan@vbattorneys.com
**Subject:** Public Information Records :: J000762-022624
**Body:**
03/29/2024

RE: PUBLIC RECORDS REQUEST of February 26, 2024, Reference # J000762-022624

Dear Brian Beckcom,

Our apologies for the delay, but we are still in the process of locating and gathering records responsive to your request.

As required by Tex. Gov't Code sec. 552.221(d), we anticipate having any remaining records found responsive to your request to you no later than the close of business on Friday, April 5th.

Sincerely,

Knesha Brashear
Open Records Office

 Exhibit 2

Page 1

- 53 -

On 3/23/2024 4:51:02 PM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: "Patti"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com], "open-records@tamu.edu"[Open-records@tamu.edu]

This email confirms that the Open Records Office at TAMU promised to respond by March 21, 2024, after being given multiple extensions, and then, on March 21, 2024, did not comply with the open records request, and instead produced almost nothing responsive.

Please explain to me why you promised to produce materials on March 21st after being given multiple extensions and then did not do so. Please include the legal justification for your failure to comply with Texas Open Records laws. Please also identify the individuals you have been working with on these requests as their depositions may be necessary.

Also, for some reason you refuse to reply to Brendan and Patti as well. Please do so going forward, including with any future document requests.

Thank you.

-bb

VBAttorneysLessons from Leaders PodcastMy Bio Video

On Mon, Mar 11, 2024 at 9:19 AM Texas A&M University Public Records Support wrote:



Exhibit 2

Page 2

- 54 -

On 3/23/2024 4:03:02 PM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: "Patti Artavia"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com], "open-records@tamu.edu"[Open-records@tamu.edu]

By copy of this email, I hereby confirm that Texas A&M originally claimed the request was overbroad and that TAMU needed additional time to gather the documents, then, when the documents were partially produced, TAMU only produced three PowerPoint presentations that could have been produced in five minutes. Put another away, the original objections were frivolous, and the request for more time was also frivolous.
At this point, it is clear that TAMU is slow-playing the request for strategic and tactical reasons, which violates the Texas Open Records laws.
I expect the next production to be responsive, full, and complete. If not, I will pursue formal legal action, which will include potentially depositions and forensic discovery.
I remind you (yet again) to let any involved parties know about their legal obligations to keep and maintain all records, including but not limited to emails, texts, and any other digital communications.

-bb
Brian Beckcom
www.VBAttorneys.com
www.BrianBeckcom.org


On Fri, Mar 22, 2024 at 12:20 PM Texas A&M University Public Records Support wrote:

 Exhibit 2 Page 3

- 55 -

✉ On 3/22/2024 12:20:14 PM, Texas A&M University Public Records Support wrote:

CC: open-records@tamu.edu
**Subject:** Public Information Records :: J000762-022624
**Body:**
03/22/2024


RE: PUBLIC RECORDS REQUEST of February 26, 2024, Reference # J000762-022624

Dear Brian Beckcom,

As mentioned in our correspondence sent to you yesterday, we are still processing the remaining items of your request and expect to have a response to you on or before Friday, March 29th.

Sincerely,

Knesha Brashear
Open Records Office



Exhibit 2

Page 4

- 56 -

On 3/22/2024 11:24:02 AM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: "Brendan Fradkin"[brendan@vbattorneys.com], "Patti"[patti@vbattorneys.com], "open-records@tamu.edu"[Open-records@tamu.edu]

See below page advise today.
Thanks.

-bb
Brian Beckcom
www.VBAttorneys.com
www.BrianBeckcom.org


On Thu, Mar 21, 2024 at 11:04 PM Brian Beckcom wrote:
I received part one of the responses. Where are the rest of the materials?
Please advise immediately as TAMU is now potentially in violation of the open records laws, which mandate timely and complete responses.
Also, please continue to ensure that all relevant materials of any nature preserved.
Thank you.
-bb
Brian Beckcom
www.VBAttorneys.com
www.BrianBeckcom.org


On Thu, Mar 21, 2024 at 6:05 PM Texas A&M University Public Records Support wrote:


Exhibit 2
Page 5

- 57 -

↩ On 3/21/2024 11:06:02 PM, Brian Beckcom wrote:

TO: "Brendan Fradkin"[brendan@vbattorneys.com], "Patti"[patti@vbattorneys.com], "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: "open-records@tamu.edu"[Open-records@tamu.edu]

I received part one of the responses. Where are the rest of the materials?
Please advise immediately as TAMU is now potentially in violation of the open records laws, which mandate timely and complete responses.
Also, please continue to ensure that all relevant materials of any nature preserved.
Thank you.
-bb
Brian Beckcom
www.VBAttorneys.com
www.BrianBeckcom.org

On Thu, Mar 21, 2024 at 6:05 PM Texas A&M University Public Records Support wrote:

✉ On 3/21/2024 6:05:12 PM, Texas A&M University Public Records Support wrote:

CC: open-records@tamu.edu
**Subject:** Public Information Records :: J000762-022624
**Body:**
03/21/2024


RE: PUBLIC RECORDS REQUEST of February 26, 2024, Reference # J000762-022624

Dear Brian Beckcom,

Texas A&M University received a public information request from you on February 26, 2024. Your request mentioned:

*"Pursuant to Section 552.001, et seq., of the Texas Open Records Act, Public Records Information, please produce the following documents:*

*● All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.*

*● All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any*


Exhibit 2

Page 6

- 58 -

*discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of same.*

*• All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.*

*• Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.*

*• Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.*

*• Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadaets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes"*

Information found to be responsive to items 2 and 3 of your request is available and can be obtained by visiting the Public Records Online Portal and logging in from the "My Request Center" tab.

Please note that we are still processing the remaining items of your request and expect to have a response to you on or before Friday, March 29th.


Sincerely,

Knesha Brashear
Open Records Office



Exhibit 2

Page 7

- 59 -

✉ On 3/11/2024 9:19:01 AM, Texas A&M University Public Records Support wrote:

CC: Open-records@tamu.edu; patti@vbattorneys.com; brendan@vbattorneys.com
**Subject:** Public Information Records :: J000762-022624
**Body:**
03/11/2024

RE: PUBLIC RECORDS REQUEST, Reference # J000762-022624

Dear Brian Beckcom,

We are in receipt of your narrowed request, received on March 7th and appreciate your willingness to work with us. We are processing your narrowed request and expect to have a response to you on or before your tenth (10th) business day of March 21, 2024.

Sincerely,

Tricia Bledsoe

Open Records Office

↩ On 3/11/2024 6:03:03 AM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu], "Patti Artavia"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com]

Ms. Kacer:
I hope you had a relaxing weekend.
I have sent a few emails with no response and no acknowledgement. I would very much appreciate your responding to my requests. My hope is you will comply with the requests as limited and produce the overdue materials immediately. Please let me know the status. I am hoping we can avoid further legal measures and can work cooperatively.
I am happy to send my own IT team to assist if needed.


-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Fri, Mar 8, 2024 at 2:13 PM Brian Beckcom wrote:
Ms. Kacer:
Please respond to my questions and to the unobjected to FOIA requests today. Otherwise, we will move forward with legal action as authorized by statute and Texas law.



Exhibit 2

Page 8

- 60 -

-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Fri, Mar 8, 2024 at 10:28 AM Brian Beckcom wrote:

Ms. Kacer:

1. Please confirm that Texas A&M will produce the items for which there was no objection by today's statutory deadline;

2. Please confirm that the relevant personnel have been informed of their obligations to preserve all communications, documents, etc and not destroy, alter, or otherwise impede the ability to obtain the requested documents and information.


-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Thu, Mar 7, 2024 at 9:30 AM Brian Beckcom wrote:

Ms. Kacer:

Thank you for your form letter. I obviously am not requesting a blind search, or an unlimited search, and my request is obviously limited in scope and time. I also note that you have not objected to some of the requests, which makes the responses to those requests now one day overdue. Please produce any and all materials to which you do not object immediately, or advise why you refuse to do so.

For the sake of compromise, we are willing to limit the request at this juncture to the years 2023 and 2024. We are willing to limit the scope to personnel in the Office of the Commandant, Office of the Vice President of Student Affairs, and Office of the President.

With respect to identifying the name(s) of individuals with documents, that objection is quite obviously improper as well as illogical. If I knew all the name(s) of the people involved, I wouldn't be sending a request, obviously. In fact, one of the purposes of information requests is to learn the personnel involved. With that said, there is a limited number of personnel employed at the Office of the Commandant and the ROTCs, in fact the website lists less than 25 employees, so your form objection that A&M has "thousands" of employees is frivolous.

I would suggest you start with these folks: https://corps.tamu.edu/staff-directory/

I would likewise request that you inform the personnel in the Trigon, the ROTCs, the Office of the Vice President, and the Office of the President of their continuing obligations under law to preserve all documents, communications, and other matters. Destruction of documents -- even those subject to document retention procedures -- is improper and impermissible under Texas law, and may result in a variety of consequences both individually and institutionally, so please ensure that the relevant personnel understand their obligations in this regard.

Thank you. Please do not hesitate to call me with any questions. In the meantime, I look forward to receiving the materials to which there are no objections today.

Going forward, I request that you copy my colleagues Patti Artavia and Brendan Fradkin, cc'd above, on all future communications.



Exhibit 2

Page 9

- 61 -

-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Wed, Mar 6, 2024 at 6:56 PM Texas A&M University Public Records Support wrote:


↩ On 3/8/2024 3:15:33 PM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu], "Patti Artavia"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com]

Ms. Kacer:
Please respond to my questions and to the unobjected to FOIA requests today. Otherwise, we will move forward with legal action as authorized by statute and Texas law.


-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Fri, Mar 8, 2024 at 10:28 AM Brian Beckcom wrote:
Ms. Kacer:
1. Please confirm that Texas A&M will produce the items for which there was no objection by today's statutory deadline;
2. Please confirm that the relevant personnel have been informed of their obligations to preserve all communications, documents, etc and not destroy, alter, or otherwise impede the ability to obtain the requested documents and information.


-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Thu, Mar 7, 2024 at 9:30 AM Brian Beckcom wrote:
Ms. Kacer:
Thank you for your form letter. I obviously am not requesting a blind search, or an unlimited search, and my request is obviously limited in scope and time. I also note that you have not objected to some of the requests, which makes the responses to those requests now one day overdue. Please produce any and all materials to which you do not object immediately, or advise why you refuse to do so.
For the sake of compromise, we are willing to limit the request at this juncture to the years 2023 and 2024. We are willing to limit the scope to personnel in the Office of the Commandant, Office of the Vice President of


Exhibit 2

Page 10

- 62 -

Student Affairs, and Office of the President.

With respect to identifying the name(s) of individuals with documents, that objection is quite obviously improper as well as illogical. If I knew all the name(s) of the people involved, I wouldn't be sending a request, obviously. In fact, one of the purposes of information requests is to learn the personnel involved. With that said, there is a limited number of personnel employed at the Office of the Commandant and the ROTCs, in fact the website lists less than 25 employees, so your form objection that A&M has "thousands" of employees is frivolous.

I would suggest you start with these folks: https://corps.tamu.edu/staff-directory/

I would likewise request that you inform the personnel in the Trigon, the ROTCs, the Office of the Vice President, and the Office of the President of their continuing obligations under law to preserve all documents, communications, and other matters. Destruction of documents -- even those subject to document retention procedures -- is improper and impermissible under Texas law, and may result in a variety of consequences both individually and institutionally, so please ensure that the relevant personnel understand their obligations in this regard.

Thank you. Please do not hesitate to call me with any questions. In the meantime, I look forward to receiving the materials to which there are no objections today.

Going forward, I request that you copy my colleagues Patti Artavia and Brendan Fradkin, cc'd above, on all future communications.

-bb

VBAttorneysLessons from Leaders PodcastMy Bio Video

On Wed, Mar 6, 2024 at 6:56 PM Texas A&M University Public Records Support wrote:

> On 3/8/2024 10:30:43 AM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu], "Patti Artavia"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com]

Ms. Kacer:
1. Please confirm that Texas A&M will produce the items for which there was no objection by today's statutory deadline;
2. Please confirm that the relevant personnel have been informed of their obligations to preserve all communications, documents, etc and not destroy, alter, or otherwise impede the ability to obtain the requested documents and information.

-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video

 Exhibit 2     Page 11

- 63 -

On Thu, Mar 7, 2024 at 9:30 AM Brian Beckcom wrote:

Ms. Kacer:

Thank you for your form letter. I obviously am not requesting a blind search, or an unlimited search, and my request is obviously limited in scope and time. I also note that you have not objected to some of the requests, which makes the responses to those requests now one day overdue. Please produce any and all materials to which you do not object immediately, or advise why you refuse to do so.

For the sake of compromise, we are willing to limit the request at this juncture to the years 2023 and 2024. We are willing to limit the scope to personnel in the Office of the Commandant, Office of the Vice President of Student Affairs, and Office of the President.

With respect to identifying the name(s) of individuals with documents, that objection is quite obviously improper as well as illogical. If I knew all the name(s) of the people involved, I wouldn't be sending a request, obviously. In fact, one of the purposes of information requests is to learn the personnel involved.

With that said, there is a limited number of personnel employed at the Office of the Commandant and the ROTCs, in fact the website lists less than 25 employees, so your form objection that A&M has "thousands" of employees is frivolous.

I would suggest you start with these folks: https://corps.tamu.edu/staff-directory/

I would likewise request that you inform the personnel in the Trigon, the ROTCs, the Office of the Vice President, and the Office of the President of their continuing obligations under law to preserve all documents, communications, and other matters. Destruction of documents -- even those subject to document retention procedures -- is improper and impermissible under Texas law, and may result in a variety of consequences both individually and institutionally, so please ensure that the relevant personnel understand their obligations in this regard.

Thank you. Please do not hesitate to call me with any questions. In the meantime, I look forward to receiving the materials to which there are no objections today.

Going forward, I request that you copy my colleagues Patti Artavia and Brendan Fradkin, cc'd above, on all future communications.

-bb

VBAttorneysLessons from Leaders PodcastMy Bio Video


On Wed, Mar 6, 2024 at 6:56 PM Texas A&M University Public Records Support wrote:



Exhibit 2

- 64 -

Page 12

On 3/7/2024 9:33:02 AM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu], "Patti Artavia"[patti@vbattorneys.com], "Brendan Fradkin"[brendan@vbattorneys.com]

Ms. Kacer:
Thank you for your form letter. I obviously am not requesting a blind search, or an unlimited search, and my request is obviously limited in scope and time. I also note that you have not objected to some of the requests, which makes the responses to those requests now one day overdue. Please produce any and all materials to which you do not object immediately, or advise why you refuse to do so.
For the sake of compromise, we are willing to limit the request at this juncture to the years 2023 and 2024. We are willing to limit the scope to personnel in the Office of the Commandant, Office of the Vice President of Student Affairs, and Office of the President.
With respect to identifying the name(s) of individuals with documents, that objection is quite obviously improper as well as illogical. If I knew all the name(s) of the people involved, I wouldn't be sending a request, obviously. In fact, one of the purposes of information requests is to learn the personnel involved. With that said, there is a limited number of personnel employed at the Office of the Commandant and the ROTCs, in fact the website lists less than 25 employees, so your form objection that A&M has "thousands" of employees is frivolous.
I would suggest you start with these folks: https://corps.tamu.edu/staff-directory/
I would likewise request that you inform the personnel in the Trigon, the ROTCs, the Office of the Vice President, and the Office of the President of their continuing obligations under law to preserve all documents, communications, and other matters. Destruction of documents -- even those subject to document retention procedures -- is improper and impermissible under Texas law, and may result in a variety of consequences both individually and institutionally, so please ensure that the relevant personnel understand their obligations in this regard.
Thank you. Please do not hesitate to call me with any questions. In the meantime, I look forward to receiving the materials to which there are no objections today.
Going forward, I request that you copy my colleagues Patti Artavia and Brendan Fradkin, cc'd above, on all future communications.
-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Wed, Mar 6, 2024 at 6:56 PM Texas A&M University Public Records Support wrote:


On 3/6/2024 6:56:02 PM, Texas A&M University Public Records Support wrote:

CC: Open-records@tamu.edu
Subject: Public Information Records :: J000762-022624
Body:
March 6, 2024


Powered by
GovQA

Exhibit 2

- 65 -

Page 13

RE: PUBLIC RECORDS REQUEST of February 26, 2024, Reference # J000762-022624

Dear Brian Beckcom,

Texas A&M University received a public information request from you on February 26, 2024. Your request mentioned:

*"From: Patti Artavia <patti@vbattorneys.com>*
*Sent: Monday, February 26, 2024 7:03 AM*
*To: open-records@tamu.edu*
*Subject: Open Records Request*

*Please see attached letter. Thank you*

*Patti Artavia*
*Senior Paralegal/Case Manager*
*2016 AAJ Paralegal of the Year*
*VBAttorneys.com*
*Direct Dial (832) 791-3118*


*Pursuant to Section 552.001, et seq., of the Texas Open Records Act, Public Records Information, please produce the following documents:*

*• All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.*

*• All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of same.*

*• All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.*

*• Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.*

*• Any and all communications from anyone at Texas A&M concerning the plan to restructure*



Exhibit 2

Page 14

- 66 -

the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

● Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadaets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes"</patti@vbattorneys.com>


Our office is unable to conduct a blind search for

"● All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.

● All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of same.

● All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.

● Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.

● Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

● Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadaets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes" as there are numerous employees within the the Office of the Commandant and thousands of employees within the university. A request of this magnitude is too broad. Therefore, we are requesting that you narrow your request by providing us with the name(s) of employees who would be in possession of the requested records. Additionally, if you could please provide us with a date range so that we can better assist you with your request.

As provided by section 552.222(d) of the Texas Public Information Act, your request will be considered

 Exhibit 2

Page 15

- 67 -

withdrawn if we do not receive a response from you by the 61st day after the date of this request for clarification/narrowing.

Sincerely,

Leslie Kacer
Open Records Office

 On 2/26/2024 11:15:43 AM, Brian Beckcom wrote:

TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu]

Yes to both questions.
Please make sure all the records requested are preserved.
Thank you.

On Feb 26, 2024, at 9:10 AM, Texas A&M University Public Records Support wrote:



Exhibit 2

Page 16

- 68 -

CC: Open-records@tamu.edu
**Subject:** Public Information Records :: J000762-022624
**Body:**
February 26, 2024

BRIAN BECKCOM (J000762-022624): REQUEST FOR CLARIFICATION/NARROWING; REDACTION RESPONSES REQUESTED

There are now 2 statements regarding mandatory exceptions and discretionary exceptions you need to select for your open records request. These questions are derived from a form developed by the Office of the Attorney General, dated 10/01/19. Please select "yes" or "no" in regards to these 2 exception questions for your open records request. Selecting "yes" will allow the university to expedite your request by avoiding the necessity of seeking a decision from the Office of the Attorney General.

Statement #1:
Do you agree to the redaction of information that is subject to mandatory exceptions, provided such redactions are clearly labeled on information you receive? (Yes or No)

Statement #2:
Do you agree to the redaction of information that is subject to discretionary exceptions, provided such redactions are clearly labeled on information you receive? (Yes or No)

Note: This is a request for clarification/narrowing of your request. Section 552.222 provides that a request for information is considered withdrawn if the requestor does not respond in writing to a governmental body's written request for clarification or additional information within 61 days.

Sincerely,

Leslie Kacer
Open Records Office



✉ On 2/26/2024 8:54:25 AM, Texas A&M University Public Records Support wrote:

Dear Brian Beckcom:

We received your public information request for **Texas A&M University**. Your request was given the **reference number J000762-022624** for tracking purposes. Please refer to this number when making inquiries about your request.

You can monitor the progress of your request at the link below and you'll receive an email when your request has been completed.

Thank you for your interest in **Texas A&M University**.

To monitor the progress or update this request please log into the Public Records Center.

✉ On 2/26/2024 8:54:25 AM, Texas A&M University Public Records Support wrote:

Request was created by staff



Exhibit 2

Page 18

- 70 -

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patti Artavia on behalf of Brian Beckcom
Bar No. 24012268
patti@vbattorneys.com
Envelope ID: 86169545
Filing Code Description: Case Information Sheet
Filing Description:
Status as of 4/2/2024 8:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brendan Fradkin | | brendan@vbattorneys.com | 4/1/2024 6:00:54 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 4/1/2024 6:00:54 PM | SENT |
| Patti Artavia | | patti@vbattorneys.com | 4/1/2024 6:00:54 PM | SENT |

# EXHIBIT 2

Received & Filed 5/10/2024 4:14 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 87643776

Cause No. 24-000902-CV

| | | |
|---|---|---|
| Brian Beckcom | ) | In the District Court of |
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | 85th  Judicial District |

## Petitioner's First Amended Petition for Writ of Mandamus

In this Petition for Writ of Mandamus under the Texas Public Information Act, Brian Beckcom ("Petitioner") seeks an order from the Court compelling Respondent Texas A&M University ("TAMU") to appoint a third-party service to perform a search for the requested public records, fully respond to Petitioner's requests for Diversity, Equity, and Inclusion and Squadron 17 hazing documents, and produce those documents to the public.

1. **Discovery Control Plan**

1.1    Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.

2. **Claim for Relief**

2.1    Petitioner seeks only non monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

3. **Parties**

3.1    Petitioner Brian Beckcom is an attorney whose address is 6363 Woodway Drive, Suite 400, Houston, Texas 77057.

3.2.    Respondent Texas A&M University is a public university that can be served through

its Office of General Counsel at  Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas  77840-7896

3.3     Respondent has answered the Original Writ of Mandamus through the Attorney General's office, Jason T. Contreras, Assistant Attorney General, PO Box 12548, Capitol Station, Austin, Texas 78711.

4.      **Jurisdiction, Venue, and Conditions Precedent**

4.1     This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2     All conditions precedent have been performed or have occurred.

5.      **Facts**

5.1     **TAMU failed to search for and produce documents responsive to requests for communications regarding the Commandant's plan to restructure the Corps of Cadets.**

5.1.1   On February 26, 2024, Petitioner submitted two requests for public information to TAMU pursuant to the Texas Public Information Act, Texas Government Code Chapter 552 (the "TPIA"). The requests sought documents related to issues involving the Corps of Cadets, including but not limited to so-called "DE&I" and irregularities related to the hiring of the new Commandant as well as irregularities related to the new Commandant's plan to radically restructure the Corps of Cadets in secret.

5.1.2   The TPIA mandates timely responses, and specifically responses within 10 days.[1] To date, over thirty business days later, TAMU has failed to produce full and complete responsive documents and all of the requested public information.

---

[1] Tex. Gov't Code § 552.301

5.1.3   This failure is not mere conjecture. Petitioner propounded the following request to TAMU:

(1) All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.

(2) All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of the same.

(3)  All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.

(4) Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.

(5)  Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President

of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

5.1.4    On April 24, 2024, TAMU produced what it alleges to be all documents responsive to the request, including those contained in Commandant Michaelis's email account.[2]

5.1.5    However, Petitioner knows of and is in possession of documents and communications responsive to this request which have not been produced by TAMU.

5.1.6    Accordingly, either: (1) the search was not conducted adequately or in good faith; or (2) documents are being unlawfully withheld.

5.1.7    Given recent occurrences wherein certain individuals at TAMU encourage others to delete text messages and other communications, there is a real and present danger that information and documents may be destroyed. It is imperative that TAMU allow a third-party search for all relevant information and materials immediately.

5.2    **TAMU failed to produce documents responsive to requests for DEI documents.**

5.2.1    As part of the February 26, 2024 TPIA request, Petitioner requested the following: "Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes would potentially impact Texas A&M or the Corps of Cadets from a DEI perspective."

---

[2] Exhibit 1, Email from TAMU Counsel stating that Commandant Michaelis's email account was searched.

5.2.2    TAMU has refused to produce these documents, claiming that the AG has ruled on this topic in the past and therefore there is no obligation to produce.[3] However, the AG's opinion was not specific to this request, and therefore TAMU had the obligation to get a new AG opinion on these documents, which they have failed to do. Accordingly, these documents must be produced.

**5.3    TAMU failed to produce documents related to the 2024 hazing investigation into Squadron 17, an incident where all accused students were fully exonerated.**

5.3.1    On March 28, 2024, Petitioner requested documents regarding the wrongful investigation into Squadron 17 for alleged hazing misconduct. Specifically, Petitioner requested the following:

(1) All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation

(2) All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M

---

[3] Exhibit 2, Email between TAMU counsel and petitioner stating that a compilation of DEI documents are being withheld.

University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same

(3) Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.

(4) Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.

5.3.2   TAMU partially responded to these requests on May 9, 2024, but this request was only partial as TAMU has withheld an unknown number of documents based on alleged FERPA issues. The failure to produce entire documents based on FERPA is erroneous, as these documents could and should be produced following redaction of student names or

other specific student information. In the absence of any other objection, these documents must be produced.

6. **Violation of the Texas Public Information Act**

6.1     The TPIA requires that public information be produced "promptly."[4] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[5] TAMU's failure to provide the requested information and perform an adequate search is a clear violation of the TPIA's unambiguous mandate.

7. **Request for Relief**

Petitioner requests that the Court:

7.1      Order TAMU to allow a third party search service to perform the document searches at issue and produce the public information responsive to Petitioner's February 26, 2024 TPIA requests;

7.2     Order the video deposition of any personnel at TAMU who have participated in compiling the records requests or answering same;

7.3     Order TAMU to produce documents responsive to Petitioner's DEI requests.

7.4     Order TAMU to produce documents responsive to Petitioner's Squadron 17 requests.

7.5     Award Petitioner his reasonable attorney fees and costs under TPIA § 552.323, with that amount be decided pursuant to submission of evidence and hearing  by this Court;

7.6     Order TAMU to comply fully with the TPIA for any future related requests or face further potential sanctions; and

---

[4] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).

[5] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

7.7     Grant all other relief to which Petitioner is entitled.

Respectfully submitted,

**VB Attorneys**

/s/ Brian Beckcom

_____

**Brian Beckcom**
*/s/ Brian Beckcom*
*Brian@vbattorneys.com*
SBN:  24012268
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)

Certificate of Service

On the 10th day of May 2024, the foregoing Amended Writ of Mandamus was served on all counsel of record by electronic e-service.

/s/ Brian Beckcom

_____

Brian Beckcom

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patti Artavia on behalf of Brian Beckcom
Bar No. 24012268
patti@vbattorneys.com
Envelope ID: 87643776
Filing Code Description: Amended Petition
Filing Description: Petitioner's First Amended Petition for Writ of Mandamus
Status as of 5/13/2024 8:42 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patti Artavia | | patti@vbattorneys.com | 5/13/2024 8:17:17 AM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 5/13/2024 8:17:17 AM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 5/13/2024 8:17:17 AM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 5/13/2024 8:17:17 AM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 5/13/2024 8:17:17 AM | SENT |
| Thomas Silver | | tsilver@tamus.edu | 5/13/2024 8:17:17 AM | SENT |
| Jerri Low | | jlow@tamus.edu | 5/13/2024 8:17:17 AM | SENT |

# EXHIBIT 3

Received & Filed 6/26/2024 5:06 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 89236863

**Cause No. 24-000902-CV**

| Brian Beckcom | ) | In the District Court of |
|---|---|---|
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | 85th Judicial District |

### Petitioner's Second Amended Petition for Writ of Mandamus and Request for Declaratory Judgment

In this Petition for Writ of Mandamus under the Texas Public Information Act, Brian Beckcom ("Petitioner") seeks an order from the Court compelling Respondent Texas A&M University ("TAMU") to appoint a third-party service to perform a search for the requested public records, fully respond to Petitioner's requests for "fish Brigade," Diversity, Equity, and Inclusion, Squadron 17 hazing documents, and bathroom renovation documents, and produce those documents to the public.

**1. Discovery Control Plan**

1.1 Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.

**2. Claim for Relief**

2.1 Petitioner seeks only non monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

- 82 -

**3. Parties**

3.1    Petitioner Brian Beckcom is an attorney whose address is 6363 Woodway Drive, Suite 400, Houston, Texas 77057.

3.2.    Respondent Texas A&M University is a public university that can be served through its Office of General Counsel at Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896.

3.3    Respondent has answered the Original Writ of Mandamus through the Attorney General's office, Jason T. Contreras, Assistant Attorney General, PO Box 12548, Capitol Station, Austin, Texas 78711.

**4. Jurisdiction, Venue, and Conditions Precedent**

4.1    This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2    All conditions precedent have been performed or have occurred.

**5. Facts**

5.1    TAMU failed to search for and produce documents responsive to requests for communications regarding the Commandant's plan to restructure the Corps of Cadets.

5.1.1    On February 26, 2024, Petitioner submitted two requests for public information to TAMU pursuant to the Texas Public Information Act, Texas Government Code Chapter 552 (the "TPIA"). The requests sought documents related to issues involving the Corps of Cadets, including but not limited to so-called "DE&I" and irregularities related to the hiring of the new Commandant as well as irregularities related to the new Commandant's plan to radically restructure the Corps of Cadets in secret.

5.1.2   The TPIA mandates timely responses, and specifically responses within 10 days.[1] To date, over thirty business days later, TAMU has failed to produce full and complete responsive documents and all of the requested public information.

5.1.3   This failure is not mere conjecture. Petitioner propounded the following request to TAMU:

> (1) All documents or other materials related to the Office of the Commandant's plans regarding the so-called fish Brigade, including but not limited to any documents from any working groups and any communications regarding the same.

> (2) All materials, studies, communications, etc. referred to in the Commandant's February 2024 Facebook post regarding "socialization," "leadership education," discussion of the "communal/fraternal aspects of the Corps," any studies or materials concerning same, any discussions or studies of outfit v. Corps culture, the Rellis experiment in late 1940s and 1950s wherein fish were moved to Rellis Air Force Base and any studies or documents concerning same, any study of retention or attrition statistics, any proposed "re-mapping" of the core curriculum, any documents or other materials related to re-writing the Standard and the "Cadence," and any documents or materials related to Commandant's Guidance to the Corps or any drafts of the same.

> (3) All documents or materials related to the 4 Leadership Development Advisors and any documents related to the Commandant's plans moving forward regarding the Corps of Cadets.

> (4) Any and all email or other digital communications from anyone in the Commandant's Office to anyone else related to the subject of the Corps of Cadets or any restructuring of the same.

> (5) Any and all communications from anyone at Texas A&M concerning the plan to restructure the fish and Corps experience, including from the Office of the President of Texas A&M, the Office of the Vice President of Student Affairs, and the Board of Regents.

5.1.4   On April 24, 2024, TAMU produced what it alleges to be all documents responsive to the request, including those contained in Commandant Michaelis's email account.[2]

---

[1] Tex. Gov't Code § 552.301.
[2] Exhibit 1, Email from TAMU Counsel stating that Commandant Michaelis's email account was searched.

5.1.5 However, Petitioner knows of and is in possession of documents and communications responsive to this request which have not been produced by TAMU, and moreover, TAMU has told Petitioner that it is withholding documents.

5.1.6 Accordingly, either: (1) the search was not conducted adequately or in good faith; or (2) documents are being unlawfully withheld.

5.1.7 Given recent occurrences wherein certain individuals at TAMU encouraged others to delete text messages and other communications, there is a real and present danger that information and documents may be destroyed. It is imperative that TAMU allow a third-party search for all relevant information and materials immediately.

5.2 TAMU failed to produce documents responsive to requests for DEI documents.

5.2.1 As part of the February 26, 2024 TPIA request, Petitioner requested the following:

"Any discussions, communications or materials related to Diversity, Equity and Inclusion as they related to any proposed changes to the Corps of Cadets and any analysis or reference to the recent laws in Texas as they relate to same, and any analysis regarding whether any proposed changes would potentially impact Texas A&M or the Corps of Cadets from a DEI perspective."

5.2.2 TAMU has refused to produce these documents, claiming that the AG has ruled on this topic in the past and therefore there is no obligation to produce.[3] However, the AG's opinion was not specific to this request, and therefore TAMU had the obligation to get a new AG opinion on these documents, which they have failed to do. Accordingly, these documents must be produced.

5.3 TAMU failed to produce documents related to the frivolous and possibly retaliatory 2024 hazing investigation into Squadron 17, an incident where all accused students were fully

---

[3] Exhibit 2, Email between TAMU counsel and petitioner stating that a compilation of DEI documents are being withheld.

exonerated after the cadets and parents spent over 1700 hours and hundred of thousands of dollars defending themselves from ridiculous allegations that were brought in bad faith to retaliate against the all-male outfit.

5.3.1   On March 28, 2024, Petitioner requested documents regarding the frivolous and retaliatory investigation into Squadron 17 for alleged hazing misconduct. Specifically, Petitioner requested the following:

(1) All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind.related in any manner to any such investigation, along with any other information pertaining to any such investigation

(2) All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same

(3) Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.

(4) Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such

materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.

5.3.2   TAMU partially responded to these requests on May 9, 2024, but this request was only partial as TAMU has withheld an unknown number of documents based on a frivolous and made-up rationale that the Petitioner -- and only the Petitioner -- is prohibited from getting certain of these documents. The failure to produce entire documents based on FERPA is erroneous, as these documents could and should be produced following redaction of student names or other specific student information. In the absence of any other objection, these documents must be produced.

5.4     TAMU also failed to produce documents related to a questionable multimillion dollar bathroom renovation project. This project is suspected to be in response to continued DEI-related policy initiatives within TAMU and was apparently done because one transvestite cadet threatened to sue TAMU.

5.4.1   On May 16, 2024, Plaintiff requested the following:

(1) Any documents pertaining to renovation plans for the bathroom/restroom facilities in the dormitories housing the Corps of Cadets. This should include contracts or agreements related to the renovation projects, estimates, analyses, architectural designs/plans, engineering designs/plans, and anticipated costs.

(2) Any communications between university employees or officials regarding the renovation plans or any of the documents pertaining to those plans.

(3) Any communications between university employees or officials and third-parties regarding the renovation plans or any of the documents pertaining to those plans.

5.4.2 On June 3, 2024, TAMU produced some documents responsive to this request, but stated that other responsive documents were subject to a requested OAG opinion letter based on the attorney-client privilege and the financial information privilege.

5.4.3 Defendant's alleged privileges are bogus, but even if they weren't, Defendant is in possession of documents which clearly aren't subject to either the attorney-client privilege or the financial information privilege. For example, Plaintiff is aware of a recorded, public Microsoft Teams call which Defendant is refusing to produce. Neither the attorney-client privilege nor the financial information privilege would be applicable to a public, recorded conference call.

## 6. Violation of the Texas Public Information Act and SB 17

6.1 The TPIA requires that public information be produced "promptly."[4] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[5] TAMU's failure to provide the requested information and perform an adequate search is a clear violation of the TPIA's unambiguous mandate.

6.2 SB-17 is a recent bill that prevents public institutions from engaging in or promoting DEI initiatives. This unambiguous mandate effected if the public *actually has access* to DEI and related documents. TAMU's attempts to rely on discretionary privileges, whether applicable or not, would prevent the ability for SB-17 to be effective. Accordingly, even if the privileges are applicable–which they aren't–they must be discarded in favor of public knowledge based on the mandate of the TPIA and SB-17.

---

[4] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).
[5] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

**7. Request for Relief**

Petitioner requests that the Court:

7.1    Order TAMU to allow an independent third party search service to perform the document searches at issue and produce the public information responsive to Petitioner's February 26, 2024 TPIA requests;

7.2    Order the video deposition of any personnel at TAMU who have participated in compiling the records requests or answering same;

7.3    Order TAMU to produce documents responsive to Petitioner's fish Brigade, DEI requests, and bathroom requests;

7.4    Order TAMU to produce documents responsive to Petitioner's Squadron 17 requests;

7.5    Order TAMU to produce documents responsive to Petitioner's bathroom renovation requests;

7.6    Award Petitioner his reasonable attorney fees and costs under TPIA § 552.323, with that amount be decided pursuant to submission of evidence and hearing by this Court;

7.7    Order TAMU to comply fully with the TPIA for any future related requests or face further potential sanctions; and

7.8    Plaintiff seeks a Declaratory Judgment pursuant to Section 37.001 of the Texas CPRC et seq. Specifically, that Plaintiff is a person seeking a declaration of his rights under the Public Information Act pursuant to Section 37.004 CPRC. The Defendant violated the Plaintiff's rights and status under  Texas Public Information Act by unilaterally deciding to withhold documents from Plaintiff that would be released to other people and unilaterally withholding information based on previous Attorney General opinions.

7.9     Grant all other relief to which Petitioner is entitled.

Respectfully submitted,
J. David Dodd III
/s/J. David Dodd III
820 S. MacArthur,
Suite 105-341
Coppell, TX 75019
(214)923-3417

VB Attorneys
Brian Beckcom
/s/ Brian Beckcom
SBN: 24012268
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)

Certificate of Service

On the 26th day of June 2024 the foregoing Amended Writ of Mandamus was served on all counsel of record by electronic e-service.

/s/ J. David Dodd III

_____

J. David Dodd III

From: **Moore, Brooks** <RBM@tamus.edu>
Date: Fri, Apr 26, 2024 at 10:53 AM
Subject: RE: Public Information Records :: J001320-041024
To: Brendan Fradkin <brendan@vbattorneys.com>


On request J1147, the 10-business day deadline (from receipt of payment per Tex. Gov't Code sec. 552.263(e)) is May 2nd.

On request J1320, no, you are misconstruing my response. As I previously stated, the university searched all Office of the Commandant accounts, including his. We have provided what was found to my knowledge. I do not know what you mean when you say that you "clearly have responsive documents." If you have specific information that you believe the university should have found, please identify it as we are not aware of any additional information that the university actually has.

Also, please note that I will be unavailable until around 5:00 this afternoon.

Brooks

**R. Brooks Moore | Deputy General Counsel**
Office of General Counsel
THE TEXAS A&M UNIVERSITY SYSTEM

From: **Moore, Brooks** <RBM@tamus.edu>
Date: Mon, Apr 8, 2024 at 1:18 PM
Subject: RE: Beckcom TPIA Request Recap
To: Brendan Fradkin <brendan@vbattorneys.com>
Cc: Brian Beckcom <brian@vbattorneys.com>, Patti Artavia <patti@vbattorneys.com>

My responses are below.  The below is correct with a couple of minor corrections (see highlighted text).

Brooks

**R. Brooks Moore | Deputy General Counsel**
Office of General Counsel
THE TEXAS A&M UNIVERSITY SYSTEM

---

**From:** Brendan Fradkin <brendan@vbattorneys.com>
**Sent:** Monday, April 8, 2024 1:02 PM
**To:** Moore, Brooks <RBM@tamus.edu>
**Cc:** Brian Beckcom <brian@vbattorneys.com>; Patti Artavia <patti@vbattorneys.com>
**Subject:** Beckcom TPIA Request Recap

Brooks,

Thanks again for talking with me today. This email is intended to confirm what documents are being withheld, what privileges are being applied to those documents, and additional documents you may be able to produce.

**DEI/Fish Program Documents**

Under this category of requests, you are withholding the following:

(1) An email with attached proposed policymaking document regarding the fish brigade.
*withheld based on policymaking privilege*—Brooks Moore Response-Correct
(2) The attached proposed fish brigade policymaking document.

*withheld based on policymaking privilege*—Brooks Moore Response-Correct
(3) A compilation of DEI documents prepared for systemwide compliance efforts.
*withheld based on 552.101 + 51.971(e)(2)* —Brooks Moore Response-Correct

(4) Documents that contain student identification information.
*withheld subject to FERPA request*—Brooks Moore Response-Correct

You stated that on (1), you would look into getting us the email if the email itself contained no policymaking information. —Brooks Moore Response-Correct

You stated that on (2), if we withdraw our consent to withholding, you could go back to the AG for an opinion. —Brooks Moore Response-Correct

You stated that on (3), there may already be an applicable holding from the AG's office, but you would send us that holding, and that you would go back to the AG's office with these documents as well. —Brooks Moore Response-Correct, except that if we have an applicable letter ruling on the same information, we are prohibited for asking for another ruling. If the information is different from that previously submitted to the OAG, we will request a letter ruling. We will provide the citation if it is binding here.

You stated that (4) would require an additional FERPA request, but if approved, you would produce. —Brooks Moore Response-Correct, assuming that the applicable student provides prior written consent for the release of the information in accordance with FERPA.

**Commandant Hiring Documents**

(1) Michaelis personnel information.
*this was all produced, subject to some personal information redactions*—Brooks Moore Response-Correct

(2) Communications about Michaelis hiring
*these will be produced*—Brooks Moore Response-Correct, under request J001123.

(3) Personnel information for other candidates
*these will be produced*. —Brooks Moore Response-Correct, under request J001123.

If this sums up what we discussed today accurately, please confirm.

--

Brendan Fradkin

VB Attorneys

832-791-2337

Follow us on **Facebook**, **Twitter**, **LinkedIn**, and **Instagram**
Why hire VB Attorneys
The best compliment you can give our team is the referral of someone who needs our help.

--
Brendan Fradkin
VB Attorneys
832-791-2337

Follow us on **Facebook**, **Twitter**, **LinkedIn**, and **Instagram**
Why hire VB Attorneys
The best compliment you can give our team is the referral of someone who needs our help.

**- 93 -**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patti Artavia on behalf of Brian Beckcom
Bar No. 24012268
patti@vbattorneys.com
Envelope ID: 89236863
Filing Code Description: Amended Petition
Filing Description: Petitioner's Second Amended Petition for Writ of Mandamus and Request for Declaratory Judgment
Status as of 6/27/2024 9:10 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patti Artavia | | patti@vbattorneys.com | 6/26/2024 5:06:58 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 6/26/2024 5:06:58 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 6/26/2024 5:06:58 PM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 6/26/2024 5:06:58 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 6/26/2024 5:06:58 PM | SENT |
| Thomas Silver | | tsilver@tamus.edu | 6/26/2024 5:06:58 PM | SENT |
| Jerri Low | | jlow@tamus.edu | 6/26/2024 5:06:58 PM | SENT |

Associated Case Party: Brian Beckcom

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J DavidDodd III | | David@Jddoddlaw.com | 6/26/2024 5:06:58 PM | SENT |

# EXHIBIT 4

**Cause No. 24-000902-CV**

| Brian Beckcom | ) | In the District Court of |
|---|---|---|
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | 85th Judicial District |

**Plaintiff's Notice of Nonsuit Without Prejudice**

Plaintiff Brian Beckcom files this Notice of Nonsuit Without Prejudice and in support thereof would respectfully show the Court as follows:

1. Plaintiff is not pursuing his case at this time but reserves his right to file at another time.

2. This nonsuit is not done for the purposes of undue delay but rather to comply with state and federal civil procedure requirements and so that justice may be done.

Respectfully submitted,

/s/ J. David Dodd
J. David Dodd III
SBN:00787374
820 S. MacArthur Blvd,
Suite 105-341
Coppell, TX 75019
(214)923-3417

- 95 -

Certificate of Service

A true and correct copy of the foregoing was served on all counsel of record on this 7th day of

August 2024.

/s/J. David Dodd III

_____

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patti Artavia on behalf of Brian Beckcom
Bar No. 24012268
patti@vbattorneys.com
Envelope ID: 90654839
Filing Code Description: Notice of Nonsuit
Filing Description: Without Prejudice
Status as of 8/8/2024 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patti Artavia | | patti@vbattorneys.com | 8/7/2024 5:09:43 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 8/7/2024 5:09:43 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 8/7/2024 5:09:43 PM | SENT |
| Michael  Granado | | michael@vbattorneys.com | 8/7/2024 5:09:43 PM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 8/7/2024 5:09:43 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 8/7/2024 5:09:43 PM | SENT |
| Thomas Silver | | tsilver@tamus.edu | 8/7/2024 5:09:43 PM | SENT |
| Jerri Low | | jlow@tamus.edu | 8/7/2024 5:09:43 PM | SENT |

Associated Case Party: Brian Beckcom

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J DavidDodd III | | David@Jddoddlaw.com | 8/7/2024 5:09:43 PM | SENT |

**EXHIBIT 5**

**From:** Patti Artavia <patti@vbattorneys.com>
**Date:** November 1, 2024 at 2:50:18 PM CDT
**To:** "Bonilla, Ray" <RBonilla@tamus.edu>
**Cc:** Brendan Fradkin <brendan@vbattorneys.com>, Brian Beckcom <brian@vbattorneys.com>, Michael Granado <michael@vbattorneys.com>
**Subject: TAMU - TRO Hearing**


Mr. Bonilla please see attached which is being filed today with an emergency hearing today at 3pm.


**EXHIBIT 5**

Patti Artavia
Senior Paralegal/Case Manager
2016 AAJ Paralegal of the Year
VBAttorneys.com
Direct Dial (832) 791-3118

Follow us on **Facebook**, **Twitter**, **LinkedIn**, and **Instagram**
Why hire VB Attorneys
Tell me how I'm doing: ReviewVB.com
The best compliment you can give our team is the referral of someone who needs our help.

# EXHIBIT 6

**Jason Contreras**

| | |
|---|---|
| **From:** | Brendan Fradkin <brendan@vbattorneys.com> |
| **Sent:** | Monday, November 4, 2024 9:03 AM |
| **To:** | Jason Contreras |
| **Cc:** | Bonilla, Ray; Brian Beckcom; Michael Granado; Moore, Brooks; Patti Artavia; Silver, Thomas |
| **Subject:** | Re: TPIA Hearing on TRO Harris County |

What are you talking about? I'm on vacation and certainly haven't contacted anyone directly.

On Mon, Nov 4, 2024 at 10:02 AM Jason Contreras <Jason.Contreras@oag.texas.gov> wrote:

Brendan: You are very well aware that I represent TAMU in this matter. Cease and desist from contacting TAMU directly.

Jason Contreras
Asst. Attorney General

Get Outlook for iOS

---

**From:** Bonilla, Ray <RBonilla@tamus.edu>
**Sent:** Monday, November 4, 2024 8:43 AM
**To:** Patti Artavia <patti@vbattorneys.com>
**Cc:** Brendan Fradkin <brendan@vbattorneys.com>; Brian Beckcom <brian@vbattorneys.com>; Michael Granado <michael@vbattorneys.com>; Silver, Thomas <TSilver@tamus.edu>; Moore, Brooks <RBM@tamus.edu>; Jason Contreras <Jason.Contreras@oag.texas.gov>
**Subject:** RE: TPIA Hearing on TRO Harris County

At this point, we are no longer surprised by the unprofessional tactics of VB Attorneys.

**Ray Bonilla | General Counsel**
**The Texas A&M University System**

---

**From:** Patti Artavia <patti@vbattorneys.com>
**Sent:** Monday, November 4, 2024 8:00 AM
**To:** Bonilla, Ray <RBonilla@tamus.edu>
**Cc:** Brendan Fradkin <brendan@vbattorneys.com>; Brian Beckcom <brian@vbattorneys.com>; Michael Granado <michael@vbattorneys.com>
**Subject:** TPIA Hearing on TRO Harris County

Mr. Bonilla, please be advised we are passing our hearing set this morning at 10am in Harris County.

Patti Artavia
Senior Paralegal/Case Manager
2016 AAJ Paralegal of the Year
VBAttorneys.com
Direct Dial (832) 791-3118

Follow us on **Facebook**, **Twitter**, **LinkedIn**, and **Instagram**

Why hire VB Attorneys

Tell me how I'm doing: ReviewVB.com

The best compliment you can give our team is the referral of someone who needs our help.

--

Brendan Fradkin
VB Attorneys
832-791-2337


Follow us on **Facebook**, **Twitter**, **LinkedIn**, and **Instagram**
Why hire VB Attorneys
The best compliment you can give our team is the referral of someone who needs our help.

# EXHIBIT 7

12/2/2024 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94833684
By: Bonnie Lugo
Filed: 12/2/2024 2:24 PM

Cause No. 2024-76697

| | | |
|---|---|---|
| Brian Beckcom | ) | |
| *Plaintiff* | ) | In the District Court of |
| | ) | |
| VS. | ) | |
| | ) | Harris County, Texas |
| | ) | |
| Texas A&M University | ) | |
| *Defendant* | | 281ST Judicial District |

## NOTICE OF NONSUIT

Plaintiff, Brian Beckcom files this Notice of Nonsuit and hereby gives notice to this Court and all parties that Plaintiff nonsuits all claims in this case without prejudice to refiling the same.

Respectfully submitted,

**VB Attorneys**

***/s/Brendan Fradkin***
Brendan Fradkin
SBN: 24097706
Brendan@vbattorneys.com
Job Tenant
Job@vbattorneys.com
1200 August, Suite 240
Houston, Texas 77057
713-224-7800 Phone
713-224-7801 Facsimile

**- 102 -**

## Certificate of Service

The undersigned authority hereby certifies that a true and correct copy of the foregoing instrument has been served on the office of General Counsel on  December 2, 2024.


*/s/Brendan Fradkin*
**Brendan Fradkin**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Granado on behalf of Brian Beckcom
Bar No. 24012268
Michael@vbattorneys.com
Envelope ID: 94833684
Filing Code Description: No Fee Documents
Filing Description: Notice of Nonsuit
Status as of 12/2/2024 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patti Artavia | | patti@vbattorneys.com | 12/2/2024 2:24:01 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 12/2/2024 2:24:01 PM | SENT |
| Raymond Bonilla | 2600985 | rbonilla@tamus.edu | 12/2/2024 2:24:01 PM | SENT |
| Jason Contreras | | Jason.contreras@oag.texas.gov | 12/2/2024 2:24:01 PM | SENT |
| Job Tennant | | Job@vbattorneys.com | 12/2/2024 2:24:01 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 12/2/2024 2:24:01 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 12/2/2024 2:24:01 PM | SENT |
| Michael  Granado | | michael@vbattorneys.com | 12/2/2024 2:24:01 PM | SENT |

| Brian Beckcom | ) | |
|---|---|---|
| *Plaintiff* | ) | In the District Court of |
| | ) | |
| VS. | ) | |
| | ) | Harris County, Texas |
| | ) | |
| Texas A&M University | ) | |
| *Defendant* | | 281ST Judicial District |

## **ORDER**

On this day, the Court considered Plaintiff's Notice of Nonsuit. The Court finds that the notice should be GRANTED.

IT IS THEREFORE ORDERED that all claims asserted by Plaintiff in the above-referenced cause are hereby dismissed without prejudice to refiling of same.

All other relief not expressly granted herein is denied.

SIGNED this _____ day of _____, 2024.

_____
JUDGE PRESIDING

# EXHIBIT 8

Received & Filed 10/24/2024 4:31 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Jessica Martinez
Envelope# - 93578513

Cause No. _____
24-003177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | ) | In the District Court of |
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | _____ Judicial District |

## Petition for Writ of Mandamus

*"I assume all texts were deleted."*
- Kathy Banks, Former A&M President

Texas A&M has a recent history of not complying with Texas law as it relates to public information requests. In this Petition for Writ of Mandamus under the Texas Public Information Act, Brian Beckcom ("Petitioner") seeks an order from the Court: (1) compelling Respondent Texas A&M University ("TAMU") produce documents it has thus far failed to produce; (2) prohibiting TAMU from destroying any documents, emails, or text, like when former TAMU President Kathy Banks, along with possibly still employed by TAMU, encouraged TAMU to destroy texts covered by Texas public information law.; and (3) also prohibiting TAMU from any further retaliatory investigation until TAMU has complied with the law.

## 1.     Discovery Control Plan

1.1     Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.

## 2.     Claim for Relief

**- 106 -**

2.1     Petitioner seeks only non-monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

**3.      Parties**

3.1     Petitioner Brian Beckcom is an attorney whose address is 1220 Augusta, Suite 240, Houston, Texas 77057.

3.2.     Respondent Texas A&M University is a public university that can be served through its Office of General Counsel at Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896

**4.      Jurisdiction, Venue, and Conditions Precedent**

4.1     This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2     All conditions precedent has been performed or have occurred.

**5.      Facts and Argument**

**5.1     Factual Background**

5.1.2   In August of this year, the Commandant of the Corps of Cadets was relieved of command, as was the Vice President of Student Affairs. They were removed in part because of a retaliatory and frivolous investigation into one of the Corps of Cadets most impressive and accomplished outfits and also because they were pushing a DEI-inspired agenda,[1]

---

[1] So-called "DEI" is not illegal in Texas as of January 1, 2024, pursuant to Senate Bill 17, which Governor Abbott signed into law.

including attempting to build transgender bathrooms on the quad and to radically restructure the Corps of Cadets in secret. [2]

On October 10, 2024, Ramirez and the Office of the Commandant launched yet another retaliatory investigation of the same outfit. On the following day, Petitioner sent a public information request for all information related to the frivolous and retaliatory investigation, including all texts and emails, in order to analyze claims and potential litigation against the conspirators. Petitioner also sent a preservation of evidence letter to Ray Bonilla, General Counsel of Texas A&M System, requesting that Bonilla implement litigation holds and take steps to obtain and preserve all the evidence before the conspirators deleted it.

Unsurprisingly, TAMU's Open Records Department and the Office of General Counsel have not complied with the law and have refused to produce full and complete information and documents, which is par for the course for TAMU's Open Records Department.

**5.2    TAMU failed to search for and produce documents responsive to requests for communications regarding a sham investigation into Squadron 17 of the Corps of Cadets.**

---

[2] The former Commandant was allowed to stay on the job for a short time, then "re-assigned" to a made-up job in the Office of the President of TAMU. Based on information and belief, Ramirez was allowed to remain on duty for a few months after being relieved of command for "optics" reasons. See Why the taxpayers of Texas are required to continue to pay for personnel that should have been removed immediately is an open question, and the public information request may shed some light on the subject.

5.2.1    On October 10, 2024, Petitioner requested that TAMU produce documents regarding an investigation into Squadron 17, a section of the TAMU Corps of Cadets.

5.2.2    The requests were as follows:

5.2.2.1 All documents or other materials related to any so-called investigation of Squadron 17 over the past four months, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation sent to or from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from any persons related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation for the past 4 months (from June 1, 2024 to present)

5.2.2.2 All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same

5.2.2.3 Any and all materials which show how any investigation of Squadron 17 initiated since June 2024 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.

5.2.3 As of October 24, 2024, the due date for response under the TPIA, TAMU has failed to respond.

5.2.4 Accordingly, this Court should issue a writ requiring compliance with the TPIA and that TAMU should produce the requested documents.

**5.3 TAMU has a history of hiding information subject to the TPIA, so an Order requiring preservation of documents is appropriate.**

5.3.1 At the highest levels, TAMU has a history of attempting to hide information about its own misdeeds. For example, Kathy Banks, the former president of A&M, attempted to delete texts that otherwise would have been accessible under the TPIA, and encouraged others to do so. Some of those she encouraged are still employed by TAMU. [3]

5.3.2 Here too, TAMU may be subject to public ridicule for a sham investigation in one of the Corps of Cadets' most prestigious outfits. There is a significant likelihood that TAMU personnel will attempt to hide emails, texts, and written communications about the investigation in order to avoid embarrassment and scandal.

---

[3] https://www.houstonchronicle.com/news/houston-texas/education/article/texas-am-kathleen-mcelroy-investigation-explained-18279212.php

5.3.3 Accordingly, this Court's Order should also require TAMU to preserve all evidence at issue.

**5.4 In order to ensure due process, TAMU's investigation should be postponed until compliance with the TPIA is complete.**

5.4.1 TAMU is violating the 4th and 14th amendment rights of its students by engaging in an investigation with no public accountability and to retaliate against them. Making this information publicly available is the only way to ensure that these students are receiving due process.

5.4.2 If TAMU fails to provide the public with the information necessary to determine if due process is being provided, then the investigation itself must stop in order to prevent potential violations of due process from occurring.

5.4.3 Accordingly, this Court should also enter an order stopping the investigation of Squadron 17 until the TPIA requests have been complied with.

6.      **Violation of the Texas Public Information Act**

6.1      The TPIA requires that public information be produced "promptly."[4] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[5]  TAMU's failure to provide the requested information and perform an adequate search is a clear violation of the TPIA's unambiguous mandate.

7.      **Request for Relief**

Petitioner requests that the Court:

---

[4] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).
[5] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

7.1     Order TAMU to produce the requested documents and information.

7.2     Order TAMU to preserve all documents and information and enjoin them from deleting, discarding, or hiding any documents or information.

7.3     Order TAMU's investigation into Squadron 17 to stop until the TPIA requests have been complied with.


Respectfully submitted,

**VB Attorneys**

/s/ Brian Beckcom

_____

**Brian Beckcom**
SBN:  24012268
brian@vbattorneys.com
1220 Augusta, Suite 240
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Granado on behalf of Brian Beckcom
Bar No. 24012268
Michael@vbattorneys.com
Envelope ID: 93578513
Filing Code Description: Petition
Filing Description: Petition for Writ of Mandamus
Status as of 10/28/2024 10:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brendan Fradkin | | brendan@vbattorneys.com | 10/25/2024 11:41:36 AM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 10/25/2024 11:41:36 AM | SENT |
| Patti Artavia | | patti@vbattorneys.com | 10/25/2024 11:41:36 AM | SENT |
| Michael Granado | | michael@vbattorneys.com | 10/25/2024 11:41:36 AM | SENT |

# EXHIBIT 9

Received & Filed 11/12/2024 3:23 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Diana Moehlman
Envelope# - 94204236

Cause No. _____ 24-003358-CV-85

| | | |
|---|---|---|
| Brian Beckcom | ) | In the District Court of |
| | ) | |
| vs. | ) | Brazos County, Texas |
| | ) | |
| Texas A&M University | ) | _____ Judicial District |

## Petition for Writ of Mandamus

*"I assume all texts were deleted."*
- Kathy Banks, Former A&M President

Texas A&M has a recent history of not complying with Texas law as it relates to public information requests. In this Petition for Writ of Mandamus under the Texas Public Information Act, Brian Beckcom ("Petitioner") seeks an order from the Court: (1) compelling Respondent Texas A&M University ("TAMU") produce documents it has thus far failed to produce; and (2) prohibiting TAMU from destroying any documents, emails, or text, like when former TAMU President Kathy Banks encouraged TAMU personnel to destroy texts covered by Texas public information law.

1.     **Discovery Control Plan**

1.1     Petitioner requests expedited relief under Level 1 of the Texas Rules of Civil Procedure. At this time, Petitioner requests non-monetary relief only, except for attorney fees and court costs, the amount of which will not exceed $100,000.00

2.     **Claim for Relief**

2.1     Petitioner seeks only non-monetary relief and attorney's fees and court costs necessary for the prosecution of this writ and subsequent discovery.

- 114 -

### 3. Parties

3.1 Petitioner Brian Beckcom is an attorney whose address is 1220 Augusta, Suite 240, Houston, Texas 77057.

3.2. Respondent Texas A&M University is a public university that can be served through its Office of General Counsel at Moore / Connally Building, 6th Floor, 301 Tarrow Street, College Station, Texas 77840-7896

### 4. Jurisdiction, Venue, and Conditions Precedent

4.1 This Court has jurisdiction under Texas Government Code § 552.321. Venue is mandatory in Brazos County under Texas Government Code § 552.321(b).

4.2 All conditions precedent have been performed or have occurred.

### 5. Facts and Argument

### 5.1 Factual Background

5.1.1 In late February/early March, TAMU began a retaliatory and unwarranted hazing investigation against Squadron 17, a decorated outfit of the Corps of Cadets. On March 28, 2024, Petitioner Beckcom requested the following of TAMU pursuant to the TPIA:

(1) All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind

- 115 -

related in any manner to any such investigation, along with any other information pertaining to any such investigation.

(2) All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same.

(3) Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.

(4) Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf

of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.

5.1.3 TAMU has refused to produce these documents, inaccurately stating that because Petitioner Beckcom knew the individuals who were being falsely investigated, the documents could not be produced. This is untrue, and TAMU knew it was untrue, as they have already produced documents related to a second, also retaliatory investigation against Squadron 17.[1]

5.1.3 In August of this year, the Commandant of the Corps of Cadets was relieved of command, as was the Vice President of Student Affairs. They were removed in part because of this retaliatory and frivolous investigation into Squadron 17 and also because they were pushing a DEI-inspired agenda,[2] including attempting to build transgender bathrooms on the quad and to radically restructure the Corps of Cadets in secret. [3]

5.1.4 TAMU's Open Records Department and the Office of General Counsel have not complied with the law and have refused to produce full and complete information and documents, which is par for the course for TAMU's Open Records Department.

5.1.5 The due date for these responses was May 5, 2024. They are overdue under the TPIA.

---

[1] Counsel for Petitioner, Brendan Fradkin sent an email to TAMU Counsel Claudene Marshall requesting an explanation for why documents were produced with respect to the October investigation but not the March investigation. Ms. Marshall merely stated that "[t]he university's position regarding [the] request [ ]has not changed" and no further explanation was given.

[2] So-called "DEI" is now illegal in Texas as of January 1, 2024 pursuant to Senate Bill 17, which Governor Abbott signed into law.

[3] The former Commandant was allowed to stay on the job for a short time, then "re-assigned" to a made-up job in the Office of the President of TAMU. Based on information and belief, Ramirez was allowed to remain on duty for a few months after being relieved of command for "optics" reasons. Why the taxpayers of Texas are required to continue to pay for personnel that should have been removed immediately is an open question, and the public information request may shed some light on the subject.

5.1.6 Accordingly, this Court should issue a writ requiring compliance with the TPIA and that TAMU should produce the requested documents.

**5.2 TAMU has a history of hiding information subject to the TPIA, so an Order requiring preservation of documents is appropriate.**

5.2.1 At the highest levels, TAMU has a history of attempting to hide information about its own misdeeds. For example, Kathy Banks, the former president of A&M, attempted to delete texts that otherwise would have been accessible under the TPIA, and encouraged others to do so. Some of those she encouraged are still employed by TAMU. [4]

5.2.2 Here too, TAMU may be subject to public ridicule (or worse) for a retaliatory investigation in one of the Corps of Cadets' most prestigious outfits. There is a significant likelihood that TAMU personnel will attempt to hide emails, texts, and written communications about the investigation in order to avoid embarrassment and scandal. 5.2.3 Accordingly, this Court's Order should also require TAMU to preserve all evidence at issue.

6. **Violation of the Texas Public Information Act**

6.1    The TPIA requires that public information be produced "promptly."[5] The Texas Supreme Court has emphasized that the TPIA's prompt production requirement is a key part of its purpose to promote government transparency.[6] TAMU's failure to provide the

---

[4] https://www.houstonchronicle.com/news/houston-texas/education/article/texas-am-kathleen-mcelroy-investigation-explained-18279212.php

[5] *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 243-44 (Tex. App.—Austin 2016, no pet.).

[6] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011).

requested information and perform an adequate search is a clear violation of the TPIA's unambiguous mandate.

## 7. Request for Relief

Petitioner requests that the Court:

7.1 Order TAMU to produce the requested documents and information.

7.2 Order TAMU to preserve all documents and information and enjoin them from deleting, discarding, or hiding any documents or information.

7.3 Order TAMU to pay cost, expenses, and attorney fees for withholding clearly responsive information and documents.

Respectfully submitted,

**VB Attorneys**

/s/ Brendan Fradkin

**Brendan Fradkin**
*/s/ Brendan Fradkin*
SBN: 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
713/224-7800 (Office)
713/224-7801 (Facsimile)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Granado on behalf of Brian Beckcom
Bar No. 24012268
Michael@vbattorneys.com
Envelope ID: 94204236
Filing Code Description: Petition
Filing Description: Writ of Mandamus | Brian Beckcom
Status as of 11/13/2024 9:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brendan Fradkin | | brendan@vbattorneys.com | 11/12/2024 3:23:59 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 11/12/2024 3:23:59 PM | SENT |
| Michael Granado | | michael@vbattorneys.com | 11/12/2024 3:23:59 PM | SENT |
| Patti Artavia | | patti@vbattorneys.com | 11/12/2024 3:23:59 PM | SENT |

EXHIBIT
10

CAUSE NO. 24-003358-CV-85

| | | |
|---|---|---|
| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## BUSINESS RECORDS AFFIDAVIT

| | |
|---|---|
| State of Texas | § |
| County of Brazos | § |

Before me, the undersigned notary, on this day personally appeared Tricia Bledsoe, the affiant, whose identify is known to me. After I administered an oath, the affiant testified as follows:

1. My name is Tricia Bledsoe, and I am over the age of 18 years of age, of sound mind, capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am currently employed as the Director and designated Public Information Officer of Texas A&M University's (TAMU) Office of Open Records (ORO) and in this capacity am the primary custodian of the records identified herein by virtue of my duties and responsibilities.

3. The records identified in this affidavit and attached to Defendant's Plea to the Jurisdiction by exhibit number as business records are as follows:

   **Exhibit 13:** Plaintiff's TPIA request w/ history – J001147
   **Exhibit 14:** J1147 production part one (292 pgs)
   **Exhibit 15:** J1147 production part two (13 pgs)
   **Exhibit 16:** J1147 production June 13, 2024 (108 pgs)

Page 1

4.	These said 430 pages are kept by TAMU in the regular course of business. It was in the regular course of business for an employee or representative of TAMU or its predecessor agency, with knowledge of the act, event or condition recorded, to make the memorandum or record or to transmit information thereof to be included in such memorandum or record, and the memorandum or record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter; or, in the case of documentation given to or received by TAMU, it was in the regular course of business for an employee or representative of TAMU to receive the record and place it in the appropriate files of TAMU. With the exception of the redaction of any personal, private, or confidential information, and any bates numbering or exhibit number identification of any documents by the parties of the records identified by exhibit number above, they are exact duplicates of the originals.

5.	TAMU's Office of Open Records is dedicated to the principles of open government and strives to ensure compliance as set forth by the Texas Public Information Act (TPIA). TAMU's ORO oversees the collection process of information requested under the TPIA. The actual collection is done by the department maintaining the information or, in the case of emails, IT for that group. TAMU's ORO reviews, processes and releases information gathered by the respective department and/or IT. TAMU's ORO confirms the applicability of exceptions to disclosure on information requested under the TPIA with the Office of General Counsel of The Texas A&M University System (TAMUS OGC). For information determined to be excepted, TAMU's ORO works with TAMUS OGC to: request a decision from the Office of the Attorney General; confirm the applicability of a prior open records decision from the Office of the Attorney General; confirm TAMU's authority to redact or withhold excepted information without seeking a decision from the Office of the Attorney General per the TPIA; and/or confirm the applicability of the requestor's authorization to redact or withhold excepted information without seeking a decision from the Office of the Attorney General. TAMU's ORO redacts and/or withholds information requested under TPIA only when: authorized by the Office of the Attorney General in a decision/letter ruling; the information is subject to a prior decision of the Office of the Attorney General; the TPIA authorizes the action; and/or authorized by the requestor.

EXECUTED on January 15, 2025.



Patricia Bledsoe, Director
Office of Risk, Ethics, and
Compliance
Open Records
Texas A&M University


SUBSCRIBED AND SWORN BEFORE ME, on January 15, 2025 to certify which witness my hand and official seal.

CINDY PATTERSON
Notary Public, State of Texas
Comm. Expires 07-07-2026
Notary ID 12158568

Notary Public, State of Texas

Page 3

- 123 -

# EXHIBIT 11

**61.01**     **Public Information Act Compliance**



Revised November 10, 2022 (MO   -2022)
Next Scheduled Review:  November 10, 2027
Click to view Revision History.

## Policy Summary

The Texas A&M University System (system) and its members are committed to full compliance with the Texas Public Information Act.

## Policy

1. The system Board of Regents (board) is committed to full and complete compliance with the letter and the spirit of the Texas Public Information Act and to public policy of the state of Texas that "all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them."  It is the board's policy that the system and all members fully comply with the provisions of the Texas Public Information Act.  In the absence of any applicable exception to disclosure under the Act, requested information will be provided as soon as possible.

2. Each chief executive officer (CEO) is designated as that member's Officer for Public Information.  To assist in achieving full compliance with the Act, the chancellor must promulgate a regulation that includes procedures to be used in the receipt and referral of public information requests.  Such procedures must provide for the appointment of a specific agent of the Officer for Public Information at each member to compile and coordinate responses to all public information requests.  The System Office of General Counsel assists members in determining whether requested information is public and in seeking Attorney General decisions in accordance with the Act.  The agent of the Officer for Public Information must notify the CEO and/or other appropriate member or system contacts of requests that may have public relations significance.

3. The chancellor and each member CEO must make every effort to keep the board informed on issues which could appear in the media and about which board members may be questioned.

## Related Statutes, Policies, or Requirements

Tex. Gov't Code, Ch. 552

Regulation *61.01.02, Public Information*

## Member Rule Requirements

A rule is not required to supplement this policy.

## Contact Office

General Counsel
(979) 458-6120

# EXHIBIT 12

## 61.01.02   Public Information

Revised September 10, 2019
Next Scheduled Review:  September 10, 2024
Click to view Revision History.



---

### Regulation Summary

---

This regulation establishes baseline procedures to help members of The Texas A&M University System (system) comply with the Texas Public Information Act.

---

### Regulation

---

1.  PUBLIC INFORMATION

    1.1   The Texas Public Information Act, Chapter 552, Texas Government Code (the Act), specifies that, with certain exceptions, all information collected, assembled or maintained pursuant to law or ordinance or in connection with the transaction of official business by a governmental body or for a governmental body, if the governmental body owns or has access to the information, is public information and must be available to the public during normal business hours of the governmental body.

    1.2   As used in the Act, the term "governmental body" includes boards, committees, institutions, agencies or offices that are within or created by the executive branch of the state government, including the system Board of Regents (board), system members and System Offices, and are under the direction of one or more elected or appointed members (i.e., system board).

    1.3   The Act "will be liberally construed in favor of granting a request for information."

2.  THE OFFICER FOR PUBLIC INFORMATION AND DESIGNATED AGENT

    2.1   The Act provides that each member chief executive officer (CEO) is the officer for public information, who is responsible for the preservation and care of the member's public records.

    2.2   Each CEO must designate an agent to act as public information officer/coordinator (PIO) for that member.  The PIO will compile and coordinate responses to all public information requests the member receives.  ***However, the CEO retains ultimate responsibility for that member's full compliance with the Act.***  Also, each CEO must appoint a backup or alternate PIO to act in the PIO's absence.  Each CEO will also ensure that the identity of the PIO, the PIO's office and mailing address, the member's open records email address, and a link to the member's electronic open records portal are prominently displayed and easily accessible on the member's website.  The System Office of General Counsel (OGC)

and the PIOs for the other members must be promptly notified upon the appointment of a new PIO.

2.3   Each member PIO and backup/alternate must complete open records training as required by the Act.

2.4   The PIO will not make any inquiry of a requestor except to establish proper identification, seek clarification to determine what public information is being requested, or seek to narrow the scope of a request for a large amount of information. All requests will be treated uniformly without regard to the position or occupation of the requestor or whether the requestor is a member of the media.

2.5   The PIO must keep an accurate record of all public information requests the member receives for a given year, including the name and contact information of each requestor, the date on which a request is received, the date on which the records are made available or copies provided, the type of information requested, which departments or units were requested to provide information by the PIO, which departments or units provided the requested information, how much is charged to and paid by the requestor for copies and other costs, if any, and any other information necessary to demonstrate the member's compliance with the Act for each request. The PIO must also keep a record of when an Attorney General decision is sought and the decision of the Attorney General for a given request, if any.

2.6   Not later than the end of each month, the PIO must electronically submit to the Office of the Attorney General all necessary information on the number and nature of public information requests the member responded to during the prior month. For example, reports for September of a given year must be submitted to the Attorney General's Office by the end of October of that year.

2.7   Each member PIO must ensure that the member timely makes all other reports to the Office of the Attorney General which are required by the Act.

2.8   Each member PIO must prominently display the sign in the form approved by the Attorney General "that contains basic information about the rights of a requestor, the responsibilities of a governmental body, and the procedures for inspecting or obtaining a copy of public information under" the Act.

2.9   Each member must develop guidelines for public information requests to ensure that the PIO can promptly seek and receive responsive information from the widest reasonable group of departments/units. Members are encouraged to use email and electronic records when possible to expedite responses to public information requests.

3.  PUBLIC INFORMATION REQUEST PROCEDURES

3.1   Any public information request to a member must be in writing and directed to that member's PIO. A public information request to a member may only be submitted by one of the following methods to the person designated as that member's PIO: hand delivery, US mail, email, or the member's electronic open records portal.

3.2   After receiving a public information request, the PIO must promptly:

(a)  Process the request through the member's electronic open records portal.

(b)  Send an acknowledgment of receipt to the requestor, including its assigned portal number.

(c)  Forward a copy of the request to the member department/unit or widest group of departments/units that may reasonably possess the requested information.  The member department/unit or group of departments/units will search for the requested information and notify the PIO by the next business day, if possible, what responsive information each department/unit possesses.  A copy of the records containing the responsive information will be forwarded to the PIO as soon as possible.

(d)  Notify the CEO and/or other appropriate member or system contacts of requests that may have public relations significance.

(e)  Forward a copy of the request and responsive documents to OGC if the PIO has a question regarding the applicability of an exception to disclosure under the Act.  See Section 5 for seeking a decision from the Attorney General.

3.3  If the PIO determines, through consultation with OGC, the requested information is public, the PIO must promptly produce to the requestor a copy of the information or produce the information for inspection.

3.4  If the information is unavailable within 10 business days after receiving a written request for information, the PIO must certify this fact in writing to the requestor and set a date and hour within a reasonable time when the information will be available.

4.  COST OF COPIES

4.1  If assessed, copy charges will not be excessive.  Maximum charges for the reproduction of public information, reflecting rates approved by the Office of the Attorney General, can be found in Texas Administrative Code.

4.2  Public information will be furnished without charge or at a reduced rate if the member determines that a waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public.  Requests for reduced charges must be in writing and addressed to the PIO.

5.  PUBLIC INFORMATION DECISIONS

5.1  If a member receives a public information request that it (1) considers to be within one of the Act's exceptions to disclosure; and (2) wishes to withhold responsive information from public disclosure, a request for decision must be submitted to the Attorney General within **_10 business days_** after receiving the public information request.  In some limited circumstances, the Act may permit the withholding of information without seeking an Attorney General decision, e.g., FERPA.

5.2  The PIO will segregate responsive public information from the information submitted to the Attorney General and will promptly produce the public information to the requestor.

5.3    The member PIO will immediately submit information to OGC for review and for preparation of the Attorney General decision request, including the following:

(a)    a copy of the written public information request and information showing when the request was first received by the member;

(b)    information showing who at the member first received the request;

(c)    a copy of the specific information requested or representative samples of the information if a voluminous amount of information was requested; and

(d)    a list of all departments/units that were requested by the PIO to provide responsive information and which departments/units actually provided the information.

OGC will then forward the decision request and the information to the Attorney General.

6.    EMPLOYEE PUBLIC INFORMATION REQUESTS

6.1    System employees are not authorized to submit public information requests to members while acting in their official capacity.  Any public information request made by a member employee must be submitted in that employee's individual capacity as a private citizen.

6.2    The willful misuse of information received through the Act may subject the employee to the loss of individual indemnification by the state.  This regulation does not affect employees' access to information in their official personnel files.

7.    ANNUAL SYSTEM MEMBER COMPLIANCE CERTIFICATION

Not later than the last business day of September, members must annually submit a *Public Information Act Compliance Certification* to OGC for the prior fiscal year.  The certification will be consistent with the form linked in this regulation.

## Related Statutes, Policies, or Requirements

1 Tex. Admin. Code Ch. 70, *Cost of Copies of Public Information*

Tex. Gov't Code Ch. 552

Attorney General's Open Government website

Attorney General's Public Information Act Handbook 2018

Attorney General's Public Information Act Sign

System Policy *33.04, Use of System Resources*

System Policy *61.01, Public Information Act Compliance*

System Regulation *61.99.01, Retention of State Records*

## Appendix

[Annual System Member Public Information Act Compliance Certification Form](#)

## Member Rule Requirements

A rule is not required to supplement this regulation.

## Contact Office

General Counsel
(979) 458-6120

# EXHIBIT 13

# Public Information Records (#J001147-032824)

⌄ **Public Information Records Details**

This request is for:                     Texas A&M University

Summary of Request:                 Documents, communications, other materials regarding Investigation of Squadron 17.

| | |
|---|---|
| Describe in detail the Record(s) Requested: | From: Brian Beckcom<br>Sent: Thursday, March 28, 2024 5:31 PM<br>To: Texas A&M University Public Records Support<br>Cc: Patti Artavia ; Brendan Fradkin ; open-records@tamu.edu<br>Subject: Freedom of Information Request related to Squadron 17<br><br>To whom it may concern:<br><br>Please see attached an open records request. Do not send me a form letter with frivolous objections like the last two times. Also, I agree with appropriate redactions and the answer to both of those questions is yes, so do not send me the form email that you utilize to delay the process.<br><br>Please remind Dr. Douglas Bell, Joe Ramirez, Patrick Michalis, and anyone else involved in this matter of their legal obligations to preserve any potentially responsive documents.<br><br>Texas law mandates the response be sent in 10 days. Do not ask for an extension unless you give me a rational, logical and appropriate reason for any extension. Given the failure to comply with my previous two requests, I expect this request to be answered fully and timely. If it is not, I will proceed appropriately<br><br>If you have any questions, please let me know.<br><br>-bb<br><br>● All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation<br><br>● All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A&M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in "DE&I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same<br><br>● Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.<br><br>● Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same.<br>I agree to pay reasonable fees for the processing of this request.<br><br>As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.<br><br>Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information. Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.<br><br>Sincerely,<br>/s/ Brian Beckcom<br>Brian Beckcom<br>Brian@vbattorneys.com |

Date From:

Date To:

| Preferred Method to Receive Records: | Electronic via Records Center |

| Do you agree to the redaction of information that is subject to mandatory exceptions, provided such redactions are clearly labeled on information you receive?: | YES |

| Do you agree to the redaction of information that is subject to discretionary exceptions, provided such redactions are clearly labeled on information you receive?: | YES |

> **Category**

⌄ **Clarification(s)**

| Clarification(s): | Rec'd Response to Narrowing Request - 4/2<br>Sent Request to Narrow - 4/2<br>Rec. payment for CE 4/18 | STAFF: Please describe any clarifications requested and received. |

> **OAG decision requested**

> **Exceptions**

> **Charges**

⌄ **Notes**

| Note | Created | Modified |
|------|---------|----------|
| Per the requestor direct any future correspondence to Patti@vbattoreys.com for this request. | 4/1/2024 12:55:00 PM by Leslie Kacer | 4/1/2024 12:55:00 PM by Leslie Kacer |

⌄ **Message History**

Date

On 5/8/2024 8:36:01 PM, Knesha Brashear wrote:

Date
CC: open-records@tamu.edu; patti@vbattorneys.com; brendan@vbattorneys.com
**Subject:** Public Information Records :: J001147-032824
**Body:**
05/08/2024


RE: PUBLIC RECORDS REQUEST of March 29, 2024, Reference # J001147-032824

Dear Brian Beckcom,

Texas A& M University received a public information request from you on March 29, 2024.   Your request mentioned:

*"To whom it may concern:*

*Please see attached an open records request. Do not send me a form letter with frivolous objections like the last two times. Also, I agree with appropriate redactions and the answer to both of those questions is yes, so do not send me the form email that you utilize to delay the process.*

*Please remind Dr. Douglas Bell, Joe Ramirez, Patrick Michalis, and anyone else involved in this matter of their legal obligations to preserve any potentially responsive documents.*

*Texas law mandates the response be sent in 10 days. Do not ask for an extension unless you give me a rational, logical and appropriate reason for any extension. Given the failure to comply with my previous two requests, I expect this request to be answered fully and timely. If it is not, I will proceed appropriately*

*If you have any questions, please let me know.*

*-bb*

*● All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation*

*● All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A& M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in " DE& I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same*

*● Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or*

*elsewhere.*

*● Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same. I agree to pay reasonable fees for the processing of this request.*

*As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.*

*Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information. Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.*

*Sincerely,*
*/s/ Brian Beckcom*
*Brian Beckom*
*Brian@vbattorneys.com"*

The information found responsive to your request is available and can be obtained by visiting the Public Records Online Portal and logging in from the " My Request Center" tab. Per your affirmative response to the "Redaction Statement" giving us permission to redact information subject to mandatory and discretionary exceptions, we have redacted and/or withheld information excepted under the following sections  of the Texas Government Code: 552.024, 552.107, 552.114 and 552.137.

Sincerely,

Knesha Brashear
Open Records Office

On 5/2/2024 5:37:00 PM, Knesha Brashear wrote:

Date
CC: open-records@tamu.edu; patti@vbattorneys.com; brendan@vbattorneys.com
**Subject:** Public Information Records :: J001147-032824
**Body:**
05/02/2024


RE: PUBLIC RECORDS REQUEST of March 29, 2024, Reference # J001147-032824

Dear Brian Beckcom,

Texas A& M University received a public information request from you on March 29, 2024.  Your request mentioned:

*"● All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation*

*● All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A& M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in " DE& I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same*

*● Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.*

*● Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same. I agree to pay reasonable fees for the processing of this request.*

*As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.*

*Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information. Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We*

*look forward to hearing from you.*

*Sincerely,*
*/s/ Brian Beckcom*
*Brian Beckom*
*Brian@vbattorneys.com"*

Our apologies for the delay, but we are still processing your request. We expect to have a response to you no later than the close of business on Wednesday, May 8th.

Sincerely,

Knesha Brashear
Open Records Office

On 4/15/2024 5:35:41 PM, Knesha Brashear wrote:

Date
CC: open-records@tamu.edu; patti@vbattorneys.com; brendan@vbattorneys.com
**Subject:** Public Information Records :: J001147-032824
**Body:**
04/15/2024


RE: PUBLIC RECORDS REQUEST of March 29, 2024, Reference # J001147-032824

Dear Brian Beckcom,

Texas A& M University received a public information request from you on March 29, 2024.   Your request mentioned:

*"● All documents or other materials related to any so-called investigation of Squadron 17, including but not limited to texts, emails, interview notes, screen shots, and any other communications related to the investigation from the Office of the Commandant, the Office of the Vice President of Student Affairs, the Office of Student Conduct, any communications to or from Dr. Douglas Bell related to the investigation, including phone calls, emails, texts or any other form of communication, any notes of any kind related in any manner to any such investigation, along with any other information pertaining to any such investigation*

*● All documents or materials related to the qualifications or training of the individuals who have participated or will participate in any investigation into Squadron 17, including their resumes, background, application to be part of the Texas A& M University System, conviction records in other student conduct panels on which they have served, any training any such individuals have received in " DE& I" or any related type of training, along with any texts or emails or other forms of communication related to any investigation of Squadron 17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez, any of the investigators who participated in any questioning of current cadets or students, and any communications between or amongst same*

*● Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.*

*● Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same. I agree to pay reasonable fees for the processing of this request.*

*As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.*

*Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information. Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We*

**- 141 -**

*look forward to hearing from you.*

*Sincerely,*
*/s/ Brian Beckcom*
*Brian Beckom*
*Brian@vbattorneys.com"*

It has been determined that complying with your request will result in the imposition of a charge that exceeds $40. Therefore, a cost estimate is being provided to you as required by Section 552.2615 of the Texas Government Code. Additionally, the estimated charges exceed $100.00; therefore, as allowed by section 552.263(a) of the Government Code, TAMU requires payment of the bond before starting work on your request. As a less expensive way for you to obtain this information, the estimated cost can be reduced significantly by narrowing your request. It may be that viewing the information will be less costly. However, charges for the mandatory redactions may still apply. Your check or money order should be made payable to " Texas A& M University" and forwarded to:
*Texas A& M University*

1280 TAMU

*College Station, TX 77843-1280*

*Attn: Wendy Ramirez*

Your request will be considered automatically withdrawn if you do not either: a) provide the required bond payment within ten business days from the date of this letter; or b) notify us in writing within ten business days from the date of this letter that you:

1. wish to modify your request; OR

2. have sent to the Open Records Division of the Office of the Attorney General a complaint alleging that you are being overcharged for the information you have requested.

Please consider the options indicated above and advise this office of your decision as soon as possible.

Breakdown of responsive information:

- Estimated number of pages requiring mandatory redactions = 952
- 1 minute per page to make redactions = 952 minutes or 15.86 hours
- 15.86 X $15.00 per hour = $237.90 Labor charge
- $237.90 X 20% = $47.58 Overhead
- Total = $285.48

Please note, you can contact the Student Conduct' s Office directly to obtain your son' s student records through the University' s FERPA process.

*Douglas Bell*

douglasb@vpsa.tamu.edu

The university will redact or withhold personally identifiable information from student education records in accordance with Tex. Gov' t Code sec. 552.114 and the Family Educational Rights and Privacy Act, 20 U.S.C. sec. 1232g, and the Department of Education' s FERPA regulations (34 C.F.R. Pt. 99). Please note that the scope of what is " personally identifiable" under FERPA is more expansive and may cover entire records depending on how much a requesting party knows about a particular situation and the students involved, such as in the case of information " requested by a person who the education agency or institution reasonably believes knows the identity of the student to whom the education record relates." See 34 C.F.R. § 99.3, Definition of " Personally Identifiable Information, " (g). This will be particularly applicable to information you requested regarding Squadron 17, such as in items 1, 3, and 4.

Sincerely,

Knesha Brashear
Open Records Office

On 4/1/2024 5:33:01 PM, Brian Beckcom wrote:
TO: "Texas A&M University Public Records Support"[texasam@mycusthelp.net]
CC: [Open-records@tamu.edu]

This is another form response.
Date range is 2023 and 2024.
-bb
VBAttorneysLessons from Leaders PodcastMy Bio Video


On Mon, Apr 1, 2024 at 5:30 PM Texas A&M University Public Records Support wrote:

Date

On 4/1/2024 5:30:29 PM, Leslie Kacer wrote:

April 1, 2024

RE: PUBLIC RECORDS REQUEST of March 29, 2024, Reference # J001147-032824

Dear Brian Beckcom,

Texas A& M University received a public information request from you on March 29, 2024.   Your request
mentioned:

*"From: Brian Beckcom< brian@vbattorneys.com>*
*Sent: Thursday, March 28, 2024 5:31 PM*
*To: Texas A& M University Public Records Support< texasam@mycusthelp.net>*
*Cc: Patti Artavia  < patti@vbattorneys.com> ; Brendan Fradkin  < brendan@vbattorneys.com> ; open-*
*records@tamu.edu*
*Subject: Freedom of Information Request related to Squadron 17*

*To whom it may concern:*

*Please see attached an open records request. Do not send me a form letter with frivolous objections like the
last two times. Also, I agree with appropriate redactions and the answer to both of those questions is yes, so
do not send me the form email that you utilize to delay the process.*

*Please remind Dr. Douglas Bell, Joe Ramirez, Patrick Michalis, and anyone else involved in this matter of
their legal obligations to preserve any potentially responsive documents.*

*Texas law mandates the response be sent in 10 days. Do not ask for an extension unless you give me a
rational, logical and appropriate reason for any extension. Given the failure to comply with my previous two
requests, I expect this request to be answered fully and timely. If it is not, I will proceed appropriately*

*If you have any questions, please let me know.*

*-bb*

*● All documents or other materials related to any so-called investigation of Squadron 17,
including but not limited to texts, emails, interview notes, screen shots, and any other
communications related to the investigation from the Office of the Commandant, the Office
of the Vice President of Student Affairs, the Office of Student Conduct, any
communications to or from Dr. Douglas Bell related to the investigation, including phone
calls, emails, texts or any other form of communication, any notes of any kind related in any
manner to any such investigation, along with any other information pertaining to any such
investigation*

*● All documents or materials related to the qualifications or training of the individuals who
have participated or will participate in any investigation into Squadron 17, including their
resumes, background, application to be part of the Texas A& M University System,
conviction records in other student conduct panels on which they have served, any training
any such individuals have received in " DE& I" or any related type of training, along with any
texts or emails or other forms of communication related to any investigation of Squadron
17, including but not limited to materials in the possession of Dr. Douglas Bell, Joe Ramirez,
any of the investigators who participated in any questioning of current cadets or students,*

**- 145 -**

*and any communications between or amongst same*

*● Any and all materials which show how any investigation of Squadron 17 was referred to the Office of the Student Affairs or the Office of Student Conduct, including official referral papers and any emails, texts or other forms of communication related to same from anyone in the Office of Student Affairs or Student Conduct or the Office of the Commandant, or elsewhere.*

*● Any texts, emails or other forms of communication , digital or otherwise, between or among Joe Ramirez and Patrick Michaelis related to the subject of investigating the any Corps outfit or individual for hazing or any other infraction, including but not limited to the investigation of 17, and any such materials from anyone acting with or on behalf of these individuals, as well as any communications of any kind to or from Dr. Douglas Bell related to the same. I agree to pay reasonable fees for the processing of this request.*

*As provided by the open records law, I will expect your response within 10 business days. If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.*

*Please remind Dr. Bell, Joe Ramirez, and anyone else who possess potentially responsive information of their obligations under Texas law to preserve any such responsive information. Please direct any future correspondence to the undersigned or Patti@vbattoreys.com We look forward to hearing from you.*

*Sincerely,*
*/s/ Brian Beckcom*
*Brian Beckom*
*Brian@vbattorneys.com"< /brendan@vbattorneys.com> < /patti@vbattorneys.com> < /texasam@mycusthelp.net> < /brian@vbattorneys.com>*

Our office is unable to conduct a search for  *"...All documents or other materials related to any so-called investigation of Squadron 17, ..., " "...All documents or materials related to the qualifications or training of the individuals..., " "...Any and all materials which show how any investigation of Squadron 17..., "*  and  *"...Any texts, emails or other forms of communication , digital or otherwise, ...."*   Therefore, we are requesting that you narrow your request by providing us with a date range, so that we can better assist you with your request.

As provided by section 552.222(d) of the Texas Public Information Act, your request will be considered withdrawn if we do not receive a response from you by the 61st day after the date of this request for clarification/narrowing.

Sincerely,

Leslie Kacer
Open Records Office

On 3/28/2024 5:44:14 PM, System Generated Message:
**Subject:** Texas A&M University Public Information Request :: J001147-032824
**Body:**
Dear Brian Beckcom:

We received your public information request for **Texas A&M University**.  Your request was given the **reference number J001147-032824** for tracking purposes.  Please refer to this number when making inquiries about your request.

You can monitor the progress of your request at the link below and you'll receive an email when your request has been completed.

Thank you for your interest in **Texas A&M University**.

To monitor the progress or update this request please log into the <u>Public Records Center</u>.

On 3/28/2024 5:44:13 PM, Leslie Kacer wrote:
Request was created by staff

## ⌄ Request Details

| | |
|---|---|
| Reference No: | J001147-032824 |
| Created By: | Leslie Kacer |
| Create Date: | 3/29/2024 8:00 AM |
| Update Date: | 5/8/2024 10:23 PM |
| Completed/Closed: | No |
| Required Completion Date: | 5/8/2024 |
| | |
| Status: | Activity Assigned |
| Priority: | Medium |
| Assigned Dept: | TAMU_Open Records |
| Assigned Staff: | Open Records University |
| | |
| Customer Name: | Brian Beckcom |
| Email Address: | Brian@vbattorneys.com |
| Phone: | 8327913118 |
| Group: | TAMU |
| | |
| Source: | Email |

# EXHIBIT 14

**From:** Bell Jr, Douglas
**To:** Winking, Audrey J
**Cc:** Gardner, Jeffery D; Smith, Asia
**Subject:** FW:
**Date:** Tuesday, March 5, 2024 12:08:25 PM

Howdy Audrey,

Have we spoken wit

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, March 5, 2024 11:38 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Smith, Asia <asias@sco.tamu.edu>
**Subject:**

Sir,

                            has not been questioned yet you may want to reach out to him.  He is willing to make a statement if asked.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Corps Standards and Accountability Director
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Eddy, Georgia G <spur-saddle59@exchange.tamu.edu>
**Sent:** Wednesday, January 31, 2024 1:01 PM
**To:** Alvarado, Blair <abalvarado@tamu.edu>
**Subject:** Fw

Howdy,

A student has requested witnesses to be present for their upcoming Conference. I will discuss the case with you during our 1:1 today.

Respectfully,

Georgia Eddy '22
Texas A&M University
Academic Integrity Administrator
Aggie Honor System Office
(979) 458-3378

---

**From**
**Sent:** Tuesday, November 28, 2023 12:15 AM
**To:** Eddy, Georgia G <spur-saddle59@exchange.tamu.edu>; Eddy, Georgia G <spur-saddle59@exchange.tamu.edu>
**Subject**

Dear Georgia Eddy,

This email is for additional information for the

*Amend to the case's file:
- The case's file claimed that ▮▮▮▮ went to the afternoon activity's training time. However, instead, ▮▮ texted and called ▮▮▮▮▮ through his (▮▮▮▮▮▮ phone number and told ▮▮ ▮▮▮▮ to go back to the dormitory.

*Witnesses:
▮▮▮▮▮▮▮▮ Justify whether  has told others that he ( ▮▮ was a                         .

- ▮▮▮▮▮▮▮ is a                in company      in the Corps of Cadets. He is a lower ranking

**- 149 -**

Cadet than ████████ and a ████████ with ████████ . ██ is taking ████████ for ████████ During a conversation with ████████ , ████████ told ████████ that Mr. ██ told that he (Mr. ██ ) was a ████████ , and he (Mr. ██ ) would help ████████ if ████████ struggled in that class (as ██ did with ████████ )

████████ Justify whether ██ has told others that he (Mr. ██ ) was a ████████ .

- ████████ is a ████████ in company ████ in the Corps of Cadets. He is a lower ranking Cadet than ████████ , a ████████ with ████████ , and a former roommate with ████████ (before ████████ moved to a different room). ████████ used to take ████████ (he dropped it to take ████████ . At the time he was taking ████████ , He, as he told ████████ , was told by Mr. ██ that Mr. ██ is a ████████ and would offer help if ██ struggled in that class (as ██ did with ████████ )

████████ : Justify whether ██ has told others that he (Mr. ██ ) was a ████████

- ████████ is a ████████ in company ████ in the Corps of Cadets. ████ is a lower ranking Cadet than ████████ and a ████████ with ████████ . Unlike other witnesses, ████ is not taking ████████ for ████ . Despite that, ████ was told by Mr. ██ that he (Mr. ██ ) is a ████████ after he (Mr. ██ ) found out that ████████ was gathering witnesses for the case. After ████████ asked ████ whether Mr. ██ told ████ that he (Mr. ██ ) was a ████████ Mr. ██ found out the situation and came to ████ 's room; he (Mr. ██ ) started to convince ████ that he (Mr. ██ ) was a ████████

████████ Justify whether ████ has told others that he ( ████ was a ████████ .

- ████████ is a ████████ in company ████ in the Corps of Cadets. He is a lower ranking cadet than ████████ and a ████████ with ████████ . ████████ is taking ████████ for ████████ knows, as he told ████████ , that ████ is a ████████ through a story by ████████ (As

████████ Justify the story on ████████ ( ████████ leaving outfit's afternoon training time to meet Mr. ██ ).

████████ is a ████████ in company ████ in the Corps of Cadet. ████ is a lower ranking cadet than ████████ and a ████ buddy with ████████ . On ████████ as ████████ was leaving the outfit's afternoon activity from the ████████ I ████████ He ( ████████ ) met ████████ on the steep in front of the Kyle Field. They ( ████████ and ████████ ) had a talk about how sore ████████ leg was from having to train in the morning. Then, they ( ████████ and ████████ saw Mr. ██ , and ████████ started to leave with Mr. ██ .

- 150 -

*Edvidences:



Help desk with ████████, Help Desk 2: This is a picture of the email correspondence when ██ ██████ tried to retrieve the email after Mr. ██ deleted it.

Mr. ██ phone number, ██ text on ████ this to justify the story on Friday (noted that those evidences in email form will be forwarded to Georgia Eddy)

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **To:** | Latham, Skylar |
| **Cc:** | Smith, Asia |
| **Subject:** | Investigation Assigned |
| **Date:** | Monday, December 18, 2023 3:24:13 PM |
| **Attachments:** | |

Howdy,

Please see the attached      harassment investigation assigned to you.  Please let me know if you have any questions or concerns.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**- 152 -**

| From: | Smith, Asia |
|---|---|
| To: | Bell Jr, Douglas |
| Subject: | RE: 3 items shared with you |
| Date: | Monday, February 26, 2024 9:50:00 AM |
| Attachments: | image001.png |

I would assign myself as the SCA and ask Skylar to co adjudicate with me.

**Asia Smith M.S.Ed.** |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Smith, Asia
**Sent:** Monday, February 26, 2024 9:45 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: 3 items shared with you

Dr. Bell,

I have reviewed this case and believe tha              should be charged with Abuse of Process for *attempting to discourage an individuals'              participation in, or use of, a student conduct, disciplinary or legal process.* Additionally, I would charge hazing for the coercive behavior and theft for stealing the intellectual property of another student. Dishonesty may also apply or making false statements in the meeting with the faculty member and submission of work that was not his.

The theft maybe addressed by the AHSO but if I were charging the student I would want to encompass all behaviors. I would not charge              ould also like to determine if other              members sent their work

**Asia Smith M.S.Ed.** |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, February 23, 2024 2:23 PM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Subject:** FW: 3 items shared with you

I'm looking through my email, and I forgot to send this your way for your review.  Please review and let me know your thoughts before you assign.

**Douglas Bell, Ph.D.** | Director of Student Community Standards

**- 153 -**

Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | [dbelljr3@tamu.edu](mailto:dbelljr3@tamu.edu) | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Bell Jr, Douglas
**Sent:** Tuesday, February 6, 2024 11:43 AM
**To:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Subject:** RE: 3 items shared with you

See attached.

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | [dbelljr3@tamu.edu](mailto:dbelljr3@tamu.edu) | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Sent:** Tuesday, February 6, 2024 11:39 AM
**To:** Bell Jr, Douglas <[douglasb@vpsa.tamu.edu](mailto:douglasb@vpsa.tamu.edu)>
**Subject:** RE: 3 items shared with you

Hey Dr. Bell,

I tried but I'm unable to open those attachments, it says I need access.

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)| sco.tamu.edu

---

**From:** Bell Jr, Douglas <[douglasb@vpsa.tamu.edu](mailto:douglasb@vpsa.tamu.edu)>
**Sent:** Tuesday, February 6, 2024 11:06 AM
**To:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Subject:** FW: 3 items shared with you

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | [dbelljr3@tamu.edu](mailto:dbelljr3@tamu.edu) | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Blair Alvarado (via Google Drive) <drive-shares-noreply@google.com>
**Sent:** Friday, February 2, 2024 1:08 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** 3 items shared with you

**This Message Is From an External Sender**

This message came from outside your organization.

# Blair Alvarado shared 3 items



Blair Alvarado (abalvarado@tamu.edu) has shared the following items:



Howdy Dr. Bell,
We have been navigating a potential case of academic misconduct with the following information. As information continues to be provided, some indicators have begun to present themselves that may need to be reviewed by your office. ███████ sites exceeding pressures to provide assignments along with demands to delete emails, etc. to and from their ███████████ in the documents I have provided. There are also some witnesses that may provide some clarity. There are other documents as well; if you would like to review more or have questions, please let me know. A conference is scheduled to address potential academic misconduct within the next week. Thank you for your time.
ABA

Google LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043, USA
You have received this email because [abalvarado@tamu.edu](mailto:abalvarado@tamu.edu) shared files or folders located in Google Drive with you.



| From: | Smith, Asia |
| --- | --- |
| To: | Gardner, Jeffery D |
| Cc: | Latham, Skylar |
| Subject: | RE: Corps Conduct Cases |
| Date: | Wednesday, March 20, 2024 2:27:00 PM |

Thanks for the statement from ███████. The Honor Council Probation is different from the Student Conduct Probation. He was charged for student rule violations in Student Rule 20. For our office Student Rule 24 is used and he will have different behaviors addressed that include Hazing, Abuse of process, dishonesty.

I tried calling you this morning to see where you were at with getting this statement (great minds think alike). Are you available                                    I can schedule him for that time.

**Asia Smith M.S.Ed.**  |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, March 20, 2024 11:02 AM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:** RE: Corps Conduct Cases

Morning Ladies,

        I'm trying to catch up on delinquent emails.  I apologize for the delay in responding.    For the ████████████ situation, Aggie Honor has already ruled that        is responsible.  I received a statement from ███████ (attached).  I do have a question.  If ███ is already on Conduct Probation as a result of academic dishonesty, would it be double jeopardy to charge him again?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Corps Standards and Accountability Director
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Smith, Asia <asias@sco.tamu.edu>
**Sent:** Thursday, February 29, 2024 4:05 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:** Corps Conduct Cases

Howdy,

We have three cadets that will be seen by the Conduct office. I wanted to get your schedule for March 7th and 8th.

I've asked Skylar to co-SCA with me so I have copied her on this email. In my conversations with Skylar she said that you may already be aware of the incidents but I wanted to loop you in officially prior to sending charge letters.

I assume all will get conduct unbecoming a cadet.

**Summary**

████ -Fighting a non student

██████ - interfering with the officers who were addressing the fight with

███ - appeared before AHSO regarding turning in another ████ The other ████ stated that ████ asked several other students for them to submit their work to him. Would it be possible to gather statements for the other students named?

 –

24.4.3. Physical abuse. Any attempt to cause injury or inflict pain; or causing injury or inflicting pain. Also causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. It is not a defense that the person, group, or organization against whom the physical abuse was directed consented to, or acquiesced to, the physical abuse.

24.4.6.1. Evading. Intentionally fleeing from a University official or law enforcement officer when the person knows or reasonably should have known the University official or law enforcement officer is attempting to confront, arrest, or detain.

████████

24.4.17. Disorderly conduct. Public behavior that is disruptive, lewd, or indecent; breach of peace; or aiding, or procuring another person to breach the peace on University premises or at functions sponsored by the University or participated in by members of the University community.

24.4.6. Failure to comply. Failure to comply with proper and lawful direction of any University official or law enforcement officer.

█████████

24.4.23. Abuse of process. Abuse of the student conduct, disciplinary and/or legal processes including, but not limited to, investigations, conferences, and appeals.

24.4.5. Hazing. Any act that endangers the mental or physical health or safety of a student, or that destroys or removes public or private property; and/or assisting, directing, or in any way causing others to participate in degrading behavior and/or behavior that causes ridicule, humiliation, or embarrassment for the purpose of initiation, admission into, affiliation with, or as a condition for continued membership in a group or organization; or as part of any activity of a recognized student organization, student group, Corps of Cadets, Corps outfit, Corps unit, or Corps Special Activities. Previously relied upon "traditions" (including Corps, fraternity/sorority, or any other group or organization activity, practice or tradition), intent of such acts, or coercion by current or former

members or student leaders of such groups, will not suffice as a justifiable reason for participation in such acts. It is not a defense that the person (or group) against whom the hazing was directed consented to, or acquiesced to, the behavior in question.

Examples of such behavior include but are not limited to:
- Misuse of authority by virtue of one's class rank or leadership position.

24.4.1. Dishonesty. Acts of dishonesty, including but not limited to the following:

24.4.4.1. Theft. Unauthorized removal or stealing and/or attempted removal or stealing of property of a member of the University community or other personal or public property, on or off campus. This includes knowingly possessing such stolen property. This also includes theft of services and/or misuse of another's property including, but not limited to, unauthorized use of another's property, unauthorized selling of subsidized tickets, and use of a forged parking permit.

I was hoping to get with you earlier today however time moves so quickly. I must have letters out on Monday to have meetings at the end of the week so your prompt response is appreciated.

Let me know your thoughts!

**Asia Smith M.S.Ed.** |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
DIVISION OF STUDENT AFFAIRS | One Division. One Mission.

| | |
|---|---|
| **From:** | Smith, Asia |
| **To:** | Bell Jr, Douglas |
| **Subject:** | RE: Investigation Report |
| **Date:** | Tuesday, January 9, 2024 4:44:00 PM |

Skylar will be the SCA for this case.

**Asia Smith M.S.Ed.** |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>

**Sent:** Monday, January 8, 2024 2:32 PM

**To:** Smith, Asia <asias@sco.tamu.edu>

**Subject:** Investigation Report

Howdy,
Please review the attached investigation report and let me know who you would like for me to
forward this report to.

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Bell Jr, Douglas |
|---|---|
| To: | Winking, Audrey J |
| Subject: | FW: Corps Hazing/Harassment Complaint |
| Date: | Thursday, September 14, 2023 12:15:29 PM |
| Attachments: | FW Video and photos from corps student.msg |

I am forwarding this information to initiate an investigation into this matter. Please let me know if you have any questions or concerns.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Smith, Jennifer M <jennifer.smith@exchange.tamu.edu>
**Sent:** Thursday, September 7, 2023 1:16 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Desai, Jennifer L <jdesai@tamu.edu>
**Subject:** FW: Corps Hazing/Harassment Complaint

See synopsis below.

*Jennifer Smith* | Assistant Vice President & Title IX Coordinator
University Risk, Ethics, and Compliance | Civil Rights and Equity Investigations
Texas A&M University | YMCA, Suite 108
1268 TAMU | College Station, TX 77843-1268
ph: 979.458.8167 | Jennifer.smith@tamu.edu

**From:** Desai, Jennifer L <jdesai@tamu.edu>
**Sent:** Wednesday, September 6, 2023 1:31 PM
**To:** Smith, Jennifer M <jennifer.smith@exchange.tamu.edu>
**Subject:** Corps Hazing/Harassment Complaint

Hi Jennifer-

I had an intake this morning with ███████ a corps member in ███ He is being harassed/hazed by ███████ another student in his unit. I recognize this is not an 08.01.01 violation, but a Rule ███████ is concerned about retaliation and ostracism from the corps if he reports up the chain and also worried that Student Conduct will identify him to the respondent and ███ is already in fear for his safety and under emotional distress. When I asked him what he wanted to get from reporting to our office, he stated "I just want ███ moved away from me. I do not want to interfere with his ███████ and future."

Synopsis of events
This past weekend, ███ was 5 minutes late to ███████ and ███ forced him to stand in front of the unit whi ███ yelled things at him, such as "you're a p███ of shit", "I fucking hate

you", "I want you out".  After the game several people told ██ to watch his back and keep his door locked to his dorm room. ██ reported that he is afr██ of ██ causing him bodily harm. ██ understands he needs to take responsibility for his infraction and is willing to follow corps a██oved sanctions, but ██ takes things beyond discipline to the level of harassment.

██ has repeatedly targeted ██ since his ██ year. ██ reported the following hazing incidents, all of which are not approved by the corps:
-Last year before the ██ game, ██ entered ██ dorm room at 4am

-██ forced him to do squats while holding his footlocker.

-When ██ was sick with ██ forced him to stand at attention in front of his window ██ would come up behind him █d yell at him.  This was reported to the CO but nothing was done about it.
-██ called ██ a "faggott"

██ has photos and videos of these incidents

██ also reports ██ had issues with his ██ when she was a student at TAMU. ██ was a ██ and was drinking in the dorm and lied about it. ██ was the ██ and reported it up. ██ tried to accuse her of ██ days ██ graduation, but was proven innocent. ██ instantly targeted ██ because of the issues with ██ refers to her as a "██" and talks about hi██ tred for her.

Jennifer Desai | Case Manager
Department of Civil Rights and Equity Investigations
Texas A&M University | YMCA Building, Suite 108
1268 TAMU | College Station, TX 77843
ph: 979.458.8192 | jdesai@tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
TEXAS A&M UNIVERSITY

MENTAL HEALTH RESOURCES: 24/7 Professional Counseling | After-hours Mental Health Support | Local Emergency Services

- 162 -

Thank you!  See you in a bit.

**From:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Sent:** Friday, September 22, 2023 9:00 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation

I can do that

LtCol Robert Washington, USMC (ret)
Cadet Training Officer, Corps of Cadets
Texas A&M University
rwashington@corps.tamu.edu

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 22, 2023 8:28:27 AM
**To:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** RE: Investigation

Would 11 work? If so, I can meet with you in                                                in one of our
panel rooms.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Sent:** Thursday, September 21, 2023 5:02 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: Investigation

Audrey,
   Yes, I am available at 10am. I am assuming you are in the SSB? What is your office number?

 Rob

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders



**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Thursday, September 21, 2023 4:15 PM
**To:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** Investigation

Howdy,

Dr. Bell informed me that you have been assigned to work on the        investigation with me.  Do you have some time tomorrow (Friday) where we could chat briefly about the plan for the investigation moving forward?  The only times I am unavailable                                                                .  We could meet via Zoom or Teams if that is more convenient for you since it should be a quick meeting!

I am hoping to do interviews next Wednesday afternoon        if that works for you!

Thanks,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272  |audrey_winking@sco.tamu.edu| sco.tamu.edu

Okay great, thank you!  I do plan on condensing some of our questions as well so I will make sure he's done on time.  I can always have him come back the next day to review notes if needed.

---

**From:** Washington, Robert Sykes
**Sent:** Friday, September 29, 2023 10:29 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: ▉

That is the event that I have to leave for since I am the ▉ advisor. He is not expected to be out there until 4:25 so I think if we are done by 3:45 then he should have time to get to his room and change. It is important for him to take part in it but I think he will have time.

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders



**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 29, 2023 10:22 AM
**To:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** ▉

Hi Lt. Col. Washington,

▉ emailed me saying he has the ▉ at ▉, so he was asking if we can reschedule his interview.  I typically only work around students' class schedules, but is this something we should work around? I wasn't sure if this was extracurricular or something that is critical he participates in so I wanted to get your perspective!

He is the one we have scheduled ▉ with his class ending ▉ So we in theory should be done by ▉ but I do recognize that would be really rushed for him.

Thanks,
Audrey

| From: | Bell Jr, Douglas |
|---|---|
| **To:** | Winking, Audrey J |
| **Subject:** | FW:  - |
| **Date:** | Thursday, October 12, 2023 10:55:54 AM |

FYI for Co-Investigator

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, October 12, 2023 8:48 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE:

Sir,

John Regan will be our investigator.  He can be reached at jregan@corps.tamu.edu

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

| From: | Bell Jr, Douglas |
|---|---|
| To: | Winking, Audrey J |
| Subject: | FW: ▇▇ ▇▇ - |
| Date: | Wednesday, October 11, 2023 2:27:04 PM |
| Attachments: | FW Filex - You have access to the folder 23-1003-0003.msg |
| | Re Filex - You have access to the folder 23-1003-0003.msg |
| | FW ▇▇ ▇ update.msg |

Please see the information below. I am recommending this information for an investigation.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Sent:** Wednesday, October 11, 2023 1:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: ▇▇ ▇▇ -

Howdy Dr. Bell.

Attached below is another email SCO email received from ▇▇ ▇▇

Nelda Trevino | Administrative Coordinator II
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station,TX 77843-1172

ph: 979.847.7272 | neldat@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇
**Sent:** Wednesday, October 11, 2023 1:11 PMHowdy
**To:** Mathes, Kathryn <kathryn_mathes@studentlife.tamu.edu>; Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Cc:** ▇▇▇▇▇▇▇▇▇▇▇▇
**Subject:** ▇▇ ▇▇ -

-

### This Message Is From an External Sender
This message came from outside your organization.

To whom this may concern,



██ ██ has become too distraught over the idea of reporting the ongoing and progressing issues of retaliation and harassment to anyone, but especially ██ due to his recent actions and the new threats that have steamed from them. ██ expressed a resistance to speaking to ██ over the weekend. And this morning she stated that she did not want to speak to ██ because he's not going to do anything, and things just keep getting worse. Which, I firmly believe was ██ intent to begin with, which was clearly demonstrated in his actions of reporting to other students and informing them of the police report, and her hiding place between classes, and other things she reported to him in confidence.

I feel it's pertinent to review the facts that have occurred over this long weekend because so much has happened over such a short period of time. ██ and immediately upon receiving the report ██ informed the students in ██ Chain of Command that ██ met with ██, who immediately turned around and informed these students ██ what ██ reported to him including the fact that ██ has been essentially ██ was then informed by ██ that she would be expected to sit in a meeting with these same ██ who have been bullying, threatening, and intimidating her for weeks.

Less than 24 hours later, after standing for a uniform inspection, with at least ██ inspecting her not a single one said anything about her hair. ██ waited until after the formation was over, and for ██ to enter her room before ordering her to wear a hair net, again. She didn't even have the common curtesy to stop and speak to her about it, she gave the order and walked away. Let's take this opportunity to point out that other students in ██ class have **not** been required to wear hair nets from day one. Including ██ and ██ who did not have hair nets on during that same inspection. And ██ has been allowed to wear her hair in a braid, every day, since day one, when all the ██ were ordered that braids were forbidden for ██ to wear (not a privilege). But nothing has been said to these other students. They went as far as deducting demerits from ██ due to her hair style, and in turn refused her the right to due process in accordance with the Standard to appeal those demerits. As a matter of fact, everything these girls have ordered ██ to do regarding her hair or attempted to enforce is in clear violation of the Standard and made up lies, but they only want to enforce these made-up policies when it comes to ██ no one else is required to follow them. No other students are singled out. No other students are required to wear hair nets or forbidden to wear braids. No other ██ in this unit are being constantly harassed over their hair. Clearly this is retaliation that has progressed into unrelenting harassment.

On Saturday, during the football game, several ██ publicly accosted ██ demanding that she put a hair net on immediately or else they were going to get "smoked" (physical training). Apparently, Cadet ██ told these ██ they needed to hold ██ accountable and if ██ refused to immediately put on a hair net the entire ██ class was going to pay and be smoked. First, I would like to point out that they are not only ordering ██ to wear a hairnet but are taking away the rights afforded to her under the standard, which clearly states all females are authorized to wear their hair in the approved styles, hair nets are optional, and that these standards apply to all cadets regardless of class year. Second, the ██ already gave permission for ██ to wear her hair in this specific style and did not require her to wear a hair net. Third, ██ also told ██ she was authorized to wear her hair in accordance with the Standard and I think he also even went as far as telling her not to buy a hair net because it is not required.

Cadets ▮▮▮ decision to threaten several ▮▮▮ that ▮▮▮ better put on the hair net right this minute or else, is a blatant threat of punitive physical training. According to the Standard, "Punitive PT" (used solely to punish) is not authorized. It goes on to state how Corrective Physical Training should not be the default answer and that counseling has to take place first. The one time they attempted to conduct a counseling was when they made it a formal written counseling, which ▮▮▮ refused to sign, and in turn the girls' deducted demerits without informing her. And the counseling was in direct violation to the Standards policy on female hair and grooming standards. These girls were attempting to conduct a formal counseling and deduct demerits because ▮▮▮ was FOLLOWING THE STANDARDS POLICY. These girls are simply making things up with the sole intent to get another student in trouble, which is what they verbally told ▮▮▮ was their intent weeks ago when they threatened to re-write the unit manual to ensure she gets in trouble and threatened to have her kicked out of the program. To return to the topic of Corrective Physical Training, threatening students with Physical Corrective Training for <u>following the Standard</u>, is outrageous to say the least. But according to the standard "Group ▮▮▮ will never be conducted because of a single cadet's actions." Which is exactly what they threatened or have planned to do, ▮▮▮ the entire ▮▮▮ class solely because of ▮▮▮ Let's go on to state that the Standard also says "Violations of these guidelines will be investigated as potential hazing incidents."

Last night, ▮▮▮ returned to her dorm at approximately ▮▮▮ She was not even in her room for an hour before the problems started. Last night, the same group of girls told ▮▮▮ she was not allowed to go to ▮▮▮ practice in the morning. Claiming they were never given a document excusing her from morning formation. At the beginning of the ▮▮▮ was told by her ▮▮▮ Cadet ▮▮▮, that she simply had to fill out the accountability sheet to be excused. This was the same form the other ▮▮▮ in her unit on the ▮▮▮ team filled out. And what has been used up to this point to excuse these ▮▮▮ from formation. But it wasn't until last night that ▮▮▮ and only ▮▮▮ was told she wasn't allowed to go to practice unless she produced the document from the Corps Commander excusing her from practice. ▮▮▮ checked with the other ▮▮▮ in her unit, and confirmed she was the only one told she wasn't allowed to go. The other ▮▮▮ was never spoken to about any issues regarding ▮▮▮ practice.

On top of all of that, ▮▮▮ was told by another ▮▮▮ this morning ▮▮▮ that she overheard a conversation that sounded suspicious and concerned this student enough to tell ▮▮▮ what she heard, but also requested to remain anonymous because she feared retaliation and being treated the way ▮▮▮ has been. The ▮▮▮ reported to ▮▮▮ that she overheard Cadets ▮▮▮ talking about ▮▮▮ and that they said: "… good, I hope she doesn't make it back." Why wouldn't ▮▮▮ make it back from her car? What plans have they made that would prevent this from happening? They already stole her daily class schedule; a school faculty member told these bullies where she was hiding between classes, and now threats are being made about ▮▮▮ not making it back from her car. How many more red flags do we need to see before someone intervenes and brings a stop to this?

Let's be very clear, at this point it is specific unrelenting pinpointed attacks designed to target, harass, and intimidate ▮▮▮ These girls are doing everything in and out of their power to ensure ▮▮▮ gets in trouble, makes her life miserable, fails her classes, and ruins her reputation. These attacks are being planned and implemented by Cadets ▮▮▮ ▮▮▮ who have refused to stop after multiple School faculty members have insured ▮▮▮ repeatedly, that their behavior would stop, and this situation would not continue. However, that could not be the furthest from the truth. After all, these

problems have continued to progress for over three weeks now.

Are these girls so out of control that the faculty members have no form or recourse to bring them to a stop? Are these girls blatantly refusing to follow the orders and directions given to them by faculty members? Are they so out of control that they are refusing to conform to the rules of the school and the program? How many faculty members over how many weeks, with how many repeated occurrences, does it take to get someone to intervene and to bring an end to this insanity? How little control and oversight of its students does the Corps have that this type of behavior is being condoned and allowed to continue? Or, is this the intent of the faculty members and the cadet program, to allow it to continue and bread so out of control that ████ is forced to flee the program and the school because ████ violated the perceived "code of silence" bread into the Corps students as "tradition." And students who follow the rules, and refuse to be bullied and intimidated, are labeled as troublemakers.

These have just been the problems that have steamed since ████ To add to the never-ending list of problems these girls are instigating. I am completely flabbergasted that these students have been allowed to continue on this destructive path with unchecked authority at clearly retaliating, harassing, and intimidating another student. I completely understand why ████ feels like nothing will ever get done and these girls are clearly not just being allowed to continue to behave like this but are being encouraged to create more problems for ████ has been ostracized from her fellow classmates and ████ because of these ongoing problems. Instead of focusing on her studies she is being required to take time out of her personal study time to address these unrelenting problems which is becoming increasingly time demanding, stressful, and degrading.

It is not just ████ that is concerned for her health and safety, but ████ and I as well. I fear it will just be a matter of time before there's another incident.

Regards,

████████

Dr. Bell,

Please see email below.

Best,
Lori

**Lori White** | Administrative Coordinator I
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | loriw@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ███████████████████████
**Sent:** Monday, October 9, 2023 4:18 PM
**To:** Mathes, Kathryn <kathryn_mathes@studentlife.tamu.edu>
**Cc:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Subject:** ████████ update

.

**This Message Is From an External Sender**
This message came from outside your organization.

Mrs. Mathes,

I wanted to keep you updated on the situation with ████ and bring to light some concerning issues I have. And new information was brought to light regarding what I believe are red flags in the decision-making processes of a faculty member.

Are you aware ███████████ · considers it part of his standard policy to notify a student's chain of command when police reports are made? This means a faculty member believes it's his obligation to inform other students when police reports are being made. Without the prior knowledge or consent of the student who actually made the report. Even when the report is made about those exact same students in the chain of command.

**I honestly can not think of a greater threat and deterrent to reporting crimes and problems of any nature.**

Students, including those in the Corps of Cadets, are known to spread vicious rumors and gossip especially when faculty members themselves are the ones maliciously feeding this information to students. Faculty members that tell Cadet

**- 172 -**

students when another cadet has made a report to law enforcement or another faculty member. This breeds into the culture at A&M Corps of Cadets demanding that "what happens in the Corps, stays in the Corps." This is reminiscent of the military "code of silence" regarding violence within the military setting, especially geared toward females, in which some victims fail to report their victimization experiences because they believe no action will be taken, or because they fear they will experience negative career consequences, or other forms of retaliation, including being labeled a "troublemaker."

How many crimes occur between a subordinate and a higher-ranked student in the same chain of command in the Corps of Cadets? I am willing to bet this category is the highest when it comes to hazing and other serious crimes involving the Corps. However, how likely is a student in the Corps to report a crime if they fear retaliation, especially when it's a 100% guaranteed fact that the other students will be notified by faculty members if they even attempt to report anything to anyone? I fear this is the case, and a lot is going underreported in the Corps because of this fear tactic practice that demands victims stay silent.

To further perpetuate this conflict,       was informed on      by  (student) that she will be expected to sit in on a meeting with    of the girls who have been involved in the incidents     has reported.
against my one        With     , the faculty member, who has demonstrated he has no concern for     health and safety, and in turn, has been gossiping with the students and spreading information    gave to him in confidence that could prove to endanger her safety if this situation continues to spiral.

We also already know that       found it pertinent to divulge information about what      reported to him during their meeting to students. To include, reporting to      (a student) that       has been practically out of fear of being in her own room due to these girls' actions and behaviors.      has flagrantly advertised to these girls where       has been hiding when she is not in classes. And I will remind you, they already stole her daily schedule that was required of her to publically post on her door (door card) and now they know where she hides between classes.      actions have taken away her only safe space and boldly advertised her location to not only her bullies but strangers who have already clearly demonstrated a blatant refusal to follow school rules and the Standard. Strangers that have already blatantly told her they have every intention of getting her into trouble and ensuring she is kicked out of the Corps, and not only have they said these things but have already acted upon these threats.

       can claim they are part of her chain of command and live together, regardless of his petty excuse for his poor decisions. I will remind you these students are not friends and have never been friends. They do not socialize to any degree outside of the quad, and in      case, the absolute only time they speak to her is to threaten her and/or give orders that often conflict with the Standard or orders provided to    by higher ranked Cadets, intentionally creating more problems. These same girls have created such fear in the dorm that the other students don't even speak to my daughter anymore because they fear they will be treated like      f they even socialize with her. There is total and complete segregation in the dorm and this unit because of the absolutely poor leadership and behavior displayed by a handful of power-hungry girls who have been given too much authority, not enough training, and zero accountability. Any so-called leader who controls and demands

compliance and respect through fear-based leadership has absolutely no business influencing the lives of other students or continuing this horrible cycle that gets labeled in the Corps as a "tradition."

It is absolutely no student's business where        location is at any point in time, especially not some random unhinged strangers who have clearly and deliberately been targeting       Double fold for a student who is already being accused of threatening, intimidating, harassing, and bullying her. No police officer in the world would condone advertising the schedule and location of any person, especially to their bullies and people they already feared. This screams "red flag" with pure deliberate and malicious intent behind it.

There is zero empathy or even a basic level of understanding by       in how it feels to be in       shoes or any kid who is stuck living in this horrible situation while attempting to get an education and achieve her goals while being at this school and in this so-called "leadership program." I believe if the Corps was truly interested in problem resolution they would have handled this situation more effectively weeks ago, instead of not only allowing the problems to continue to spiral out of control but having staff members feed into the problems. Even after       repetitive complaints of continued problems the corps chose to ignore her. The school should have better oversight and ensure there are adequate policies and procedures put in place to instill more trust, professionalism, and confidence in the system and in the actions of the Crops faculty members and the students involved in this program. The school and the Corps should follow their own rules and the Standard it claims to uphold and properly educate the students on these rules. Instead, it would appear the Corps operates totally separately from the school with zero oversight.

The girls       has reported have no respect for the Standard. No respect for school policies or the law of the land. And clearly, they see themselves as above these rules and laws. As they have repetitively demonstrate their refusal to follow them. As exemplified on Saturday when they yet again gave       an order that restricts and takes away the rights afforded to her in the Standard. As the Standard clearly states: "...all cadets are permitted to wear their hair in the following fashion regardless of class year." At this point, there is no misunderstanding of their intent to continue to harass and intimidate  ██ Clearly, these girls feel they have unlimited power to give students any order they see fit and feel these orders should be followed regardless of what the law, the school, or the Standard states. There were also reports made to       by other students that could indicate a plan made by these same girls to issue punitive physical training to the entire     class as a form of punishment if       doesn't do what they say.

I appreciate the help you are trying to prove ██ However, I fear the Corps is practicing unhealthy and potentially harmful practices for students who are trying to report problems or seeking assistance. In the future, we will not utilize the school police department as there's a clear conflict of interest and no respect for victims much less students trying to protect themselves, rather it's a dangerous path for any student, especially those in the Corps to utilize.

Thank you for your time on this matter.

██████

| From: | TAMU Civil Rights |
| To: | Gardner, Jeffery D; Bell Jr, Douglas |
| Cc: | Simpson, Meredith M |
| Subject: | FW: Filex - You have access to the folder 23-1003-0003 |
| Date: | Thursday, October 5, 2023 9:03:30 AM |
| Attachments: | |

Good morning,

The CREI office received the attached UPD report yesterday afternoon. Since this does not rise to the CREI or TIX level to address, we are referring to the Corps and SCO to address as you see fit.

Please let me know if you have any questions or discover any sex-based misconduct or discrimination/harassment against a protected class.

Best,

Samantha Brunner  (she/her)
Assistant Deputy Title IX Coordinator
University Risk, Ethics, and Compliance | Civil Rights and Equity Investigations
Texas A&M University | YMCA, Suite 108
1268 TAMU | College Station, TX 77843-1268
ph: 979.458.7598 |SBrunner@tamu.edu

-----Original Message-----
From: tbrooks@tamu.edu <tbrooks@tamu.edu>
Sent: Wednesday, October 4, 2023 2:56 PM
To: TAMU Civil Rights <civilrights@tamu.edu>
Subject: Filex - You have access to the folder

The folder,                , is now available for you to use:

You can download files in this folder.

This folder currently has the following files:

                .PDF
Commander Johnson (                )

**From:** Bell Jr, Douglas
**To:** Winking, Audrey J
**Subject:** FW: ▮▮▮▮ Car statement
**Date:** Monday, October 16, 2023 9:07:34 AM

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Sent:** Monday, October 16, 2023 9:05 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: ▮▮▮▮ Car statement

This is the first email received this morning from ▮▮▮ ▮▮▮

Nelda Trevino | Administrative Coordinator II
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station,TX 77843-1172

ph: 979.847.7272 | neldat@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ▮▮▮ ▮▮▮ ▮▮▮▮▮▮▮
**Sent:** Monday, October 16, 2023 5:27 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Leible, Jason Aaron <jleible@corps.tamu.edu>; Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Subject:** ▮▮▮▮ Car statement

On ▮▮▮▮▮▮, at approximately 2120, I was informed by ▮▮▮▮▮ that she had been approached by other cadets outside of the unit with questions regarding if she is in the unit that has the ▮▮▮▮▮▮▮▮▮▮▮▮  I believe that this supports my claim that ▮▮▮▮▮▮ jeopardize my safety by informing other cadets of information I gave him in confidence. It also supports my claim that the unit leadership/ students(s) this information was given to is maliciously gossiping about me and providing information to others that do not have a need to know about any of this.

- ▮▮ ▮▮▮▮

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Sent:** Monday, October 16, 2023 9:10 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: ███ Dorm Statement

More information from ███ ███

Nelda Trevino | Administrative Coordinator II
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station,TX 77843-1172

ph: 979.847.7272 | neldat@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ███ ████ █ ██████████
**Sent:** Monday, October 16, 2023 5:27 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Leible, Jason Aaron
<jleible@corps.tamu.edu>; Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Subject:** ███ Dorm Statement

On ██████████, during my meeting with the Commandant I had informed him I suspected someone was entering my room with the malicious intent of messing with things, including leaving debris behind on my desk. Ensuring I failed my room inspections. This was documented in my room inspection appeal (sent on ██████), which was sent to ████████████████████████████████████. As well as, the other statement I will be sending up in regards to all of the incidents that have occurred since.

On Sunday, ████████████, I returned to campus, at approximately 1830, I walked through the door to my room to discover a singular french fry centered on the star on my bed sheet, perfectly parallel to the lines in the star. Obviously, this fry was intentionally placed there.

At approximately 2000, I asked  if she did it and she stated ██████ did it. It turns out she let him into our room and allowed him to place the fry on my bed yesterday morning (Saturday). And let it stay there for over 24 hours which obviously could have gotten me into trouble. Not to mention the insects or rodents this could have attracted.

██████, is one of the cadets in this unit that does not speak to me. We don't socialize and we are not on friendly terms, I do not consider this "good bull."

-██████ ██████

| From: | Bell Jr, Douglas |
|---|---|
| To: | Winking, Audrey J |
| Subject: | FW: ██████ Statement |
| Date: | Monday, October 16, 2023 9:32:26 AM |
| Attachments: | Teams-Text Messages.zip |
| | Social Media Incident.zip |
| | Emails.zip |
| | Demerit pictures - Documents.zip |
| | ████ ████ Statement.docx |

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Sent:** Monday, October 16, 2023 9:30 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: ████ Statement

Another email with information.

Nelda Trevino | Administrative Coordinator II
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station,TX 77843-1172

ph: 979.847.7272 | neldat@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ████ ████ ████████████
**Sent:** Monday, October 16, 2023 9:22 AM
**To:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>; Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** ████ Statement

Good morning,
Attached is my statement along with supporting documents/ pictures. My apologies, the first email did not include the attachments.

Respectfully,



FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** specialsituationsteam@tamu.edu <specialsituationsteam@tamu.edu>
**Sent:** Wednesday, October 18, 2023 9:27 PM
**To:** DSA - DL - DSA TAMU Special Situations Team <SpecialSituationsTeam@tamu.edu>
**Subject:** Tell Somebody Report

**Name of Submitter:** ▮▮▮▮▮▮▮▮
**Title:** parent
**UIN:**
**Email:** ▮▮▮▮▮▮▮▮
**Phone:** ▮▮▮▮▮▮
**Address:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Name of person exhibiting behavior:** ▮▮▮▮▮▮
**UIN of person exhibiting behavior:**

**Event Description:** ▮▮▮▮▮▮▮▮ is my daughter's roommate, she has been allowing people to go into the room and rummage through my daughter's drawers and wardrobe closet. Things have been stolen and damaged.▮
▮▮▮ admitted to my daughter, ▮▮▮▮▮, on Sunday ▮▮▮▮ that she allowed ▮▮▮ to leave a french fry behind on my daughter's bed for over 24 hours, while she was out of town (trying to get her in trouble and harass her).
▮▮▮ admitted to another student that ▮▮▮ and ▮▮▮ have been participating in this same behavior by damaging my daughter's stuff, going through her personal stuff including undergarments, and leaving dirt and debris behind on furniture. And participating in other activities to ensure my daughter fails room inspections and gets in trouble.

Today ▮▮▮▮ - She went through all her drawers and damaged a dress with ink. A book and some sheet music were stolen. She suspects other clothing is missing but it's hard to identify each

individual piece of clothing.

My daughter has reason to believe this activity has been going on for at least the past 3 weeks and has been taking pictures and videos of her room before leaving every day. This situation is increasing in frequency and seriousness with more being disturbed and damaged on a daily basis.

Residence in this hall have also started cyberstalking my daughter and our family, they have been printing off pictures from my social media accounts, altering the images, and posting them in the hallways (there are pictures to document this). The Corps of Cadets faculty is aware of this and has done nothing to stop it.

**Supporting Documentation 1:**
**Supporting Documentation 2:**
**Supporting Documentation 3:**
**Supporting Documentation 4:**

FYI

Douglas Bell

Please excuse any typo, message sent from I-Phone

Begin forwarded message:

**From:** Mailbox - DSL - Student Conduct Office <sco@tamu.edu>
**Date:** October 19, 2023 at 8:23:49 AM CDT
**To:** "Bell Jr, Douglas" <douglasb@vpsa.tamu.edu>
**Subject: FW:** ███ ███ **Room Incident #2**

Good morning Dr. Bell.

Another incident.

Nelda Trevino | Administrative Coordinator II
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station,TX 77843-1172

ph: 979.847.7272 | neldat@sco.tamu.edu<mailto:neldat@sco.tamu.edu> |
sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
DIVISION OF STUDENT AFFAIRS | One Division. One Mission.

**From:** ███ ███████████ >
Sent: Wednesday, October 18, 2023 10:43 PM
To: Leible, Jason Aaron <jleible@corps.tamu.edu>; Mailbox - DSL - Student
Conduct Office <sco@tamu.edu>
Subject: ███ ███ Room Incident #2

at approximately 1700, I returned to my dorm room and immediately
knew an unknown party had rummaged through it. First, I took pictures of my
room at approximately 0700 before leaving for the day. The room was perfectly
squared away and inspection-ready. Upon returning at 1700, I immediately
noticed my books on the shelf above the desk were tipped over. Upon further
inspection clothes had been pulled off the hangers in the wardrobe closet and left
laying on the bottom ground area, drawers had been opened and clothing and
personal items had been rummaged through. A dress was damaged with what

- 182 -

appears to be ink. I suspect articles of clothing are missing, but I am positive a book and some sheet music have been stolen. My ███████████ with as they ████████████ The bins over my bed, very top shelf, had also been rummaged through.

████████ had heard about the incident on Monday regarding my roommate, ████, accusing ████████ of messing around with my side of the room and leaving a french fry on my bed. ██████ told ████████ that he had nothing to do with it and that it was actually ██████ and ██████.

My expectation of reasonable privacy has been violated by people opening drawers and digging through my personal items and undergarments, not to mention the theft, and damage to private property. My roommate, ████, already admitted to bringing her friends into our room and allowing other people and herself to violate my personal property is a clear and blatant violation of guests' privileges, regardless of whether those guests are family, strangers, or other students/residents. Regardless of other people/students' involvement ████ already admitted to being an equal participant in violating my privacy, and my property.

I do not consider targeting me and vandalizing my personal space, property, and gear in my room funny. It is not a joke. Nor is it considered "good bull".

The continued harassment of my roommate, ██████████████████, and other unknown residents of this hall is a clear demonstration of repeated harassment in I have been facing for the last several weeks and have repeatedly sought out faculty assistance with and it has resulted in zero resolution. I spent over four hours trying to locate my roommate, ██████ to confront her about the new incident and missing/damaged items in my room. However, I was unable to locate her, even after lights out.

I am unsure if the incidents that have occurred/continue to occur fall under the current investigation or if I am required to file another report elsewhere.

[cid:18b45fee9727790a4ed1]
[cid:image001.jpg@01DA0265.907DFFE0]
[cid:image002.jpg@01DA0265.907DFFE0]
[cid:image003.jpg@01DA0265.907DFFE0]

[cid:image004.jpg@01DA0265.907DFFE0]
[cid:image005.jpg@01DA0265.907DFFE0]



Sir,

After speaking with this student and her outfit we have actions in place that will resolve the situation.  As the police report stated there is no indication of hazing and we found the same thing.  I will be happy to discuss your findings and mine.

V/R

> On Oct 9, 2023, at 4:51 PM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
> Howdy,
> I wanted to follow up on this issue.  I received some additional information regarding this concern, and I feel that an investigation from SCO maybe warranted.  Please let me know if you have any additional information.
>
> Douglas Bell, Ph.D.  | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - - -
> DIVISION OF STUDENT AFFAIRS | One Division. One Mission.
> -----Original Message-----
> From: Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> Sent: Thursday, October 5, 2023 10:08 AM
> To: Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
> Cc: Simpson, Meredith M <msimpson@corps.tamu.edu>
> Subject: FW: Filex - You have access to the folder
>
> Dr. Bell,
>
>   I reviewed the report and the other complaints Ms. ▮▮▮▮ has filed against her outfit.  I will be speaking with her either today or tomorrow to determine what is going on.
>
> V/R
>
> Lt. Col Jeff Gardner '82, USAF (Ret)
> Assistant Commandant for Accountability and Standards Military Advisor Parsons Mounted Cavalry
> 979-458-9317
>
> -----Original Message-----
> From: TAMU Civil Rights <civilrights@tamu.edu>
> Sent: Thursday, October 5, 2023 9:03 AM
> To: Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
> Cc: Simpson, Meredith M <msimpson@corps.tamu.edu>
> Subject: FW: Filex - You have access to the folder
>
> Good morning,
>
> The CREI office received the attached UPD report yesterday afternoon. Since this does not rise to the CREI or TIX level to address, we are referring to the Corps and SCO to address as you see fit.

>
> Please let me know if you have any questions or discover any sex-based misconduct or discrimination/harassment against a protected class.
>
> Best,
>
> Samantha Brunner  (she/her)
> Assistant Deputy Title IX Coordinator
> University Risk, Ethics, and Compliance | Civil Rights and Equity Investigations Texas A&M University | YMCA, Suite 108
> 1268 TAMU | College Station, TX 77843-1268
> ph: 979.458.7598 |SBrunner@tamu.edu
>
>
> -----Original Message-----
> From: tbrooks@tamu.edu <tbrooks@tamu.edu>
> Sent: Wednesday, October 4, 2023 2:56 PM
> To: TAMU Civil Rights <civilrights@tamu.edu>
> Subject: Filex - You have access to the folder 23-1003-0003
>
> The folder, 2                , is now available for you to use:
>
>
>
> You can download files in this folder.
>
> This folder currently has the following files:
>
>

:█ █

>

| | |
|---|---|
| **From:** | Regan III, John M |
| **To:** | Winking, Audrey J |
| **Subject:** | RE: investigation |
| **Date:** | Friday, October 13, 2023 10:50:38 AM |

Good Morning Audrey,

The only time I will not be available next week is Wednesday 1200 – 4:30.

**GySgt John M. Regan III USMC (Ret)** | 1st Regiment Military Advisor/CCMU Advisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-4279 I jregan@corps.tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, October 13, 2023 8:50 AM
**To:** Regan III, John M <jregan@corps.tamu.edu>
**Subject:** investigation

Good morning,

I was told that you will be working on the ▇▇▇▇▇▇▇ investigation with me.  Can you please send me your availability for next week so that we can get her interview scheduled? I would like to meet with her on Tuesday or Wednesday next week if possible                and then once we have more information from her we can schedule the other students' interviews for the following week.

Thanks!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Winking, Audrey J |
| **Sent:** | Wednesday, May 24, 2023 11:56 AM |
| **To:** | Upshaw-Brown, Jaclyn B; Bell Jr, Douglas |
| **Subject:** | Investigation |

The            investigation report is complete and can be found here:        Investigations\Active Investigations\Completed Investigations\Completed_

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

## Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Wednesday, April 19, 2023 8:34 AM
**To:** Harrell, Kristen
**Subject:** FW: [Maxient]       College Station - On-Campus Grounds
**Attachments:**

We can chat about this at our 1 on 1

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Monday, April 17, 2023 10:42 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: [Maxient]      College Station - On-Campus Grounds

For discussion. . .

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** Maxient System <notifications@maxient.com>
**Sent:** Sunday, April 16, 2023 6:39 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** [Maxient]      College Station - On-Campus Grounds

**This Message Is From an External Sender**

This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**

Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**
() Alleged Offender
() Alleged Offender
() Alleged Offender
() Alleged Offender

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

**Supporting Documentation**
**No additional documents were attached to this report.**

**Submitted By**
Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
  • scrs@studentlife.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

## Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Thursday, April 20, 2023 11:08 AM
**To:** Upshaw-Brown, Jaclyn B
**Subject:** RE: [Maxient]      College Station - On-Campus Grounds

Hey Jaclyn,
I would like to chat about this today for first thing tomorrow morning.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Monday, April 17, 2023 10:42 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: [Maxient]     College Station - On-Campus Grounds

For discussion. . .

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Maxient System <notifications@maxient.com>
**Sent:** Sunday, April 16, 2023 6:39 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** [Maxient]     College Station - On-Campus Grounds

### This Message Is From an External Sender
This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
### Background Information
Campus Location
**College Station**
Status of the Alleged Offender
**Student**

Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**

() Alleged Offender

() Alleged Offender

() Alleged Offender

() Alleged Offender

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

**Supporting Documentation**
**No additional documents were attached to this report.**

**Submitted By**
Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
   • scrs@studentlife.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

# Bell Jr, Douglas

**From:** Gardner, Jeffery D
**Sent:** Friday, April 28, 2023 11:48 AM
**To:** Bell Jr, Douglas
**Cc:** Upshaw-Brown, Jaclyn B; Winking, Audrey J; Anderson, Chauncy Jovan
**Subject:** Re: [Maxient]        College Station - On-Campus Grounds

Msg t Anderson is your man. He is copied on this email.

V/R

> On Apr 28, 2023, at 9:36 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
> Thank you for this information.
>
> Lt.Col Gardner, can you assist in identifying a CTO to assist with this investigation.  Thank you in  advance.
>
> **Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
>
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Friday, April 28, 2023 9:35 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: [Maxient]        College Station - On-Campus Grounds

Good morning, Dr. Bell and Audrey,

Based on the information in the initial report, I would recommend that we initiate an investigation to speak with the individuals LtCol Gardner has identified below about their experiences

We have confirmed that surveillance footage from Duncan is not likely to be available due to the amount of time that has passed.

Please let me know if you have any questions.

Thank you,
**Jaclyn Upshaw-Brown**  | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Wednesday, April 26, 2023 10:29 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** FW: [Maxient]                    College Station - On-Campus Grounds

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, April 26, 2023 8:47 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]                    College Station - On-Campus Grounds

These are the names I was given:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, April 20, 2023 3:12 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Upshaw-Brown, Jaclyn B
<jaclynu@sco.tamu.edu>
**Subject:** RE: [Maxient]                    College Station - On-Campus Grounds

Thank you for your assessment of the information provided.  We would still like to do our due diligence to ensure everything is above board and not assume any details within this incident report. So again, do you know how we would go about figuring out who would have been in the
     ? Thank you for this information.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University

1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, April 20, 2023 2:55 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]          College Station - On-Campus Grounds

So I've ask a few questions about this process. Here are my thoughts:

Lt. Col Jeff Gardner '82, USAF (Ret)

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Thursday, April 20, 2023 11:47 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: [Maxient]          College Station - On-Campus Grounds

Hi, Jeff,

We received the IR below involving allegations of hazing among the
After discussing it, we feel we need to do our due diligence in looking into it.

Do you know how we would best go about figuring out who would have been in this
          ? We'll also be checking to see if security footage from Duncan is available (although we
suspect it may not have been retained this long, since the alleged incident in Duncan occurred several
months ago).

Thank you,
Jaclyn

**From:** Maxient System <notifications@maxient.com>
**Sent:** Sunday, April 16, 2023 6:39 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** [Maxient]          College Station - On-Campus Grounds

**This Message Is From an External Sender**

This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**
          () Alleged Offender
     () Alleged Offender
          () Alleged Offender
     () Alleged Offender

## Incident Description

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

## Supporting Documentation
**No additional documents were attached to this report.**

## Submitted By
Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
- scrs@studentlife.tamu.edu

Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

# Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Thursday, May 11, 2023 1:17 PM
**To:** Winking, Audrey J
**Subject:** FW: [Maxient]      College Station - On-Campus Grounds


FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, May 11, 2023 1:16 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>
**Subject:** RE: [Maxient]      College Station - On-Campus Grounds

Just spoke to him.  He has received the correspondence and is tracking for next week.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, May 11, 2023 1:13 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>
**Subject:** RE: [Maxient]      College Station - On-Campus Grounds

Howdy Lt. Col. Gardner,
We have had some issues getting in touch with MSG. Anderson and we would like to move forward with our investigation. Can you please give him a gentle reminder to check his email and respond to Audrey Winking.  Thanks in advance.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, April 28, 2023 11:48 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>; Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Re: [Maxient]  College Station - On-Campus Grounds

Msg t Anderson is your man. He is copied on this email.

V/R

> On Apr 28, 2023, at 9:36 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
> Thank you for this information.
>
> Lt.Col Gardner, can you assist in identifying a CTO to assist with this investigation.  Thank you in  advance.
>
> **Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
>
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Friday, April 28, 2023 9:35 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: [Maxient]  College Station - On-Campus Grounds

Good morning, Dr. Bell and Audrey,

Based on the information in the initial report, I would recommend that we initiate an investigation to speak with the individuals LtCol Gardner has identified below about their experiences

We have confirmed that surveillance footage from Duncan is not likely to be available due to the amount of time that has passed.

Please let me know if you have any questions.

Thank you,
**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

2

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Wednesday, April 26, 2023 10:29 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** FW: [Maxient]                College Station - On-Campus Grounds

FYI

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, April 26, 2023 8:47 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]                College Station - On-Campus Grounds

These are the names I was given:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, April 20, 2023 3:12 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Upshaw-Brown, Jaclyn B
<jaclynu@sco.tamu.edu>
**Subject:** RE: [Maxient]                College Station - On-Campus Grounds

Thank you for your assessment of the information provided.  We would still like to do our due diligence
to ensure everything is above board and not assume any details within this incident report. So again, do
you know how we would go about figuring out who would have been in the
       Thank you for this information.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, April 20, 2023 2:55 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]                College Station - On-Campus Grounds

So I've ask a few questions about this process.  Here are my thoughts:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry

From: Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
Sent: Thursday, April 20, 2023 11:47 AM
To: Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
Cc: Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
Subject: FW: [Maxient]          College Station - On-Campus Grounds

Hi, Jeff,

We received the IR below involving allegations of hazing among the
After discussing it, we feel we need to do our due diligence in looking into it.

Do you know how we would best go about figuring out who would have been in this
              We'll also be checking to see if security footage from Duncan is available (although we
suspect it may not have been retained this long, since the alleged incident in Duncan occurred several
months ago).

Thank you,
Jaclyn

From: Maxient System <notifications@maxient.com>
Sent: Sunday, April 16, 2023 6:39 PM
To: Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
Subject: [Maxient]          College Station - On-Campus Grounds

**This Message Is From an External Sender**
This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**
                        lleged Offender
              () Alleged Offender
                     () Alleged Offender
       () Alleged Offender

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective
language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific

people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

**Supporting Documentation**
**No additional documents were attached to this report.**

**Submitted By**
Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
  • scrs@studentlife.tamu.edu

Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

| | |
|---|---|
| **From:** | Winking, Audrey J |
| **Sent:** | Wednesday, May 10, 2023 11:39 AM |
| **To:** | Anderson, Chauncy Jovan |
| **Cc:** | Bell Jr, Douglas |
| **Subject:** | RE: [Maxient]        College Station - On-Campus Grounds |

Hi Chauncy,

I would like to schedule interviews for the following dates/times (          interviews total). Please let me know as soon as possible if these work for you so that I can send the interview notices to the students!

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Winking, Audrey J
**Sent:** Thursday, May 4, 2023 10:40 AM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** RE: [Maxient]              College Station - On-Campus Grounds

Are there any days/times that I need to avoid scheduling interviews for next week?

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Sent:** Thursday, May 4, 2023 10:39 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: [Maxient]              College Station - On-Campus Grounds

Ok next week will be good. Looking forward to it.

**R/**

**MSgt Chauncy J. Anderson USMC (Ret)** | Cadet Training Officer II
Office of the Commandant | Division of Student Affairs| Texas A&M University
Lacy| Dorm 6  TAMU | College Station, TX 77843

ph: 979.458.9372 |                              | canderson@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Wednesday, May 3, 2023 10:40 AM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** RE: [Maxient]              College Station - On-Campus Grounds

Hi Chauncy,

Just wanted to follow up on your availability. We will probably need to look at next week and depending on whether the cadets are still in town after finals or not we may need to do some via Zoom.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Winking, Audrey J
**Sent:** Friday, April 28, 2023 11:52 AM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** RE: [Maxient]              College Station - On-Campus Grounds

Hi there,

Looks like you will be working with me on this investigation!  What does your availability look like next week?  Once I know when you're available for interviews, I will work on getting the students scheduled. I am hoping we can get them in before finals or them leaving for the semester. If you happen to know when the cadets leave campus for summer too, that may be helpful for me to know in case we can't fit them all in before finals.

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, April 28, 2023 11:48 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>; Anderson,

Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Re: [Maxient]                    College Station - On-Campus Grounds

Msg t Anderson is your man. He is copied on this email.

V/R

On Apr 28, 2023, at 9:36 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:

Thank you for this information.

Lt.Col Gardner, can you assist in identifying a CTO to assist with this investigation.  Thank you in  advance.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Friday, April 28, 2023 9:35 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: [Maxient]                    College Station - On-Campus Grounds

Good morning, Dr. Bell and Audrey,

Based on the information in the initial report, I would recommend that we initiate an investigation to speak with the individuals LtCol Gardner has identified below about their experiences

We have confirmed that surveillance footage from Duncan is not likely to be available due to the amount of time that has passed.

Please let me know if you have any questions.

Thank you,
**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Wednesday, April 26, 2023 10:29 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>

Cc: Winking, Audrey J <audrey_winking@sco.tamu.edu>
Subject: FW: [Maxient]                    :ollege Station - On-Campus Grounds

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, April 26, 2023 8:47 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]                    :ollege Station - On-Campus Grounds

These are the names I was given:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, April 20, 2023 3:12 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** RE: [Maxient]                    College Station - On-Campus Grounds

Thank you for your assessment of the information provided. We would still like to do our due diligence to ensure everything is above board and not assume any details within this incident report. So again, do you know how we would go about figuring out who would have been in the
    Thank you for this information.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, April 20, 2023 2:55 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]          College Station - On-Campus Grounds

So I've ask a few questions about this process.  Here are my thoughts:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Thursday, April 20, 2023 11:47 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: [Maxient]           College Station - On-Campus Grounds

Hi, Jeff,

We received the IR below involving allegations of hazing among the
After discussing it, we feel we need to do our due diligence in looking into it.

Do you know how we would best go about figuring out who would have been in
        We'll also be checking to see if security footage from Duncan is available (although we
suspect it may not have been retained this long, since the alleged incident in Duncan occurred several
months ago).

Thank you,
Jaclyn

**From:** Maxient System <notifications@maxient.com>
**Sent:** Sunday, April 16, 2023 6:39 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** [Maxient]          College Station - On-Campus Grounds

**This Message Is From an External Sender**
This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**
        () Alleged Offender
      Alleged Offender
        Alleged Offender
Alleged Offender

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective
language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific
people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

**Supporting Documentation**
**No additional documents were attached to this report.**

**Submitted By**
Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
- scrs@studentlife.tamu.edu

Text msg recipients: None
Originating IP address:

7

Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

## Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Wednesday, September 27, 2023 11:59 AM
**To:** Winking, Audrey J
**Subject:** Corp Incident
**Attachments:** FW: Corps Searching Rooms

Howdy Audrey,

I wanted to give you the opportunity to weigh in to see if an additional investigation is needed or if this is enough information to move forward with the conduct process. One email contain statements from the Corps Members and the next email contains information from the IRs received. Let me know your thoughts.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Latham, Skylar |
| **Sent:** | Friday, March 22, 2024 8:49 AM |
| **To:** | Bell Jr, Douglas |
| **Cc:** | Smith, Asia |
| **Subject:** | RE:    Hazing Concerns |

I will forward him the link to the report and inform him that if he wishes to, he may file a report.

**Skylar Latham '23** | Assistant Coordinator
Student Conduct Office | Division of Student Affairs
Texas A&M University 1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | skylarl@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**STUDENT CONDUCT OFFICE** | Live By The Aggie Core Values

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, March 22, 2024 8:45 AM
**To:** Latham, Skylar <skylarl@sco.tamu.edu>
**Cc:** Smith, Asia <asias@sco.tamu.edu>
**Subject:** RE:    Hazing Concerns

I think this may be worth investigating if student ▇▇▇▇ would like to make a formal statement via a CCIR.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Latham, Skylar <skylarl@sco.tamu.edu>
**Sent:** Friday, March 22, 2024 8:42 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Smith, Asia <asias@sco.tamu.edu>
**Subject:**    Hazing Concerns

Hey ya'll,

Yesterday I met with student ▇▇▇▇ ▇▇▇▇ who is a ▇▇▇▇ and was ▇▇▇▇ in the Corps of Cadets. At one point in our meeting, he mentioned having been in the Corps, and to make conversation, I asked why he punched. He then proceeded to tell me he and ▇▇▇▇ punched three days into ▇▇▇▇ and discussed how it was intense for them both. Two specific comments he made raised concerns for me:

1. He was woken up at 2:00 AM to an ▇▇▇▇ and telling them to be ready for fallout at the usual start time.
2. When punching, he was advised to not share much about his experience with the outfit to Corps staff, specifically by an upperclassman (or multiple), because ▇▇▇▇ could get disbanded.

I'm not sure what much may be done in this circumstance, but I do want it to be brought to your attention.

**Skylar Latham '23** | Assistant Coordinator
Student Conduct Office | Division of Student Affairs
Texas A&M University 1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | skylarl@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**STUDENT CONDUCT OFFICE** | Live By The Aggie Core Values

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **Sent:** | Monday, September 25, 2023 3:31 PM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | FW: |
| **Attachments:** | ████████.pdf; ████ Account.pdf; ██████████ Account.pdf; ████████ Account.pdf; ████ Account.pdf; ██████ Account.pdf; ████ Account.pdf; Account.pdf; ████ Account.pdf; ████████ Account.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Sir,

Statement from ████ cadets.

V/R

<span style="color:#8B0000">Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317</span>

**From:** ███████████████████████ >
**Sent:** Friday, September 22, 2023 10:29 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**

Howdy!

Sir, attached are the written accounts of ████ Cadets involved in the incident with nonregs in our dorm. I am sorry for the late email, but I was just now able to gather all of the accounts. Thank you again, and let me know if there is anything I can do to help.

With Respect,

████████████

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **Sent:** | Monday, September 25, 2023 11:20 AM |
| **To:** | Bell Jr, Douglas |
| **Cc:** | Michaelis, Patrick Ralph; Simpson, Meredith M |
| **Subject:** | RE: Corps Searching Rooms |

Sir,

I spoke to the      1st Sgt.  He is providing me with information today.  I'll send it to you as soon as I receive it.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Monday, September 25, 2023 10:37 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** RE: Corps Searching Rooms

I have discovered the names of    cadets that were searching rooms:

██████████████████████████████.  Please let me know if you have any additional information.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, September 21, 2023 12:31 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** RE: Corps Searching Rooms

Sir,

I will reach out to the

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, September 21, 2023 12:15 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Subject:** Corps Searching Rooms

Howdy Lt. Gardner,
I received several incident reports from Residence Life regarding Corps Members entering non-regs student rooms in search of a          laundry bag last week.  I wanted to see if you have any additional information related to this situation.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

## Bell Jr, Douglas

**From:** Winking, Audrey J
**Sent:** Friday, September 29, 2023 2:39 PM
**To:** Bell Jr, Douglas
**Subject:** RE: Incident report
**Attachments:** Incident report.docx

I made a few highlights on here where we did get          names.  There is also mention about UPD assisting with one of the incidents – can you reach out to see if we can get notes from that?

Thanks!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, September 29, 2023 2:15 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** FW: Incident report

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, September 29, 2023 10:55 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** Incident report

Good Morning Dr. Bell,

        Attached you will find four individual incident reports from Corps           .  In each of these incidents, non-corps students attempted to take items from the cadets.  We would appreciate the Student Conduct Office looking into these events and taking appropriate action.  Please let me know if you have questions or if we can be of assistance.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **Sent:** | Tuesday, September 5, 2023 2:15 PM |
| **To:** | Bell Jr, Douglas; Michaelis, Patrick Ralph; Simpson, Meredith M |
| **Subject:** | RE: [Maxient]          College Station - On-Campus Residence Hall |
| **Attachments:** | Incident.pdf |

Dr. Bell,

      Attached are the Commandant's thoughts on the    issue.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Tuesday, September 5, 2023 11:42 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: [Maxient]          College Station - On-Campus Residence Hall

I wanted to follow up to see if there was any additional information.   SCO intends to move forward with an investigation in the coming week.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Bell Jr, Douglas
**Sent:** Wednesday, August 30, 2023 3:41 PM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: [Maxient]          College Station - On-Campus Residence Hall

I wanted to pass this along for your consideration and review.  Please let me know your thoughts.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

# Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Thursday, October 19, 2023 10:53 AM
**To:** Caldwell III, Danny Wilson
**Subject:** Investigation Report
**Attachments:** Investigation Report - Final.pdf; Audio Clip 1 - S.mp3; Audio Clip 2 - W.mp3; FW_ Audio Files for Hazing Investigation.pdf

Howdy Danny,

I am assigning the       investigation to you.  Lets chat after you have reviewed this information.  I will also forward you the initial report in Maxient.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

## Bell Jr, Douglas

**From:** Winking, Audrey J
**Sent:** Wednesday, October 11, 2023 3:21 PM
**To:** Bell Jr, Douglas
**Subject:** RE:     report


I just added two audio files as well as a PDF of the email from the student from when he sent the audio files to Tia.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Winking, Audrey J
**Sent:** Wednesday, October 11, 2023 11:24 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:**     report

The      investigation report is complete and in the share drive.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Upshaw-Brown, Jaclyn B
**To:** Winking, Audrey J; Barrett, Jamyia C; Doughty, Jeanae
**Cc:** Bell Jr, Douglas
**Subject:** Investigations
**Date:** Friday, January 6, 2023 1:43:21 PM

Hi, all!

After looking at the two bigger investigations that have recently come in, here is what I'm thinking in terms of assignments:

- Jeanae and Jaclyn to team up as SCAs.
- : Jamyia and Audrey to team up as SCAs
  - Note: We are still uncertain whether more information relevant to this org/investigation is forthcoming from the individual who contacted OFSL shortly before the break. I've checked in with CREI to see if they've heard from her; OFSL has provided contact information so I can follow up with her if not. But I figured y'all could at least start reading, making your list of who might be charged and what type of process, drafting charges, etc. while we figure that out.

Each investigation came with some video/audio files; I've put those into the main Scans→Investigations folder for now.

Please let me know if you have any questions.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** Doughty, Jeanae
**To:** Gardner, Jeffery D
**Subject:** Administrative Conferences
**Date:** Thursday, February 23, 2023 10:13:00 AM

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the      cadets. Would you be

available on Monday,                                and Tuesday,                              Since there

are      cadets, I've scheduled two separate conferences. If you are unavailable during those

days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D
**To:** Doughty, Jeanae
**Subject:** RE:    Administrative Conferences
**Date:** Thursday, February 23, 2023 10:37:01 AM

Morning Ma'am,

       I can be available at those times.  Quick question, I thought they were all going before a panel starting on       Has there been a change?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:14 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**    Administrative Conferences

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the     cadets. Would you be available on Monday,                     and Tuesday,                 ? Since there are    cadets, I've scheduled two separate conferences. If you are unavailable during those days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Gardner, Jeffery D |
|---|---|
| To: | Doughty, Jeanae |
| Subject: | RE:     Administrative Conferences |
| Date: | Thursday, February 23, 2023 10:48:22 AM |

Very well.  I knew I had not seen charge letters for this.  Makes sense now.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:43 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:     Administrative Conferences

Okay perfect! I'll get those letters sent out now. To clarify, the     cadets are still going before a panel starting                The administrative conferences are for the                          that had lesser alleged unrelated hazing/alcohol violations. Also, the cadet on              has
charges.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:37 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:     Administrative Conferences

Morning Ma'am,

        I can be available at those times.  Quick question, I thought they were all going before a panel starting on              .  Has there been a change?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:14 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**      Administrative Conferences

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the        cadets. Would you be available on Monday,                                  and Tuesday,                             Since there are        cadets, I've scheduled two separate conferences. If you are unavailable during those days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| **From:** | Doughty, Jeanae |
| --- | --- |
| **To:** | Gardner, Jeffery D |
| **Subject:** | RE:    Administrative Conferences |
| **Date:** | Thursday, February 23, 2023 1:42:00 PM |

Looks like it was just a system glitch. I have retracted the second letter.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 23, 2023 12:59 PM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:    Administrative Conferences

I received letters on       cadets but received two letter for ████████████

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:14 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**    Administrative Conferences

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the       cadets. Would you be available on Monday,                                and Tuesday,                              Since there are       cadets, I've scheduled two separate conferences. If you are unavailable during those days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Yes, and just a heads up,     of the cadets just called to request a separate administrative conference on Monday. Are you available at 8:30 am or 11:00 am?

All the Best,
**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Thursday, February 23, 2023 1:43 PM

**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Subject:** RE:     Administrative Conferences

Very well. So there are only    ?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Sent:** Thursday, February 23, 2023 1:43 PM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Subject:** RE:     Administrative Conferences

Looks like it was just a system glitch. I have retracted the second letter.

All the Best,
**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Thursday, February 23, 2023 12:59 PM

**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Subject:** RE:     Administrative Conferences

I received letters on    cadets but received two letter for ███████████

**- 233 -**

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Sent:** Thursday, February 23, 2023 10:14 AM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Subject:**      Administrative Conferences

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the      cadets. Would you be available on Monday,                              and Tuesday,                         ? Since there are     cadets, I've scheduled two separate conferences. If you are unavailable during those days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator

Student Conduct Office | Division of Student Affairs | Texas A&M University

1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu

- - - - - - - - - - - - - - - - - - - - - - -

**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Gardner, Jeffery D |
|---|---|
| To: | Doughty, Jeanae |
| Subject: | RE:      Administrative Conferences |
| Date: | Thursday, February 23, 2023 1:48:50 PM |

I am available at both times.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 1:48 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Re:      Administrative Conferences

Yes, and just a heads up,       of the cadets just called to request a separate administrative conference on Monday. Are you available at 8:30 am or 11:00 am?

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 23, 2023 1:43 PM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Administrative Conferences

Very well.  So there are only       ?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Sent:** Thursday, February 23, 2023 1:43 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      Administrative Conferences

Looks like it was just a system glitch. I have retracted the second letter.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 23, 2023 12:59 PM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Administrative Conferences

I received letters on        cadets but received two letter for ██████████ .

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Thursday, February 23, 2023 10:14 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**      Administrative Conferences

Howdy Col. Gardner,

I am in the process of scheduling the administrative conferences for the        cadets. Would you be available on Monday,                                    and Tuesday,                                    ? Since there are        cadets, I've scheduled two separate conferences. If you are unavailable during those days/times, please provide me your availability for next Monday through Wednesday.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator

Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Doughty, Jeanae
**To:** Gardner, Jeffery D
**Subject:** Options Letter
**Date:** Monday, February 27, 2023 12:02:00 PM

Howdy Col. Gardner,

I am creating the options letter for ████████ for his abuse of process charge/unbecoming a cadet (for abusing the process) and wanted to run the sanctions by you before sending. I was thinking about assigning him Conduct Review/Corps Conduct Review for the remainder of the           as well as an        that will be due at the end of April. Thoughts?

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Thank you very much.  That works for me.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Monday, February 27, 2023 12:02 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**    Options Letter

Howdy Col. Gardner,

I am creating the options letter for ███████ for his abuse of process charge/unbecoming a cadet (for abusing the process) and wanted to run the sanctions by you before sending. I was thinking about assigning him Conduct Review/Corps Conduct Review for the remainder of the ███████ as well as an ███ that will be due at the end of April. Thoughts?

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Upshaw-Brown, Jaclyn B |
|---|---|
| To: | Freeman Jr, Cedric L; Alvarado, Blair; Gardner, Jeffery D |
| Cc: | Spangler, Rebecca; Doughty, Jeanae |
| Subject: | Panel information for March 6-10 |
| Date: | Tuesday, February 21, 2023 9:13:10 AM |

Howdy, panel members,

Thank you SO MUCH for volunteering for the large panel scheduled for March 6-10! I'll be your Panel Chair. Rebecca, I'm sharing this information with you so that you'll have it in the event we need to bring you in. If that's the case, we will let you know as soon as we find out!

I do want to note that we are planning to feed you throughout the week; if you have any special dietary needs (or just ideas of what you'd like to eat!), please let me know.

Given the length of the investigation report, I am giving you access to the file documents via Filex a little earlier than we usually would. You will need to enter the access codes below to decrypt the files.

**Some reminders about reviewing the file electronically:** Please take steps to maintain confidentiality while reviewing the files and do not save them to your devices. We also ask that you delete the files from your downloads once you are finished. Finally, please refrain from seeking out information about the individuals or incidents involved other than what is provided in the file documents.

**Filex access codes**
Combined charge letters:
Investigation report:
Recording 1:
Recording 2:

If you have any questions or concerns, please let us know.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** jbupshaw@tamu.edu
**To:** Doughty, Jeanae
**Subject:** Filex - You have access to the folder March 6-10 panel documents
**Date:** Tuesday, February 21, 2023 9:13:10 AM

The folder, March 6-10 panel documents, is now available for you to use:

You can upload and download files in this folder.

This folder currently has the following files:

Recording 2
Recording 2.m4a

Recording 1
Recording 1.mp3

Investigation report
  Investigation Report - FINAL_Redacted.pdf

Combined charge letters
Compiled charge letters.pdf

| **From:** | jbupshaw@tamu.edu |
|---|---|
| **To:** | Doughty, Jeanae |
| **Subject:** | Filex - A new file is available for you to download |
| **Date:** | Thursday, March 2, 2023 10:14:07 AM |

The encrypted file, Screenshots submitted by ███████ is now available for you to download.
To read this file you will need the passcode. Contact the person who sent the
file to request the passcode. To download the file, visit the address below:

File Details:
Screenshots submitted by ██████
Screenshots submitted by ██████ .pdf 1.85MB

This file is in the folder, March 6-10 panel documents. You can upload and download files in this folder.

| From: | jbupshaw@tamu.edu |
|---|---|
| To: | Doughty, Jeanae |
| Subject: | Filex - A new file is available for you to download |
| Date: | Thursday, March 2, 2023 10:17:26 AM |

The encrypted file,       log submitted by ▮▮▮▮▮▮ is now available for you to download.
To read this file you will need the passcode. Contact the person who sent the
file to request the passcode. To download the file, visit the address below:


File Details:
EST log submitted by ▮▮▮▮▮▮
2nd Reg EST Log -                    , 9_47PM.xlsx 123.52KB

This file is in the folder, March 6-10 panel documents. You can upload and download files in this folder.

**From:** Upshaw-Brown, Jaclyn B
**To:** Alvarado, Blair; Freeman Jr, Cedric L; Gardner, Jeffery D
**Cc:** Spangler, Rebecca; Doughty, Jeanae
**Subject:** Documents added to file
**Date:** Thursday, March 2, 2023 10:21:36 AM

Morning, all,

I have received some additional documents from one of the students for next week's panel. Their submission deadline is today at 5 pm, so if anything else comes in I will get it added to the Filex tomorrow and send you the codes.

**Access codes:**
- Screenshots submitted by ▮▮▮▮▮▮▮ :
- log submitted by ▮▮▮▮▮▮ :

It looks like the Filex links have expired for the other files; let me know if you didn't have a chance to view them before that happened, and I'll re-add them.

Just as an FYI, we are planning to order breakfast for y'all on Monday and Tuesday, since we're asking you to join us so bright and early.  We'll provide lunch as well. Reminder to let me know if there are any dietary needs!

Thank you!

**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

| **From:** | jbupshaw@tamu.edu |
| **To:** | Doughty, Jeanae |
| **Subject:** | Filex - A new file is available for you to download |
| **Date:** | Friday, March 3, 2023 10:16:02 AM |

The encrypted file, Compiled     documents submitted 3.2 is now available for you to download.
To read this file you will need the passcode. Contact the person who sent the
file to request the passcode. To download the file, visit the address below:


File Details:
Compiled     documents submitted 3.2
Compiled     documents submitted 3.2.pdf 19.60MB

This file is in the folder, March 6-10 panel documents. You can upload and download files in this folder.

Hi again, everyone,

I'm writing with one more access code for documents for fact-finding that were submitted by the deadline. You should have just received a Filex link, but let me know if not.

Access code:

This document includes several written statements from the charged students, a few witness statements pertaining to the alleged hazing of the                          and a larger set of text messages discussing the planning of the              incident. If you have time to take a look at it before Monday, that's great. If not, don't stress about it; you should have a bit of time at the beginning of the day to review while we get the students settled, help them complete paperwork, etc.

Thank you!!!
Jaclyn

**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Upshaw-Brown, Jaclyn B
**Sent:** Thursday, March 2, 2023 10:22 AM
**To:** Alvarado, Blair <abalvarado@tamu.edu>; Freeman Jr, Cedric L <cedric_freeman@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Spangler, Rebecca <rebeccas@studentlife.tamu.edu>; Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** Documents added to file

Morning, all,

I have received some additional documents from one of the students for next week's panel. Their submission deadline is today at 5 pm, so if anything else comes in I will get it added to the Filex tomorrow and send you the codes.

**Access codes:**
- Screenshots submitted by ▮▮▮▮▮▮▮:
- ▮▮▮▮▮▮▮▮▮▮▮

It looks like the Filex links have expired for the other files; let me know if you didn't have a chance to view them before that happened, and I'll re-add them.

Just as an FYI, we are planning to order breakfast for y'all on Monday and Tuesday, since we're asking you to join us so bright and early.  We'll provide lunch as well. Reminder to let me know if there are any dietary needs!

Thank you!

**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

| From: | Bell Jr, Douglas |
|---|---|
| To: | Doughty, Jeanae |
| Subject: | Res.Life/Corps Incident |
| Date: | Tuesday, October 3, 2023 10:07:07 AM |
| Attachments: | Statements.pdf |
| | 23-0918-0005 SA.pdf |
| | 2023.09.20 - Email 2.pdf |
| | 2023.09.20 - Email.pdf |
| | 2023.09.22 - Email 2.pdf |
| | 2023.09.22 - Email.pdf |
| | 2023.09.25 - Email.pdf |
| | text from ██████ 1.png |
| | text from ██████ 2.png |
| | text from ██████ 3.png |

Howdy Jeanae,

I have gathered all the emails and statements I received and there are several incident reports as well. Below are the actors who allegedly entered the rooms:

█████████████ (Instructed ████ to check rooms)

█████████████ (checked rooms)

█████████████ (checked rooms)

█████████████ (checked rooms)

█████████████ – went upstairs

█████████████ – went upstairs

█████████████ – went upstairs

█████████████ – went upstairs

There are three other names mentioned, but based on the information, they were just present

█████████████ (appears to have calmed things down)

█████████████

█████████████

Take a look at all the information, and we can discuss it tomorrow or Thursday. I will forward the res.life IRs to you as well.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| | |
|---|---|
| **From:** | Doughty, Jeanae |
| **To:** | Gardner, Jeffery D |
| **Subject:** | Case |
| **Date:** | Tuesday, October 10, 2023 9:47:00 AM |

Howdy Col. Gardner,

I've been assigned the        case and wanted to reach out and touch base with you regarding your availability. There are        students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Howdy Jeanae,

Is this for the investigation or the administrative hearings?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Case

Howdy Col. Gardner,

I've been assigned the      case and wanted to reach out and touch base with you regarding your availability. There are       students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**- 250 -**

This is for the administrative conferences involving    cadets.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:55 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:     Case

Howdy Jeanae,

       Is this for the investigation or the administrative hearings?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**    Case

Howdy Col. Gardner,

I've been assigned the     case and wanted to reach out and touch base with you regarding your availability. There are     students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | [jeanaed@sco.tamu.edu](mailto:jeanaed@sco.tamu.edu) | [sco.tamu.edu](http://sco.tamu.edu)
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **To:** | Doughty, Jeanae |
| **Subject:** | RE: Case |
| **Date:** | Tuesday, October 10, 2023 2:29:32 PM |

Howdy Ma'am,

       I have read through everything.  Conduct unbecoming a cadet is the only thing I would really be able to charge them with.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 10:04 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Case

This is for the administrative conferences involving    cadets.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:55 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE: Case

Howdy Jeanae,

       Is this for the investigation or the administrative hearings?

V/R

- 253 -

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

---

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**      Case

Howdy Col. Gardner,

I've been assigned the        case and wanted to reach out and touch base with you regarding your availability. There are        students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Howdy,

Ok, thank you! Also, the only rule I could charge the upper for giving the direction is "hazing", which doesn't apply in this case, so I am leaving his charges as is. In looking at our calendars, I wanted to confirm that you are available during the following days/times:

- Monday, October 16th 9:30 am-11:00 am
- Monday, October 16th 2:00 pm-3:30 pm
- Wednesday, October 18th 9:30 am-11:00 am

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 2:30 PM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Case

Howdy Ma'am,

I have read through everything.  Conduct unbecoming a cadet is the only thing I would really be able to charge them with.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 10:04 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      Case

This is for the administrative conferences involving    cadets.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:55 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Case

Howdy Jeanae,

        Is this for the investigation or the administrative hearings?

V/R

<span style="color:maroon">Lt. Col Jeff Gardner '82, USAF (Ret)</span>
<span style="color:maroon">Assistant Commandant for Accountability and Standards</span>
<span style="color:maroon">Military Advisor Parsons Mounted Cavalry</span>
<span style="color:maroon">979-458-9317</span>

---

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**      Case

Howdy Col. Gardner,

I've been assigned the         case and wanted to reach out and touch base with you regarding your availability. There are         students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D
**To:** Doughty, Jeanae
**Subject:** RE:      Case
**Date:** Tuesday, October 10, 2023 2:42:46 PM

Those times should work.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 2:39 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      Case

My apologies. Wednesday, the time is 9:00 am-10:30 am.

**From:** Doughty, Jeanae
**Sent:** Tuesday, October 10, 2023 2:33 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      Case

Howdy,

Ok, thank you! Also, the only rule I could charge the upper for giving the direction is "hazing", which doesn't apply in this case, so I am leaving his charges as is. In looking at our calendars, I wanted to confirm that you are available during the following days/times:

- Monday, October 16th 9:30 am-11:00 am
- Monday, October 16th 2:00 pm-3:30 pm
- Wednesday, October 18th 9:30 am-11:00 am

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 2:30 PM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Case

Howdy Ma'am,

I have read through everything.  Conduct unbecoming a cadet is the only thing I would really be able to charge them with.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Tuesday, October 10, 2023 10:04 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      Case

This is for the administrative conferences involving    cadets.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 10, 2023 9:55 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE:      Case

Howdy Jeanae,

Is this for the investigation or the administrative hearings?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Sent:** Tuesday, October 10, 2023 9:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Case

Howdy Col. Gardner,

I've been assigned the ___ case and wanted to reach out and touch base with you regarding your availability. There are ___ students, which will require multiple meetings. Also, please let me know if you have any questions.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Bell Jr, Douglas |
|---|---|
| **To:** | Doughty, Jeanae |
| **Subject:** | Investigation Assigned |
| **Date:** | Friday, October 20, 2023 10:23:40 AM |
| **Attachments:** | Investigation Report.pdf |

Please see attached investigation report assigned to you.  Please let me know if you have any questions.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **To:** | Doughty, Jeanae |
| **Subject:** | Investigation Assigned |
| **Date:** | Friday, October 20, 2023 10:23:40 AM |
| **Attachments:** | Investigation Report.pdf |

Please see attached investigation report assigned to you.  Please let me know if you have any questions.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| | |
|---|---|
| **From:** | Doughty, Jeanae |
| **To:** | Gardner, Jeffery D |
| **Subject:** | Corps Admin |
| **Date:** | Wednesday, October 25, 2023 2:31:00 PM |
| **Attachments:** | Investigation Report.pdf |

Howdy Col. Gardner,

I've been assigned the                investigation. I am attaching the investigation report for your reference. Please let me know if/when you are available to chat.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Sounds good! I can walk over at 10:15 am.

All the Best,
**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, October 26, 2023 7:17 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE: Corps Admin

Morning Ma'am,

I have some time tomorrow after 1000.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Wednesday, October 25, 2023 2:32 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Corps Admin

Howdy Col. Gardner,

I've been assigned the                investigation. I am attaching the investigation report for your reference. Please let me know if/when you are available to chat.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator

**- 263 -**

Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | Doughty, Jeanae |
|---|---|
| To: | - Student Conduct Office - Student Employee |
| Subject: | FW: Investigation Assigned |
| Date: | Friday, October 27, 2023 9:45:00 AM |
| Attachments: | Investigation Report.pdf |

Hey, can you redact this for us please?

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>

**Sent:** Friday, October 20, 2023 10:24 AM

**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>

**Subject:** Investigation Assigned

Please see attached investigation report assigned to you.  Please let me know if you have any questions.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| From: | - Student Conduct Office - Student Employee |
|---|---|
| To: | Doughty, Jeanae |
| Subject: | RE: Investigation Assigned |
| Date: | Friday, October 27, 2023 10:10:56 AM |
| Attachments: | Investigation Report_Redacted.pdf |

All done.

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Friday, October 27, 2023 9:46 AM
**To:**                     - Student Conduct Office - Student Employee
**Subject:** FW: Investigation Assigned

Hey, can you redact this for us please?

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, October 20, 2023 10:24 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** Investigation Assigned

Please see attached investigation report assigned to you.  Please let me know if you have any questions.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

# Jeanae Doughty

EMAIL: ███████████

---

## EDUCATION

2021            **Master of Organizational Leadership** *(awarded May 7, 2021)*
                Trevecca Nazarene University – Nashville, TN

2013            **Bachelor of Liberal Studies** *(awarded May 12, 2013)*
                The University of Memphis – Memphis, TN
                Major:  Interdisciplinary Studies

## PROFESSIONAL EXPERIENCE

2021 – Present        **Associate Coordinator, Student Conduct Office**
                      **Texas A&M University – College Station, TX**
- Assist in the resolution of student conduct cases and other office initiatives, services, and projects.
- Supervise the Graduate Assistant.
- Administer the student conduct code.
- Serve as an investigator.
- Assist with office assessment.
- Assisting with and coordinating office presentations and trainings.
- Review reports for potential violations of the Student Conduct Code.
- Meet with students, witnesses, advisors, and other supporters to resolve cases.
- Engage in individual developmental and/or educational conversations with students.
- Appropriately refer to university and community resources and services.
- Assign appropriate educational sanctions.
- Serve as panel chair or student conduct administrator as needed.
- Design, implement, and evaluate presentations and workshops to students, faculty, and staff in alignment with office mission.
- Stay current on trends in student conduct and new legislation, state laws, federal requirements, and national standards relating to student conduct.
- Work with supervisor to create and maintain professional development plan, this may include utilizing campus trainings and/or attending professional conferences directly affiliated with job responsibilities.
- Assist in maintaining positive working relationships with office stakeholders, providing information when appropriate, responding promptly to appropriate requests for assistance, and maintaining a professional demeanor.

- Serve as representative on Department, Division and University committees and task forces, at events, and to department stakeholders as assigned.
- Attend and actively engage in Department and Division meetings, trainings, and functions. Other duties as assigned.

2019 – 2021     **Administrative Assistant to the Dean of Student Services & Enrollment Management**
**Mississippi Gulf Coast Community College, Harrison County Campus – Gulfport, MS**

- Assist Dean in daily planning and implementation of Student Services functions.
- Take minutes at all meetings assigned by the Dean.
- Produce letters, reports, and minutes from rough drafts utilizing word processing skills.
- Compose routine correspondence.
- Handle telephone calls in an effective manner.
- Maintain an accurate and complete filing system.
- Compile and maintain data for reports.
- Arrange for college vehicles, transportation, reservations, and lodging requirements.
- Order all departmental printing from District Printing.
- Handle the purchasing of supplies, etc. for the department.
- Complete hiring packages for personnel hired.
- Maintain employee personnel files for all Student Services personnel.
- Maintain timecards for all Student Services personnel and input leave in Banner during specific payroll dates.
- Prepare special contracts and/or contract addendums when required.
- Monitor, process, and reconcile expenditures and revenues.
- Prepare specifications for quotes and bid tabulations.
- Prepare monthly procurement card statements.
- Process check requests, purchase orders, and travel vouchers.
- Verify and maintain departmental budgets for accuracy.
- Maintain inventory for major and minor equipment for the department and stay up to date on inventory procedures.
- Schedule, coordinate, and assist Dean of Student Services with all aspects of conduct hearings.
- Supervise and/or participate in student activities as assigned by administrative staff.
- Supervise student workers and, when assigned, office personnel in lower levels.
- Schedule meetings and coordinate arrangements for refreshments, meals, audiovisual, and other requirements.
- Handle the reservations for rooms under Student Services responsibility.
- Coordinate the Awards Day Program held at the end of the spring semester.

- Coordinate nominations and selection of the Citizenship Award, Campus Hall of Fame, and Who's Who Among Mississippi Gulf Coast Community College programs.
- Participate in the planning and execution of all Student Services functions (orientation, registration, graduation, Bulldog Day, etc.).
- Maintain an effective relationship with college personnel, students and the community.
- Upgrade skill level and performance through employee development.
- Demonstrate exceptional adherence to work schedules and policies as exemplary performance for co-workers and subordinates.
- Perform other duties as assigned by the Dean of Student Services and Campus Vice President.
- Nominated and selected as 1st Quarter "In the Blue" Employee for the Harrison County Campus in March 2021.

2017– 2019      **Teller**
**BancorpSouth – Biloxi, MS**
- Provided basic cash receipt and payment services in accordance with policies and procedures.
- Offered prompt and efficient customer transactions.
- Cashed checks and processing withdrawals.
- Balanced cash drawer daily.
- Completed balanced, weekly reports.
- Maintained confidentiality of bank records and customer information.
- Processed orders for tellers from the vault.
- Prepared incoming and outgoing monetary shipments.

## PROFESSIONAL AFFILIATIONS & AWARDS

Association for Student Conduct Administrators (ASCA), 2021-Present
MGCCC "In the Blue" Staff Award, 3rd Quarter - 2021
Delta Sigma Theta Sorority, Incorporated, 2011-Present



View Submitted Application: TAMU Career
Site: Assistant Coordinator-Student Conduct
Office

10:22 AM
04/08/2024
Page 1 of 3

| Contact Information | |
|---|---|
| | Recruiters can reach out to you about this application using the public contact information from your worker profile below. |
| **Email** | jeanaed@sco.tamu.edu (Work)<br>jeanaed@tamu.edu (Work) |
| **Phone Number** | |

**Experience**

| If you can't find the Company Name, check this box and enter it manually | Yes |
|---|---|
| **Company Name** | Mississippi Gulf Coast Community College, Harrison County Campus |
| **Title** | Administrative Assistant to the Dean of Student Services & Enrollment Management |
| **Location** | Gulfport, MS |
| **Start Date** | |
| **Currently Work Here** | Yes |
| **Responsibilities and Achievements** | ·Assist Dean in daily planning and implementation of Student Services functions.<br>· Take minutes at all meetings assigned by the Dean.<br>· Produce letters, reports, and minutes from rough drafts utilizing word processing skills.<br>· Compose routine correspondence.<br>· Handle telephone calls in an effective manner.<br>· Maintain an accurate and complete filing system.<br>· Compile and maintain data for reports.<br>· Arrange for college vehicles, transportation, reservations, and lodging requirements.<br>· Order all departmental printing from District Printing.<br>· Handle the purchasing of supplies, etc. for the department.<br>· Complete hiring packages for personnel hired.<br>· Maintain employee personnel files for all Student Services personnel.<br>· Maintain time cards for all Student Services personnel and input leave in Banner during specific payroll dates.<br>· Prepare special contracts and/or contract addendums when required.<br>· Monitor, process, and reconcile expenditures and revenues.<br>· Prepare specifications for quotes and bid tabulations.<br>· Prepare monthly procurement card statements.<br>· Process check requests, purchase orders, and travel vouchers.<br>· Verify and maintain departmental budgets for accuracy.<br>· Maintain inventory for major and minor equipment for the department and stay up to date on inventory procedures.<br>· Schedule, coordinate, and assist Dean of Student Services with all aspects of conduct hearings.<br>· Supervise and/or participate in student activities as assigned by administrative staff.<br>· Supervise student workers and, when assigned, office personnel in lower levels.<br>· Schedule meetings and coordinate arrangements for refreshments, meals, audiovisual, and other requirements.<br>· Handle the reservations for rooms under Student Services responsibility.<br>· Coordinate the Awards Day Program held at the end of the spring semester.<br>· Coordinate nominations and selection of the Citizenship Award, Campus Hall of Fame, and Who's Who Among Mississippi Gulf Coast Community College programs.<br>· Participate in the planning and execution of all Student Services functions (orientation, registration, graduation, Bulldog Day, etc.).<br>· Maintain an effective relationship with college personnel, students and the community.<br>· Upgrade skill level and performance through employee development.<br>· Demonstrate exceptional adherence to work schedules and policies as exemplary performance for co-workers and subordinates.<br>· Perform other duties as assigned by the Dean of Student Services and Campus Vice President.<br>· Nominated and selected as 1st Quarter "In the Blue" Employee for the Harrison County Campus in March 2021. |

| If you can't find the Company Name, check this box and enter it manually | Yes |
|---|---|
| **Company Name** | Morton's the Steakhouse |
| **Title** | Hostess/Food Runner |

View Submitted Application: TAMU Career
Site: Assistant Coordinator-Student Conduct
Office

10:22 AM
04/08/2024
Page 2 of 3

| | |
|---|---|
| Location | Biloxi, MS |
| Start Date | |
| End Date | |
| Responsibilities and Achievements | · Greeted and seated all guests.<br>· Enhanced customer experiences by providing personalized service.<br>· Maintained a positive rapport with colleagues and other patrons.<br>· Retrieved and delivered guest entrees and sides.<br>· Assisted bar staff with daily operations. |

| | |
|---|---|
| If you can't find the Company Name, check this box and enter it manually | Yes |
| Company Name | BancorpSouth |
| Title | Teller |
| Location | Biloxi, MS |
| Start Date | |
| End Date | |
| Responsibilities and Achievements | · Provided basic cash receipt and payment services in accordance with policies and procedures.<br>· Offered prompt and efficient customer transactions.<br>· Cashed checks and processing withdrawals.<br>· Balanced cash drawer daily.<br>· Completed balanced, weekly reports.<br>· Maintained confidentiality of bank records and customer information.<br>· Processed orders for tellers from the vault.<br>· Prepared incoming and outgoing monetary shipments. |

| | |
|---|---|
| If you can't find the Company Name, check this box and enter it manually | Yes |
| Company Name | Red Lobster, Inc. |
| Title | Service Professional |
| Location | D'Iberville, MS |
| Start Date | |
| End Date | |
| Responsibilities and Achievements | ·Greeted and seated all VIP Guests.<br>· Enhanced customer experiences by providing personalized service<br>· Maintained a positive rapport with colleagues and other patrons.<br>· Delivered food and drinks.<br>· Managed financial transactions. |

| | |
|---|---|
| If you can't find the Company Name, check this box and enter it manually | Yes |
| Company Name | Harrison County Courthouse |
| Title | Chancery Clerk Assistant |
| Location | Gulfport, MS |
| Start Date | |
| End Date | |
| Responsibilities and Achievements | ·Input data including deed records, liens records, and IRS revenue.<br>· Filed and archived records.<br>· Organized and designed informational displays for individuals considering foreclosures. |

| | |
|---|---|
| Replace the Experience information in my profile with this information | No |

Education

| | |
|---|---|
| **Country** | United States of America |
| **School** | Trevecca Nazarene University |
| **Degree** | Masters |
| **Degree Received** | |
| **Field of Study** | |
| **First Year Attended** | 2019 |
| **Last Year Attended** | 2021 |
| **GPA** | |

| | |
|---|---|
| **Country** | |
| **School** | |
| **Degree** | Bachelors |
| **Degree Received** | |
| **Field of Study** | Interdisciplinary Studies |
| **First Year Attended** | 2007 |
| **Last Year Attended** | 2013 |
| **GPA** | |

| | |
|---|---|
| **Replace the Education information in my profile with this information** | No |

| | |
|---|---|
| Certifications | |
| | none entered |

| | |
|---|---|
| Language | |
| | none entered |

| | |
|---|---|
| Skills | |
| | My experience related to Assistant Coordinator – Student Conduct Office includes: •10 plus years of administrative duties; •Efficient organizational skills, ensuring that all data is complete and accurate upon insertion; •Ability to work effectively with diverse populations; •Experience in purchasing and budget management; •Strong planning, execution, and project management skills; •Experience in coordinating student conduct hearings; •Ability to effectively resolve conflict; •Experience in advising and supervising undergraduate peers and student workers in various organizations; •Ability to develop and maintain effective working relationships with stakeholders and vendors. |
| **Replace the Skills information in my profile with this information** | No |

Resume - JADoughty.doc

| | |
|---|---|
| **File Name** | Resume - JADoughty.doc |
| **Content Type** | application/msword |
| **Updated By** | |
| **Upload Date** | 07/29/2021 09:07:55 AM |
| **Comment** | |

Cover Letter - TA&M - JDoughty.docx

| | |
|---|---|
| **File Name** | Cover Letter - TA&M - JDoughty.docx |
| **Content Type** | application/vnd.openxmlformats-officedocument.wordprocessingml.document |
| **Updated By** | |
| **Upload Date** | 07/29/2021 09:27:46 AM |
| **Comment** | |



**MEMORANDUM**

DATE:           January 30, 2024

TO:             BG Joe E. Ramirez, Jr., USA (Ret.)
                Vice President for Student Affairs

THROUGH:        Dr. Kristen Harrell
                Assistant Vice President for Student Affairs

FROM:           Dr. Douglas Bell
                Director, Student Community Standards

SUBJECT:        Case

_____

                         submitted a statement to the Corps of Cadets when she requested to transfer out of
      and into a different squadron. The statement that            submitted included information concerning multiple
incidents that have taken place within          that led to              request to transfer outfits. Some of the incidents
that occurred include:

- Requiring        to stand on the wall for an extended amount of time (three hours with only one "shake it out"
  where they got to relax).  Multiple        submitted statements mentioning standing at 5 points of attention
  for "very long periods of time."
    - Five points meant their heels, butt, both shoulder blades, and head had to be on the wall.
    - It was stated during the investigation that "only the            had to stand like this."
- Requiring        to make and break their racks repeatedly for over 40 minutes. Upperclassmen repeatedly gave
  the       3-5 minutes to make their racks.  Some statements mentioned that they had to remake their Rack
  for 2 hours during FOW.
- During FOW,        was required to perform Uniform Drills where they were required to change from PT gear
  to bravos, then charlies, then bravos fully wired, back to PT gear in an unreasonable amount of time.
- Making        perform PT when sick or injured.
- Calling the        pathetic/weak/ and other names such as "wags."
- The        were told there would be "hell to pay" if they did not win and capture the flag. Calling        "fucking
  retards" after they lost a game of
- Performing "      Jokes" during outfit meetings where a        gets to tell a joke to an upperclassman to
  attempt to make an upperclassman laugh.  Anyone who laughs has to "wipe it off," which means sticking
  their hand out and counting to three and then smacking themselves in the forehead and wiping their smile
  off their face.

All the cadets within the outfit were charged with alleged violations of Student Rule 24 related to Hazing.
Also, all the        were charged with having knowledge and failing to report due to the bolded portions of
our Hazing rule:

Student Conduct Office
Student Services Building, 3rd Floor, Suite 309
1172 TAMU
College Station, TX 77843

Tel. 979.847.7272
Fax 979.845.6136
sco@tamu.edu
http://studentconduct.tamu.edu/

- 273 -



1. [24.4.5.] Hazing. Any act that endangers the mental or physical health or safety of a student, or that destroys or removes public or private property; and/or assisting, directing, or in any way causing others to participate in

degrading behavior and/or behavior that causes ridicule, humiliation, or embarrassment for the purpose of initiation, admission into, affiliation with, or as a condition for continued membership in a group or organization; or as part of any activity of a recognized student organization, student group, Corps of Cadets, Corps outfit, Corps unit, or Corps Special Activities. Previously relied upon "traditions" (including Corps, fraternity/sorority, or any other group or organization activity, practice or tradition), intent of such acts, or coercion by current or former members or student leaders of such groups, will not suffice as a justifiable reason for participation in such acts**. It is not a defense that the person (or group) against whom the hazing was directed consented to, or acquiesced to, the behavior in question.**

Examples of such behavior include but are not limited to:
- Misuse of authority by virtue of one's class rank or leadership position.
- Striking another student by hand or with any instrument.
- Any form of physical bondage of a student.
- Taking of one or more students to an outlying area and dropping them off.
- Causing a student to violate the law or a University rule such as indecent exposure, trespassing, violation of visitation, etc.
- Any form of "quadding."
- **Having firsthand knowledge of the planning of such activities or firsthand knowledge that an incident of this type has occurred and failing to report it to appropriate University officials (The Vice President for Student Affairs or designee responsible for oversight of the student conduct processes and/or the University Police Department) is also a violation under this section.**

During the investigation, it was mentioned by the Corps Staff that the information that was provided was not a part of the legitimate military training program as defined and approved by the University. Due to the information provided during the investigation, it was requested that all the        provide statements. The        were not charged with Conduct Unbecoming of a Cadet. Cadet        was transferred to        Since she initially reported this information, she was not charged with violating the student rule. All the        were offered the low-level options process, which did not include any Corps sanctions.   If requested, we will hold administrative conferences and talk with the        to gain additional perspective regarding the case and determine if the cadets were in violation of our hazing rule.

Douglas Bell, Ph.D.
Director of Student Community Standards

Student Conduct Office
Student Services Building, 3rd Floor, Suite 309
1172 TAMU
College Station, TX 77843

Tel. 979.847.7272
Fax 979.845.6136
sco@tamu.edu
http://studentconduct.tamu.edu/

- 274 -

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Tuesday, October 24, 2023 4:26 PM |
| **To:** | Winking, Audrey J |
| **Subject:** | FW:    incidents ███████████ |

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 9:35 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Subject:** RE:    incidents ███████████

Sir,

That would be Jason Leible, jleible@corps.tamu.edu

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, October 20, 2023 9:26 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:    incidents ███████████

Howdy,
I think there may be enough here to at least investigate.  We can initiate our investigation into this situation.   Lt. Col. Gardner, can you please provide a support staff name to serve as a Co-Invesitgator.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 8:06 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW:          incidents ███████████████

Doug – I read through these documents in detail this morning.  I am bothered by the conduct of the          in this outfit.  The first document is the one that really stands out (request to transfer).  Before I act here, I'd like your perspectives if there is any form of violation of university hazing standards here.

patrick

**BG Patrick R. Michaelis '93, US Army (Ret.)**
Commandant
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811|
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | **Texas A&M University**

---

**From:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Sent:** Wednesday, October 18, 2023 6:47 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**          incidents ███████████████████

Good Morning Sir,

I finally received the additional info last night regarding Cadet ██████████  Below is the original email from last month but I've also attached the additional document that I received last night as well.  She stated also having an audio file that she sent her mother the night that it happened. She's working on getting that to me. If you have any questions please let me know.

**R/**
**MSgt Chauncy J. Anderson USMC (Ret)**  | Cadet Training Officer II
Office of the Commandant | Division of Student Affairs| Texas A&M University
Lacy| Dorm 6  TAMU | College Station, TX 77843

ph: 979.458.9372 |                           | canderson@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** ████████████████████████████
**Sent:** Tuesday, September 26, 2023 7:45 PM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Meeting 09/28

Good evening Master Sergeant Anderson,

My name is ██████████████████ . I'm a cadet in          and a recent transfer from          I was in the same outfit as ████ ████ when she was in the Corps of Cadets. My time in          , though brief, has been incredibly different than my time

spent in ▮. If you're available this Thursday, ▮ and I would love to meet with you and discuss our experiences and perhaps receive some advice to navigate our new circumstances.

I truly believe that transferring to ▮ was the best choice for me, and I'm truly grateful to ▮ and ▮ for allowing me to find somewhere I am a better fit, however, I also believe that many of my buddies, including ▮ would have remained in the Corps of Cadets had they begun their time in a different outfit or made the transfer as I did. I do not say this lightly, and I truly think that discussing our experience would benefit our buddies who remain in ▮.

I initially typed up a request to transfer outfits that I have attached to this email. As of today, I have also modified it to detail my experience within

Thank you for your time, and please get back to me at your earliest convenience.

Best wishes,

▮

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Winking, Audrey J |
| **Sent:** | Friday, December 22, 2023 12:06 PM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | investigation reports complete |

Both the        and        Event reports have been completed and saved in the shared drive.

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

## Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Tuesday, January 30, 2024 2:35 PM
**To:** Harrell, Kristen
**Subject:** Memo for Gen. Ramirez
**Attachments:** Case Memo -         docx

Please see the attached memo and let me know if you have any questions or feedback.

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Harrell, Kristen |
| **Sent:** | Monday, January 29, 2024 11:00 AM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | Need to follow up |

We'll need to chat about

**Kristen Harrell, PhD** | She, her, hers | Assistant Vice President
Office of the Vice President | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.845.4728 | kristenh@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Monday, November 6, 2023 9:43 AM |
| **To:** | Rydl, Chareny L |
| **Cc:** | Reber, Thomas W; Harrell, Kristen |
| **Subject:** | RE: Cadet Suspension |

To my knowledge, this individual was        suspended from the Corps (only) by CMDT, pending the outcome of an investigation and adjudication process.  We are still investigating

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Rydl, Chareny L <chareny@reslife.tamu.edu>
**Sent:** Monday, November 6, 2023 9:31 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Reber, Thomas W <treber@tamu.edu>; Harrell, Kristen <kristenh@vpsa.tamu.edu>
**Subject:** FW: Cadet Suspension

Well this is a first.  Not sure how if he is       suspended from the Corps how they can allow him to move back.  Not my area so if there is any follow up I will leave it up to you.

Chareny

**From:** Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Sent:** Monday, November 6, 2023 9:23 AM
**To:** Rydl, Chareny L <chareny@reslife.tamu.edu>; McCracken, Kyle R <kyle_mccracken@reslife.tamu.edu>; Krenz, Michael D <mikek@reslife.tamu.edu>
**Subject:** FW: Cadet Suspension

Interesting…that the OOC is allowing a cadet who has been       suspended to remain (move back) to the Quad (in a Corps space) while this issue is being worked thru Student Conduct
Thank you

**Jeff Wilson '84 |** Associate Director
Department of Residence Life | Division of Student Affairs
1258 TAMU | College Station, TX 77843-1258

ph: 979.845.4744 | toll free 888.451.3896 |email:  jeff_wilson@reslife.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front



**From:** Simpson, Meredith M <msimpson@corps.tamu.edu>
**Sent:** Friday, November 3, 2023 2:36 PM
**To:** Barrera, Sylvia <sylvia_barrera@reslife.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>; Meredith Jr, Billy <bmeredith@corps.tamu.edu>; Parker, Chad L <cparker@corps.tamu.edu>
**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Subject:** RE: Cadet Suspension

All,

The CMDT learned this afternoon via parent concern that ███ is living in a study carrell in ████. That was not his intended result of the suspension and subsequent move, and he assured the family that the OOC would take action to remedy the situation.

Rick identified a space in ████████████████ that is vacant.████ will connect with Corps Housing on Monday morning to initiate the next iteration of the move. Rick is standing by with access/keys/████ and the student was notified of the availability of the space/next steps.

Chad, can you please let the CO know to expect to see the student in the hallway on Monday mid-day?
Rick, once the move is complete can you cancel access to his current facility in ████?

Thanks,
mms

**Meredith Simpson**
Office of the Commandant | Corps of Cadets
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811 | msimpson@tamu.edu

Academic Questions: academics@corps.tamu.edu
Corps Virtual Office: tx.ag/corpsacademics
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY**

---

**From:** Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Sent:** Friday, October 20, 2023 1:07 PM
**To:** Fleming, John D <jfleming@corps.tamu.edu>; Barrera, Sylvia <sylvia_barrera@reslife.tamu.edu>
**Cc:** Simpson, Meredith M <msimpson@corps.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Cadet Suspension

All –
We have a temporary space held for this student in ████████. We have notified ████████████ that this student could move today (after 5 pm).

Sylvia & Rick –
Alexis sent you a note on this via Teams as well
Thank you

**Jeff Wilson '84 |** Associate Director
Housing Assignments Office | Department of Residence Life | Division of Student Affairs
1258 TAMU | College Station, TX 77843-0000

ph: 979.845.4744 | toll free 888.451.3896 |email:  jeff_wilson@reslife.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

---

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 1:04 PM
**To:** Barrera, Sylvia <sylvia_barrera@reslife.tamu.edu>
**Cc:** Simpson, Meredith M <msimpson@corps.tamu.edu>; Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Cadet Suspension

Howdy Sylvia,
    I will cc you on an email to a cadet shortly but wanted to first explain what is going on.

    SCO has initiated and investigation into potential violations of student rules in         Based on statements gathered so far a particular cadet has been identified as possibly be the main focus of the investigation.  BG Michaelis has decided to suspend that cadet from the Corps pending the results of the investigations.  This cadet will be instructed to move out of his Corps dorm living space Monday and into another         space, preferably off the quad.  This is similar to the situation involving a number of      cadets          .

    I already called Jeff Wilson and talked through this with him.  Let me know if you have any questions.

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

| | |
|---|---|
| **From:** | Michaelis, Patrick Ralph |
| **Sent:** | Friday, October 20, 2023 12:25 PM |
| **To:** | Bell Jr, Douglas |
| **Cc:** | Gardner, Jeffery D; Simpson, Meredith M |
| **Subject:** | RE:        incidents ███████████████ |

Doug. I've temporarily suspended ████████ from the Corps pending the results of the investigation.  Thanks for your help here and looking forward to a quick turnaround.


patrick

**BG Patrick R. Michaelis '93, US Army (Ret.)**
Commandant
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811|
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | **Texas A&M University**

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, October 20, 2023 9:42 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:        incidents███████████████

I am available to chat until noon.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 9:39 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Re:        incidents ███████████████

Doug - before you move forward, need a quick chat. Are you available for a call this morning?

Patrick R. Michaelis
Brigadier General, USA (ret)
Commandant
Texas A&M Corps of Cadets

Sent from my iPhone

On Oct 20, 2023, at 9:35 AM, Gardner, Jeffery D <jeff_gardner@corps.tamu.edu> wrote:

Sir,

That would be Jason Leible, jleible@corps.tamu.edu

V/R

<span style="color:maroon">Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317</span>

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, October 20, 2023 9:26 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:        incidents ███████████████

Howdy,
I think there may be enough here to at least investigate.  We can initiate our investigation into this situation.   Lt. Col. Gardner, can you please provide a support staff name to serve as a Co-Invesitgator.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 8:06 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW:        incidents ███████████████

Doug – I read through these documents in detail this morning.  I am bothered by the conduct of the        in this outfit.  The first document is the one that really stands out (request to transfer).  Before I act here, I'd like your perspectives if there is any form of violation of university hazing standards here.

patrick

**BG Patrick R. Michaelis '93, US Army (Ret.)**
Commandant
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811|
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | **Texas A&M University**

**From:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Sent:** Wednesday, October 18, 2023 6:47 AM

**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** incidents ██████████████

Good Morning Sir,

I finally received the additional info last night regarding Cadet ████████ Below is the original email from last month but I've also attached the additional document that I received last night as well. She stated also having an audio file that she sent her mother the night that it happened. She's working on getting that to me. If you have any questions please let me know.


**R/**
**MSgt Chauncy J. Anderson USMC (Ret)** | Cadet Training Officer II
Office of the Commandant | Division of Student Affairs| Texas A&M University
Lacy| Dorm 6  TAMU | College Station, TX 77843

ph: 979.458.9372 | mobile:                          | canderson@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** ████████████████████████████████
**Sent:** Tuesday, September 26, 2023 7:45 PM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Meeting 09/28

Good evening Master Sergeant Anderson,

My name is ████████████████. I'm a cadet in         and a recent         from       . I was in the same outfit as ████████ when she was in the Corps of Cadets. My time in      ,            , has been incredibly different than my time spent in        . If you're available this Thursday, ████ and I would love to meet with you and discuss our experiences and perhaps receive some advice to navigate our new circumstances.

I truly believe that transferring to        was the best choice for me, and I'm truly grateful to ████████ and ████████ for allowing me to find somewhere I am a better fit, however, I also believe that many of my buddies, including        would have remained in the Corps of Cadets had they begun their time in a different outfit or made the transfer as I did. I do not say this lightly, and I truly think that discussing our experience would benefit our buddies who remain in        .

I initially typed up a request to transfer outfits that I have attached to this email. As of today, I have also modified it to detail my experience within

Thank you for your time, and please get back to me at your earliest convenience.

Best wishes,

████████

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Friday, January 19, 2024 9:34 AM |
| **To:** | Latham, Skylar; Smith, Asia |
| **Subject:** | RE: |

That is my thought.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Latham, Skylar <skylarl@sco.tamu.edu>
**Sent:** Friday, January 19, 2024 9:33 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Smith, Asia <asias@sco.tamu.edu>
**Subject:** RE:

Should these be the students brought in for administrative conferences?

**Skylar Latham '23** | Assistant Coordinator
Student Conduct Office | Division of Student Affairs
Texas A&M University 1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | skylarl@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**STUDENT CONDUCT OFFICE** | Live By The Aggie Core Values

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, January 19, 2024 9:28 AM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:** FW:

Below are the names of the                who assisted during       .

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, January 19, 2024 9:26 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE:

Sir,

As requested.

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, January 19, 2024 9:04 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Smith, Asia <asias@sco.tamu.edu>
**Subject:**

Howdy Lt. Col. Gardner,
We are reviewing the investigation report for                    , and I wanted to know if you had the list of the
Members for                   who participated/assisted in        .  Thanks in advance.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

Request to Transfer Document Concerning ███████

Objective: Transfer to

Reasons for Transfer: Compatibility with outfit culture, moral alignment, leadership methods, differing priorities.

To be more specific, ████ promotes selfless leadership and actively engages in community service. The outfit is very academic-oriented. ████████ is currently in ████. The outfit promotes honor and hard work and heavily promotes discipline through physical training.

I was personally asked by my superiors to provide constructive criticism for the outfit. The leadership in the outfit is striving to change for the better. The following list details my personal experience and recommendations. These are my personal opinions, but I can honestly say that many are shared by my fellow cadets.

Unfortunately, we have lost ████████ so far, leaving ████ in our buddy class; however, several would have been excellent cadets. I'm writing this because I don't want to lose any more cadets who might punch if things don't change.

My overall observation is that ████████████████ care very much about this outfit. There are a few issues I would like to address:

Chain of command is ineffective:
████████ are not willing or able to answer questions or address concerns. Fire teams are inefficient and squad leaders are nonexistent. ████████ are the ones primarily disciplining us throughout ████ and even now. For example, they are the ones who dictated training in ████. They are intimidating figures who lead with negative reinforcement and degradation. This treatment has led some ████ to punch * Although ████████ is in a position to lead by example, she has allowed ████ to dictate training and often harsh discipline. For example, during ████, ████████ participated in rack drills for most days of ████ often lasting more than two hours. We also had timed uniform drills, in which the ████ had to change back and forth between various uniforms for inspection. It was often very intense and the pressure was excessive. The ████ stood at attention on the wall for increasingly long periods of time past the point where the ████ collapsed from leg cramps, or were shaking and in tears. You're considered weak if you're pushing yourself and your body doesn't comply. Examples include cadets passing out during PT, cadets participating in PT even when excused with doctor's notes, and having a "spew line" for the amount of ████ throwing up, and cadets being called "pathetic" and "weak" before collapsing.

*I can provide specifics for why many ████ quit and which factors were responsible, but it is not my place to type it out on this report.

Communication is lacking:

who were sick or injured were still expected to participate in PT even when excused by medical professionals. In my case, I was unable to attend classes for 3 days. I messaged my team leaders immediately, and received no specific instructions. I was told to still line up with my buddies for the first call even though I was unable to stand properly. My CO found me in the restroom and told me that in the future, I should go to my          doors rather than just text them so that I would be accounted for. The next day, I was still unable to participate in PT or training activities, but was told to still line up with my buddies. I attended formation and all attempts made to make a statement and explain that I was dizzy and ill were met with harsh instructions and demands to shut up. We went back to our dorms and had our room inspection drills until breakfast. I stumbled through helping my buddies clean their holes while fighting nausea. We lined up on the wall, and I was yelled at for looking like I was falling asleep. I made a statement that I was dizzy and concerned about passing out before running to the restroom. When I finally did return to PT, I informed my          that I was able to do calisthenics, but would likely throw up if I ran. I was still expected to run sprints until I was violently puking on the ground and hyperventilating.

Unfortunately, a fellow buddy of mine who was sick had a similar story. She was excused for several days by a doctor, but was told by the upperclassmen that she was still expected to attend PT. She is recovering from a                  injury, and still attempts to do strenuous physical activity to avoid getting yelled at.


Culture:

The culture of this outfit is competitive and intense. There is no positive feedback and expectations are never clear. There is no transparency, and the          are not treated respectfully. Our outfit has had          punch out. The          are overwhelmed and often scared. The          often confuse fear for respect and lead by intimidation instead of example. The          are often told that if we get it together for once, we'll get good bull. When we do get good bull, we aren't allowed to smile or laugh, and we aren't allowed to initiate anything considered fun. They tell us that they push us to make us better and that we're lucky to have them. Our buddy class all encouraged each other to hold on until after          because things would get better. Our          then told us that they had weeded out all the weak ones, and it was only going to get harder. There is no motivation or encouragement. We are belittled and called pathetic if we struggle to keep up. This outfit defines your worth in your PFT scores, and cadets are treated accordingly. You will not be respected if you aren't athletic. In fact, you will likely be the target of belittlement and degradation during PT times if you fall behind. There's no accountability with leadership, and the          do not know who to ask questions to. We were assigned our fire team leaders after three weeks and didn't meet our                  until after two weeks of classes. Personally, I felt that my          were not willing to answer my questions and often took a very long time to reply to messages if they replied at all.


Personal Experience:

In my experience, I've had little to no issues with most of the          . Many of them have been very supportive and inspiring figures to me. I have had little to no contact with most of the

          .

was primarily run by          . Those who were there were often intimidating and harsh disciplinarians. My personal opinion of ▓▓▓▓▓▓ is that he is degrading and unapproachable. He would often say harsh things about us to other          in the hallway. He's angry most of the time and gives off the impression that he would be much happier of a person if he had never met any of us. When he does feel like joking around, he gets angry if we react positively. We often say that he loves good bull and hates other people's joy. In the case of some cadets, his degradation often seemed personal. It is my understanding that          are supposed to be inspiring and supportive figures. I felt neither of those things after being called "a bunch of f****ng retards" after losing a game of          In fact, during field day we were told that          don't lose, and if we lost a game, we would go back to standing at attention on the wall for two hours.

We are often told that the          are rooting for us and want to see us improve. I mentioned to ▓▓▓▓▓▓▓▓ that I felt that some          were rooting for me to quit, and would celebrate if I left because they wouldn't have to deal with me during PT anymore. He assured me that that wasn't the case and that some people just take PT a lot more seriously than others and that I would get better. In the case of ▓▓▓▓▓▓▓, the degradation has often felt personal to me. My buddies often say that outside of training times, he's nice; however, he's never spoken to me outside of harshly pointing out my mistakes or calling me pathetic. In fact, there was a time during          in which there were several of us in the hallway rushing back to our holes hoping we wouldn't have to greet. We were noisier than necessary, and ▓▓▓▓▓▓▓ saw us. I was the only one who got in trouble. He came to my door and told me that it was astounding how I couldn't get the simplest things right, and how shockingly incompetent and pathetic I am. There were six of us in the hallway, and I was the only one who got in trouble. I went to a paired dinner with my          mentor, a buddy of mine, and her mentor. I made a joke about how I was sure that ▓▓▓▓▓▓▓ hated me because I struggled during PT, and both ▓▓▓▓▓▓▓▓▓▓▓▓▓ confirmed that I was probably right.

I had no issues with ▓▓▓▓▓▓ until going to dinner with him, my mentor, and my buddy. That evening, I had previously told ▓▓▓▓▓ that I was considering transferring outfits. He asked me if he could tell ▓▓▓▓▓ so she could talk to me about it. I told him I would be happy to talk to her about it and that he definitely should tell her. I hadn't yet told anyone other than ▓▓ ▓▓▓▓▓▓▓ and I was planning on speaking to my          about it the following day, but for reasons regarding consolidation of rooms, I spoke up sooner than planned. That night, during the          mentor dinner, ▓▓▓▓▓ began to ask me questions. He asked me if it was true that I was planning to transfer outfits. I told him yes, and my buddy with me was very upset.          began to ask me why. I told him that I would be happy to have that conversation with him in another time and place, but I wasn't comfortable talking about it at the moment. He continued pushing me multiple times, and I continued saying that I was uncomfortable. I felt like my privacy had been breached.

I am seriously concerned about the          of one of my buddies. She's had many breakdowns and reached out to the          . She dreads PT for fear of degradation, and she is

understanding but upset that I am leaving because we had previously hoped to be ████. Her concerns are valid, and I worry about how she will cope if things continue how they are.

It is only fair to mention the positives in this outfit.
There are several people who have made my experience in the outfit a positive one. █████ ████████████████████ were both very kind and supportive to my buddies and I who were struggling. ██████████████ have both inspired me to work hard even when I've been upset, frustrated, or tired. ████████ especially has given me invaluable advice and motivation. During PT, the only person who was kind to me when I struggled was ████████ He fell out on runs with me, and instead of belittling me, he encouraged me to try my best and to keep pushing myself. He never made me feel bad, and I was always thankful to have him there with me. Similarly, ████████ helped me calm down when I hyperventilated, and didn't make me feel bad about myself.

In conclusion, I strongly believe that there needs to be a culture change within this outfit. There needs to be accountability because the ████ are struggling, and I would not be surprised if there were more punches. In an outfit where worth is defined by ████ scores, "weak ████" are degraded and belittled. We are never fully unlocked and the ████ are always walking on eggshells and afraid of upsetting the ████. Ultimately, I am requesting immediate transfer to ████ because I anticipate retaliation for my transfer request.

Update as of 09/26/27

I have spent one full week in _____ and I truly believe that I have made the right decision. There is an effective chain of command, and I was immediately placed in a fire team with strict, but helpful _____. My _____ team leader is often hard on me, but in the best possible way. I can tell he cares and wants me to improve, and I only feel motivated to work harder and make him proud. Our _____ leader is very approachable, though I haven't yet needed to ask a question that far up the chain of command. Our _____ are fantastic. They inspire and motivate us to improve.

I've experienced severe _____ in the past during outfit physical training time. This morning, we had our _____ session, and those feelings came flooding back. No one was upset with me. In fact, ██████ pulled me aside to collect myself. He told me it was good that I understood that what I was going through was _____ and that I could work through it because if I couldn't, I wouldn't already be here. One of the _____ told me that while they wanted me to push myself, overexertion was not the goal. Even the _____ motivated me. No one called me weak or pathetic, they all just told me that they knew I had more to give, and I did. I completed an incredibly intense workout, and instead of feeling _____ or dread for the day to come, I felt a sense of accomplishment. I did something difficult and scary, and I got through it. I was never put down or left behind, I was only supported and encouraged to get back up. The training environment is so different from what I was used to, I didn't know how to react at first. Now, I'm just so thankful that I'm here.

The culture here is different too. Everyone cares about each other and lifts each other up. You never give up on yourself, and you never give up on your buddies. I'm still finding my place within this outfit, but everyone has been so kind and welcoming, I have no doubt that this is where I'm meant to be. I know that there will always be hard days, but I also know that in _____ I have people to lean on. My buddies are supporting me, my _____ are pushing me, my _____ are rooting for me, and my _____ are inspiring me. Every day will be another step towards improvement, and someday, I'll be able to inspire that growth in someone else.

# Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Wednesday, January 24, 2024 1:23 PM
**To:** Smith, Asia
**Cc:** Latham, Skylar
**Subject:** RE:     Tentative Charges

Move forward.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Smith, Asia <asias@sco.tamu.edu>
**Sent:** Wednesday, January 24, 2024 1:16 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:** RE:     Tentative Charges

Dr. Bell,

After consultation with Col. Garner and heavy reflection, I believe Skylar is ready to move forward with           charge letters.

Please let us know if you have any thoughts or concerns.

Asia

**Asia Smith M.S.Ed.**  |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, January 19, 2024 9:18 AM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:** RE:     Tentative Charges

After an additional review, this makes sense.  I would do an options process for the           and unnamed upperclassmen.  I am attempting to get the        list from Gardner, so we know exactly who was present at      .

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University

1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Smith, Asia <asias@sco.tamu.edu>
**Sent:** Friday, January 19, 2024 9:15 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Latham, Skylar <skylarl@sco.tamu.edu>
**Subject:**         Tentative Charges

Howdy Dr. Bell,

I wanted to streamline the tentative charges for you for review.


Failure to report
Conduct Unbecoming


Failure to report
Complicity
Conduct Unbecoming a Cadet


Hazing
Failure to report
Complicity
Conduct Unbecoming

As mentioned some of the named upperclassmen were dishonest in their interview with the investigators and, as a result, will also receive "Abuse of the Conduct Process".

**Asia Smith M.S.Ed.**  |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Latham, Skylar |
| **Sent:** | Thursday, January 25, 2024 5:48 PM |
| **To:** | White, Lori J; Trevino, Nelda L.; Gonzalez Guerra, Bernardo; Crumrine, Calleigh; Koch, Aubrey - Student Conduct Office - Student Employee; Doughty, Jeanae; Caldwell III, Danny Wilson; Masroor, Wajiha - Graduate Assistant - Student Conduct Office; Taylor, Japheth J. |
| **Cc:** | Smith, Asia; Bell Jr, Douglas |
| **Subject:** | |

Howdy,

Just finished finalizing          Letters will auto send at 8:30 AM tomorrow morning. There is about      students involved so we may want to make a tablet or two.

Sincerely,

**Skylar Latham '23** | Assistant Coordinator
Student Conduct Office | Division of Student Affairs
Texas A&M University 1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | skylarl@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**STUDENT CONDUCT OFFICE** | Live By The Aggie Core Values

| | |
|---|---|
| **From:** | Smith, Asia |
| **Sent:** | Tuesday, January 9, 2024 4:44 PM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | RE: Investigation Report |

Skylar will be the SCA for this case.

**Asia Smith M.S.Ed.** |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Monday, January 8, 2024 2:32 PM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Subject:** Investigation Report

Howdy,
Please review the attached investigation report and let me know who you would like for me to forward this report to.

**Douglas Bell, Ph.D.** | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

# Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Thursday, January 5, 2023 11:41 AM
**To:** Upshaw-Brown, Jaclyn B
**Subject:** FW: Report

I have put this report within your scans folder.

**Douglas Bell, Ph.D.** | Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, December 23, 2022 11:15 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** Report

The      Investigation Report is complete. The final report and the two audio recordings can be found here:
   \Investigations\Active Investigations\In Progress _


Have a great break!

**Audrey Winking**| Student Affairs Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, September 29, 2023 11:26 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** FW:        Initial Report:

Dr. Bell,

        I just received another incident report.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:**
**Sent:** Friday, September 29, 2023 11:23 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>;

**Cc:** ████████████████████████████████████████████
████████████████████████████
**Subject:**        Initial Report:

Good afternoon, Lt Col Gardner and Cadet ████,

**Who:** ██████████████████████████
**What:** Stolen Property
**Where:** In between
**When:** 1300, Thurs
**Why:**  Cadet ██████ was returning from a mathematics lab class with a non-reg friend, during which

one of his █████ was taken. ████ fraternity students (male) came up from
behind him and took his spur by stepping on his heels and shoving him. Cadet ████ tried to grab
one of the frat students, but he got away with the █████.
The █ fraternity students were ████████████████
██████████████████ Both wore black tennis shoes, no glasses, one with a turquoise shirt other with a
black shirt.

The reasoning for submitting this ███ is to help create a trail of similar cases to hold the fraternities
accountable.


--
Very Respectfully,


████████
Texas A&M University
Corps of Cadets |
P: ███████
E: ████████████

| **From:** | Bell Jr, Douglas |
| **To:** | Winking, Audrey J |
| **Subject:** | FW: |
| **Date:** | Friday, September 29, 2023 9:52:11 AM |

Gardner is suppose to provide some statements. I am not sure who should be a co-investigator.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Harrell, Kristen <kristenh@vpsa.tamu.edu>
**Sent:** Thursday, September 28, 2023 8:14 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW:

**Kristen Harrell, PhD** | She, her, hers | Assistant Vice President
Office of the Vice President | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.845.4728 | kristenh@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Ramirez Jr, Joe E <jramirez@vpsa.tamu.edu>
**Sent:** Thursday, September 28, 2023 4:02 PM
**To:** Hearst, Shante <shearst@stuact.tamu.edu>
**Cc:** ███████████████████████████████████████████
████████████████████████████████████
**Subject:** RE:

**Good on all, Shante. Thanks.**

**I'd like a report on where we are on this incident next week. This is the kind of behavior that leads to physical altercations between our students – something that is never good for anyone.**

**Thanks again for the information.**

*BG Joe E. Ramirez, Jr*
*United States Army (Retired)*
*Vice President for Student Affairs*
*Texas A&M University*

**- 301 -**

**From:** Hearst, Shante <shearst@stuact.tamu.edu>
**Sent:** Thursday, September 28, 2023 12:07 PM
**To:** Ramirez Jr, Joe E <jramirez@vpsa.tamu.edu>
**Cc** ███████████████████████████████████████████████
███████████████████████████████████████
**Subject:** RE:

General Ramirez,

    are recognized as a registered student organization but are not a member of any council. They operate and are viewed more like a          because they are not affiliated with     (where they would be housed if they were affiliated with a council).

I'm happy to provide additional clarification if this wasn't helpful.

**Shanté Hearst**
Fraternity & Sorority Life, Director
Department of Student Activities, Assistant Director
Texas A&M University
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.5636 | shearst@stuact.tamu.edu | studentactivities.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Ramirez Jr, Joe E <jramirez@vpsa.tamu.edu>
**Sent:** Thursday, September 28, 2023 12:01 PM
**To:** Hearst, Shante <shearst@stuact.tamu.edu>
**Cc:** ███████████████████████████████████████████████
███████████████████████████████████████
**Subject:** Re:

So the frat involved is NOT recognized by the university?? Is that what you're telling me??

BG(R) Joe E. Ramirez, Jr
Vice President for Student Affairs
Texas A&M University
Sent from my iPhone

> On Sep 28, 2023, at 11:42 AM, Hearst, Shante <shearst@stuact.tamu.edu> wrote:

> Hello General Ramirez,

**- 302 -**

████ has been in contact with ████████, and shared that ██████████ (outside of our office) is an identified group. It was addressed on Tuesday at the meeting and all chapters were warned to refrain from participating in this behavior. I will continue to keep everyone posted.

**Shanté Hearst**
Fraternity & Sorority Life, Director
Department of Student Activities, Assistant Director
Texas A&M University
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.5636 | shearst@stuact.tamu.edu | studentactivities.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Ramirez Jr, Joe E <jramirez@vpsa.tamu.edu>
**Sent:** Thursday, September 28, 2023 11:30 AM
**To:** Dobiyanski, Victoria E <vdobiyanski@tamu.edu>; Brown, Josh <jhbrown@stuact.tamu.edu>; Hearst, Shante <shearst@stuact.tamu.edu>
**Cc:** ██████████████████████████████████████████████ >
**Subject:** Fwd:

I've asked ██████████ to send me everything he has on this incident, including any names he may have of those who did this, as well any specific fraternities who have been doing it. Once I get that information I want this investigated and dealt with immediately.

More to follow. Will forward the information once I get it.

BG(R) Joe E. Ramirez, Jr
Vice President for Student Affairs
Texas A&M University
Sent from my iPhone

Begin forwarded message:

> **From:** ████████████████████████████████████
> **Date:** September 28, 2023 at 11:22:09 AM CDT
> **To:** "Ramirez Jr, Joe E" <jramirez@vpsa.tamu.edu>
> **Cc:** "Simpson, Meredith M" <msimpson@corps.tamu.edu>
> **Subject: Fwd:**
>
> ████ - I don't know of a single instance where the Corps actively targets Greek life. This is embarrassing.
>
> ████

**- 303 -**

Patrick R. Michaelis
Brigadier General, USA (ret)
Commandant
Texas A&M Corps of Cadets

Sent from my iPhone

Begin forwarded message:

> **From:** "Simpson, Meredith M"
> <msimpson@corps.tamu.edu>
> **Date:** September 28, 2023 at 10:51:50 AM CDT
> **To:** "Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>,
> "Michaelis, Patrick Ralph" <pmichaelis@corps.tamu.edu>
> **Subject: RE:**
>
>
> Sir,
>
> Jeff and I talked this morning and I reached out to
>     /Fraternity and Sorority Life to engage their
> leadership as well. The pledges are being 'tasked' with
> stealing spurs.
>
> V/R,
> mms
>
> **Meredith Simpson**
> Office of the Commandant | Corps of Cadets
> 1227 TAMU | College Station, TX 77843-1227
> ph: 979.458.2829 | msimpson@tamu.edu
>
> Corps Virtual Office: tx.ag/corpsacademics
> - - - - - - - - - - - - - - - - - - - - - - - -
> **TEXAS A&M UNIVERSITY**
>
> ---
>
> **From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Sent:** Thursday, September 28, 2023 10:27 AM
> **To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
> **Cc:** Simpson, Meredith M <msimpson@corps.tamu.edu>
> **Subject:**
>
> Morning Sir,
>
>         Wanted to update you on the            situation.
> So far this week there have been three known instances
> where frat pledges have either attempted to steal or have

**- 304 -**

stolen                 .  I am obtaining statements from the
and              .  I'm still trying to find the female       in the wing
who was surrounded by frat pledges and had her spurs
stomped.  We have the names of two of the frat pledges.
Once I have all the information consolidated, we will move
forward to Student Conduct.  I am available for questions.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, September 29, 2023 10:55 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** Incident report

Good Morning Dr. Bell,

Attached you will find        individual incident reports from Corps            .  In each of these incidents, non-corps students attempted to take items from the cadets.  We would appreciate the Student Conduct Office looking into these events and taking appropriate action.  Please let me know if you have questions or if we can be of assistance.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

Who:

What: Stolen Property

Where: Outside Southside Commons by Bike Racks

When: 1230

Why: _____ was walking with a non-reg friend of his and they were in the middle of a conversation on their way into the commons near the bike rack area. _____ got flat tired by two kids and one grabbed onto his backpack. _____ spun around and was carrying a metal water bottle in his hand so he used it and whacked one of the kids in the ribs but the other with the spurs got away and started running towards the parking lot near the greenhouses in front of the commons. A few other cadets saw what happened and ran to the parking lot. The kid who took the spurs went inside their getaway car and they surrounded the car so they couldn't move. A few minutes later he quickly ran out the side of the car and the cadets chased him around commons by _____ dorm hall. While this was happening a few cadets stayed behind to keep the car from leaving and the University Police Department arrived and surrounded their car. Then, the kid with the spurs ran inside _____. The kid then returned back to the car and a few minutes later he was forced to return the _____ with the help of UPD. UPD asked if _____ wanted to press charges but he declined.


Walking back from class by _____, frat guy on a bike drove by and grabbed bider off of Cadets head. No retaliation from _____. Was reacquired by _____ after the same guy tried to take his. in this occurrence _____ lowered his shoulder, causing the frat to drop both biders and run off.

                   Incident report


In the early afternoon of _____ my roommate and I, _____ were eating in the commons at the tables side by side Infront of the 4 vending machines across from the mail room. I then suddenly heard face paced footsteps behind me when a person took my _____ off the table and proceeded to sprint away. Without hesitation I sprinted after him running through the doors in the back of commons. In full uniform _____ I was chasing this pledge through the commons and down the concrete steps in the back of commons. I then proceeded to subdue him from behind in the street in the back of commons. He then was getting up still refusing to give up my property. I then secured his leg with my upper body. I also felt his leg rear back to kick me. I knew _____ was not far behind. _____ then proceeded to subdue him causing him to be on the ground again. He still would not give up my property. After a few seconds of me and my roommate securing him on the ground he finally gave my property back. His get away truck then left without him. He then walked into the commons. This was an organized event enacted by the pledges who were involved. Me and _____ never used force that could have caused serious or fatal harm to this pledge even though we had the full ability to do so. We were simply reacting to someone who blatantly stole a valuable item from me with the intention of getting that item back and not hurting the pledge.

Incident Report

        In the early afternoon of           my roommate and I were eating a quick snack at the Commons at the tables in front of the vending machines across from the MailRoom when suddenly an individual while sprinting by our table reaches down and grabs something off of our table. Unsure exactly what was happening, I began to sprint after this individual alongside my roommate and after realizing exactly what was taken I turned back to grab the remainder of our property off of the table such as my phone and the rest of our        . When sprinting back out of the door I heard the other people standing outside causing ruckus and after getting to a position where I could see I witnessed this individual standing over my roommate with a deminer of aggression while my roommate was hugging tightly onto one of his legs and holding his head against his thigh which made me realize he was continuing to escalate the situation. My immediate reaction was to subdue the individual in order to deescalate the situation to insure the safety of everyone involved. Referring back to the numerous de escalation training I have participated in at the                    as a          ” I did exactly what I was taught. After a quick scan of the surrounding terrain and analyzing the environment I realized that a takedown would be safe therefore I quickly got the individual onto the ground and stood with one leg in between his two legs bisecting the center of his body with my body turned at a 45 degree angle towards the center of the individual in the ready position for anything that this individual might try to do. I stayed in this position and did not allow him to get up until I felt the situation was completely deescalated and was comfortable with the attitude this individual had due to the fact that I knew he was much bigger than myself and I was unsure of his mission and skillset.  The individuals name is

On Monday,              I was studying at the West Campus Dining facility on the 2nd floor. At approximately 1545, I had my         on the table next to my laptop while I was working on a math assignment. All of a sudden, some kid snatched my spurs and took off running. I was taken by surprise but quickly got up and started chasing him. I ran down the stairs and chased him outside of the building. I sprinted, slowly gaining on him until he ran through the door of the Heep Building. He then proceeded to run into a pole in the middle of a doorway where I was able to catch him. I quickly grabbed him with both arms and held him from getting away. Then, a fellow cadet came to my aid and helped me pry the spurs from his hands. Even being captured by me, he did not want to give up the spurs as we had to forcefully take them from his hands. After I got my spurs back, I let him go without much confrontation. I then ran back to get my stuff from where I was studying before going to class. After class I learned that the kid that attempted to steal my spurs was in my same class but left once he saw me enter. He also did not show up to class on Wednesday. I do not have much information on him except that his name is

# Bell Jr, Douglas

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Tuesday, September 19, 2023 9:10 AM |
| **To:** | Michaelis, Patrick Ralph |
| **Cc:** | Gardner, Jeffery D; Simpson, Meredith M |
| **Subject:** | FW: [Maxient]      College Station - On-Campus Residence Hall |
| **Attachments:** | .pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Please see the incident report I received last week. I sent this information to CREI, and they returned it to SCO. Please conduct your 72-hour review of this information.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ████████████ (via Maxient) <notifications@maxient.com>
**Sent:** Monday, September 11, 2023 4:33 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** [Maxient]     College Station - On-Campus Residence Hall

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
### Background Information
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

Time of incident

Location of incident
**On-Campus Residence Hall**

### Involved Parties
**Corp of cadets,**     , Alleged Offender
████████████       Witness

### Incident Description

1

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

During my time in the ▉▉▉ unit, I witnessed some very hurtful and unproductive "leadership" among the upperclassmen. To give some specifics:

A student who came from ▉▉▉ was talked about behind his back as if he was an outsider. One upperclassman specifically said, "When I get in trouble for hazing that ▉▉▉, I will say I was protecting my country." A group of upperclassmen then laughed as if that was something funny to say. This same student continued to be given a hard time based on ▉▉▉▉▉▉▉▉▉▉ in the way they wanted him to.

▉▉▉▉▉ He would be forced to stand in the hall constantly repeating the same phrase and if he did not get it right he would be sent back into his room, only to then come out 5 minutes later and deal with the same actions. Even being laughed at and shouted at while attempting to do things correctly.

The other ▉▉▉▉ do not have things any easier, the upperclassmen are constantly changing times around on them or calling the ▉▉▉▉ dumb and stupid. In one specific instance, the ▉▉▉▉ were told to have three jokes for their Sunday meeting and when the meeting came they were told every ▉▉▉▉ should have had three individual jokes, that the jokes they did have were horrible, that they were stupid for not coming up with anything in 8 hours. The ▉▉▉▉ are also struggling to get enough sleep because when a meeting is scheduled for just 1 hour it will end up taking 2. They do not feel they have enough time to accomplish their academic homework.

The final inconsistency comes with the ▉▉▉▉ being told to join groups outside of the corps, but then being told they are not allowed to miss too much formation. They then have to quit the groups they joined or pick between the few.

Overall the ▉▉▉ outfit is negatively impeeding the mental health and overall stability of this group of ▉▉▉▉.

**Supporting Documentation**

No additional documents were attached to this report.

**Submitted By**

Your full name

▉▉▉▉▉▉▉

Position/title/student status

▉▉▉▉▉▉▉▉▉▉

Your email address

▉▉▉▉▉▉▉▉▉

Your phone number

▉▉▉▉▉

UIN

▉▉▉▉▉▉

*[UNAUTHENTICATED]*

**Routing Information**

Primary recipient:

**Dr. Douglas Bell (Interim Executive Director, Student Community Standards)**

Copied recipients:

• scrs@studentlife.tamu.edu

Text msg recipients: None

Originating IP address:

Submitted through IR layout #1

Processed by routing rule #167. Routed to Dr. Douglas Bell, Interim Executive Director, Student Community Standards.

**Message sent by Maxient**
**Replies will be sent to the submitter** ▉▉▉▉▉▉▉▉▉▉▉▉.

**Upshaw-Brown, Jaclyn B**

**From:** Upshaw-Brown, Jaclyn B
**Sent:** Tuesday, January 31, 2023 1:40 PM
**To:** Gardner, Jeffery D
**Subject:**

Hi, Jeff,

I've shared         with you through Filex. Passcode is

I'll be the assigned SCA for this one. On first read, I'm seeing some concerns about unauthorized PT. . . there may not be a lot more than that, since the reporting party was contradicted by those whom he says were hazed on most of the incidents. I'll finish reading more thoroughly this afternoon and keep you posted.

Thanks,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**Upshaw-Brown, Jaclyn B**

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Thursday, January 5, 2023 11:41 AM |
| **To:** | Upshaw-Brown, Jaclyn B |
| **Subject:** | FW:      Report |

I have put this report within your scans folder.

**Douglas Bell, Ph.D.** | Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, December 23, 2022 11:15 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:**

The      Investigation Report is complete. The final report and the two audio recordings can be found here:
  \Investigations\Active Investigations\In Progress _

Have a great break!

**Audrey Winking**| Student Affairs Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

# Upshaw-Brown, Jaclyn B

| | |
|---|---|
| **From:** | Upshaw-Brown, Jaclyn B |
| **Sent:** | Tuesday, February 7, 2023 9:13 AM |
| **To:** | Pearce, Jeffrey Scott |
| **Subject:** | FW: |
| **Attachments:** | statements.docx, Night Incident - ███████ (1).pdf; ████ Statement.docx; ████ written report.docx; Incident Report.pdf; - Google Docs.pdf; Statment .pdf; Statement - Google Docs.pdf; Paper.docx; CDT ██████ Personal Statement.docx; ██████ Incident 01_15_23.pdf; FDT Written Statement.docx |

As discussed. Let me know if you run into questions!

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 ljaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 2, 2023 9:08 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:**

Good morning,

Attached are the statements from the members of the ██████ . Let me know if you have questions. Enjoy your day.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

# Upshaw-Brown, Jaclyn B

**From:** Upshaw-Brown, Jaclyn B
**Sent:** Tuesday, January 17, 2023 2:13 PM
**To:** Bell Jr, Douglas
**Cc:** Winking, Audrey J; Gardner, Jeffery D
**Subject:** FW: FW: [Maxient]      College Station - Off Campus     8:00 PM

Good afternoon, Dr. Bell,

Please see below for an incident report and some initial follow-up regarding alleged hazing of         leaders.

I believe these allegations warrant further investigation.

Please let me know if you have any questions.

Thank you,
**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** ██████████   █████████
**Sent:** Tuesday, January 17, 2023 11:56 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Re: FW: [Maxient]     College Station - Off Campus     8:00 PM

Howdy!

I became aware of this information when I asked ████████ why he had the wok in his room, and he explained the details I provided about the situation.

I know it occurred on Sunday night,     at around 6:30pm.

I do not know any names of those who were subjected, all he explained was that they did this to all      members.

Sincerely,
████████

On Tue, Jan 17, 2023 at 11:17 AM Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:

> Howdy, ████
>
>
> Thank you for bringing this matter to the University's attention.

So that we can determine an appropriate path forward in looking into this issue, I wondered if you could answer a few preliminary questions:

- How did you become aware of this information?
- Do you know approximately when this occurred?
- Can you provide names of any of the individuals who were subjected to this behavior?

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** ███████████ (via Maxient) <notifications@maxient.com>
**Sent:** Sunday, January 15, 2023 8:36 PM
**To:** Sellers, Tyler B <tsellers@stuact.tamu.edu>
**Subject:** [Maxient]        College Station - Off Campus        8:00 PM

**This Message Is From an External Sender**
This message came from outside your organization.

Secondary recipient (you were copied)

**Campus Community Incident Report**

2
**- 315 -**

## Background Information

Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident

Time of incident
**8:00 PM**
Location of incident
**Off Campus - Unknown House**

## Involved Parties

▎ () Organization

## Incident Description

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

�train ▆▆▆ **and other** ▆▆▆ **leadership blind folded members and made them get into cars and drove them to a house at an unknown location. They then forced them to consume 12 dozen eggs made from a wok that he keeps in his dorm.**

## Supporting Documentation

**No additional documents were attached to this report.**

## Submitted By

Your full name
▆▆▆▆

Position/title/student status
**Student**
Your email address
▆▆▆▆

Your phone number
▆▆▆▆

UIN
▆▆▆▆

*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:

• Tyler Sellers
• jhbrown@stuact.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189

**Message sent by Maxient**
**Replies will be sent to the submitter**

4

**Upshaw-Brown, Jaclyn B**

| | |
|---|---|
| **From:** | Upshaw-Brown, Jaclyn B |
| **Sent:** | Tuesday, January 24, 2023 5:31 PM |
| **To:** | Bell Jr, Douglas; Winking, Audrey J |
| **Subject:** | FW: Investigations |

Thoughts on this???

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, January 24, 2023 4:27 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Re: Investigations

Thank you. Is there any chance I could go ahead and get statements from the                          to help speed up the process?

V/R

> On Jan 24, 2023, at 4:01 PM, Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:
>
> Sure! I'll Filex them to you. Please use the access codes below.
>
> After reviewing       , I would agree with Jamyia that there's not enough here to support issuing charges. I do have some lingering questions about the references to conversations that the CTO had with the outfit early in the fall semester where ▓▓▓▓▓ was left with the impression that the CTO felt hazing was happening; do you know anything more about that?
>
> Additionally, I wanted to give you an update regarding the timeline for the      investigation. Audrey will be working on it with a representative from the Corps. We would expect interviews to start no earlier than late next week, as she is currently attending the ASCA conference and will be wrapping up a different report early next week.
>
> **Access codes:**
>
>
> Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, January 24, 2023 11:33 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Investigations

Good morning Ma'am,

Just a quick question. Will I be able to review the investigation reports before they are charged out? I believe I can provide some insight and context.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

# Upshaw-Brown, Jaclyn B

**From:** Sellers, Tyler B
**Sent:** Tuesday, January 17, 2023 9:39 AM
**To:** Upshaw-Brown, Jaclyn B
**Cc:** Bell Jr, Douglas; Dobiyanski, Victoria E; Brown, Josh; Moore, Erica
**Subject:** FW: [Maxient]                College Station - Off Campus - 01/15/2023 8:00 PM
**Attachments:**

Howdy Jaclyn,

Please see below and attached for an IR we received related to activities within _____ which may constitute violations of student rules. As this is a Corps unit, I'll have Erica forward you the IR in Maxient so you can determine next steps with Corps staff partners. Let us know regarding any questions or support you may need on our end. Thanks.

-Tyler

**Tyler Sellers** | Assistant Director
SOLAD & Community Expectations and Conduct
Department of Student Activities | Texas A&M University
125 John J. Koldus Building, 1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2953 | tsellers@stuact.tamu.edu | studentactivities.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** ███████████ (via Maxient) <notifications@maxient.com>
**Sent:** Sunday, January 15, 2023 8:36 PM
**To:** Sellers, Tyler B <tsellers@stuact.tamu.edu>
**Subject:** [Maxient]                College Station - Off Campus                8:00 PM

**This Message Is From an External Sender**

This message came from outside your organization.

Secondary recipient (you were copied)

## Campus Community Incident Report
### Background Information
Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident

Time of incident
**8:00 PM**
Location of incident
**Off Campus - Unknown House**

### Involved Parties

() Organization

## Incident Description
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

██████████████████████ **and other** ███████ **blind folded members and made them get into cars and drove them to a house at an unknown location. They then forced them to consume 12 dozen eggs made from a wok that he keeps in his dorm.**

## Supporting Documentation
**No additional documents were attached to this report.**

## Submitted By
Your full name

████████████

Position/title/student status
**Student**
Your email address

████████████

Your phone number

████████

UIN

████████

## Routing Information
Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:
• Tyler Sellers
• jhbrown@stuact.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Wednesday, March 1, 2023 10:32 AM |
| **To:** | Upshaw-Brown, Jaclyn B |
| **Subject:** | Fwd: OCJ |
| **Attachments:** | OCJ-     .pdf |

Sorry for the delay

Douglas Bell

Please excuse any typo, message sent from I-Phone

Begin forwarded message:

> **From:** "Berry, Carrie M" <cberry@vpsa.tamu.edu>
> **Date:** February 22, 2023 at 4:27:37 PM CST
> **To:** "Bell Jr, Douglas" <douglasb@vpsa.tamu.edu>
> **Subject: RE: OCJ**
>
>
> Thanks,
> Carrie
>
> **From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
> **Sent:** Wednesday, February 22, 2023 4:04 PM
> **To:** Berry, Carrie M <cberry@vpsa.tamu.edu>
> **Subject:** RE: OCJ
> Good Afternoon. Nothing is attached. You can just scan the memo.
> **Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
>
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.
> **From:** Berry, Carrie M <cberry@vpsa.tamu.edu>
> **Sent:** Wednesday, February 22, 2023 3:57 PM
> **To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
> **Subject:** OCJ
> Doug-
> Off campus incident for                     memo attached.
> Do you want me to just scan the memo in the future or do you need the
> attachments as well?
> Carri
> **Carrie Berry |** Sr. Administrative Coordinator
> Office of the Vice President for Student Affairs | Texas A&M University

1256 TAMU | College Station, TX 77843-1256
ph: 979.845.4728 | c-berry@tamu.edu

- - - - - - - - - - - - - - - - - - - - - - -

**TEXAS A&M UNIVERSITY**

## Upshaw-Brown, Jaclyn B

**From:**     Upshaw-Brown, Jaclyn B
**Sent:**     Friday, January 6, 2023 1:43 PM
**To:**       Winking, Audrey J; Barrett, Jamyia C; Doughty, Jeanae
**Cc:**        Bell Jr, Douglas
**Subject:**  Investigations

Hi, all!

After looking at the two bigger investigations that have recently come in, here is what I'm thinking in terms of assignments:

- : Jeanae and Jaclyn to team up as SCAs.
-               Jamyia and Audrey to team up as SCAs
  - o   Note: We are still uncertain whether more information relevant to this org/investigation is forthcoming from the individual who contacted OFSL shortly before the break. I've checked in with CREI to see if they've heard from      OFSL has provided contact information so I can follow up with      if not. But I figured y'all could at least start reading, making your list of who might be charged and what type of process, drafting charges, etc. while we figure that out.

Each investigation came with some video/audio files; I've put those into the main Scans→Investigations folder for now.

Please let me know if you have any questions.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

| | |
|---|---|
| Nature | **College Station** |
| Urgency | **Recognized Student Organization** |
| Incident Date and Time | **8:00 PM** |
| Incident Location | |

Reported by
Name:
Title:
Email: ████████████████████
Phone: ████████████
Address: ████████████
**[UNAUTHENTICATED]**

Involved Parties

Organization

Incident Description
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

████████████████████████ **and other** █████████████ **blind folded team members and made them get into cars and drove them to a house at an unknown location. They then forced them to consume 12 dozen eggs made from a wok that he keeps in his dorm.**

*Pending*
*Submitted from* ██████████████ *and routed to Erica Moore (Administrative Coordinator, Department of Student Activities). Processed by routing rule #189.*
*Copies to: tsellers@stuact.tamu.edu,jhbrown@stuact.tamu.edu*

- 325 -



# Upshaw-Brown, Jaclyn B

| | |
|---|---|
| **From:** | Upshaw-Brown, Jaclyn B |
| **Sent:** | Tuesday, February 21, 2023 11:32 AM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | OCJ request |
| **Attachments:** | OCJ request.pdf |

Hi, Doug,

Please see the attached request for OCJ and let me know if you have any questions.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

DIVISION OF STUDENT AFFAIRS
OFFICES OF THE DEAN OF STUDENT LIFE



**MEMORANDUM**

DATE:          February 17, 2023

TO:            BG Joe E. Ramirez, Jr., USA (Ret.)
               Interim Vice President for Student Affairs

THROUGH:       Dr. Douglas Bell
               Executive Director, Student Community Standards

FROM:          Jaclyn Upshaw-Brown *Jaclyn Upshaw Brown*
               Interim Director, Student Conduct Office

SUBJECT:       Disciplinary Action for an Off-Campus Incident

---

On                  the Assistant Commandant for Discipline submitted to the Student Conduct Office a series of statements from current and former                      regarding an incident on            . According to the statements,                  and              were instructed to report to Hensel Park and bring their Corps beanies. Once at the park, they were met by          who told them to pull their beanies down over their eyes and then drove them to a location that was undisclosed to the                 at the time (the home of a                    and          TAMU student). At the home, the                   were informed they would each be expected to eat a 12-egg omelet, competing for the fastest time. Some                  reported hearing comments that suggested failing to finish would result in negative consequences, though it does not seem they were explicitly told what those ramifications would be. Several statements reflect that two or three of the                     felt ill and/or vomited as a result of eating the omelets. Finally, one report indicates that one of the upperclassmen consumed alcohol while                  during the event.

Given this conduct occurred off campus and in order to address the totality of the situation, I recommend that the University be granted permission to further investigate and, if necessary, issue disciplinary charges. In accordance with University Student Rules 24.3, disciplinary action for an off-campus offense will be taken only when, in the judgment of the Vice President for Student Affairs, action is warranted.

Attached to this request memo is the packet of statements.

Approved/~~Disapproved~~

BG Joe E. Ramirez, Jr., USA (Ret.)                    2/22/2023
Vice President for Student Affairs                    Date

ENCL:   FDT statements

Student Conduct Office
Student Services Building, Suite 309
1257 TAMU
College Station, TX 77843-1257

Tel. 979.847.7272   Fax 979.845.6136
scrs@tamu.edu
http://studentlife.tamu.edu/sco

- 328 -

**Upshaw-Brown, Jaclyn B**

| | |
|---|---|
| **From:** | ███████████████████████████████ |
| **Sent:** | Wednesday, January 18, 2023 12:46 PM |
| **To:** | Upshaw-Brown, Jaclyn B |
| **Subject:** | Re: FW: [Maxient]　　　　College Station - Off Campus　　　　8:00 PM |

Thank you. I appreciate your concerns, and for letting me know quickly.

On Tue, Jan 17, 2023 at 2:52 PM Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:

> Thank you, ████ You may be hearing from our investigations team in the coming weeks; please be on the lookout for communication from them via email.
>
> **Jaclyn Upshaw-Brown** | Assistant Director
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1172 TAMU | College Station, TX 77843-1172
>
> ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** ███████████████████████████████████
**Sent:** Tuesday, January 17, 2023 11:56 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Re: FW: [Maxient]　　　　College Station - Off Campus　　　　8:00 PM

Howdy!

I became aware of this information when I asked ████████████ why he had the wok in his room, and he explained the details I provided about the situation.

I know it occurred on Sunday night,　　　at around 6:30pm.

I do not know any names of those who were subjected, all he explained was that they did this to all
　　　　　members.

Sincerely,

███████████████

On Tue, Jan 17, 2023 at 11:17 AM Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:

> Howdy, ████
>
> Thank you for bringing this matter to the University's attention.
>
> So that we can determine an appropriate path forward in looking into this issue, I wondered if you could answer a few preliminary questions:
>
> - How did you become aware of this information?

- Do you know approximately when this occurred?
- Can you provide names of any of the individuals who were subjected to this behavior?

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** ▮▮▮▮▮▮▮ (via Maxient) <notifications@maxient.com>
**Sent:** Sunday, January 15, 2023 8:36 PM
**To:** Sellers, Tyler B <tsellers@stuact.tamu.edu>
**Subject:** [Maxient]          College Station - Off Campus          8:00 PM

**This Message Is From an External Sender**

This message came from outside your organization.

Secondary recipient (you were copied)

## Campus Community Incident Report

## Background Information

Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident

Time of incident
**8:00 PM**
Location of incident
**Off Campus - Unknown House**

## Involved Parties

▮ () Organization

## Incident Description

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words,

phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and other ▓▓▓▓▓▓▓ blind folded ▓▓▓▓▓▓▓ members and made them get into cars and drove them to a house at an unknown location. They then forced them to consume 12 dozen eggs made from a wok that he keeps in his dorm.

## Supporting Documentation

No additional documents were attached to this report.

## Submitted By

Your full name
▓▓▓▓▓▓▓▓▓▓

Position/title/student status
**Student**
Your email address
▓▓▓▓▓▓▓▓▓▓▓▓

Your phone number
▓▓▓▓▓▓

UIN
▓▓▓▓▓▓

*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:
• Tyler Sellers
• jhbrown@stuact.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189

**Message sent by Maxient**
**Replies will be sent to the submitter** ▓▓▓▓▓▓▓▓▓

3

## Upshaw-Brown, Jaclyn B

**From:** Doughty, Jeanae
**Sent:** Tuesday, January 17, 2023 8:20 AM
**To:** Upshaw-Brown, Jaclyn B
**Subject:** RE: Investigation Report

Oops! Sorry about that. Will do! Thanks!

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Tuesday, January 17, 2023 8:18 AM
**To:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Subject:** RE: Investigation Report

Hi, Jeanae,

There's no attachment here. Also, Dr. Bell should be the one to receive completed investigation reports!

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** Doughty, Jeanae <jeanaed@sco.tamu.edu>
**Sent:** Friday, January 13, 2023 5:40 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Investigation Report

Hey Jaclyn,

I am attaching the Investigation Report for                    Please let me know if you have any questions. Have a great
weekend 😊

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jeanaed@sco.tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

| **From:** | Gardner, Jeffery D |
|---|---|
| **Sent:** | Wednesday, January 25, 2023 12:48 PM |
| **To:** | Upshaw-Brown, Jaclyn B |
| **Subject:** | Re: Investigations |

Very well. Thank you.

> On Jan 25, 2023, at 12:34 PM, Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:

> If it were me, I would probably try something like:
> "There has been a report regarding an alleged hazing event that occurred around         involving upperclassmen requiring                 to eat a large quantity of eggs. The Student Conduct Office will be investigating this allegation. In order to expedite and streamline that process, and in accordance with the expectation to report hazing within the Student Conduct Code, anyone who has information about this incident is asked to submit a written statement detailing their knowledge of what occurred."
> Of course, you are welcome to wordsmith so that it makes sense to you/them.
> Jaclyn
> **Jaclyn Upshaw-Brown** | Assistant Director
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1172 TAMU | College Station, TX 77843-1172
> ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

> **From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Sent:** Wednesday, January 25, 2023 12:26 PM
> **To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
> **Subject:** RE: Investigations
> Very well. How would you recommend I ask?
> Lt. Col Jeff Gardner '82, USAF (Ret)
> Assistant Commandant for Discipline
> Military Advisor Parsons Mounted Cavalry
> 979-458-9317

> **From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
> **Sent:** Wednesday, January 25, 2023 12:23 PM
> **To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Subject:** RE: Investigations
> If you want to request written statements from the students who may have additional information, that may help guide the investigation process. The framing of that request will be important, in that it truly needs to be a request and not a situation where we are seen as coercing or threatening students.
> **Jaclyn Upshaw-Brown** | Assistant Director
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1172 TAMU | College Station, TX 77843-1172
> ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, January 24, 2023 4:27 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Re: Investigations
Thank you. Is there any chance I could go ahead and get statements from the                              to help speed up the process?
V/R

> On Jan 24, 2023, at 4:01 PM, Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:

> Sure! I'll Filex them to you. Please use the access codes below.
> After reviewing      I would agree with Jamyia that there's not enough here to support issuing charges. I do have some lingering questions about the references to conversations that the CTO had with the outfit early in the      semester where ████ was left with the impression that the CTO felt hazing was happening; do you know anything more about that?
> Additionally, I wanted to give you an update regarding the timeline for the investigation. Audrey will be working on it with a representative from the Corps. We would expect interviews to start no earlier than late next week, as she is currently attending the ASCA conference and will be wrapping up a different report early next week.
> **Access codes:**
>
>
> Jaclyn
> **Jaclyn Upshaw-Brown** | Assistant Director
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1172 TAMU | College Station, TX 77843-1172
> ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, January 24, 2023 11:33 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Investigations
Good morning Ma'am,
Just a quick question. Will I be able to review the investigation reports before they are charged out? I believe I can provide some insight and context.
V/R
Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**Upshaw-Brown, Jaclyn B**

| | |
|---|---|
| **From:** | Upshaw-Brown, Jaclyn B |
| **Sent:** | Wednesday, January 25, 2023 4:50 PM |
| **To:** | Gardner, Jeffery D |
| **Cc:** | Bell Jr, Douglas |
| **Subject:** | Re: Investigations |

Okay. Bases on what we have, there's not enough information to support issuing Student Conduct charges to a specific individual at this time; the specific actions discussed in the interviews that might have been chargeable could not be attributed to a particular person. Please let me know if you learn anything else that might change that decision.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Student Affairs Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 |jaclynu@studentlife.tamu.edu| studentlife.tamu.edu/sco
– – – – – – – – – – – – – – – – – – – – – – –
**OFFICES OF THE DEAN OF STUDENT LIFE** | Supporting [YOU]

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, January 25, 2023 4:44 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Re: Investigations
I do not. However,       leadership, CTO, the cadets in question and I are going to have a nice discussion.

V/R

> On Jan 25, 2023, at 4:17 PM, Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu> wrote:
>
> Thank you! Did you have any additional context regarding the       conversations referenced below?
> **Jaclyn Upshaw-Brown** | Assistant Director
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1172 TAMU | College Station, TX 77843-1172
> ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu
>
> **From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Sent:** Wednesday, January 25, 2023 2:58 PM
> **To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
> **Subject:** RE: Investigations
> Howdy Ma'am,

1

I spent an enjoyable and educational afternoon reading the two reports you provided. I'm available to discuss should my input be needed.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Tuesday, January 24, 2023 4:02 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Investigations

Sure! I'll Filex them to you. Please use the access codes below.

After reviewing        I would agree with Jamyia that there's not enough here to support issuing charges. I do have some lingering questions about the references to conversations that the CTO had with the outfit early in the       semester where ▮▮▮▮▮ was left with the impression that the CTO felt hazing was happening; do you know anything more about that?

Additionally, I wanted to give you an update regarding the timeline for the       investigation. Audrey will be working on it with a representative from the Corps. We would expect interviews to start no earlier than late next week, as she is currently attending the ASCA conference and will be wrapping up a different report early next week.

**Access codes:**


Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172
ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, January 24, 2023 11:33 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** Investigations

Good morning Ma'am,

Just a quick question. Will I be able to review the investigation reports before they are charged out? I believe I can provide some insight and context.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**Upshaw-Brown, Jaclyn B**
_____

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **Sent:** | Friday, April 28, 2023 11:48 AM |
| **To:** | Bell Jr, Douglas |
| **Cc:** | Upshaw-Brown, Jaclyn B; Winking, Audrey J; Anderson, Chauncy Jovan |
| **Subject:** | Re: [Maxient]       College Station - On-Campus Grounds |

Msg t Anderson is your man. He is copied on this email.

V/R

> On Apr 28, 2023, at 9:36 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
>
> Thank you for this information.
>
> Lt.Col Gardner, can you assist in identifying a CTO to assist with this investigation.  Thank you in  advance.
>
> **Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
>
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Friday, April 28, 2023 9:35 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: [Maxient]       College Station - On-Campus Grounds

Good morning, Dr. Bell and Audrey,

Based on the information in the initial report, I would recommend that we initiate an investigation to speak with the individuals LtCol Gardner has identified below about their experiences running for


We have confirmed that surveillance footage from        is not likely to be available due to the amount of time that has passed.

Please let me know if you have any questions.

Thank you,
**Jaclyn Upshaw-Brown**  | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Wednesday, April 26, 2023 10:29 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** FW: [Maxient]      College Station - On-Campus Grounds    2

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, April 26, 2023 8:47 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]      College Station - On-Campus Grounds

These are the names I was given:

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Thursday, April 20, 2023 3:12 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Upshaw-Brown, Jaclyn B
<jaclynu@sco.tamu.edu>
**Subject:** RE: [Maxient]      College Station - On-Campus Grounds

Thank you for your assessment of the information provided. We would still like to do our due diligence
to ensure everything is above board and not assume any details within this incident report. So again, do
you know how we would go about figuring out who would have been in the pool of candidates for
      Thank you for this information.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University

1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, April 20, 2023 2:55 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** RE: [Maxient]          College Station - On-Campus Grounds

So I've ask a few questions about this process.  Here are my thoughts:

Lt. Col Jeff Gardner '82, USAF (Ret)

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Thursday, April 20, 2023 11:47 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Winking, Audrey J <audrey_winking@sco.tamu.edu>; Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** FW: [Maxient] ⬛ College Station - On-Campus Grounds

Hi, Jeff,

We received the IR below involving allegations of hazing among the current and prospective
After discussing it, we feel we need to do our due diligence in looking into it.

Do you know how we would best go about figuring out who would have been in this
for ⬛ ' We'll also be checking to see if security footage from ⬛ is available (although we
suspect it may not have been retained this long, since the alleged incident in ⬛ occurred several
months ago).

Thank you,
Jaclyn

**From:** Maxient System <notifications@maxient.com>
**Sent:** Sunday, April 16, 2023 6:39 PM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:** [Maxient] ⬛ College Station - On-Campus Grounds

**This Message Is From an External Sender**
This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

Time of incident

Location of incident
**On-Campus Grounds**

**Involved Parties**
⬛ () Alleged Offender
⬛ () Alleged Offender
⬛ () Alleged Offender
⬛ () Alleged Offender

4
**- 340 -**

## Incident Description

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

## Supporting Documentation

**No additional documents were attached to this report.**

## Submitted By

Your full name

Position/title/student status

Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
  • scrs@studentlife.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**The reporter did not provide an email address. REPLIES WILL NOT REACH ANYONE.**

Audrey,

I have completed the Investigation final report. It is labeled *Investigation – Final* and located V:\Working Groups\DSA Investigators\ Investigation\REPORT PREP\Final Report.

Please let me know if you need anything else.

Tia

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

| From: | Crawford, Dr. Tia |
|---|---|
| To: | Winking, Audrey J; Brummett, Kevin L |
| Subject: | RE: Investigation |
| Date: | Friday, September 22, 2023 12:49:25 PM |

Thank you, Audrey!

Howdy Kevin! I look forward to working with you.

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 22, 2023 12:27 PM
**To:** Brummett, Kevin L <kbrummett@corps.tamu.edu>; Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** Investigation

Good afternoon,

I wanted to introduce you two, as you will be working together on the          investigation.  Tia has graciously agreed to help me out during this busy time by taking the lead on this investigation.  I will do my best to assist you all throughout the process if anything comes up that you need help with!

Thanks so much for your help with this investigation!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

No worries at all, just wanted to check back in!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Sent:** Friday, October 6, 2023 2:28 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: investigation

Audrey,

My deepest apologies as I was tasked with a last-minute project and got swamped. I will get this completed and sent to you ASAP!!!

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, October 6, 2023 1:15 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** RE: investigation

Hey Tia,

Just wanted to check in to see how things were going with the report? Is there anything I can do to help you?

Thanks!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

**- 345 -**

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Sent:** Thursday, September 28, 2023 4:31 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: investigation

Hi Audrey,

No worries. I've been in and out of meetings all day as well. Thanks again for helping us troubleshoot the technology. I will know moving forward how to do it. But the last two interviews went well. We do not believe we need to have additional interviews. The two that we interviewed have until tomorrow to send additional information. Both indicated that they might actually send something. So, we will see.

I have blocked a couple of hours on tomorrow to knock out the report for it. The only thing I may need is to have you look at the report to make sure I have done it correctly.

Tia

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Thursday, September 28, 2023 4:18 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** investigation

Hey Tia,

Sorry for not checking in sooner, it's been a crazy week!  But I wanted to see how interviews went for the     investigation and if you need anything from me moving forward?

Best,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

Good deal! Thank you!

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 22, 2023 3:29 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** RE: Shared Folder Access

I think just you two is fine!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Sent:** Friday, September 22, 2023 1:32 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: Shared Folder Access

One more question, should I copy you on the communication? Or just Kevin & me?

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu | stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 22, 2023 1:26 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** RE: Shared Folder Access

Yes!  I reserved            (the other panel room, not the one we were in this morning) for all of those times!

For the students' interview notices, you'll just put "X date at X time in the Student Services Building,           " (not the exact room) so they just check in and then our student worker will let you know when they check in.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Sent:** Friday, September 22, 2023 1:14 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: Shared Folder Access

Audrey,

Are there rooms available for the following:

Monday, Sept. 25th, 9am – 10am – Investigator Touch Base
Tuesday, Sept. 26th, 9am-10am – Conduct Meeting
Wednesday, Sept. 27th, 9:30am-10:30am – Conduct Meeting
Wednesday, Sept. 27th, 10:30am-11:30am – Conduct meeting

Tia

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 22, 2023 12:46 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** RE: Shared Folder Access

I created a document called "Notes Formatting Directions" in the DSA Investigators Drive.  Hopefully it makes sense, but I tried to make a step by step for how to format the notes pages after the

interview so that the student can review and sign them.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Winking, Audrey J
**Sent:** Friday, September 22, 2023 12:28 PM
**To:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Subject:** RE: Shared Folder Access

Wonderful!  I am working on adding documents to the folder in that drive now.

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Crawford, Dr. Tia <tcrawford@stuact.tamu.edu>
**Sent:** Friday, September 22, 2023 10:54 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Shared Folder Access

Audrey,

I found the DSA Investigators Folder and I do have access.

Thank you,
Tia

**Tia Crawford, Ph.D.** | Assistant Director
Department of Student Activities| Division of Student Affairs
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.2514| dr.tia@tamu.edu| stuact.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Monday, December 11, 2023 12:24 PM |
| **To:** | Harrell, Kristen |
| **Subject:** | Memo |
| **Attachments:** | Case Memo -        .docx |

Please let me know if you need any additional information.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.



**MEMORANDUM**

DATE:          April 12, 2024

TO:            BG Joe E. Ramirez, Jr., USA (Ret.)
               Vice President for Student Affairs

THROUGH:       Dr. Kristen Harrell
               Assistant Vice President for Student Affairs

FROM:          Dr. Douglas Bell
               Director, Student Community Standards

SUBJECT:       Case
_____

Several reports were submitted by cadets who had their            taken by alleged fraternity members. Only three of the alleged fraternity members were identified, so they were interviewed. Each of them are members of different fraternities. There was also an incident where the Student Conduct Office was unable to identify the alleged violators.

During the Student Conduct Office investigation, it was discovered that members of the Corps chased an individual in an effort to retrieve the            . One of the alleged students who took the            has a class with one of the members from the Corps.  Through our investigation, it is alleged that the alleged thief had to skip class because there were "like 20 people waiting" for him at his class, which is why there was an additional complicity charge.

During the Student Conduct Office Investigation, it was discovered that when one of the alleged thieves ran with the            , members of the Corps gave chase and "subdued him from behind."  Another member from the Corps "secured the individual's leg with his upper body."  When the alleged thief complied and gave the spurs back, a Corp member "straddled him," and when he tried to get up after no longer being in possession of the Spur, the Corp member "pushed him back down and said, 'get up pussy'.  As the alleged thief walked away, the members of the Corps kept taunting him.  The alleged thief had his phone shattered when he was tackled to the ground and had multiple bruises and scrapes.

The decision to charge both the alleged thieves and the members of the Corp of Cadets stemmed from the information that was collected during the interview process.  The Assistant Commandant for Discipline was involved with the Corps administrative hearing and did not provide any resistance regarding the charges or sanctions.



Charge
- Theft
  - Accepted Responsibility

Sanction
- Conduct Review through
- Ethics and Decision-Making Workshop



Charge
- Theft
  - Accepted Responsibility

Sanction
- Conduct Review through
- Ethics and Decision-Making Workshop

Charge
- Theft
  - Accepted Responsibility

Sanction
- Conduct Review Through
- Ethics and Decision-Making Workshop

(Co Adjudicated with Lt. Col. Gardner)

Charges
- Physical Abuse
  - Accepted Responsibility
- Harassment
  - Not Responsible
- Complicity
  - Accepted Responsibility
- Corps – Conduct Unbecoming a Cadet
  - Accepted Responsibility

Sanctions
- Conduct Review through                (Case Heard November 28th)
- Corps Review
- Ethics and Decision-Making Workshop

(Co Adjudicated with Lt. Col. Gardner)

Charges
- Physical Abuse
  - Found Responsible
- Damages
  - Not Responsible
- Corps-Conduct Unbecoming a Cadet
  - Found Responsible

Sanctions
- Conduct Review through
- Corps Conduct Review
- Ethics and Decision-Making Workshop

(Co Adjudicated with Lt. Col. Gardner)

Charges



- Physical Abuse
  - Found Responsible
- Damages
  - Not Responsible
- Corps-Conduct Unbecoming a Cadet
  - Found Responsible

Sanctions
- Conduct Review through
- Corps Conduct Review
- Ethics and Decision-Making Workshop


Charges
- Physical Abuse
  - Not Responsible
- Corps-Conduct Unbecoming a Cadet
  - Not Responsible


In closing, all of the respondents who were alleged to have stolen the          expressed remorse and thought that this was a standing tradition.  All of the alleged thieves demonstrated some level of reflection prior to their administrative conference.


Douglas Bell, Ph.D.
Director of Student Community Standards

| **From:** | Bell Jr, Douglas |
| **Sent:** | Tuesday, February 21, 2023 11:59 AM |
| **To:** | Ramirez Jr, Joe E |
| **Cc:** | Smith, Cindy M; Barrett, Sandra; Harrell, Kristen |
| **Subject:** | FW: OCJ request |
| **Attachments:** | OCJ request.pdf |

Howdy BG Ramirez,
Please see attached OCJ. Please let me know if you have any additional questions.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Sent:** Tuesday, February 21, 2023 11:32 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** OCJ request

Hi, Doug,

Please see the attached request for OCJ and let me know if you have any questions.

Thank you,
Jaclyn

**Jaclyn Upshaw-Brown** | Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | jaclynu@sco.tamu.edu |sco.tamu.edu



**MEMORANDUM**

DATE:          February 17, 2023

TO:            BG Joe E. Ramirez, Jr., USA (Ret.)
               Interim Vice President for Student Affairs

THROUGH:       Dr. Douglas Bell
               Executive Director, Student Community Standards

FROM:          Jaclyn Upshaw-Brown
               Interim Director, Student Conduct Office

SUBJECT:       Disciplinary Action for an Off-Campus Incident

―――――――――――――――――――――――――――――――――――――――――――――――――――――――――――――――

On February 2, 2023, the Assistant Commandant for Discipline submitted to the Student Conduct Office a series of statements from current and former                              regarding an incident on            . According to the statements,                   and            were instructed to report to Hensel Park and bring their Corps beanies. Once at the park, they were met by         , who told them to pull their beanies down over their eyes and then drove them to a location that was undisclosed to the                at the time (the home of a               advisor and         TAMU student). At the home, the             were informed they would each be expected to eat a 12-egg omelet, competing for the fastest time. Some                reported hearing comments that suggested failing to finish would result in negative consequences, though it does not seem they were explicitly told what those ramifications would be. Several statements reflect that two or three of the                 felt ill and/or vomited as a result of eating the omelets. Finally, one report indicates that one of the upperclassmen consumed alcohol while                    during the event.

Given this conduct occurred off campus and in order to address the totality of the situation, I recommend that the University be granted permission to further investigate and, if necessary, issue disciplinary charges. In accordance with University Student Rules 24.3, disciplinary action for an off-campus offense will be taken only when, in the judgment of the Vice President for Student Affairs, action is warranted.

Attached to this request memo is the packet of statements.

Approved/Disapproved

_____          _____
BG Joe E. Ramirez, Jr., USA (Ret.)                                              Date
Vice President for Student Affairs

ENCL:    FDT statements

Student Conduct Office
Student Services Building, Suite 309
1257 TAMU
College Station, TX 77843-1257

Tel. 979.847.7272   Fax 979.845.6136
scrs@tamu.edu
http://studentlife.tamu.edu/sco

- 356 -

Personal Statement

On Sunday                         at 6:00PM, the                                           and                         arrived at a park off campus where we were instructed to park and bring beanies. A few minutes later,                         and                         arrived, where we got into their cars and blindfolded ourselves with our beanies.                         drove with                                           and myself, and we drove a few minutes to                                           residence, where we waited for everyone to arrive. Once everyone was there, we were told that we would be cooked a plate of a dozen eggs to eat with whatever toppings we liked as fast as possible with the intent of us needing to finish to remain with the team or potentially face some unknown consequences as well as competing for the record time. We all hung out as                         with help from the other                         and                         cooked each plate of eggs.                         ate the first plate of eggs within a few minutes while everyone else watched, socialized, and played board games. I do not remember exactly who went after her, but I believe I was around the      person to begin eating, going after                         and before                         . I ate for about 1 hour and 40 minutes and completed my                         during this time. At some point                         ate her eggs within a couple of minutes, and she called                         to be able to see how fast she could eat. I was quite spaced out and was otherwise focused on eating for the rest of the time, so I am not aware of too much of what else was going on, although I believe it was mostly just people catching up and socializing. The                         and                         took an egg shot at some point during this time frame, and people were eating ice cream and pizza while they continued to socialize. Before I finished eating, the                         made                         stop eating the eggs because she was having an adverse reaction to the eggs and was throwing up, and they did not wish for her to continue eating since it was making her sick. They noted expressly that they did not care that she did not finish and wanted to prioritize health and wellbeing first. I finished eating shortly after                         stopped eating and I myself was not feeling well physically and was overstimulated from the social setting, so I went outside to lay down on the front porch with                         and                         , and                                           stayed outside with us for a while as well. We stayed outside for the remainder of the time at the house, maybe an hour, as we waited for everyone else to finish eating. Other people came outside to check on us and bring us water or ice cream if we wanted, including                                           . Once                         , the last person to eat, was finished eating, we went inside to regroup before leaving. We split back up into cars and drove back to the park, picked up our vehicles and drove back to campus, where we all met in the              . We were given our                         and then left, and I returned back to bed.

**- 357 -**

I would like to write a statement concerning the alleged incident concerning the                    which occurred on                    . I dropped in for approximately 5-10 minutes in order to say hello to everyone after they had finished hell week before the rest of the corps returned from Christmas. From what I saw, everyone that was there was watching the NFL playoff games that were occurring that night, playing board games and talking. After saying hello to everyone there, I left the location as I had a prior commitment later that night.

Very Respectfully,

The                 were instructed to meet at a park and stay in their cars until they were told otherwise. There were a total of three cars of                 sense we all car pulled. About 7-10 min after we were told to be there the              pulled into the parking lot and walked up to our cars. They told us to get out of the cars and put on our corps beanies over our eyes. We then were separated into groups to fit into different cars. We held onto each other's shoulders and were guided by a          . I was in the backseat of a truck making jokes with my buddies.                 was sitting next to me and we started to play a game of sticks , a finger counting game that many elementary schoolers play. When the short car ride was over we piled out of the car and were led inside. We were then sat down on a couch and waited till everyone had made it. After everyone had gotten there we were told to take off our beanies to see a combination of current and past              . Soon after music was turned on and people started playing board games, such as Secret Hittler, and picking out what they wanted in their omelets. It was explained to us that it was a competition to see who could eat it the fastest.                was the first to go and she finished fast. After her I don't really remember the order. The others such as                       took a really long time to finish. In fact            started to not feel good from the eggs and was told to stop. She didn't finish. After you finished eating the eggs you just went back to the party. They had ice cream for after you had finished as well. Some time after I had finished I ended up sitting on the front porch with                        . The music was really loud inside so it was nice to just get a breath of fresh air and talk about all the stories we had from        and the Corps in general. Periodically someone, whether it was one of our buddies or an upperclassman, would come outside and check on us. After everyone was done and the night had come to an end, we were driven back to the park where the cars were or back to campus depending on if you were the person who drove or not. All the current              and                then met in the        room and we were given out                     . Then everyone dispersed and went back to their rooms for the night.

On                    , we parked in Hensel Park at 1800, turned the cars off and waited there until the              told us to get out of the car, put on the Corps issued beanie and put it over our eyes. They guided us to their cars and drove us for about five minutes. When we arrived, they carefully led us inside and sat us down before telling us to take the beanie off. All of the                              team was there along with the           from last year and some of the team from the               They told us that we were all going to eat dozen egg omelets, and why that was a tradition. I told them that I had a slight sensitivity to eggs which makes my stomach a bit upset, but I refused the option of vegan eggs that they wanted me to eat and instead insisted on eating normal eggs.        was in the kitchen making the eggs however we wanted them to be made. While she was making them, more and more of the past      came in. Half of the                        had no problem eating the eggs, but                         who were before me were struggling. The three of us took about an hour and a half to finish the eggs. After I had thrown up a second time, they made me quit even though I wanted to finish.

Since it was so loud inside from everyone cheering, playing games, and having a good time, I went outside to breathe with                    and           went out with us to make sure we were doing alright and talked with us while         would poke his head out and make sure we didn't need anything and gave us ice cream to help settle our stomachs. We visited outside until the remaining              finished and we were called back inside to ask who we thought got 15 eggs. We easily reached the conclusion that             and              were the ones who ate 15 eggs. We were then told to go to the          So we got back into the           cars to go back to the Park and get our cars. We then drove back to campus and went to the where they gave us the                 .

On                me and my                        buddies were told me go to a location that is close to campus and arrive hungry. After we arrived at the park our                        pretended to kidnap us and drove us to a house where we were surprised with the company of                 and from

It was explained to us that it was an old tradition for the                        back in the day to eat for time a large omelet that was served at a restaurant that is now closed. The offered us to partake in this friendly competition to eat omelets that they made for us with whatever toppings we wanted in the omelet. All of my buddies partook in this friendly competition and me and my buddies cheered each other on as each of us ate an omelet. After we finished we were drove back to get our cars and arrived back on campus.

Overall, the night was very memorable and brought me and my buddies together in a positive way while being around past                 that we love being around.

This concludes my statement,

Very respectfully,

This account is told from the perspective of

On Sunday,                         , the                         were informed that they would be meeting at Hensel Park and to bring a Corps issued beanie with us. Once arrived at around 1610 current         on the team instructed us to put the beanies on and pull them down over our face. I was guided to the         car and drove to a location that I did not know about. Once we arrived I was guided out of the car and into a room where I sat down. After everyone arrived we were told to remove our beanies so that we could see, and we realized that we were in a living room sitting down on a couch. Around us were our former         who we said hi to. The                         were all gathered onto the couch and the         explained the situation about having to eat a dozen egg omelets. They explained the rules of the competition and how we would want to eat as fast as possible.

We then got up and greeted and joked around with our                         and         and were plenty happy to see all of them. We made an order of who was going to eat the eggs, and we were all allowed to customize the omelets we were given. As the night progressed we would make jokes around those eating, play board games with each other. The night continued on with those eating the eggs able to take breaks, eat at their own pace, watch tv or Youtube, or anything they wanted. The rest of us just talked and joked around, discussed         within the team and continually checked on those eating. No events within that time really stood out.

After the last person had finished eating they gathered us onto the couch and explained to us the tradition of the egg eating and that there used to be a diner where the         would all order a 12 egg omelet. They explained that when the diner closed they started making their own and that punishment for not finishing would mean a giant smoke session with the         . Finally they let us know that before         was disbanded, the                         used to add extra eggs into their meals. They let us know that                         were the ones to receive this tradition and that it was based on someone's personality. We were free to leave after that and we all went back to the         and received our                         and we all joked around for a bit and then went back to the dorms.

This is                        , one of the                                      . This email is my written statement of the event.

On                   we were told to drive to 502 College Ave (Hensel Park) at 1800 and to bring our Corps issued beanie. Once there, we waited in our cars for about 5 minutes before the arrived. When they arrived they told us to get out of our cars and to put our beanies over our eyes. We were then guided into the cars of upperclassmen.   was with two other                        . We were driven to                  house, a             student and previous         Once there we were brought in and moved to a couch in the room then were told to take our beanies off. We saw all of the current                                    and some of our from when we were      . They then told us about the dozen egg omelet and the story behind it. After Hell Week, the             would go to a diner and the                  would order the 12 egg omelet on the menu. When the diner took the omelet off the menu, the              didn't want the tradition to die so they decided to start making the omelets themselves. We were told to pick an order to eat in. I was the         one to go. When it was my turn,                  asked me what all I wanted in my omelet. I chose cheese, ham, and bacon and she made the omelet. It took me over an hour to eat and while I was eating a few more former                                                 ) walked in. Once I finished I started talking to everyone again. I encouraged my buddies when it was their turn to eat.                          , started to get sick and was told to stop eating. After everyone was done eating, we stayed at the house talking for about another hour before getting rides back to the park for the cars or back to the quad.

That is my statement of the event.

Very Respectfully,

On                 after the first      mock drill meet of the semester,                              and buddies were told to keep the following evening open around 1830 and to be hungry. The next day around 1400 we were notified through the Microsoft teams chat to arrive at Hensel Park at 1800, bringing our corps issued beanies. After we arrived at the park we saw the                          and                 drive up and approach our cars. We were instructed to get out and pull our beanies down over our eyes. They led us in groups of 2-3 to their cars and helped us in. I ended up in a car with            and we sat in the back of the car trying not to laugh as                               put music on the radio and drove us away from the park. None of the three of us spoke during the car ride. When the car stopped        led us out of the car and into a house where we were led to a couch and told to sit down. I could hear my other             buddies sitting around me on the couch as well as some familiar voices of past upperclassmen on the team. We were all laughing and talking and someone told us to "take the beanies off already". When I opened my eyes I saw several of my old advisors including             and                    . We were briefly told about the competition of eating 12 egg omelets and when asked who wanted to go first I raised my hand excitedly because I am a competitive person. We were told of the previous record of three minutes and fifty-three seconds, as well as given the opportunity to choose toppings for our omelets. While everyone else, all                               as well as most of the               from last year, played board games and conversed,                was cooking the omelets for               to consume. The omelets took awhile to cook, but when each one was completed the next            in line would have someone begin their timer and start eating. When my omelet was done being cooked I fully intended to break the previous record and I finished eating in                         . Everyone else took varying lengths of time to finish their omelets, with             beating                             and               taking over ninety minutes. Several people threw up during or after eating their omelets including                              ,                 While each                  either waited their turn to eat or hung around after they were finished, we had fun talking and catching up with people we hadn't seen in nearly a year due to being in                       or due to their            . We intermittently cheered on our buddies who were still eating and sat around reminiscing about      last year. Once everyone was done eating, the                              cleaned up the dishes from cooking and eating the omelets then made sure all the              had rides back to campus or to their cars at the park. We met up in the            and received our                 to commemorate the end of our                      , then we were congratulated on our hard work over the past week and released.

Very Respectfully,

I'm _____ and I am one of the _____ on the team in question. The team _____ let us know to share our side of the story and any knowledge of the event we might have to share. It is my intention to speak plainly about what happened at the event.

After our _____ meet we had our _____ and at the very end we were told to keep our schedule clear for the Evening of Sunday _____. They told us it would be fun to come with an appetite and our black corps issued beanies. On that evening we drove to a park 5 minutes away from campus and we waited for the upperclassmen to arrive. The upperclassman met us and pretended to kidnap us by pulling our beanies over our heads and we drove in their cars to, which we didn't know at the time, one of the old _____ house. It was about a 5 minute drive away from campus. Once we arrived at the location though, it was revealed that all the _____ as well as our _____ were there. The reason we went to the house was to have more space and a proper kitchen.

Once there, they shared that once hell week was over, the time where the team comes back early from winter break and prepares for Tulane, traditionally the team and past _____ would go celebrate the hard work of the _____ and recount old stories. In years past, the team would go to a restaurant that offered an omelet made from a dozen eggs and the _____ would typically order one and there would be a friendly competition to see who could eat it the fastest. The restaurant has since stopped offering a dozen egg omelets so the _____ made homemade ones for us. They asked us for toppings and made it to our desire and once it had cooled enough for eating we started chowing down while recording each other's times. We cheered each other on while we waited for ours to be made, board games were played, and we enjoyed each other's company before the school year started.

At the end of the evening, we thanked our host, said our goodbyes, and we were driven back to our cars. My _____ buddies and myself enjoyed the evening and laughed about our experience on the way back to the quad.

I hope my side of the story is able to add another piece to this puzzle and I am more than willing to answer any questions anyone has on the subject. Thank you for taking the time to hear my side.

Very Respectfully,

My name is _____ and I was present at the events of _____ with _____ This is an account of events from my perspective.

On the evening of _____, myself and the other _____ of the Team arrived at Hensel Park, and were instructed to bring our black beanies. We waited for approximately 5 minutes then various _____ arrived. We exited our vehicles and were instructed to put the beanies on and pull them down to cover our eyes. We were guided to our upperclassman's vehicles and guided to the door handle, where we were told to get in. We were driven to another location which took about 5-10 minutes of which I was not sure where, however it was a residential location. We were then guided inside the building, still unable to see, and sat down on a couch as we waited for the rest of our buddies to arrive.

Once all of my buddies had arrived, we were instructed to remove our beanies and were greeted by the other _____. There were a decent number of people at the house, approximately 20-25. It was at this point that the purpose of us being there was presented. We were told that each member of _____ would attempt to eat a 12 egg omelets against the clock. We were allowed to customize the omelets with cheese, peppers, ham, turkey, and other toppings if we desired. While it was a race against the clock, we could also take as long as we needed, however it was stressed the expectation was to finish the omelet by the end of the night. There was no penalty for a slow time vs a fast time, however, again, the expectation was that we finished the omelet. We weren't told what would happen if we did not finish the omelet, only told that we should finish them. Once _____ started to

volunteer for order, since each omelets took a while to cook, we began to socialize and play board games until it was our turn to eat. Some took a very short time, _____ eating very quickly at a sub 5 minute time. Times were written down on a white board as we completed. We were allowed to eat as slow or as fast as we wanted using whatever strategy we wanted, _____ approximately an hour and a half to eat _____ and _____. As we finished, ice cream and other snacks were available and we continued to socialize.

Once we finished, we were driven back to our vehicles in Hensel park and arrived at our vehicles at approximately 2300.

I hope this is satisfactory and if any more information is required please let me know.

Best Regards,

To whom it concerns,

This is a personal recount of the sequence of events that occurred regarding the report to the Student Conduct Office. On                  at 1800 I was in the car waiting with                                    at Hensel Park. We waited until                  and                        arrived. All current year          pulled up in vehicles behind us around five minutes later.                      , and I got out of our respective vehicle as instructed by                                         then we were instructed to place a beanie over our eyes and led to different vehicles. I got into a car with                  and we were driven by          to an undisclosed location. Upon arriving, I was led into a house and instructed to sit down on a couch. All the                                  as well as                  were in attendance and we were collectively instructed to take off our blindfolds. I was informed by                  that it was his house. Previous year          arrived throughout the night such as

                                 . I talked with before sitting down to play Settler's of Catan with

                       was cooking bacon in the kitchen. All the                      were called to gather in the living room and informed by                  and                  that each                  would be receiving a twelve-egg omelet to eat. We were to be timed in doing so and the slowest eater would face a punishment at a later date. We were told by various                                                                that we could take however long we wanted as long as we finished. After the instructions for what we were going to do,                  volunteered to go first.                  cooked the omelets for each one at a time. While I waited for my turn, I sat at the counter talking to

          asked me what I wanted on my eggs and she cooked it.                  kept my time while I ate at my own pace. I sat next to                  while I ate. She could not finish her plate of eggs and started to feel sick and was told that she would not have to eat anymore and there would be no punishment. After every          was done eating eggs, every individual (myself included) made conversation for about

an hour before departing in the separate vehicles that we had arrived in. I rode back in                    car

where I was dropped off at campus, not blindfolded and knowing exactly where we were

going. Afterward the entire                 team met in the campus                              and we (all

             ) were rewarded, by the                                         to commemorate our

achievement of finishing Hellweek. Afterwards I left and returned to my dorm.


Respectfully,

26 January 2023

Incident Report

On the night of _____ many current and former members of the _____ and myself took part in what had been an annual tradition for what I assume to be many years. I arrived at the house of one of the _____ from last year, _____, at around 1800. The individuals who showed up to the event were all of the _____ of the team, as well as almost all of my _____ buddies from last year, the _____ from last year, and a few other members of the

The events that transpired are the following: the _____ members of the team showed up in two groups to the house, their eyes covered by the beanies they had on their head, and they were seated on the couch in the living room until the rest of their buddies arrived. When the _____ deemed they were ready, they were told to uncover their eyes, and were told that they would be eating 12 eggs in an omelet as it had been tradition on the team from years past. Then, over the course of the night, the _____ cooked all of the eggs for the _____ feeding them their omelets one by one, while other current/former _____, (myself included), had a stopwatch going to time how fast the _____ finished. The _____ were also told in a joking manner that they didn't want to know what happened if they did not finish. Some _____ took as fast as 2 minutes and some took as long as an hour. Their were a few who struggled to eat them, and one, _____, who's body reacted poorly and she threw up. She was then told she didn't have to finish. During this time, I was leading a group in playing the board game "Secret Hitler" while the _____ ate their eggs and the rest of us ate

pizza. We all exchanged memories, inside jokes, and stories from our time with the team. Once the                had finished, the                gathered them in the living room and revealed that two of them had been given an omelet of 15 eggs instead of 12. After they were able to figure out who it was, they then reminded the                 that they have to get back to work on Monday after the fun they had that night, and they gave additional words of encouragement, criticism, etc. about how their fish are doing in getting prepared for Tulane. This was the conclusion of the night and people incrementally left the house.

Written Statement of          Incident on                    :

        On Saturday,                      , at the conclusion of the team's              meet. I told
the                          and                to keep their Sunday evening free and to come hungry.
        On the night of the        we (the

                                                                    to drive to Hinsel
Park (I believe) and to bring their corps-issued beanies with them. From there the
                            picked up the              and told them to put their beanies on so that it
covered their eyes.            then drove them to                    ,                      was
already there (both former members of the Corps and the previous year's
respectively). While this was happening,                            and I were preparing all
of the eggs and omelet toppings. At this point            arrived.
        When the                arrived at the house we sat them down on the couch and other
chairs in the living room while we waited for the rest of the            to arrive. When all of the
                      were at the house we had them remove their blindfolds. At this point I
explained how at the end of hell week each year the                would go to a restaurant in
town that served dozen egg omelets and how all the            would order and eat one.
Since then that restaurant stopped serving these omelets. The tradition changed to where the
                would make the omelets for the            .
        During this time, former                    to the team,
                                                            arrived at the house.
        Then    started taking orders for the omelets.              and          started making
the omelets for the            . When the omelet was finished, a            would get the
omelet and we would set a timer before they started eating so as to see who would finish their
omelet the fastest. There was no prize for being the fastest, and no punishment for being the
slowest or being unable to finish. When            was eating her omelet, another former
                to the team,                was facetiming            was on a
                .    continued cooking and serving the omelets. While
cooking the omelets,
            and                        , took 1-2 egg shots (a small amount of liquor is poured
into an egg that had the top cracked off, and the egg and liquor was drunk). This was the only
alcohol consumed during the night. None of the            drank anything. At some point in
the night, another former                    to the team            arrived to say hello
to everyone, was there for less than half an hour then left. While people were not eating they
were all playing board games or watching football. All of the            ate and finished their
omelet                , who was not able to finish and no repercussions followed. I just
took the plate and told her she didn't have to worry about not being able to finish. When another
                ,            finished her omelet, she was not feeling well so she, along
with                        , went and sat out on the front porch. After the
finished their omelet they were served ice cream if they wanted it. I went out to go check on the

three              that were outside and brought them some water and ice cream. I sat with them, while the remaining               finished their omelets.

When everyone was finished with their omelets      returned indoors. I spoke to them about how proud I was of all of them for the hard work they put in that past week and how we still had a lot of work ahead of us.

The          then left with them to take them back to their cars.        and   finished cleaning everything up and said goodbye to                    then we drove back to campus. When everyone had returned to campus, all of us went down to our          to give the                              . We meant to give the             to them at        house but they were forgotten in the          . Once everyone had their             . Everyone returned to their dorms.

Here is my statement for the student conduct officer concerning the        event that happened on


I arrived at                   house at around 8pm with                . In the house were the current
               and a couple former        from the team. Everyone in the house were either currently or
formerly an        on the team excluding the other residents of the house. The house atmosphere was
laid back with music playing consistently, board games being played and food being consumed. As the
night went on the                                                        were cooking a dozen eggs for
each                     to eat. The           were allowed to pick what was in the eggs (meat,
veggies, cheese, etc.) and then would proceed to eat the eggs on their own accord either as fast as they
could or whatever pace they wanted. I do not remember all the              who ate the eggs but the
ones I remember were                                       , the other                     and
the other                 whose names I can't remember. They each ate their eggs in whatever time
they could and then would presume enjoying the evening talking and later eating ice cream that was
also provided. 2-3 of the           threw up after eating the egg but continued to enjoy the night.
The gathering went until about 2215 where                   and I talked with with two of our old
                          until about 2230.           and I left at about 2235 and went
back to the dorms where we went to        room and talked for about an a hour before going back to
our own dorms.

This concludes my statement of what happened on                     . Thank you for your time.

Very Respectfully,

My name is _____ and I was present at the ____ incident. My knowledge about the incident is as follows. The site was off campus and I arrived at the house at approximately 1830 with the remainder of the team. I believe the house was owned by _____ and _____ (prior ____). From there, I talked to present _____ and the past since this was an event to bring back _____. When the event started, the _____ was asked to consume a 12-egg omelet made to their liking. _____ were

in charge of making the omelets as well as preparing the fixings. We held it in a competition style where the fastest one to eat it won. The _____ ate it at their own pace with no penalty for finishing last. I played a board game for the remainder of the time and talked to my peers. When the event finished, we all went our separate ways. If there needs to be any clarification do not hesitate to reach out.

Sincerely,

The following is my statement on the incident on                    .

The event consisted of the current                    , myself, a few current cadets, and one graduate, who were all                    at some point. The event occurred at a house off campus. My experience was mostly hanging out with the other older/prior cadets and also talking with some of the cadets who were eating the eggs, encouraging them to finish what they were eating. Alcohol was present, but only some people were drinking to my knowledge, all of whom are at                    including myself. This started around 2000-2100 and then we left around 2200. Others who had not been drinking drove us back to campus. Upon returning to campus, I went to sleep.

If I can be of any further assistance, please contact me using the information listed below.

Very Respectfully,

**Written Statement**


After hearing that everyone would meet around 1800, I left campus around 1915 to arrive at            s apartment on the night of                  around 1930 hours. I went inside and immediately caught up with the group of        guys and girls who were there, including                                                    right inside the front door. By the counter area, the                had already begun the egg-eating tradition so I swung by to see how they were doing. Around this time, I was catching up with                                                , and others. I ate a        pizza there as well while catching up with some of the                  and said hello to                    who was cooking the eggs and                        who was helping to keep things clean. After, I walked around and talked with the group and checked on                                          to see how their omelets and stomachs were doing. Later, roughly around 2000,   had a shot of pink-lemonade vodka with                          , followed by an egg-shot with the same vodka with                  around 2030. At some point,                  came by for a short time and I said hello to him. Afterwards, I went over to the couch area and caught up with more friends and listened to music. I could tell                    and                    were struggling with their eggs a bit, so I went over to check on them before            ended up vomiting in a garbage can. After she vomited and finished her eggs,                        ended up going outside for some fresh air;              went out to check on them soon after. I saw                  quickly finish her eggs in about 2 minutes or so while FaceTiming                    , who I also said hello to over the phone. After, I talked to              and others about music and how their breaks were near the couch area, talked to                                    a bit, and then checked on              as he was eating his eggs while watching a video. After            finished his omelet, I said my goodbyes around the room to as many people as I could before heading outside to see                              sitting together on the front porch helping to calm down their stomachs;            was curled up in a ball near the corner of the porch. I said goodbye to them,                          before walking back to my car and driving away at 2205. I arrived back at campus and the                                    .

I arrived at College Station on that same evening and was there between the hours of 1930 to 2230. This was an event where            got together to boost morale after a long "hell week". It was a very comfortable environment where everyone was hanging out and getting ready to return to school. From what I know concerning the eggs, nobody was required to participate in eating them. Anyone that did not feel well after eating was well taken care of. After the event, I left and went back to the dorms.

Best,

This email is to respond as a report to what happened around                        . Each            currently on the team (who could attend) was made a 12-egg omelet and timed to see how long it would take for them to eat it. People would cheer them on and encourage them to eat it fast and some people threw up and felt quite ill due to it.                                                A speech was given at the end to build morale.

Very Respectfully,

Before my time on the team, the                used to go to a local restaurant and order a 12 egg omelet for each of the                          on the team at the conclusion of Hell Week. That restaurant has since stopped serving the 12 egg omelet, so now the team buys its own eggs and toppings, and the omelets are made by the                   on the team to the liking of each of the                    This event now happens at an off campus house. More specifically, a house that belongs to someone who once held a                                 , and this year                               . The              were introduced to this night by being told that there was a surprise, and that they should plan on not eating heavily during the day. They were told to meet at a certain location where the                 were waiting to carpool them to the house.

With the event not being fully known to the                    they were blindfolded for the surprise, and then brought into the house. After everyone's arrival, the blind folds were taken off and they were able to see all of the            they had looked up to the year before when they were freshmen. It was like a big family reunion, with board games, the NFL football game on the TV, and omelets being served one by one to each of the                . In true fashion of the very competitive team, the times it takes for each person to finish the omelet was recorded on the whiteboard, and everyone wants to beat the best time from the year before, to "stick it" to their previous upperclassmen. Many times during the night the                were reminded that nothing would happen in the event that they couldn't finish the omelet. There was a story that was told about one time (a few years before I                  ) that someone didn't finish the omelet, and as a punishment, they had to do physical training until they vomited, but it was assured numerous times that in no event would there be any backlash in the case that someone didn't finish. Everyone ended up finishing their omelet, and the previous year's record was broken twice. After everyone had finished, some were feeling a little queasy as expected, but everyone seemed to be in good spirits, and most people would even wash down the eggs with a bowl of ice cream. The whole event had no ounce of mal-intent, and it was only for the reunion purpose as well as your previous upperclassmen cooking for you after you ordered what you wanted in your omelet. Everyone cleaned up where they had sat, and made sure                looked as good as it did when they showed up. I was even able to get a hug and a smile, and tell everyone how proud I was about their accomplishments both on the team and in the Corps. I remember multiple times during the night where myself and the previous                                would look around at all the people we had hopefully had a positive impact on during our times in the Corps. Looking at all of the                and multiple            that were once                when they were            gave me so much pride and happiness. The overall mood of the night seemed so good and heartwarming, and it saddens me very much to understand that other people may not have had the same sense of reunion and happiness.

On              around 1800,

came to Hensel Park in separate cars.

Shortly afterward,                                                       I arrived at Hensel
Park and instructed the                 to pull the beanies over their eyes and get into our cars. We arrived
as a group at                  apartment, where                 ,

                              ,

                 , and several of           roommates were socializing. Blindfolds came off and someone
explained that       for some time had a yearly event where               were encouraged to eat 12-egg

omelets. There was no punishment for not finishing, and in fact,                 did not finish her omelet
and did not receive any negative repercussions from any upperclassmen.

I heard a rumor that back in the day they used to do terrible things to                 that did not finish
their omelet, but I had never witnessed anything like that, nor had any evidence presented to me to
suggest that my fellow         and                 intended on doing anything of the sort. The intention
of the event was to socialize and celebrate a finished week of practice, not to initiate members.

At some point during the night of the incident,                 arrived and stayed.                 and his
girlfriend dropped by for around 10 minutes at most

                                                                              had
upset stomachs after eating, and                     and I checked in with both of them throughout the
night, to offer them water and anything else they might need. Around 2230-2300 we all left back to the
dorms in separate cars.

I don't recall there being any underage drinking at the event. There could have been more people at this
event, but to the best of my memory, these were all the names I could gather.

                                                            and I are all the current                 on
    . Together, we organized and coordinated the event, and in no way are any of the participating
              to blame for the incident.

Please contact me via email or at                 you have any questions or concerns.

Very respectfully,

On Sunday,                            at approximately 1730, I drove to the store to buy supplies for the omelet dinners for the                      on the                      and the                      who would be participating. I then drove to                      house as he was a                      who had offered to let us use his house for the evening.                      , the                      , then spent the next hour prepping the kitchen for the                      to arrive At some point around 1830,                      and      other                      from the Corps who were all former                      arrived.

The                      arrived between 1830 and 1900 and were led blindfolded into the house by the                      on the team who had picked them up. I was in the kitchen from 1900 to 2200, where, over the course of the evening,                                                                  .                      was allowed to choose what ingredients they wanted included and allowed to take their time in eating the food.

  then cleaned the dishes and around the kitchen/dining area from 2200 to sometime after 2300 when the party ended and everyone left.

The egg eating event is a tradition in which             eat a cooked 12 egg omelet upon the completion of Hell Week. They choose what, if any, condiments they would like in their omelet and are timed how fast they eat it. Some choose to eat their omelets slowly, while others try to eat it quickly. The event is in no way "bad bull" and was an opportunity for past and present         to reconnect. On the evening of         , I witnessed the omelet eating event that occurred with the              ,            , as well as various other      personnel/former personnel. Everyone present was either a current or former                 The event occurred off campus at around 1830. I rode with             to the event about an hour after the planned start time, as we were both at an      practice. When we arrived, the         were already eating the eggs, had already eaten, or waiting for the omelets to be cooked. After about 2-3 hours, the omelets had been eaten and people began to depart the house. I rode back to the Quad again with          , and      h also rode in the car.

V/R

On the evening of         , I witnessed the omelet eating event that occurred with the                     , as well as various other      personnel/former personnel. Everyone present was either a current or former            . The event occurred off campus at around 1830. I rode with             to the event about an hour after the planned start time, as we were both at an        . When we arrived, the         were already eating the eggs, had already eaten, or waiting for the omelets to be cooked. After about 2-3 hours, the omelets had been eaten and people began to depart the house. I rode back to the Quad again with                 also rode in the car.

Please let me know if there is anything else I can provide to assist in this matter.

Very Respectfully,

Written Statement:

On                                 participated in an event that took place off campus involving
          members of the                          eating eggs.    coordinated with the other
                                                        .    messaged the
                                        and to meet us at Hensel Park at 1800.
                                   communicated the same with the                                        . Once
at the park, we met with all the                        and had them put on their corps issued beanies as
a blindfold and led them to our cars.    was responsible for driving
                        and drove them to                        house. Once there, we led them inside with the
beanies covering their eyes and had them sit on the couch. Once everyone was present, we
had them take off the beanies. Following that,                         explained the situation, which
was that they were being cooked 12 egg omelets to eat as fast as they were able to. This has
been a tradition in past years, starting when the                went to Hullabaloo Diner and ordered
a 12 egg omelet each.                          was in charge of cooking the eggs, and the
were allowed to choose what toppings they wanted inside. They went in random order and each
ate the omelet while being timed.                          did not finish the omelet, which was
          . The times were written on a white board and after they finished the omelet,     gave
them ice cream to calm their stomachs. The rest of the night was just waiting for everyone to
finish and hanging out around the house. After everyone was done,      told them that two of
them received 15 eggs instead of 12, which were                                              , who
were randomly selected based on their size. After talking for a little bit,      all drove the
                        back to the park where their cars were. Afterwards,      all met at the            to
distribute                        and then went our separate ways.

I'm writing to detail my account of the reported        incident.

In advance, the                    were told to keep their evening open on Sunday            and to not eat much that day. All of the team's active                                    ) met at a park off campus where they were picked up by the team's        . They were told to put their Corps-issue beanie on to cover their eyes. They were driven by the          to              apartment since a place was needed to cook the eggs. They were led inside and told to remove the beanies once all were inside.
explained to the                that they would each be eating dozen egg omelets.              cooked all the omelets with help from                    .

ate in the order they volunteered. The omelets were made to-order. They were allowed to pick whatever toppings they wanted. When it came time to eat, they were timed and encouraged to attempt to be the fastest, but were ultimately allowed to eat at whatever pace they desired without threat. Times varied from 2:20 to 1:41:02. If requested, ice cream was served once a finished to help them feel better since that soothes the stomach. I believe 2 or 3            threw up. 2              had omelets that contained 15 eggs but they were not the ones who threw up as those were given to the 2 perceived biggest eaters.

Beyond the egg eating, it was a standard social gathering. There was no PT involved the entire night. No alcohol was consumed by minors. If anyone started to feel unwell while or after eating, they were assisted as needed/requested. If a            felt unwell while eating, they were allowed to take a pause as needed. People played board games and talked. Former members arrived to cheer on the                in their old positions and ask about Hell Week. These former members include

was not present as she was                              . She was on                              to eat her omelet.

Once every            was done and ready to leave, everyone said their goodbyes and the were either taken back to their cars or directly back to campus. Nothing was required of them the following day.

Please let me know if you or the Student Conduct Office need anything clarified or have any questions.

Very respectfully,

I arrived at                    house at around 1800 along with the other
                     While we waited for everyone else to arrive we prepped the supplies to make the
omelets.        cooked the bacon and chopped up vegetables to add if the                    wanted that in
their meal. At around 1830 the                    on the team arrived with the          driving them. The
                     were blind folded when they walked into the house but the blind folds were removed as
soon as they had sat down in the house. The                    were told how as a celebration of the end of
hell week the whole team got together to compete in a food challenge. Each                    would receive
a 12 egg omelet to eat. There was no maximum amount of time allowed but the goal is to compete
against their buddies and finish the omelet. Vegan egg substitute was also provided if the
wanted to participate but was unable to eat egg. I don't remember the exact order that they went but I
do know              went first. While          cooked the Omelets everyone else cheered on their
buddies, hung out and talked.                    started feeling sick while eating hers so she did not finish it.
She went outside with                         to get some water and cool off. Those        who
were of age also took a shot of raw egg but that was the only alcohol at the event that I am aware of.
The rest of the                  finished their Omelets. After everyone was done,                  gathered
everyone together to congratulate us on the end of hell week and to get ready to be in the mindset to
compete at Tulane. We left around 11:00.

The following is my account of what happened the night of              .

It started with the other                                   and myself arriving at a park to meet the
                   After all the            and                   had arrived, we told the               to cover their
eyes with beanies they'd been told to bring. They were then escorted into the               vehicles. The
            then drove the                                   house where            and past       members where
waiting. After being escorted inside they were told to remove their blindfolds. The upperclassmen then
explained what the                 would be doing. They would be eating an omelet made up of twelve
eggs and other ingredients at the                   request. The                   then began to eat. They
decided on an order and each took a turn eating. While each                   was eating, the upperclassmen
and the                 who weren't eating socialized, played music and board games, cheered on the
                   eating, and those over 21 drank. During the night a few of the                   felt sick from
the omelet and threw up. After confirming that the                   were okay, the upperclassmen would
encourage them to finish the omelet. Old team members came and went throughout the night. After
everyone had finished, the time to eat the omelet was written on a whiteboard for each
The socializing went on for a little longer, and eventually the                   were driven back to their
parked vehicles by the           . Everyone then separated.

This has been my knowledge of the night of the event, told to the best of my ability. If there are any
questions, please email me.

Very respectfully,

**exas A&M Corps of Cadets**



Date 21 September 2023

**MEMORANDUM**

**TO:**    Dr. Douglas Bell

**FROM:**    BG Patrick Michaelis

**SUBJECT:**

Our initial investigation was conducted yesterday with the            in Company        During the discussion, the            were asked general questions about the treatment they have received from their upperclassmen and how things were going overall.  As the discussion progressed more direct questions were asked dealing with the specific allegations outlined in the complaint.  When asked about the       from        being given a hard time based on and required to repeat answers, the            indicated all        were required to repeat answers until they answered in the way the upperclassmen desired.  The specific example given was a campusology question that had to be memorized and repeated exactly as written.  All       that could not repeat the answer correctly were sent back to their room for five minutes to practice. Knowing campusology answers are part of the            class earning their Corps        which is consistent with Corps policy.  The question dealing with having joke ready for the outfit meeting was met with the answer that it was a misunderstanding between the upperclassmen and the The upperclassmen said one thing and the        understood something different.  The were asked about being able to get enough sleep, and responded with they stay up late to do homework, and the length of the meeting had nothing to do with their lack of sleep. The in      are encouraged to be involved in activities outside the Corps, but the outfit does require them to attend evening formation, a required activity, unless they are in class or have signed a military letter to miss the event.  This is consistent with Corps policy.

Based on the answers provided by the            , we believe the allegations to be unsubstantiated.

Patrick R. Michaelis

Brigadier General (Ret.), U.S. Army

Commandant, TAMU Corps of Cadets

## Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Tuesday, November 7, 2023 2:26 PM
**To:** Winking, Audrey J
**Subject:** FW: [Maxient]     College Station - On-Campus Residence Hall

Additional information from

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Murray, Dylan C <dmurray@stuact.tamu.edu>
**Sent:** Tuesday, November 7, 2023 1:42 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** Fwd: [Maxient]     College Station - On-Campus Residence Hall

Please excuse short messages and typos, as I am responding on my phone

Begin forwarded message:

> **From:** "Moore, Erica" <erica_moore@stuact.tamu.edu>
> **Date:** November 7, 2023 at 1:25:31 PM CST
> **To:** "Murray, Dylan C" <dmurray@stuact.tamu.edu>
> **Subject: FW: [Maxient]**     **College Station - On-Campus Residence Hall**
>
>
> Howdy Dylan,
>
> I am sending this over to you. I've already submitted a report for this and told the student an additional report from him would be helpful as well.
>
> **Erica Moore** | Administrative Coordinator II
> Koldus 224G|Student Organization Leadership And Development I Department of Student Activities
> 1236 TAMU | College Station, TX 77843-0000
>
> ph: 979.458.4371 | erica_moore@stuact.tamu.edu |
> - - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

>> **From:** ██████████████████████████
>> **Sent:** Tuesday, November 7, 2023 1:12 PM
>> **To:** Moore, Erica <erica_moore@stuact.tamu.edu>
>> **Subject:** Re: [Maxient]     College Station - On-Campus Residence Hall
>>
>> Good afternoon, I experienced hazing this morning at formation. The entire class of     cadets were yelling at me, cursing at me and making fun of me in front of the rest of my unit. One particular student

named ███████ who is a ██████ was leading the charge as they surrounded me and were mocking me for being hurt and unable to run. They are making me very uncomfortable being part of ██ as they continue to say hurtful things to me in front of the rest of the unit. They made me continuously do push ups until I was no longer able to, and they kept screaming at me to do it

On Tue, Nov 7, 2023 at 12:01 PM Moore, Erica <erica_moore@stuact.tamu.edu> wrote:

Howdy,

Thank you for reaching out to us regarding the incident below. Your report has been received by the Department of Student Activities and will be reviewed to determine any needed further action. If you have any additional information or documentation related to the incident you would like to submit, feel free to reply to this email, or if you would prefer to speak to a staff member directly you may contact me at the number below. Thank you again for your submission, and for your support of our Texas A&M student organization community.

Sincerely,

-Erica

**Erica Moore** | Administrative Coordinator II
Koldus 224G|Student Organization Leadership And Development I Department of Student Activities

1236 TAMU | College Station, TX 77843-0000

ph: 979.458.4371 | erica_moore@stuact.tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** ███████████████████████ notifications@maxient.com>
**Sent:** Sunday, November 5, 2023 9:11 PM
**To:** Moore, Erica <erica_moore@stuact.tamu.edu>
**Subject:** [Maxient] ███████ College Station - On-Campus Residence Hall

**This Message Is From an External Sender**

This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report

**Background Information**

Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident

Time of incident

Location of incident
**On-Campus Residence Hall**

**Involved Parties**

**Company** ) Alleged Offender

**Incident Description**

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

## Supporting Documentation

[doctorsnote1.pdf](#)
[doctorsnote2.pdf](#)
[doctorsnote3.pdf](#)
*For added security, these links will expire in 10 days. The attachments will remain accessible when viewing the report within Maxient.*

## Submitted By

Your full name



*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:
  • Dylan Murray
  • [jhbrown@stuact.tamu.edu](mailto:jhbrown@stuact.tamu.edu)
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1

Processed by routing rule #189. Routed to Erica Moore, Administrative Coordinator, Department of Student Activities.

**Message sent by Maxient**
**Replies will be sent to the submitter**

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Friday, November 3, 2023 11:35 AM |
| **To:** | Winking, Audrey J |
| **Subject:** | ███████ |
| **Attachments:** | Re: ████████ DOC 231030 10_53_55.pdf; DOC 231030 15_33_52.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

FYI for the        Investigation

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Monday, October 30, 2023 3:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** ███████

Sir,

Attached is the memo from BG Michaelis regarding the initial inquiry into the        acquisitions with supporting documentation.

V/R


> Lt. Col Jeff Gardner '82, USAF (Ret)
>
> Assistant Commandant for Accountability and Standards
>
> Military Advisor Parsons Mounted Cavalry
>
> 979-458-9317

## Bell Jr, Douglas

| | |
|---|---|
| **From:** | Bell Jr, Douglas |
| **Sent:** | Monday, December 18, 2023 3:24 PM |
| **To:** | Latham, Skylar |
| **Cc:** | Smith, Asia |
| **Subject:** | Investigation Assigned |
| **Attachments:** | Investigation Report.pdf |

Howdy,

Please see the attached     harassment investigation assigned to you.  Please let me know if you have any questions or concerns.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Winking, Audrey J |
| **Sent:** | Tuesday, December 12, 2023 4:09 PM |
| **To:** | Bell Jr, Douglas |
| **Subject:** | investigation complete |

The      investigation report is completed and has been saved in the shared drive.

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

# Bell Jr, Douglas

**From:** Bell Jr, Douglas
**Sent:** Monday, November 6, 2023 10:17 AM
**To:** Winking, Audrey J
**Subject:** FW: ███████

FYI

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Simpson, Meredith M <msimpson@corps.tamu.edu>
**Sent:** Monday, November 6, 2023 9:29 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** Re: ███████

Doug,

Desiree Ornelaz is the next coinvestigator.

I'll talk with ██████ and see if a new room will alleviate some of his immediate concerns.

Thanks!

> On Nov 6, 2023, at 8:37 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:

> Howdy,
> Thanks for the update.  If you move him to another, it will not impact the investigation. I would like to know who the co-investigator is so we can begin scheduling with the student and members of the outfit.

> **Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

> **From:** Simpson, Meredith M <msimpson@corps.tamu.edu>
> **Sent:** Sunday, November 5, 2023 5:28 PM
> **To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Subject:** RE: ███████

Doug,

Jeff is out of the office and will return this week. If you need an investigator sooner, I can see who is next up for assignment.

Additionally, there are some extenuating circumstances with this student that also impact his health. If we offer to move him to another room on the ⬛⬛⬛⬛ is that a violation of any protocols now that SCO investigation is ongoing?

Thanks,

**Meredith Simpson**
Office of the Commandant | Corps of Cadets
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811 | msimpson@tamu.edu

Academic Questions: academics@corps.tamu.edu
Corps Virtual Office: tx.ag/corpsacademics
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY**

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, November 3, 2023 3:59 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** RE: ⬛⬛⬛⬛

Howdy,
Can you please provide a co-investigator from the Corps regarding this case?  We will be initiating an investigation. Thank you in advance.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Monday, October 30, 2023 3:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** ⬛⬛⬛⬛

Sir,

Attached is the memo from BG Michaelis regarding the initial inquiry into the ⬛⬛⬛ acquisitions with supporting documentation.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317



Date 21 September 2023

**MEMORANDUM**

**TO:**        Dr. Douglas Bell

**FROM:**     BG Patrick Michaelis

**SUBJECT:**

An initial inquiry was conducted into the allegations contained in the        reports submitted to Student Conduct.  Our findings for each complaint are:

**Retaliation from                             after missing a mandatory football game.**

For missing the football game without authorization            ▮▮▮ was given a restricted weekend.  In the explanation, the discipline was given as much for ▮▮▮ lying about attending the event and providing a photoshopped phot as "proof" of attending much as missing the game. (See attached Discipline report)

**The                    members have continuously kept adding more overexaggerating and falsified discipline items on to my profile to serve in the form of demerits, marching tours, and restricted weekends.**

See attached incidental counseling forms and Discipline report.

**People have taken my several of my personal belongings and school supplies and I have been unable to find out where they went.**

When questioned about what was taken Cadet ▮▮▮ was unable to provide specific examples.

**            has given me restricted weekends for missing            class which we both have, even though I have excusal letters for them.**

Cadet ▮▮▮ was not able to produce the excusal letters for missing class.

**Destruction of my personal property as I had to make unnecessary repairs to my**

Cadet ▮▮▮ was not able to explain what damage was done to his

Military Sciences Building
1227 TAMU
College Station, TX 77843-1227

Tel. 979.845.2811  Fax 979.845.8066
corps.tamu.edu

**I was also set up by members of my unit when my room mate ████████████ and passed me in the hall not telling me anything and did not take my calls or texts right after seeing me walk by, even though he did not have class. ████████████ locked me out of my room for several hours and I missed class because I could not get into my uniform and ████████████ stood in the hall watching me with a smirk on his face as I could not get into my room, and then ████████████ gave me discipline for not attending class intentionally, even though I went to the Corps Housing Office and they were not able to help me get into my room so I could go to class.**

Cadet ████████ does not sleep in the dorm. When Cadet ████████ left for work, he locked his door. Cadet ████████ was not carrying his room key.

**Most recently as of thi ████████ s to my knowledge. I was kicked off of the Corps of Cadets ████████ team which I have been on since ████████ year, and my unit's leadership has continued to pressure the captain about having me on the team.**

Cadet ████████ was removed from the team for not attending practice. (See email from team captain)

**continuously bullied by ████████████ and ████████████ - who routinely drunkenly bullies ████████**

Cadet ████████ does not sleep in the Corps Dorm and is not there in the evenings.

Cadet ████████ is described by his military advisor as being nonparticipative for most outfit activities. In addition to being absent, he has also been caught being untruthful on several occasions. His military letter for missing morning activity Monday-Thursday indicated he was training with the ████████ when in fact the team only trains Monday-Wednesday. Lt Col Gardner conducted a meeting with ████████ his Commanding Officer and Executive Officer. During the discussion, Cadet ████████ indicated he did not feel comfortable being in the same room as his roommate, ████████████ because of his roommate's personal lifestyle choices and had been staying off campus with one of his friends. When questioned about what personal items or school supplies had been taken, ████████ was unable to provide specific examples. His roommate denies taking anything from ████████ or messing with any of his belongings. Cadet ████████ was told by his Commander he was authorized to change rooms, but ████████ has not talked to the Corps Housing Officer to initiate this process. Cadet ████████ came to this outfit from ████████ in the ████████ and was on a ████████ for the ████████ semester, making this only the ████████ full semester he has been in this outfit. With the small amount of time ████████ spends with the outfit, it is difficult to determine when, or by whom he is being harassed. Although the situation is not ideal, we do not see violations of Student Rule 24.

Patrick R. Michaelis
Brigadier General (Ret.), U.S. Army
Commandant, TAMU Corps of Cadets

Building and room/suite number
#### TAMU
College Station, TX 77843-####

Tel. 979.123.4567  Cell. 979.123.4567  Fax 979.123.4567
myname@tamu.edu
www.mywebsite.tamu.edu

**From:** Ramirez Jr, Joe E
**To:** Michaelis, Patrick Ralph; Bell Jr, Douglas
**Cc:** Gardner, Jeffery D; Simpson, Meredith M
**Subject:** RE: [Maxient]      College Station - On-Campus Residence Hall -    On
**Date:** Tuesday, October 24, 2023 6:26:17 PM

**Doug – we agreed to let the Commandant and his staff have 72 hours to conduct their own internal inquiry to determine if there was validity to the report before they sent to SCO. This definitely falls into that category.**

**Please hold on any further actions until the Commandant and his staff have had the chance to look into this and come back to SCO with what they have discovered.**

**Patrick – you and your staff have 72 hours to report back to Doug and SCO what you find out about this allegation.**

**Thanks.**

*BG Joe E. Ramirez, Jr*
*United States Army (Retired)*
*Vice President for Student Affairs*
*Texas A&M University*

**From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Sent:** Tuesday, October 24, 2023 5:45 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>; Ramirez Jr, Joe E <jramirez@vpsa.tamu.edu>
**Subject:** Re: [Maxient]      College Station - On-Campus Residence Hall    On

Okay Doug. This is not within the MOA agreement. You have every right to do what you want (which you've tipped your hand already) after the 72 hour period.

I will discuss with Joe on Thursday.

Michaelis

Sent from my iPad

> On Oct 24, 2023, at 17:39, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
> The first report was received today from a Tell Somebody report from a faculty. Within this report it appears that the Corps is aware of this student issue and complaints. The second report is from the student and outlines the same information. I intend to reach out to this student, who is a      in the Corps about his concerns about continued harassment. We can discuss tomorrow if needed.
>
> Douglas Bell

**- 402 -**

Please excuse any typo, message sent from I-Phone

On Oct 24, 2023, at 4:46 PM, Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu> wrote:

Okay… so lay them out.  Did we do the 72 hour process on the first one?  Are they both from different or the same student?  Did we see the first on?

This is why we do this.  Thanks.

Sent from my iPad

On Oct 24, 2023, at 14:42, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:

Yes, but being we have received two reports regarding this situation, I feel that an investigation is warranted.

Douglas Bell

Please excuse any typo, message sent from I-Phone

On Oct 24, 2023, at 4:38 PM, Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu> wrote:

Okay… but isn't that how almost all reports start?

Sent from my iPad

On Oct 24, 2023, at 14:34, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:

Being this report is coming from the student I feel an investigation is warranted.

Douglas Bell

Please excuse any typo, message sent from I-Phone

**- 403 -**

On Oct 24, 2023, at 4:29 PM, Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu> wrote:

 Doug - is this a secondary report?  If not, let us come back to you within the 72 hour agreement first.  As I recall this is one we've been working for a while.  Jeff can elaborate.

Sent from my iPad

On Oct 24, 2023, at 14:24, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:

Howdy, I have received the attached IR and Tell Somebody Report about the

outfit. SCO will be investigating this matter.   Can you provide a CTO to co-investigate.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards Student Conduct Office | Division of Student Affairs | Texas A&M University 1257 TAMU | College Station, TX 77843-1257 ph: 979.847.7272 | [dbelljr3@tamu.edu](mailto:dbelljr3@tamu.edu) | sco.tamu.edu
- - - - - - - - - - - - - -

**- 405 -**

# Bell Jr, Douglas

**From:** Simpson, Meredith M
**Sent:** Monday, November 6, 2023 9:29 AM
**To:** Bell Jr, Douglas
**Cc:** Gardner, Jeffery D
**Subject:** Re: ████████

Doug,

Desiree Ornelaz is the next coinvestigator.

I'll talk with █████ and see if a new room will alleviate some of his immediate concerns.

Thanks!

> On Nov 6, 2023, at 8:37 AM, Bell Jr, Douglas <douglasb@vpsa.tamu.edu> wrote:
>
> Howdy,
> Thanks for the update.  If you move him to another, it will not impact the investigation. I would like to know who the co-investigator is so we can begin scheduling with the student and members of the outfit.
>
> **Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
> Student Conduct Office | Division of Student Affairs | Texas A&M University
> 1257 TAMU | College Station, TX 77843-1257
> ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.
>
> **From:** Simpson, Meredith M <msimpson@corps.tamu.edu>
> **Sent:** Sunday, November 5, 2023 5:28 PM
> **To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Subject:** RE: ████████
>
> Doug,
>
> Jeff is out of the office and will return this week. If you need an investigator sooner, I can see who is next up for assignment.
>
> Additionally, there are some extenuating circumstances with this student that also impact his health. If we offer to move him to another room on the Quad, is that a violation of any protocols now that SCO investigation is ongoing?
>
> Thanks,
>
> **Meredith Simpson**
> Office of the Commandant | Corps of Cadets

1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811 | msimpson@tamu.edu

Academic Questions: academics@corps.tamu.edu
Corps Virtual Office: tx.ag/corpsacademics
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY**

---

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Friday, November 3, 2023 3:59 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** RE: ███████

Howdy,
Can you please provide a co-investigator from the Corps regarding this case?  We will be initiating an investigation. Thank you in advance.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Monday, October 30, 2023 3:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** ███████

Sir,

Attached is the memo from BG Michaelis regarding the initial inquiry into the       acquisitions with supporting documentation.

V/R



Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

**Bell Jr, Douglas**

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **Sent:** | Tuesday, October 31, 2023 8:50 AM |
| **To:** | Bell Jr, Douglas |
| **Cc:** | Michaelis, Patrick Ralph; Simpson, Meredith M |
| **Subject:** | RE: ▮▮▮▮ |

Yes Sir.

V/R

<span style="color:maroon">Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317</span>

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Tuesday, October 31, 2023 8:49 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** RE:▮▮▮▮

Thank you for this information.  The Student Conduct Office will follow up with ▮▮▮▮▮▮▮ regarding his submission of an Incident report.  Depending on the information received from our routine follow-up, an investigation may still be warranted.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
<span style="color:maroon">**DIVISION OF STUDENT AFFAIRS**</span> | One Division. One Mission.

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Monday, October 30, 2023 3:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:** ▮▮▮▮

Sir,

Attached is the memo from BG Michaelis regarding the initial inquiry into the ▮▮▮ acquisitions with supporting documentation.

V/R

<span style="color:maroon">Lt. Col Jeff Gardner '82, USAF (Ret)</span>

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Bell Jr, Douglas
**To:** Winking, Audrey J
**Subject:** FW: [Maxient] IR      College Station - On-Campus Residence Hall      On
**Date:** Tuesday, October 24, 2023 4:25:11 PM
**Attachments:**      Tell Somebody Report

I have received the information and will be recommending this situation for an investigation.

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Murray, Dylan C <dmurray@stuact.tamu.edu>
**Sent:** Tuesday, October 24, 2023 4:11 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Brown, Josh <jhbrown@stuact.tamu.edu>
**Subject:** FW: [Maxien      College Station - On-Campus Residence Hall      On

Howdy Doug,

Please see the below Incident Report received this morning to review from a SCO perspective or to pass along to Corps Staff to address through their processes.

Thank you,
Dylan

**Dylan Murray** | Assistant Director
Campus Engagement & Traditions | Organization Conduct
Department of Student Activities | Texas A&M University
1236 TAMU | College Station, TX 77843-1236

ph: 979.862.1973 | dmurray@stuact.tamu.edu | http://studentactivities.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:**        (via Maxient) <notifications@maxient.com>
**Sent:** Tuesday, October 24, 2023 10:03 AM
**To:** Murray, Dylan C <dmurray@stuact.tamu.edu>
**Subject:** [Maxient]      College Station - On-Campus Residence Hall      On

**This Message Is From an External Sender**

This message came from outside your organization.

Secondary recipient (you were copied)

## Campus Community Incident Report

**Background Information**

Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident

Time of incident
**On**
Location of incident
**On-Campus Residence Hall**

**Involved Parties**

**Company**     **in the Corps of Cadets () Organization**

**Incident Description**

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."
**I am currently being harassed by multiple people in my unit**     **in the Corps of Cadets. I have been receiving continuous retaliation from other**     **cadets. It started during the week after I missed a mandatory event the football game against the**     **game and went to my**     **instead. The**     **cadets in my unit gave me enough discipline to get me removed from the Corps, and go before the Cadet Performance Review Board, however after the incident**     **had to meet with the head of the Corps Discipline office to ensure I was still able to stay in the organization without being forced out. The problem is that even after being put in a bad position, the**     **cadet members have continuously kept adding more overexaggerating and falsified discipline items on to my profile to serve in the form of demerits, marching tours, and restricted weekends; and I have been given heavy discipline for barely missing deadlines of online forms to submit and messing up letters. However I was delivered the amount of discipline from the unit's leadership to kick me out of the Corps in less**     **with only having been counseled a single day about missing the game beforehand. I have experienced ongoing harassment from members in my unit including destruction of my personal property as I had to make unnecessary repairs to my**     **As well, people have taken my several of my personal belongings and school supplies and I have been unable to find out where they went, and my room mate**     **did not even tell me who did it even when someone stole**     **or several days. The other**     **cadets in my unit continue to try give me large discipline as**     **has given me restricted weekends for missing**     **class which**     **have, even though I have excusal letters for them.**

**Supporting Documentation**
**No additional documents were attached to this report.**

**Submitted By**
Your full name

Position/title/student status
**Student**
Your email address

Your phone number

UIN

*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:
   • Dylan Murray
   • jhbrown@stuact.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189. Routed to Erica Moore, Administrative Coordinator, Department of Student Activities.

**Message sent by Maxient**
**Replies will be sent to the submitter**

From:         Bell Jr, Douglas
To:            Winking, Audrey J
Subject:     FW: [Maxient]           College Station - On-Campus Residence Hall
Date:        Tuesday, November 7, 2023 2:26:05 PM

Additional information from

**Douglas Bell, Ph.D.** | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Murray, Dylan C <dmurray@stuact.tamu.edu>
**Sent:** Tuesday, November 7, 2023 1:42 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Subject:** Fwd: [Maxient]         College Station - On-Campus Residence Hall


Please excuse short messages and typos, as I am responding on my phone

Begin forwarded message:

> **From:** "Moore, Erica" <erica_moore@stuact.tamu.edu>
> **Date:** November 7, 2023 at 1:25:31 PM CST
> **To:** "Murray, Dylan C" <dmurray@stuact.tamu.edu>
> **Subject: FW: [Maxient]**       **College Station - On-Campus Residence Hall**
>
>
> Howdy Dylan,
>
> I am sending this over to you. I've already submitted a report for this and told the student an additional report from him would be helpful as well.
>
> **Erica Moore** | Administrative Coordinator II
> Koldus 224G|Student Organization Leadership And Development I Department of Student Activities
> 1236 TAMU | College Station, TX 77843-0000
>
> ph: 979.458.4371 | erica_moore@stuact.tamu.edu |
> - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.
>
> **From:** ████████████████████████████████
> **Sent:** Tuesday, November 7, 2023 1:12 PM
> **To:** Moore, Erica <erica_moore@stuact.tamu.edu>
> **Subject:** Re: [Maxient]       College Station - On-Campus Residence Hall -

Good afternoon, I experienced hazing this morning at formation. The entire class of ████ cadets were yelling at me, cursing at me and making fun of me in front of the rest of my unit. One particular student named ████████ who is a ████ was leading the charge as they surrounded me and were mocking me for being hurt and unable to run. They are making me very uncomfortable being part of Company ████ as they continue to say hurtful things to me in front of the rest of the unit.

On Tue, Nov 7, 2023 at 12:01 PM Moore, Erica <erica_moore@stuact.tamu.edu> wrote:

> Howdy,
>
> Thank you for reaching out to us regarding the incident below. Your report has been received by the Department of Student Activities and will be reviewed to determine any needed further action. If you have any additional information or documentation related to the incident you would like to submit, feel free to reply to this email, or if you would prefer to speak to a staff member directly you may contact me at the number below. Thank you again for your submission, and for your support of our Texas A&M student organization community.
>
> Sincerely,
>
> -Erica
>
> **Erica Moore**  | Administrative Coordinator II
> Koldus 224G|Student Organization Leadership And Development I Department of Student Activities
> 1236 TAMU | College Station, TX 77843-0000
>
> ph: 979.458.4371 | erica_moore@stuact.tamu.edu |
> - - - - - - - - - - - - - - - - - - - - - - - -
> **DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.
>
> **From:** ████████████ (via Maxient) <notifications@maxient.com>
> **Sent:** Sunday, November 5, 2023 9:11 PM
> **To:** Moore, Erica <erica_moore@stuact.tamu.edu>
> **Subject:** [Maxient]          College Station - On-Campus Residence Hall

**This Message Is From an External Sender**

This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

**Campus Community Incident Report**

**Background Information**

Campus Location

**College Station**

Status of the Alleged Offender

**Recognized Student Organization**

Date of incident

Time of incident

Location of incident

**On-Campus Residence Hall**

**Involved Parties**

**Company**          () Alleged Offender

**Incident Description**

Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

## Supporting Documentation

doctorsnote1.pdf
doctorsnote2.pdf
doctorsnote3.pdf

*For added security, these links will expire in 10 days. The attachments will remain accessible when viewing the report within Maxient.*

## Submitted By

Your full name

███████████████

Position/title/student status
**Student**
Your email address

███████████████████

Your phone number

████████████

UIN

████████████

*[UNAUTHENTICATED]*

## Routing Information

Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:

- Dylan Murray
- [jhbrown@stuact.tamu.edu](mailto:jhbrown@stuact.tamu.edu)

Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189. Routed to Erica Moore, Administrative Coordinator, Department of Student Activities.

**Message sent by Maxient**
**Replies will be sent to the submitter**

| From: | Bell Jr, Douglas |
|---|---|
| To: | Winking, Audrey J |
| Subject: | FW: |
| Date: | Friday, November 3, 2023 11:35:18 AM |
| Attachments: | |
| | DOC     10_53_55.pdf |
| | DOC     15_33_52.pdf |

---

FYI for the        Investigation

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Monday, October 30, 2023 3:57 PM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>; Simpson, Meredith M <msimpson@corps.tamu.edu>
**Subject:**

Sir,

Attached is the memo from BG Michaelis regarding the initial inquiry into the        acquisitions with supporting documentation.

V/R

> Lt. Col Jeff Gardner '82, USAF (Ret)
> Assistant Commandant for Accountability and Standards
> Military Advisor Parsons Mounted Cavalry
> 979-458-9317

No problem, I went ahead and let my new full-time investigator serve as the co-investigator since he was here already anyways to observe for his training, so we have wrapped up the interviews for today.

Best,

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Sent:** Monday, November 20, 2023 2:31 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re:      Investigation

I'm so sorry about missing my appointments with you. I will certainly be all day tomorrow and I will cancel my leave if no problem.

Sent from my iPhone

> On Nov 20, 2023, at 12:37 PM, Ornelaz, Desiree A <dmercado@corps.tamu.edu> wrote:
>
>  I appolligize, I am trying to find your office.
>
> Sent from my iPhone

>> On Nov 20, 2023, at 11:08 AM, Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:
>>
>>
>> Good morning,
>>
>> Just checking to see if you were still able to do the interviews we have at 11, 2, and 3 today?

**- 419 -**

Thanks!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student
Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Sent:** Tuesday, November 14, 2023 3:10 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE:        Investigation

Yes, that works. Thank you! I will clear my calendar for Monday so we can finish hopefully before the holiday.

**GySgt Desiree A. Ornelaz USMC (Ret)**  | 1st Regiment Operations Advisor/AMC Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I dornelaz@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, November 14, 2023 2:20 PM
**To:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Subject:** RE:        Investigation

I just looked at their class schedules and it's going to be really tough to get them in this week in the order I wanted to interview them (complainant first).  It looks like              would work well for them though – would this work for you?

Complainan
Alleged
Alleged

Let me know if that would work for you and if so, I will send you a calendar appointment and will send them their interview notices!

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student
Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Sent:** Monday, November 13, 2023 8:31 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE:      Investigation

Sounds great, thank you!

**GySgt Desiree A. Ornelaz USMC (Ret)**  | 1st Regiment Operations Advisor/AMC
Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I dornelaz@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Monday, November 13, 2023 8:17 AM
**To:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Subject:** RE:

Thank you! My goal is to try to fit the interviews in by the end of this
week, but if needed we could finish up next Monday/Tuesday while the
students still technically have class. So we should be done by the time you
leave, but we can definitely Zoom if something major changes and we
absolutely have to do any after Thanksgiving.

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student
Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Sent:** Monday, November 13, 2023 8:03 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>

**- 421 -**

**Subject:** RE:      Investigation

Thank you so much, It is awesome that you are a                    . I completely understand          always comes first.              is moving from here to              for work so starting the 22nd I will be on leave to help her move. Hopefully we will be done by then, but if not I can definitely get on zoom or whatever.

**GySgt Desiree A. Ornelaz USMC (Ret)**  | 1st Regiment Operations Advisor/AMC Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I [dornelaz@tamu.edu](mailto:dornelaz@tamu.edu) |
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Sent:** Monday, November 13, 2023 7:57 AM
**To:** Ornelaz, Desiree A <[dmercado@corps.tamu.edu](mailto:dmercado@corps.tamu.edu)>
**Subject:** RE:      Investigation

Sure, I have attached the reports that have been submitted as well as documentation that I received from the Corps regarding some of the allegations.

Also – I am a                  and ended up receiving a new              Friday afternoon, so I won't be in the office today but will try to be doing some work from home as I am able.  I am hoping that I can get            set up to start tomorrow.  As soon as I know when she can start            , I will schedule the interviews!  Sorry for the delay, I had fully intended to do that on Friday. I apologize for any inconvenience this delay is causing but will get these scheduled ASAP once I know when she can go to

Sincerely,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 [|audrey_winking@sco.tamu.edu|](mailto:audrey_winking@sco.tamu.edu) sco.tamu.edu

---

**From:** Ornelaz, Desiree A <[dmercado@corps.tamu.edu](mailto:dmercado@corps.tamu.edu)>

**- 422 -**

**Sent:** Monday, November 13, 2023 7:53 AM

**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>

**Subject:**         Investigation

Good morning,

I was wondering if there are any notes or anything I should read concerning this case. Thank you.

**GySgt Desiree A. Ornelaz USMC (Ret)**  | 1st Regiment Operations Advisor/AMC Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I dornelaz@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>

**Sent:** Wednesday, November 8, 2023 12:37 PM

**To:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>

**Subject:**       Investigation

Hi Desiree,

I was told that you will be helping me with the        investigation.  I am planning on setting up interviews to take place next week.  Would you mind sending me your availability for next week when you have a chance? I am hoping to send the students their notices by the end of this week.

Thanks, and looking forward to working with you!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

Howdy,

I have received this information and I an recommending an investigation.  I have requested a military advisor (CTO) to co-investigate.

**Douglas Bell, Ph.D.**  | Interim Executive Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

---

**From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 8:06 AM
**To:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** FW: ▓▓▓▓ incidents ▓▓▓▓▓▓▓▓▓

Doug – I read through these documents in detail this morning.  I am bothered by the conduct of the ▓▓▓▓ in this outfit.  The first document is the one that really stands out (request to transfer).
Before I act here, I'd like your perspectives if there is any form of violation of university hazing standards here.

patrick

**BG Patrick R. Michaelis '93, US Army (Ret.)**
Commandant
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811|
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | **Texas A&M University**

---

**From:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Sent:** Wednesday, October 18, 2023 6:47 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** ▓▓▓▓ incidents ▓▓▓▓▓▓▓

Good Morning Sir,

I finally received the additional info last night regarding Cadet ▓▓▓▓▓. Below is the original email from last month but I've also attached the additional document that I received last night as well.  She

stated also having an audio file that she sent her mother the night that it happened. She's working on getting that to me. If you have any questions please let me know.


R/
**MSgt Chauncy J. Anderson USMC (Ret)** | Cadet Training Officer II
Office of the Commandant | Division of Student Affairs| Texas A&M University
Lacy|          TAMU | College Station, TX 77843

ph: 979.458.9372 | mobile:                 | canderson@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** ███████████████████████████ >
**Sent:** Tuesday, September 26, 2023 7:45 PM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Meeting 09/28

Good evening Master Sergeant Anderson,

My name is ████████████████ . I'm a cadet in          and a                    from          I was in the same outfit as ████████ when                in the Corps of Cadets. My time in          ,                , has been incredibly different than my time spent in          . If you're available this                  and I would love to meet with you and discuss our experiences and perhaps receive some advice to navigate our new circumstances.

I truly believe that transferring to          was the best choice for me, and I'm truly grateful to Mr. Garza and Ms. Peters for allowing me to find somewhere I am a better fit, however, I also believe that many of my buddies, including ████ would have remained in the Corps of Cadets had they begun their time in a different outfit or made the transfer as I did. I do not say this lightly, and I truly think that discussing our experience would benefit our buddies who remain in          .

I initially typed up a request to transfer outfits that I have attached to this email. As of today, I have also modified it to detail my experience within

Thank you for your time, and please get back to me at your earliest convenience.

Best wishes,

████████

**- 425 -**

Thank you!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Tuesday, November 7, 2023 3:32 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: interviews postponed

Yes, I can do Monday.

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, November 7, 2023 3:30 PM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE: interviews postponed

████████  just emailed me saying he will be out of town on Friday…can you do 2:00pm on Monday 11/13? If so, then I will try to move one of our Friday students so that we don't have an hour in between the two.

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Tuesday, November 7, 2023 10:01 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: interviews postponed

Yes, I changed the date to 10 Nov for Friday.

v/r

Jason

**MAJ Jason A. Leible, USA (Ret)** | Operations Advisor, 1ˢᵗ Brigade
Office of the Commandant| Division of Student Affairs | Texas A&M University
Dorm 5, Room 301 | College Station, TX 77843-0000

ph: 979.458.1116 | mobile:                    | [jleible@corps.tamu.edu](mailto:jleible@corps.tamu.edu)
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Sent:** Tuesday, November 7, 2023 9:57 AM
**To:** Leible, Jason Aaron <[jleible@corps.tamu.edu](mailto:jleible@corps.tamu.edu)>
**Subject:** RE: interviews postponed

Here's what I am thinking, let me know if this works for you and then I can send their notices and will send you calendar appointments:

Wednesday, 11/8:
2:00pm –
3:00pm –

Friday, 11/10:
9:00am –
10:00am –
11:00am –

Will that work?

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)| sco.tamu.edu

---

**From:** Leible, Jason Aaron <[jleible@corps.tamu.edu](mailto:jleible@corps.tamu.edu)>
**Sent:** Tuesday, November 7, 2023 9:37 AM
**To:** Winking, Audrey J <[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)>
**Subject:** RE: interviews postponed

Thursday, I have a Veterans day speech to do for a high school. 0750-1000hrs
1430hrs I have a meeting to attend.

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, November 7, 2023 8:27 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE: interviews postponed

Good morning,

I'm back in the office sooner than expected. Can you please send me your availability for tomorrow through the end of the week? I will work on rescheduling our interviews from yesterday. I did also get the names of those who punched from the          so I will add a couple interviews for them as well.

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Monday, November 6, 2023 8:05 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: interviews postponed

Ok, thanks for letting me know.

v/r

Jason

**MAJ Jason A. Leible, USA (Ret)**  | Operations Advisor, 1st Brigade
Office of the Commandant| Division of Student Affairs | Texas A&M University
Dorm 5, Room 301 | College Station, TX 77843-0000

| mobile:                    | jleible@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Monday, November 6, 2023 6:35 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** interviews postponed

Good morning,

I am going to have to be out of the office today (and likely for a couple of days), so the interviews are going to have to be postponed. I will reach out about rescheduling once I know when I will be returning to work.  I apologize for any inconvenience!

Best,

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

| From: | Winking, Audrey J |
|---|---|
| To: | Leible, Jason Aaron |
| Subject: | Re: interviews today |
| Date: | Thursday, November 2, 2023 7:10:04 PM |

We've got ██████████ at 1:00 Friday. I'll look at those other names tomorrow morning! Thanks!

Sent from my iPhone

On Nov 2, 2023, at 4:27 PM, Leible, Jason Aaron <jleible@corps.tamu.edu> wrote:

Checking on interview times for Friday. Want to make sure I am tracking all.

Also, 2x people we may want to talk with

██████████
██████████
██████████

I spoke with ██████████, if he knew anyone we might want to talk to.

v/r

Jason

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, October 31, 2023 8:52 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE: interviews today

Yep I can get that pulled up for you to review before we start!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs |
Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Tuesday, October 31, 2023 8:52 AM

**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>

**Subject:** RE: interviews today

Was getting ready to head over, saw the change. On my way at 0900. If I could review the complaint and any information about the case?

v/r

Jason

**MAJ Jason A. Leible, USA (Ret)** | Operations Advisor, 1st Brigade
Office of the Commandant| Division of Student Affairs | Texas A&M University
Dorm 5, Room 301 | College Station, TX 77843-0000

ph: 979.458.1116 | mobile: | jleible@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, October 31, 2023 8:50 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** interviews today

Good morning,

Just wanted to make sure you saw that I had to slightly adjust the interview times for this morning! So we start at 9:30 instead of 9.

See you in a bit!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs |
Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

I think we can work with it.

v/r

Jason

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, November 14, 2023 9:02 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE: rescheduling today

Okay maybe we do this...

Please describe in detail any situations/instances that you've experienced that:
- you believe may have been hazing
- were concerning to you
- caused you to question what was happening

These may include, but are not limited to: making/remaking your rack over and over, rapidly changing uniforms, standing on the wall with 5 points at attention for extended periods of time, participating in "training" or "gentleman's" chow, having to use EST for Corps-related tasks, being asked to do Corps-related tasks during the academic day, etc.

Thoughts on that? If there's anything I missed that you think should be included in that list, let me know or feel free to add it!

**Audrey Winking**| Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Tuesday, November 14, 2023 8:56 AM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: rescheduling today

Howdy Audrey,

I can do this, I spoke with ███████ and his concern is if we provided no context then we would get nothing back.

v/r

Jason

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Tuesday, November 14, 2023 7:52 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE: rescheduling today

I will be back in the office tomorrow, so I am going to reschedule ███████ to Wednesday at 3pm! Let me know if that doesn't work for you.

When we've had cadets write statements in the past, it's been more broad (not a set of questions like we would do in an interview). So maybe something like this:

Please describe in detail any situations/instances that you've experienced that:
- you believe may have been hazing
- were concerning to you
- caused you to question what was happening

**Audrey Winking**| Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 | audrey_winking@sco.tamu.edu | sco.tamu.edu

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Monday, November 13, 2023 2:33 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE: rescheduling today

Howdy,

No issues. I have not been in my office all this morning. I would like to have the questions to get them started and work it.

v/r

Jason

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>

- 433 -

**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** rescheduling today

Good morning,

Since I got my new ███████████ late on ███████████ hasn't gotten set up yet, so I will be out today with her.  I will check in with the caseworker later today to try and make sure it gets submitted/approved today!  I will reschedule ███████ interview from today once I know when I will be back in the office.  Can you send me your availability for the rest of the week?

Also, I spoke with Dr. Bell and he said that it would be great if you can ask MSgt. ███████ to have the ███ in ███ submit written statements to him about anything that's taken place that they have found concerning.

Thanks so much!  And sorry I am out again and having to reschedule another one!

Best,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Leible, Jason Aaron
**To:** Winking, Audrey J
**Subject:** RE:        Investigation
**Date:** Friday, October 27, 2023 11:19:49 AM

Howdy Audrey,

I'll put them on my calendar.

v/r

Jason

**MAJ Jason A. Leible, USA (Ret)** | Operations Advisor, 1st Brigade
Office of the Commandant| Division of Student Affairs | Texas A&M University
Dorm 5, Room 301 | College Station, TX 77843-0000

ph: 979.458.1116 | mobile:                     | jleible@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, October 27, 2023 8:41 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE:        Investigation

I just sent calendar appointments for what I am planning on scheduling. I plan on sending their interview notices out later today.

**Audrey Winking**| Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Winking, Audrey J
**Sent:** Wednesday, October 25, 2023 3:48 PM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:** RE:        Investigation

Thank you! My Monday afternoon is already full so I will plan on scheduling interviews for Tuesday and Wednesday (I will make sure to work around the times you listed below for those days). I will probably have us hold Friday in case we determine we need to interview additional people after the Tuesday and Wednesday interviews.

I will try to get schedules confirmed tomorrow, but if not I will for sure get calendar appointments to

you Friday!

Thanks again,

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Sent:** Wednesday, October 25, 2023 3:39 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** RE:          Investigation

Audrey,

Howdy, I listed when I currently have hard times that I must meet for next week.

Monday – Meeting 0845-0945; Class 1020-1130
Tuesday- OPS&TRNG MTG 1430-1530
Wednesday – Class 1240-1330
Thursday
Friday

v/r

Jason

**MAJ Jason A. Leible, USA (Ret)** | Operations Advisor, 1st Brigade
Office of the Commandant| Division of Student Affairs | Texas A&M University
Dorm 5, Room 301 | College Station, TX 77843-0000

ph: | mobile:              | jleible@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Wednesday, October 25, 2023 10:47 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Subject:**          Investigation

Good morning,

I was told that you will be my co-investigator for the          investigation.  Would you mind sending me your availability for next week so that I can begin scheduling interviews? I will send you calendar appointments as I get them scheduled.

Thanks!

**Audrey Winking**|  Senior Student Conduct Investigator
Department of Student Community Standards | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

## Bell Jr, Douglas

**From:** Smith, Asia
**Sent:** Tuesday, March 19, 2024 4:24 PM
**To:** Bell Jr, Douglas
**Subject:** RE:

Thank you. I will officially assign it to Skylar tomorrow.

**Asia Smith M.S.Ed.**  |Assistant Director of Student Conduct
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | asiasmith@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

**From:** Bell Jr, Douglas <douglasb@vpsa.tamu.edu>
**Sent:** Tuesday, March 19, 2024 4:12 PM
**To:** Smith, Asia <asias@sco.tamu.edu>
**Subject:**

Howdy,
I have placed the        investigation report in your intake folder.  Please let me know if you have any questions.

**Douglas Bell, Ph.D.**  | Director of Student Community Standards
Student Conduct Office | Division of Student Affairs | Texas A&M University
1257 TAMU | College Station, TX 77843-1257
ph: 979.847.7272 | dbelljr3@tamu.edu | sco.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

# Bell Jr, Douglas

**From:** Doughty, Jeanae
**Sent:** Tuesday, January 17, 2023 8:27 AM
**To:** Bell Jr, Douglas
**Cc:** Upshaw-Brown, Jaclyn B
**Subject:** Investigation Report Submission
**Attachments:** FINAL Sample Investigtion Report -

Howdy,

Please find the completed investigation report related to the incidents involving                attached.

All the Best,

**Jeanae Doughty** |*she/her/hers*| Assistant Coordinator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 | [jeanaed@sco.tamu.edu](mailto:jeanaed@sco.tamu.edu) | [sco.tamu.edu](http://sco.tamu.edu)
- - - - - - - - - - - - - - - - - - - - - -
**DIVISION OF STUDENT AFFAIRS** | One Division. One Mission.

# EXHIBIT 15



THE TEXAS A&M
UNIVERSITY SYSTEM

---

**Contact Information**

Recruiters can reach out to you about this application using the public contact information from your worker profile below.

| | |
|---|---|
| **Email** | audrey_winking@sco.tamu.edu (Work) |
| **Phone Number** | |

**Experience**

| | |
|---|---|
| **Company** | Texas A&M University |
| **Title** | Student Affairs Coordinator |
| **Location** | Student Conduct Office |
| **Start Date** | |
| **End Date** | |
| **Responsibilities and Achievements** | Supervision and training of full time administrative support staff. Student conduct case administration. Facilitate training and outreach opportunities. |

| | |
|---|---|
| **Company** | Texas A&M University |
| **Title** | Associate Coordinator |
| **Location** | Student Conduct Office |
| **Start Date** | |
| **End Date** | |
| **Responsibilities and Achievements** | Supervision of graduate assistant, including hiring and training. Student conduct administration. Facilitate hazing prevention trainings, hazing education workshops, and ethics and decision making workshops. |

| | |
|---|---|
| **Company** | Texas A&M University |
| **Title** | Community Director |
| **Location** | Residence Life |
| **Start Date** | |
| **End Date** | |
| **Responsibilities and Achievements** | Supervise resident advisors. Manage residence halls, keys, budgets, and more. Advise community council. Serve in on-call duty rotation. Plan events and programs for the on campus residents. |

| | |
|---|---|
| **Company** | Texas A&M University |
| **Title** | Graduate Hall Director/Graduate Resident Manager |
| **Location** | Residence Life |
| **Start Date** | |
| **End Date** | |
| **Responsibilities and Achievements** | |

| | |
|---|---|
| **Replace the Experience information in my profile with this information** | No |

**Education**

| | |
|---|---|
| **Country** | United States of America |
| **School** | Texas A&M University |
| **Degree** | Doctorate |
| **Degree Received** | |


| | |
|---|---|
| **Field of Study** | Higher Education Administration |
| **First Year Attended** | 2018 |
| **Last Year Attended** | |
| **GPA** | |

| | |
|---|---|
| **Country** | United States of America |
| **School** | Texas A&M University |
| **Degree** | Masters |
| **Degree Received** | |
| **Field of Study** | Education Administration |
| **First Year Attended** | 2014 |
| **Last Year Attended** | 2016 |
| **GPA** | |

| | |
|---|---|
| **Country** | United States of America |
| **School** | Maryville University of Saint Louis |
| **Degree** | Bachelors |
| **Degree Received** | |
| **Field of Study** | |
| **First Year Attended** | 2010 |
| **Last Year Attended** | 2013 |
| **GPA** | |

| | |
|---|---|
| **Replace the Education information in my profile with this information** | No |

**Certifications**

none entered

**Language**

none entered

**Skills**

none entered

**Resume / Cover Letter**

**Questionnaire**

1. Default Primary Questionnaire - Internal Career Site 09/22

| Question | Answer(s) |
|---|---|
| If this position is located in the United States and you are selected, would you now or in the future require sponsorship for immigration-related employment authorization (e.g. H1-B, O-1, E-3, TN)? | No |



| Question | Answer(s) |
|---|---|
| Texas Government Code, Section 657, as amended, requires that a state agency or institution of higher education must provide employment preference to individuals who qualify for a veteran's employment preference. An individual who qualifies for a veteran's employment preference is entitled to a preference in employment with or appointment to a state agency or institution of higher education over other applicants for the same position who do not have a greater qualification.<br><br>You are not obligated to respond to State Veteran's Preference demographics; however, your response is important to meet federal and state reporting requirements. Information you provide will remain confidential in accordance with applicable federal and state regulations. Your employment will not be adversely affected by information you furnish.<br><br>Do you qualify for State of Texas veteran employment preference based on the four definitions below? | None of the above |
| I am 25 years of age or younger and was under the permanent managing conservatorship of the Texas Department of Family and Protective Services on the day preceding my 18th birthday. If hired and claiming foster child status, you will be required to provide verification of such status. | No |
| To comply with The Texas A&M University System policy on nepotism, answer the following question. Are you related to any current Texas A&M University System employee, official or regent? | No |
| If yes, state his/her name, relationship and the A&M System institution or agency. | |
| Have you ever worked for the State of Texas? | Yes |
| If yes, please indicate the agency and start/end dates of employment. | Texas A&M, August 2014-current |


| Question | Answer(s) |
|---|---|
| Application Terms and Conditions<br><br>I certify the statements made by me in this application and materials supplied by me as part of my employment application are true, complete and correct to the best of my knowledge and belief and made in good faith. I understand that any falsification, misrepresentation, or omission of fact made herein or at any point in the hiring process may (a) void my application, (b) be cause for denial of employment or immediate termination of employment, regardless of when or how it was discovered. I agree to revise this application should any of the information change.<br><br>I authorize Texas A&M System members to conduct checks relating to my employment, education and any licenses. I also authorize all current and prior employers to provide full details concerning my past employment and I release them from all liability that may result from providing such truthful information. I understand that this history check may be required as specified by the appropriate System Member.<br><br>The Texas A&M System members are at-will employers and may dismiss employees with or without cause. I understand that if employed by a member of The Texas A&M System I will be an at-will employee and may be dismissed from employment with or without cause unless I have a legally different status.<br><br>I understand that if I am male, I am required to sign a Certification of Registration Status for the Selective Service as a requirement for employment. I further understand if I am a male age 18 through 25, I must show proof of registration with Selective Service at the time of hire.<br><br>I understand that any offer of employment is contingent upon my completing the U.S. Citizenship and Immigration Services Form I-9 and providing documents to verify my identity and employment eligibility as required by law. When completing the Form I-9, I will be required to attest that I am a citizen or national of the U.S., a lawful Permanent Resident or an alien authorized to work.  I understand that as conditions of employment, I will be required to comply with U.S. export control regulations, clear a background check, and provide the TAMUS member all required employment documentation.<br><br>I acknowledge that by checking the certification statement below, I am ELECTRONICALLY SIGNING the Employment Application and affirming that information contained within this application is accurate and true. | Yes, I have read and consent to the terms and conditions |
| You have responded to the Term and Conditions that you do not consent, which will cause your application to be removed from consideration. | |

 
| Question | Answer(s) |
|---|---|
| Application Terms and Conditions<br><br>I certify the statements made by me in this application and materials supplied by me as part of my employment application are true, complete and correct to the best of my knowledge and belief and made in good faith. I understand that any falsification, misrepresentation, or omission of fact made herein or at any point in the hiring process may (a) void my application, (b) be cause for denial of employment or immediate termination of employment, regardless of when or how it was discovered. I agree to revise this application should any of the information change.<br><br>I authorize Texas A&M System members to conduct checks relating to my employment, education and any licenses. I also authorize all current and prior employers to provide full details concerning my past employment and I release them from all liability that may result from providing such truthful information. I understand that this history check may be required as specified by the appropriate System Member.<br><br>The Texas A&M System members are at-will employers and may dismiss employees with or without cause. I understand that if employed by a member of The Texas A&M System I will be an at-will employee and may be dismissed from employment with or without cause unless I have a legally different status.<br><br>I understand that if I am male, I am required to sign a Certification of Registration Status for the Selective Service as a requirement for employment. I further understand if I am a male age 18 through 25, I must show proof of registration with Selective Service at the time of hire.<br><br>I understand that any offer of employment is contingent upon my completing the U.S. Citizenship and Immigration Services Form I-9 and providing documents to verify my identity and employment eligibility as required by law. When completing the Form I-9, I will be required to attest that I am a citizen or national of the U.S., a lawful Permanent Resident or an alien authorized to work. I understand that as conditions of employment, I will be required to comply with U.S. export control regulations, clear a background check, and provide the TAMUS member all required employment documentation.<br><br>I acknowledge that by checking the certification statement below, I am ELECTRONICALLY SIGNING the Employment Application and affirming that information contained within this application is accurate and true. | |

Questionnaire

TAMU_U9798_Student Affairs Coordinator

| Question | Answer(s) |
|---|---|
| Select the response that best represents your years of education. | Completed a Master's degree |
| Select the response that best represents your years of experience student affairs work or related specialty area. | 8 |

# Audrey Winking

## EDUCATION:

**Texas A&M University**                                               College Station, TX
 Ph.D. in Educational Administration                              Anticipated: May 2023

**Texas A&M University**                                               College Station, TX
 Master of Education in Educational Administration                              May 2016
 Student Affairs Administration in Higher Education

**Maryville University**                                                       St. Louis, MO
 Bachelor of Arts in Organizational Leadership – Cum Laude              December 2013
 Concentration:  Rehabilitation Services

**Regent's College**                                                  London, England
 Study Abroad                                                                June 2011

## EXPERIENCE:

**Texas A&M University – Student Conduct Office**                      College Station, TX
**Associate Coordinator**                                         February 2020 – present
- Review reports for potential violations of the Student Code of Conduct
- Meet with students, witnesses, advisors, and other stakeholders to resolve cases and assign appropriate educational sanctions
- Hire, train, and supervise the Graduate Assistant
- Update and facilitate Hazing Education Workshops and Hazing Prevention Trainings
- Facilitate Ethics and Decision-Making Workshops
- Serve on various working groups and committees, including a multi-office group focused on establishing accommodations in the conduct process for Aggie ACHIEVE students, the Department Unity committee, the Professional Development and Staff Training committee, and a full-time staff search committee
- Additional responsibilities during Summer 2021, including but not limited to:
  - Supervise full-time staff members
  - Supervise, evaluate, and hire student employees
  - Review all incoming reports, determine potential rule violations, assign cases to staff
  - Process incoming investigation reports
  - Prepare paperless process for resuming in-person conduct conferences and panels
  - Draft and send all letters to students
  - Run analytics and sanction reports
  - Collaborate with campus partners for various presentations and trainings

1

**Texas A&M University – Residence Life** College Station, TX
**Community Director** January 2016 – February 2020
- Supervise 1-2 Graduate Hall Directors
- Supervise 11-16 undergraduate Resident Advisors
  - Includes oversight of multiple buildings, including Corps dorms, for a total of 480-740 residents
- Work through the student conduct process and hold student conduct conferences in hall
- Collaborate with the Student Conduct Office on co-adjudications and serve on conduct panels
- Participate in an on-call duty rotation for all on-campus residence halls (approximately 10,000 residents)
- Refer students to various campus and community resources
- Facilitate training presentations for the RAs and GHDs
- Advise a Community Council and manage the budget (about $1000-$1300 per semester)
- Assist in the recruitment and selection of resident advisors
- Follow through with the department's accountability model for staff members
- Manage the facilities for summer conferences, including meeting with camp and conference sponsors
- Serve on two Residence Education committees (RA Training and Summer Operations)

**Texas A&M University – Residence Life** College Station, TX
**Graduate Resident Manager** May 2015 – December 2015
- Prepared the facility for opening Fall 2015 to house over 1200 primarily freshmen
- Hired and supervised undergraduate student workers (office assistants and resident advisors)
- Developed the RAs' programming model based on the department's academic initiatives
- Planned a program (with a $1000 budget) to take place the first week of classes to build community
- Established a community council for the White Creek Apartments, including recruiting members and officers, creating a constitution, and completing the steps for student organization recognition
- Advised the White Creek Community Council and managed the budget (about $2500 per semester)
- Supervised the 21 RAs' programming efforts (including budget) for the entire White Creek Apartments
- Worked through the student conduct process and held student conduct conferences
- Participated in an on-call duty rotation for on-campus apartments (approximately 2100 residents)
- Served on a Residence Education committee (RA Training and Development)

**Texas A&M University – Athletics** College Station, TX
**Center for Student Athlete Services Intern** August 2015 – December 2015
- Worked one on one with 13 student athletes that were high-risk for losing NCAA eligibility
- Created Week at a Glance (WAG) charts for each athlete to help them keep up with coursework
- Completed administrative tasks around the office as needed when not meeting with an athlete

**Association for Student Conduct Administration (ASCA)** College Station, TX
**Practicum Intern** May 2015 – July 2015
- Assisted in planning the 2015 Gehring Academy, Title IX workshops, and webinars
- Began a historical project by doing research and setting up the methodology for collecting the data, as well as conducting interviews with the organization's original members

2

- Attended the Gehring Academy (July 2015) to assist throughout the conference, including helping with registration and set up/clean up
- Attended the ASCA Annual Conference (February 2016 and 2017) and assisted throughout the conference, including helping with registration and collecting items for and setting up the silent auction

**Texas A&M University – Residence Life**                    College Station, TX
**Graduate Hall Director**                                   August 2014 – May 2015
- Co-supervised staff of 15 resident advisors in two separate residence halls (about 450 residents)
- Advised two student organizations (hall councils)
- Served on a Residence Education committee (First Year Experience)
- Developed and used conflict resolution, mediation, and student conduct adjudication skills
- Understood and worked within the student conduct process
- Managed Hall Council and staff programming budgets
- Performed facility management duties, including managing keys for both residence halls
- Participated in duty rotation for half of the university's residence halls

## INVOLVEMENT:

- Conflict Mediation Certificate
- Green Dot Training (Bystander Intervention)
- QPR Training (Question, Persuade, Refer – Suicide Prevention Training)
- Gehring Academy Attendee – 2015, 2019 (Foundations), 2020 (Conflict Resolution), 2021 (Equitable & Inclusive Practices)
- ASCA Annual Conference Attendee – 2016, 2017, 2021
- ASCA Member – Association for Student Conduct Administration
- SWACUHO Conference Attendee (Southwest Association of College and University Housing Officers)
- ACUHO-I Annual Conference Attendee – 2016
- Summer Operations Committee Member
- First Year Experience Committee Member
- Community Director Selection Committee Member
- Resident Manager Search Committee Member
- Graduate Hall Director Selection Committee Member
- Resident Advisor Training and Development Committee Member
- Graduate Hall Director Training and Development Committee Member
- SWACURH 2015 Advisor – Dining and Hospitality Committees (Southwest Affiliate of College and University Residence Halls)
- National Night Out (Texas A&M University Campus Safety Week) Committee Member and Volunteer
- AFSAP Member – Association of Future Student Affairs Professionals

3

# MARK TAPLETTE, ED. D.

Phase: ███████████
███████████                                    ███████████

## PROFESSIONAL PROFILE

- Accomplished career demonstrating consistent success as an Administrator and Educator at the secondary and higher education levels. Outstanding record of accomplishment in assuring student success.

- Seasoned in conceiving and building programs from the ground up through proven competencies in grant writing and administration, project and program management, and staff development and empowerment.

- Extensive background of developing and implementing special programs for at-risk and special needs students

- Effective communicator with excellent planning, organizational, and negotiation strengths as well as the ability to lead, reach consensus, establish goals, and attain results.

## EDUCATION

**EdD**    Azusa Pacific University, Azusa, CA, Educational Leadership/Administration, December 2005 Dissertation: *"Factors Affecting Retention and Graduation of Black American Football and Basketball Players at Division I-A, Revenue-Producing Institutions"*

**MS**    The Criswell College, Dallas, TX Theology, May 1999

**BS**    Texas A&M University-Commerce, Public Administration Minored in Sociology, December 1983

## PROFESSIONAL EXPERIENCE

**Laura Burrell GO Center/Bryan, Texas**    2022 to 2023
**Program Director**
- Provide on-going leadership and effective direction to all aspects of area network.
- Program development and grant writing.
- Working with College Bound students on college admission requirement, testing, and financial aid.
- Working with Board of Director to accomplish local mission.
- Supervision and training of volunteers.
- Make recommendations to management on policy and procedures changes.
- Annual development and implementation of the budgetary plan.

**Sam Houston State University/Huntsville, Texas**                    2020-2022
**Assistant Director of Greek Life**

- Provide comprehensive advising leadership to 30+ social Greek-letter organizations, Interfraternity Council, Multicultural Greek Council, National Pan-Hellenic Council, Panhellenic Association, and the Greek honor society Order of Omega.
- Develop and maintain educational workshop series for Greek students focusing on leadership, chapter development, wellness programs, risk management and risk-reduction education, community service initiatives, and membership recruitment.
- Serve as a liaison to inter/national offices, chapter advisors, faculty advisors, housing corporations, alumni, and members of the University community.
- Advise the coordination of formal and informal fraternity and sorority recruitment efforts.
- Oversee data collection and database management for fraternities and sororities. Maintain active and current records on membership, conduct matters, retention, and scholastic achievement of all Greek-letter organizations.
- Assist the Associate Dean with the coordination and oversight of Greek traditional events, including Greek Week, the Greek Awards program, and Bearkat Bolt 5K.
- Serve as a member of the Dean of Students Office department leadership team providing support to other areas within Dean of Students Office, assisting in the planning and coordination of University traditions such as Bearkat Family Weekend and Homecoming.
- Help manage University's Greek standards.
- Be able to create PR and marketing content related to the Greek life office, i.e. booklets, pamphlets, videos, etc.
- Be one of the sole account users of all office related social media accounts.
- Act as a student advocate, providing personal advice and appropriate referrals to students seeking assistance.
- Be willing and able to travel with students or alone to various conferences.

## PUBLICATIONS

### *Journal Papers in Review*

- Taplette, M.T., "Review of *Colormute* by Mica Pollock," Submitted to Childhood Education, vol. 83, no. 3, 2007, pp. 181-186.

## PRESENTATIONS

### Paper Presentation
- "Minority Males and College Athletics," Graduate Symposium Azusa Pacific University, December 2020.
- "*Minority Athletes at Division I-A Institutions: Should they be paid?*" Texas A&M University, May 2016.

**Keynote Address**
- "Making it Work: Keys to Success for Minority Students on Predominately White Universities," Black College Professionals Conference, May 2018.

**Workshop**
- "Student Success in the 21st Century," Moorpark College Student Success Day, May 2022.
- Taplette, M. (2019), "Staff Development for Mid-Career Faculty." Presented at the Bryan ISD staff development conference, Bryan, TX.
- Taplette, M. (2017), "Youth Suicide Prevention." Presented to Brazos County Public School Special Education Teachers in In-service Day, Bryan, TX.
- Taplette, M. (2016), "Creating Effective Schools," seminar at the Association of Professional Educator of Texas, Austin, TX
- Special Education Facilities In-service Conference, Bryan, TX.

---

## PROFESSIONAL TRAINING

National Workforce Institute
NASPA/SACSA Mid-Managers Institute, Participant, Duke University
NASPA Doctoral Students Workshop, St. Louis, Missouri
Student Activities Diversity Committee, Chair, Criswell College
Upward Bound Program, Mentor, East Texas State University
Intercultural Leadership Seminar, facilitator, Howard Payne University
University Retention Initiative, Co-Chair, Howard Payne University
Department of Residence Life Diversity Committee, Texas A&M University
Department of Residence Life Resident Advisor Training Class, Facilitator, Texas A&M University

## PROFESSIONAL AFFILIATIONS

Southern Association for College Student Affairs
National Association of Student Personnel Administrators

## COMMUNITY SERVICE

**Save our Streets Ministry**
Board of Directors, Bryan, TX, February 2003 to Present

**Pop Warner Little Scholars**
Regional President, Brazos Valley, May 2007, to May 2014

**Boy Scouts of America**

Assistant Scout Leader Troop 976, Bryan, TX, 2005 to 2013

## LANGUAGES

**English**: Native Language

**Spanish**: Intermediate Listener, Novice Speaker

## COMPUTER SKILLS

- Microsoft Office
- Spreadsheets
- PowerPoint
- Microsoft Access
- QuickBooks
- Email
- Web and Social Skills
- Graphic and Writing Skills

M. Taplette - 4

## REFERENCES

**John Yarabeck,** Dean of Students
Campus Life & Student Relations
McMurry University
1400 Sayles Blvd.
Abilene, TX  79605
936-577-1444


**Dr. Rachael Valle,** Director
Student Activities
Sam Houston State University
1905 University Avenue
Huntsville, TX 77340
936-294-3588
**Rachael.Valle@shsu.edu**

**Dr. Jerrell Sherman,** Associate Dean
Dean of Students Office
University of Houston
4455 University Dr.
Student Center South RM 256
Houston, TX 77204-3035
713-992-0038
jsherman6@uh.edu

**Dr. Michael Thornton**, Clinical Assistant Professor
Health & Kinesiology
 Texas A&M University
332 Blocker
College Station, TX 77843
(979) 845-3109
mthornton@tamu.edu

**Dr. John Singer**, Tenured Professor
Health and Kinesiology
Texas A&M University
355-B Blocker
804 E Harrington Office Building
College Station, TX 77843
(979) 845-5497
singerjn@tamu.edu

M. Taplette - 5

# EXHIBIT 16

**FRANK WOOD**

PRI Email: fcwood@corps.tamu.edu
ALT Email:

## Objective
To earn a Doctorate in Education (Curriculum & Instruction) to collaborate with the Hollingsworth Center improve the SOMs curriculum and overall delivery of the leadership pedagogy at TAMU.

## Summary
- One year as a Corps OPS Coordinator II/Military Advisor and SOMs instructor with Office of the Commandant TAMU
- Three years as a Cadet Training Officer III and SOMs instructor with Office of the Commandant TAMU
- Seven years as a US Army JROTC Army Instructor
- 30 years of experience in Leadership and Training in the US Army.
- Developed and implemented training and special programs for Combined Arms Operations.
- Evaluated and managed Personnel Specialists to ensure performance objectives were met consistently.
- Experienced in Information Technology and proficient in working with Digital Projectors and Video Camera systems, Microsoft Suite, the Army C4ISR and battle command automated systems including FBCB2, MCS, MBTR, ASIP, BFT.
- Recognized numerous times for outstanding job performance.

## Education
- Currently enrolled in Ed D Cohort XIV EDCI TAMU (4.0 gpa)
- Graduate of Basic and Advanced JROTC School of Cadet Command Instructor Certification Course, Fort Knox, KY
- Graduate, M. Ed, C&I, TAMU, College Station, TX (3.8 gpa)
- Graduate, BS degree, Liberal Arts, Excelsior College, NY (3.5 gpa)
- Graduate, AA degree, General Study, Central Texas College, TX (3.0 gpa)
- Command Sergeant Major Training, Fort Leavenworth, KS
- US Air Force Sergeants Major Course, Maxwell-Gunter Annex, AL
- First Sergeant School, Fort Bliss, TX **(Commandants' List)**
- Fast ROPE Master training, Fort Campbell, KY
- Sabaluaski Air Assault School, Fort Campbell, KY **(Distinguished Graduate)**
- Small Group Leader Instructor Trainers Course, Fort Bragg, NC
- Maneuver Senior Leaders Course, Fort Benning, GA **(Commandants' List)**
- Pathfinder School, Fort Benning, GA
- Advanced Airborne Course (Jumpmaster), Fort Bragg, NC
- Air movement Operations Course, Fort Bragg, NC
- Ranger School, Fort Benning, GA
- TRADOC Small Group Instructor Trainer school, Fort Jackson, SC
- Drill Sergeant School, Fort Jackson, SC **(Commandants' List)**

- Infantry Advanced Leaders Course, Fort Benning, GA **(Commandants' List)**

## Work Experience

Corps OPS Coordinator II/1ˢᵗ BDE Military Advisor, Office of the Commandant TAMU, College Station TX JUL 2020-Currently Supervisor: John Fleming Asst CMDT OPS & TRNG (979) 862-4311; jfleming@corps.tamu.edu Contact: Yes

Assists the Commandant, Deputy Commandant, and Assistant Commandants with the oversight of daily operations, facilities, services, and activities which contribute to missions of the Office of the Commandant and the Corps of Cadets, the learning environment and overall quality of cadet life. Ensures appropriate dining hall practices, customs, etiquette, and decorum are observed and maintained. Serves as an advisor to the Duncan Dining Council. Approves and supervises unit physical training programs. Conducts periodic dorm room, uniform, and individual inspections of cadets to ensure compliance with Corps Policies and The Standard. Assists cadets at the Unit, Major Unit, and Corps Level in the planning and conduct of events to include, but not limited to Corps Trips, parades, reviews, ceremonies, and march-ins. Advise, recognize and sponsored Student Organizations. Responds and coordinates action during contingencies and emergencies. Keeps the Commandant, Deputy Commandant, and Assistant Commandant for Operations and Training informed of serious incidents and problems. Represents the Assistant Commandant for Operations and Training in his/her absence and makes decisions as delegated.

- Capably schedules and advises the cadet supervision the Freshman Orientation Week event that efficiently and effectively assists over 700 incoming cadets assimilate and inculcate into the cadet and academic experience of TAMU.

- Expertly instructs two sections of SOMs and manages the curriculum, content, delivery, and scheduling of SOMs 181 sections.

- Diligently performs 24-hour duty and oversight of the Quad as the Commandants Duty Officer.

- Routinely performs march in support and sideline oversight to support the boot line and other student activities during all home and select football games.

JROTC Army Instructor, "Eagle Battalion" CE Ellison HS, Killeen TX AUG 2012-JUN 2020 Supervisor: Elise Jacko AP – (254) 336-0600; Elise.Jacko@killeenisd.org Contact: Yes

Annually educates over 200 high school students in the areas of leadership, academics, athletics, while motivating them to be better citizens.  Coached and sponsored special performance and exhibition teams in synchronized drill and ceremonies and academic challenges for Military Skills Meets and competitions across the great state of Texas. Worked diligently to earn the Honor Unit award for one Annual Formal Inspection and the most recent JROTC Program Accreditation.

- Developed strategies to ensure the JROTC program surpassed accreditation standards and earned distinguished ratings.

- Implemented an interactive journal for all cadets in all grades to develop reflective thinking skills and improve academic rigor.

- Coached and mentored three cocurricular competition teams that routinely competed and won titles across the state of Texas.

Command Sergeant Major, 1-8th Calvary Regt, Fort Hood, TX Aug 2010 – Jul 2012
Supervisor: COL Sicoli, Peter – (516) 376-7386; peter.a.sicoli.mil@mail.mil;  Contact: Yes

Mentored and influenced for over 1100 men and women in Combined Armed Battalion Combat team during Garrison and combat operations.  As a top senior enlisted executive manager, provided sound advice to the Commander on all matters pertaining to enlisted personnel including assignment, training, education, professional development, morale, welfare, and performance evaluation.

- Directly responsible for this organization earning the Meritorious Unit Citation for successful transition of U.S. Forces in support of Operation New Dawn, Iraq.

- Developed and implemented the battalion Abrams Tank and Bradley IFV resulting in 100% crew qualification and 97% 1st time qualification rates.

- Commended by the 1st Cavalry Division Deputy Commanding General-Maneuver for his expert training and evaluation of six infantry platoons during combined arms live fire exercises.

- Prepared and led five leader professional development sessions on topics about the history of Iraq, ethnic diversity in the Diyala and sectarian fault lines of the Iraqi Northern provinces, and so was recognized as the most technically and tactically proficient battalion command sergeant major in the brigade.

- Managed the battalion volunteer recognition ceremonies and organization celebrations that honored the soldiers and their families for providing dedicated service to our community, greatly increasing esprit de corps, morale, and camaraderie.

G3 Operation SGM, 7th US Army JMTC, Grafenwoehr, Germany, Nov 2009 - Aug 2010
Supervisor: CSM (ret) ZaGara, Darieus – (304) 535-5394;  darieus.a.zagara.mil@mail.mil;
Contact: Yes

Responsible for all garrison operations and functions related to soldier and family fitness, soldier and family readiness, continued soldier education programs while serving in a community of over 38,000 soldiers, family members, and civilians. Advises and mentors the commanders, panel chairs, and community representatives overseeing all community and garrison functions for the commanding general. Provided oversight, synchronization, and coordination for all the command's special projects, and community relations.

- Directly responsible for the lead the effort to establish historical displays spanning the 100 years of Grafenwoehr Training Area in support of the centennial celebration.

- provided much needed experience regarding Soldiers and their struggles during Community Health Promotion Council and Risk Reduction Program meetings thereby enhancing the programs.

- established a much-needed bridge between many of the community panels/advisory committees and Soldiers and Family's resulting in

- presented invaluable input in support of Warrior University that was an absolute success in supporting post deployment soldiers training in achieving college credit.

Command Sergeant Major, 2/2 Stryker Cavalry Regt, Vilseck, Germany, APR 2006– Nov 2009
Supervisor:  MG Jones IV, Omar--(571) 358-4420; omar.jones.mil@mail.mil; Contact: Yes
Supervisor:  COL (ret) Reineke, Myron -- (913) 705-0311; myron.reineke.civ@mail.mil; Contact: Yes

Mentored and influenced for over 900 men and women in a Stryker Infantry Squadron during Garrison and combat operations. As a top senior enlisted executive manager, provided sound advice to the Commander on all matters pertaining to enlisted personnel including assignment, training, education, professional development, morale, welfare, and performance evaluation.

- Directly responsible for this organization earning the Valorous Unit Award for combat operation during the U.S. Forces surge in support of Operation Iraqi Freedom, Iraq.

- Implemented systems for administrative management that resulted a near perfect176 of 177 or 99.4% of annual enlisted evaluation reports being processed on time.

- Executed a program that efficiently deduced NCO education back log sending 473 soldiers to all levels of leader professional development school and motivated 159 of them to graduate with honors.

- Actively involved in effort to make Composite Risk Management along with the Risk Reduction Program habitual across the formation; resulting in early identification and intervention with high risk Soldiers

- Expertly evaluated 6 rifle platoons during live-fire exercises in Bulgaria in support of a USAREUR Theater Security Cooperation deployment exercise

- Consistently recognized and commended as one of the best of six senior enlisted advisors in the Regiment.

- Time and again sought innovative techniques and procedures to solve training and operational dilemmas and then codified those lessons into standard operation procedures that would be adopted as the regimental standard.

# Lt Col Jeffery D. Gardner

## Curriculum Vitae

_____

## Education

BS in Mechanized Agriculture Texas A&M University 1982

MPA in Public Administration Troy State University 1990

Squadron Officers School 1987

Air Command and Staff College 1996

Armed Forces Staff College 1996

Air War College 1999

Air Force Academic Instructor School 2003

Texas A&M Student Conduct investigator/panel member training 2007

Texas A&M SASH panel member training 2012

Gehring Academy 2023

## Teaching Experience

Squadron Officers School 1993-1995

Air Force ROTC Texas A&M University 2003-2007

School of Military Science Texas A&M University 2007-Present

## Professional Experience

Corps Accountability and Standards Director 1 October 2023-Present

Director, Sanders Corps of Cadets Center, Office of the Commandant, Texas A&M 2008-2023

First Wing Cadet Training Officer, Office of the Commandant, Texas A&M 2007-2008

Professor of Aerospace Studies, Air Force ROTC, Texas A&M 2006-2007

Assistant Professor of Aerospace Studies, Air Force ROTC, Texas A&M, 2003-2006

Command Center Operations Chief, National Airborne Operations Center, Offutt AFB 1999-2003

Chief, SIOP Training, Cheyenne Mountain Air Station, 1996-1999

Operations Officer, Squadron Officers School, Maxwell AFB, 1993-1995

Chief, Command and Control Inspections, USAF Europe, Ramstein AB, 1990-1993

Chief, Command Post, RAF Bentwaters UK, 1987-1990

Instructor ICBM Combat Crew Commander, Malmstrom AFB, 1986-1987

ACP/SCP ICBM Combat Crew Commander, Malmstrom AFB, 1985-1986

Instructor ICBM Deputy Combat Crew Commander, Malmstrom AFB, 1984-1985

**From:** Gardner, Jeffery D
**To:** Fleming, John D; Schlather, Byron L
**Subject:** Fwd: Outcome Letters
**Date:** Wednesday, February 8, 2023 6:19:35 AM
**Attachments:** ████████ SCO Final Outcome Letter.pdf
████████ 08 01 01 Final Outcome Letter Respondent Copy.pdf
████████ SCO Final Outcome Letter.pdf
████████ 08 01 01 Final Outcome Letter Respondent Copy.pdf

FYI. We need to discuss if these cadets will return to their outfit.

V/R


Begin forwarded message:


> **From:** "Reilly, Michael" <mreilly@navy.tamu.edu>
> **Date:** February 7, 2023 at 5:48:00 PM CST
> **To:** "Gardner, Jeffery D" <jeff_gardner@corps.tamu.edu>, "BEATY, GARY" <gbeaty@corps.tamu.edu>
> **Cc:** "Fleming, John D" <jfleming@corps.tamu.edu>, "Marsh, Scott" <smarsh@navy.tamu.edu>, "Mullenberg, Jason" <jmullenberg@navy.tamu.edu>
> **Subject: Fwd: Outcome Letters**
>
>
> Gary and Jeff,
>
> Please see the attached SCO and Title IX results for ████████ and ████████ .
>
> Both of these cadets have displayed appropriate repentance and I'd like for them to resume their life in the Corps as soon as possible.
>
> I don't have any of the results for other cadets.
>
>
> Thanks,
> Mike
>
> Semper Fi,
> Col Michael D. Reilly
>
>
> Begin forwarded message:
>
>
>> **From:** "Quandt, Kathryn" <kquandt@navy.tamu.edu>
>> **Date:** February 7, 2023 at 17:08:23 CST
>> **To:** "Reilly, Michael" <mreilly@navy.tamu.edu>
>> **Subject: Outcome Letters**

Good Afternoon, Sir,

As requested.

Respectfully,

**Kathryn Quandt**
Captain | USMC
Marine Officer Instructor | NROTC | Texas A&M University
(979) 845-1775
(979) 458-6066

- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

**From:** Fleming, John D

**To:** Anderson, Chauncy Jovan

**Cc:** Schlather, Byron L

**Subject:** FW: Cadet ███████

**Date:** Wednesday, February 8, 2023 10:50:06 AM

MSgt,

      FYI below on ███████.

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, February 8, 2023 10:39 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** Cadet ███████

Sir,

      We conducted a conduct hearing for the failed urinalysis test for Cadet ███████████, a ███ in ████ He provided a list of prescribed medications he takes for back pain. I consulted a pharmacist and determined the combination of prescribed medications can result in a false positive THC test. The cadet has agreed to participate in future random or directed drug tests. I believe this is a false positive and the matter is closed.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**- 461 -**

<table>
<tr><td><strong>From:</strong></td><td>Fleming, John D</td></tr>
<tr><td><strong>To:</strong></td><td>Gardner, Jeffery D</td></tr>
<tr><td><strong>Cc:</strong></td><td>Michaelis, Patrick Ralph; BEATY, GARY; Schlather, Byron L; Anderson, Chauncy Jovan</td></tr>
<tr><td><strong>Subject:</strong></td><td>Urinalysis results</td></tr>
<tr><td><strong>Date:</strong></td><td>Monday, January 30, 2023 4:32:18 PM</td></tr>
<tr><td><strong>Attachments:</strong></td><td></td></tr>
</table>

Jeff,

One positive result from our 23 Jan urinalysis, see attached.  Cadet ▇▇▇▇▇ is a        in Pop is for THC.

There is also one cadet who was on the roster and notified Sunday night 22 Jan, but then he had to leave campus in the middle of the night for a family emergency.  He is still at home in      He will provide his sample upon return.

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**- 462 -**

**From:** Gardner, Jeffery D
**To:** Michaelis, Patrick Ralph
**Cc:** BEATY, GARY; Fleming, John D; Schlather, Byron L
**Subject:**
**Date:** Tuesday, February 21, 2023 2:27:59 PM
**Attachments:**

Good afternoon Sir,

The attachment contains the members of ____ that are being charged. Student Conduct office has determined this to be low level hazing and as such, has given those charged three options:

(1) Accept responsibility for all charges and accept the sanctions listed below
(2) Choose not to contest the charges and accept the sanctions listed below.
(3) Request a Student Conduct Conference to contest the charges.

The sanctions identified by Student Conduct include:
1. Conduct Review through Friday, May 12, 2023.
2. Corps Conduct Review through Friday, May 12, 2023
3. Hazing Education Workshop (HEW), due Friday, April 28, 2023.

I am standing by for your questions.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

| From: | Gardner, Jeffery D |
| --- | --- |
| **To:** | Michaelis, Patrick Ralph |
| **Cc:** | BEATY, GARY; Fleming, John D; Schlather, Byron L; Regan III, John M |
| **Subject:** | Additional     charges |
| **Date:** | Thursday, February 23, 2023 1:35:00 PM |

Good afternoon Sir,

An additional     cadets from     were charged today for hazing resulting from the investigation.  These cadets are not facing dismissal from the University. The cadets are:

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Gardner, Jeffery D
**To:** Michaelis, Patrick Ralph
**Cc:** BEATY, GARY; Fleming, John D; Schlather, Byron L
**Subject:** Cadet ███████
**Date:** Wednesday, March 1, 2023 9:23:54 AM

Sir,

Yesterday we held a conduct conference for Cadet ████████████, He was found responsible for hazing with ████████ and has been placed on Conduct Review until 12 May 2023.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

| **From:** | Gardner, Jeffery D |
| --- | --- |
| **To:** | Fleming, John D |
| **Cc:** | Schlather, Byron L |
| **Subject:** | RE: |
| **Date:** | Thursday, March 2, 2023 9:34:10 AM |

Sorry.  Probation until Dec 2023.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:33 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** RE:

Thank you Sir.

?

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:29 AM
**To:** Fleming, John D <jfleming@corps.tamu.edu>; BEATY, GARY <gbeaty@corps.tamu.edu>
**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** RE:

Here you go.  We need to discuss the future of the          on probation.

█████ - one year suspension-withdrew from the university
█████ - one year suspension
█████ - one year suspension
█████ - one semester suspension
█████ - one semester suspension
█████ - Probation
█████████████

 - Probation
- Probation
- Probation

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

---

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:25 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; BEATY, GARY <gbeaty@corps.tamu.edu>
**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** RE:

Jeff,

I have lost count on these.  Can you please give us a full paybook on the                   and their status.

Chief,

For all cadets whose suspension from the University has been upheld, are we cleared hot to inform them of their Corps dismissal and have them start checkout?

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:08 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>;
Schlather, Byron L <bschlather@corps.tamu.edu>; Reilly, Michael <mreilly@navy.tamu.edu>
**Subject:**

Sir,

I received the following results of the        appeals.

- Suspension from the University until 29 Dec 2023

- Suspension from the University until 31 May 2023

- Conduct probation- there was no end date in the letter, so I am checking with Title IX.

- Suspension form the University until 31 Dec 2024

- Suspension from the University until 29 Dec 2023

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

FYI.

Begin forwarded message:

**From:** "Upshaw-Brown, Jaclyn B" <jaclynu@sco.tamu.edu>
**Date:** April 7, 2023 at 8:56:16 AM CDT
**To:** "Gardner, Jeffery D" <jeff_gardner@corps.tamu.edu>
**Subject: FW:                      College Station - On-Campus Residence Hall - 04/07/2023 1:15 AM**

Sharing this with you; there are no names as of now. Res Life may also be following up to see if they can provide further information.

**Jaclyn Upshaw-Brown**  |  Assistant Director
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1172

ph: 979.847.7272 |jaclynu@sco.tamu.edu |sco.tamu.edu

---

**From:** Kaitlin Kopf (via Maxient) <notifications@maxient.com>
**Sent:** Friday, April 7, 2023 2:37 AM
**To:** Upshaw-Brown, Jaclyn B <jaclynu@sco.tamu.edu>
**Subject:**                      College Station - On-Campus Residence Hall - 04/07/2023 1:15 AM

**This Message Is From an External Sender**

This message came from outside your organization.

Primary recipient (awaiting your action in Maxient)

## Campus Community Incident Report
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Student**
Date of incident

**2023-04-07**
Time of incident
**1:15 AM**
Location of incident
**On-Campus Residence Hall -**

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes, even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

**was just arriving to the dorm around 1:15 am when she got to the stairwell, about 4 or 5 corps boys were giggling and running very quickly and loudly down the stairs. They all went into the 1st floor hallway with the rest if the boys. They moved quickly, but          got a glimpse of about 3 of them, the one who dropped the table had dark hair and a white shirt, looked to be Caucasian, the other two had shaven heads, also Caucasian, one with dark hair and one with lighter, blonder hair. None of them were wearing shoes. The residents of                              then heard a loud pop sound from the hallway.          had just gotten to the top of the stairs when the residents came out of their rooms to see what was happening.**

**noticed an exploded water bottle with a small bag inside and a foamy substance and water around it. She spoke with Resident                         about the first explosion, how the water bottle was smoking and smelled of chemicals.          looked around and found a second bottle, still building the pressure to pop.          called the RA on duty,                 .          turned to walk back to her room and heard the loudest sound she's ever heard.          ear drum almost burst, it hurt for at least 10 minutes after, she couldn't hear out of her right ear for about 7 minutes and had just had a lot of ear pain. Floor partner,                         came out to see.          arrived and called noticed a light fixture had been tampered with, noting the same people who threw the water bottles probably broke the light as well. The light's plastic clover was on the floor.          believes it was an attack from the below Corps floors, specifically the first floor as she saw them running down the stairs to the first floor.**

**has noted a few times in the past where corps members have had animosity towards the**

**Supporting Documentation**
70254150642e3d19dd7609b4135a8f8b1dd4155300c.heic
img5592.heic
img5593.heic
img5594.heic
img5595.heic
img5596.heic
img5597.png
*For added security, these links will expire in 10 days. The attachments will remain accessible when viewing the report within Maxient.*

**Submitted By**
Your full name

Position/title/student status

Your email address

Your phone number


*[UNAUTHENTICATED]*

**Routing Information**
Primary recipient:
**Jaclyn Upshaw-Brown (Interim Director, Student Conduct Office)**
Copied recipients:
   • scrs@studentlife.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #167. Routed to Jaclyn Upshaw-Brown, Interim Director, Student Conduct Office.

**Message sent by Maxient**
**Replies will be sent to the submitter (katie.kopf@tamu.edu).**

**From:** Regan III, John M
**To:** ██████████████
**Subject:** RE: Hazing
**Date:** Tuesday, August 22, 2023 4:17:10 PM

Good Afternoon Sir,

As stated in my previous email, I ask that you provide me with any statements you may have that lists specific potential violations. If you have names, please include them. I understand that you have doubts and concerns about retaliation. I can assure you that if the unlikely act of retaliation does occur, it will be dealt with swiftly and appropriately.

Until I am provided with statements of potential specific violations, I have nothing to move forward with.

Respectfully,


**GySgt John M. Regan III USMC (Ret)** | 1st Regiment Military Advisor/CCMU Advisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-4279 I jregan@corps.tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders


**From:** ████████████████████████████████
**Sent:** Tuesday, August 22, 2023 2:37 PM
**To:** Regan III, John M <jregan@corps.tamu.edu>
**Subject:** Re: Hazing


### This Message Is From an External Sender

This message came from outside your organization.


GySgt Regan:

I assumed that was the response I would receive, and, with all do respect, based on what has occurred I have zero trust that this would be handled in a manner that would allow a cadet to continue in the Corps after making such a report.

It's very disappointing that the Corps doesn't have a way for a cadet to report such issues anonymously without fear of retaliation.

We were sold on the Corps for the leadership development and tradition, but I'm not sure how forcing immorality and criticizing spirituality and religious beliefs can possibly develop better leaders.

On Tue, Aug 22, 2023 at 2:01 PM Regan III, John M <jregan@corps.tamu.edu> wrote:

> Good Afternoon Sir,
>
> My name is GySgt John Regan and I currently serve as the 1st Regiment Military Advisor, and member of the Commandants Staff. As per your email, you have serious concerns about things that may be occurring in      .  If you have statements that lists specific violations, I encourage you to send them to me so that I may begin an initial inquiry.  Holding on to them will not help us in identifying and correcting potential issues/violations.
>
> I also ask that you send any further correspondence directly to me.
>
> Respectfully,
>
> **GySgt John M. Regan III USMC (Ret)**  | 1st Regiment Military Advisor/CCMU Advisor
> Office of the Commandant | Division of Student Affairs | Texas A&M University
> 1227 TAMU | College Station, TX 77843-1227
>
> ph: 979-458-4279 I jregan@corps.tamu.edu |
> - - - - - - - - - - - - - - - - - - - - - - - -
> **Corps of Cadets** | We Make Leaders
>
>
> **From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
> **Sent:** Tuesday, August 22, 2023 11:35 AM
> **To:** Regan III, John M <jregan@corps.tamu.edu>
> **Subject:** Fwd: Hazing
>
> I think this one is for you
>
> Sent from my iPhone

Begin forwarded message:

**From:** ███████████████████████
**Date:** August 22, 2023 at 11:15:36 AM CDT
**To:** "Ornelaz, Desiree A" <dmercado@corps.tamu.edu>
**Subject: Fwd: Hazing**

**This Message Is From an External Sender**

This message came from outside your organization.

---------- Forwarded message ---------
From: ████████████  ████████████
Date: Tue, Aug 22, 2023 at 11:12 AM
Subject: Hazing
To: ████████@tamu.edu ████████@tamu.edu>
Cc: <dmercado@corps.tamu>

Mr. ████████:

You need to get your house in order. The Corps' sales pitch was great, but the execution is horrible. For a leadership organization to work, your upperclassmen should set an example of the high moral character you say you desire. You have a lot of work to do to really develop a culture rooted in excellence, character and pride.

Please speak to your Pissheads and upperclassmen as there have already been violations that could be the end of some student careers, and your legacy as the commanding officer of your unit will be tarnished.

I have statements that I will send to the leadership, if necessary, specifically outlining incidents that would result in disciplinary action. As you can imagine, I won't give specifics now, because I'm afraid of how you and your buddies may use it against people in your unit.

Remember, our students should believe that they can trust and look up to the leadership, and I really had the feeling that they could - but I am left extremely disappointed on the second day of class. Set a better example.

Sincerely,

A concerned and very motivated parent

Thanks Kevin.

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, August 29, 2023 8:54 AM
**To:** Brummett, Kevin L <kbrummett@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>
**Cc:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** RE: Cadet ███,

I talked to the outfit and ███ yesterday afternoon during training time. We received a "tell someone' Report regarding her. I'll be interested to hear what the command team has to say.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

---

**From:** Brummett, Kevin L <kbrummett@corps.tamu.edu>
**Sent:** Tuesday, August 29, 2023 8:42 AM
**To:** Fleming, John D <jfleming@corps.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Subject:** Cadet ███

Sir,

I just finished talking to the ███ about the concerning hazing statement in this survey. Cadet ███ is going to present a plan of action to our team and Lt Col Gardner today. In it, it should detail what happened, what steps they have taken to fix the solution, a way forward for retraining to

**- 475 -**

make sure it doesn't happen again and repercussions for the Cadets who                about the situation and posted it to the outfit.  I believe it can be dealt with at the Wing/Minor Unit Level and teach a good lesson to all, but I wanted to make sure that Lt Col Gardner was in the loop, and you had a heads-up if the Commandant or Meredith asked any questions.

Because I will be out of the office the next couple of days, I wanted to let you know it was being covered and that           should be reporting this via email to our CAT team and Lt Col Gardner before the end of today.

Lt Col Gardner, please let me know if you have any questions or guidance moving forward to assist these Cadets in taking care of this issue.

**v/r,**

**CPT Kevin L. Brummett USA (ret.)**  | 3rd Group Operations Advisor
Office of the Commandant | Operations and Training | Texas A&M University
Harrell Hall,                    | 1227 TAMU College Station | TX 77843-1227

ph: 979.458.4406 |                         | kbrummett@corps.tamu.edu
**TEXAS A&M UNIVERSITY** | We Make Leaders

Good Afternoon Sir,

This is what John and I received from LtCol Gardner.

**GySgt Desiree A. Ornelaz USMC (Ret)** | 1st Regiment Operations Advisor/AMC Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I dornelaz@tamu.edu |
- - - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, September 19, 2023 2:18 PM
**To:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Subject:** RE:      allegations

I don't think so.  We can discuss tomorrow if you like.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Sent:** Tuesday, September 19, 2023 11:22 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE:      allegations

Good Morning Sir,

I was unaware of allegations against       Do you need anything from my end as the operations advisor?

**GySgt Desiree A. Ornelaz USMC (Ret)** | 1st Regiment Operations Advisor/AMC Advisor/FDTAdvisor
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979-458-1034 I dornelaz@tamu.edu |

------------------------

**Corps of Cadets** | We Make Leaders

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, September 19, 2023 10:56 AM
**To:** ████████@email.tamu.edu; ████████@email.tamu.edu; ████████ <████████@email.tamu.edu>
**Cc:** Regan III, John M <jregan@corps.tamu.edu>; Ornelaz, Desiree A <dmercado@corps.tamu.edu>
**Subject:**    allegations

All,

We have received an allegation of hazing in ████. I need to meet with all your ████████ that are not in class tomorrow at 1600 in room 203 of Ash 1. ████████ and ████ I would like for you to attend and run the meeting. Let me know if you have questions.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

| From: | Schlather, Byron L |
|---|---|
| To: | Gardner, Jeffery D |
| Cc: | Fleming, John D; Washington, Robert Sykes; Simpson, Meredith M |
| Subject: | FW: ██████████, UIN ██████████ |
| Date: | Wednesday, October 25, 2023 10:37:00 AM |
| Attachments: | ████████████ |

Jeff,

FYSA. Jeff Wilson from ResLife indicated that former cadet ████████'s mother has "made comments about the 'horrible things' that happened to her son over the past several months while he was in the Corps..." and may be making an official complaint in the future. He didn't mention any of this in his resignation survey or resignation form (both attached). I just wanted you to be aware in case you get a call from SCO (or someone else).

v/r,
Byron

**LtCol Byron L. Schlather '93, USMC (Ret)** | Deputy, Corps Operations
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979.458.8458 | bschlather@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

**From:** Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Sent:** Wednesday, October 25, 2023 10:16 AM
**To:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** RE: ████████, UIN ████████

Thank you. Just a heads up, but we have now had several conversations with the Mom (called several offices here and I spoke to her yesterday as well)...who made comments about the "horrible things" that happened to her son over the past several months while he was in the Corps (to include the ████████ that he received). Sounded like they were getting ready make an official complaint on this.

This student has been assigned to temporary space in the ████████ If you look in StarRez, you should see this "tentative" booking (which means he has not completed the move-in yet)

Thanks

**Jeff Wilson '84** | Associate Director
Housing Assignments Office | Department of Residence Life | Division of Student Affairs
1258 TAMU | College Station, TX 77843-0000

ph: 979.845.4744 | toll free 888.451.3896 |email: jeff_wilson@reslife.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

**From:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Sent:** Tuesday, October 24, 2023 10:37 AM
**To:** Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Subject:** RE: ███████, UIN ███████

Jeff,

███████ voluntarily resigned from the Corps on ████ to focus on his academics; he completed his check-out on ████ . His resignation form is attached.

v/r,
Byron

**LtCol Byron L. Schlather '93, USMC (Ret)** | Deputy, Corps Operations
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979.458.8458 | bschlather@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

---

**From:** Wilson, Jeff C <jeff_wilson@reslife.tamu.edu>
**Sent:** Tuesday, October 24, 2023 10:34 AM
**To:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** ███████, UIN ███████

Working on an appeal on the above student.  Anything you can share on why he left the Corps?
Thanks

**Jeff Wilson '84** | Associate Director
Housing Assignments Office | Department of Residence Life | Division of Student Affairs
1258 TAMU | College Station, TX 77843-0000

ph: 979.845.4744 | toll free 888.451.3896 |email: jeff_wilson@reslife.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

- 480 -

*Q1.* Last Name:

███

*Q2.* First Name:

██

*Q3.* UIN:

███████

*Q4.* Major:

[                                        ▼]

*Q5.* Outfit:

[        ▼]

*Q6.* Sex:

◉ Male
○ Female

*Q7.* Age:

[19      ▼]

*Q8.* Please answer the following questions:

|  | Yes | No |
|---|---|---|
| Did you attend Fish Camp? | ○ | ◉ |
| Did you participate in the "Spend the Night with the Corps" program? | ○ | ◉ |
| Do you intend to continue to attend Texas A&M University? | ◉ | ○ |
| Did you receive a Corps of Cadets Scholarship (e.g., Sul Ross Scholarship, Corps 21 Scholarship, General Rudder Scholarship, Easterwood Scholarship, etc.) | ◉ | ○ |
| Did you receive an ROTC Scholarship? | ○ | ◉ |

- 481 -

Do you have any family members who graduated
from Texas A&M University?

Q9. Did your family influence your decision to join the Corps of Cadets?

- ◉ Yes
- ○ No

Q9A. On a scale of 1 to 5, how much influence did your family have on your decision to join the Corps of Cadets?

1 = Verbal encouragement ... 5 = Family member(s) made the decision for me

| | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| Family Influence | | | | | |

2

Q10. Did your family support your decision to join the Corps of Cadets?

- ◉ Yes
- ○ Neutral
- ○ No

Q11. Does your family support your decision to leave the Corps of Cadets?

- ◉ Yes, my family is fully supportive of my decision to leave the Corps.
- ○ My family somewhat supports my decision to leave the Corps.
- ○ My family is neutral regarding my decision to leave the Corps.
- ○ My family is somewhat unsupportive of my decision to leave the Corps.
- ○ No, my family is not supportive of my decision to leave the Corps.

Q12. Did you want to seek a commission in one of the military services?

- ◉ Yes
- ○ No
- ○ Undecided

Q13. Why did you join the Corps of Cadets?

I joined the Corps of Cadets to prepare myself to become an officer in the US Navy.

Q14. How were you recruited for the Corps of Cadets? (check all that apply)

- [ ] Was not recruited
- [ ] Was contacted by a cadet
- [ ] During College Night at my high school
- [ ] Interaction with Recruiting Office staff
- [x] JROTC instructor recommended the Corps
- [ ] High School Counselor recommended the Corps
- [ ] Teacher or Coach recommended the Corps
- [ ] Heard a presentation about the Corps
- [ ] Spend the Night with the Corps program
- [ ] Spend the Day with the Corps program
- [ ] Junior Cadet Accession Program (JCAP)
- [ ] Aggie Eagle Program (AEP/Scouting)
- [ ] Aggieland Saturday
- [x] New Student Conference at Texas A&M

*Q15.* What is your MAIN reason for leaving the Corps? (check only one)

- ( • ) Academic reasons
- ( ) Family Influence
- ( ) Financial reasons
- ( ) Other Medical reasons
- ( ) Religious reasons
- ( ) Lifestyle is too negative
- ( ) Lifestyle is too stressful
- ( ) Lifestyle is too physical
- ( ) Lifestyle is too structured
- ( ) Other

*Q15A.* Please elaborate on your reason for leaving the Corps (including explaining any selection of "Other").

I am leaving the Corps of Cadets to focus on academics. I have had trouble placing academics first while in the Corps and it is my desire to earn a GPA of 3.75 so that I can enter into                     I have also struggled to focus in classes because of worrying too much about what I needed to get done for the Corps.

*Q16.* What other reasons contribute to your departure? (Check all that apply)

- [ ] No additional reasons
- [ ] Academic reasons
- [ ] Family influence
- [ ] Financial reasons
- [ ] Other Medical reasons
- [ ] Religious reasons
- [ ] Lifestyle is too negative
- [ ] Lifestyle is too stressful
- [ ] Lifestyle is too physical

☐ Lifestyle is too structured

☐ Other

*Q16A.* You selected "Other." Please elaborate.

*This question was not displayed to the respondent.*

*Q17.* Indicate your opinions on the following statements regarding the Corps of Cadets:

| | Strongly Agree | Agree | Neutral | Disagree | Strongly Disagree |
|---|---|---|---|---|---|
| My outfit really cared about me. | ○ | ◉ | ○ | ○ | ○ |
| The upperclassmen were professional. | ○ | ◉ | ○ | ○ | ○ |
| Members of my outfit demonstrated good leadership. | ○ | ◉ | ○ | ○ | ○ |
| Members of my outfit respected my dignity as a person. | ○ | ◉ | ○ | ○ | ○ |
| Academic performance was really my outfit's first priority. | ○ | ○ | ◉ | ○ | ○ |
| Discipline and training were correctly balanced in the Corps. | ○ | ◉ | ○ | ○ | ○ |
| I had adequate time to study. | ○ | ○ | ○ | ◉ | ○ |
| I had enough to eat during mealtimes. | ○ | ◉ | ○ | ○ | ○ |
| I had sufficient time to sleep. | ○ | ○ | ◉ | ○ | ○ |
| My dorm room was an adequate living environment. | ○ | ○ | ◉ | ○ | ○ |
| I had sufficient free time scheduled into an average week. | ○ | ○ | ○ | ○ | ◉ |
| I was physically prepared for the Corps. | ○ | ○ | ◉ | ○ | ○ |
| I was mentally prepared for the Corps. | ○ | ◉ | ○ | ○ | ○ |
| There was more PT than I expected. | ○ | ○ | ○ | ◉ | ○ |
| There was more yelling than I expected. | ○ | ○ | ◉ | ○ | ○ |
| There was a lot of profanity used around me. | ○ | ◉ | ○ | ○ | ○ |
| There was a lot of alcohol use. | ○ | ○ | ○ | ◉ | ○ |
| I witnessed a hazing incident while in the Corps. | ○ | ○ | ○ | ◉ | ○ |
| I was a victim of hazing while in the Corps. | ○ | ○ | ○ | ○ | ◉ |

*Q17A.* Describe the hazing event(s) in detail. Include who was present, what actions took place, when did it occur, where did it occur, and what purpose was given, if any, for the activity that took place.

*This question was not displayed to the respondent.*

*Q18.* List the three MOST POSITIVE upperclassmen in your outfit:

> ████████ Mr. ████ and Mr. ████████.

*Q19.* If applicable, list any ABUSIVE upperclassmen in your outfit. Provide a short explanation why you consider their actions or behavior negative or abusive.

# RESIGNATION FROM THE CORPS OF CADETS

**\*\*FORM TO BE PRINTED AS A TWO-SIDED DOCUMENT & ISSUED BY OPERATIONS ADVISOR\*\***

## I. PERSONAL INFORMATION *(PLEASE PRINT LEGIBLY IN BLACK OR BLUE INK)*

NAME (LAST, FIRST, MIDDLE) ███████████████     UIN ██████████████

| CORPS CLASS YR | CORPS UNIT | DORM NUMBER ██ | ROOM NUMBER ██ | ACADEMIC MAJOR | SEX ☒ M ☐ F |
|---|---|---|---|---|---|

ROTC BRANCH AFFILIATION *(IF APPLICABLE)*
☐ Army   ☐ Air Force   ☐ Navy/Marine

CONTRACT STATUS
☐ Basic ROTC   ☐ ROTC Contract   ☐ Marine PLC   ☒ D&C

HOME ADDRESS ████████████████   CITY ██████████   STATE ██████   ZIP ██████

CELL PHONE NUMBER █████████   EMAIL ADDRESS ████████████████

Are you a **Corps Scholarship** recipient?   ☒ YES   ☐ NO

Are you a **ROTC Scholarship** recipient?   ☐ YES   ☒ NO   Term ☐ 3Yr ☐ 4Yr

## II. REASON(S) FOR RESIGNATION

I decided to resign from the Corps of Cadets in order to focus more on my academics and pursue an _____ degree.

## III. PLANS AFTER LEAVING CORPS *(CHECK ALL THAT APPLY)*

☒ remain at TAMU as a civilian student   ☐ resign from TAMU   ☐ return to Corps at later date

## IV. STATEMENT ON HAZING

*(CHECK ONE)*
I ☐ was   ☒ was not   a victim of hazing in the Corps of Cadets

*(CHECK ONE)*
I ☐ am   ☐ am not   willing to provide a statement about hazing incident(s) in Corps   ☒ N/A

## V. TERMS AND CONDITIONS OF RESIGNATION *(PLEASE READ BEFORE SIGNING)*

I resign my membership in the Corps of Cadets. I understand and accept the following terms and conditions:

- I am required to complete the clearance process indicated on the reverse side of this form within 5 business days from the date of resignation
- I am required to turn in all Corps uniforms to the UDC within 5 business days from my date of resignation
- I remain bound by the terms of my housing contract
- I will forfeit any Corps scholarships that have been awarded for current and future semesters
- I must present a copy of this form to the Sbisa Dining Center to cancel my meal plan or change to a non-Corps plan
- I must contact my ROTC department to determine the status of my ROTC scholarship (if applicable)
- I must complete all steps in the clearance process prior to Corps Operations, the last stop of the checkout process.

I certify by my below signature that all information I have provided is accurate to the best of my knowledge.

CADET SIGN ██████████████

DATE OF RESIGNATION
9/26/2022

## VI. CLEARANCE FROM THE CORPS OF CADETS

### 1. COMMANDERS' INITIALS

| OUTFIT | MINOR UNIT | MAJOR UNIT |
|---|---|---|
| ███ | Not Avail for Signature | Not Available for signature |

COMMENTS: Stay HARD

COMMENTS: ███████

COMMENT: ███████

### 2. OPERATIONS ADVISOR

SIGNATURE ██████  DATE 9/26/23

COMMENTS: Would like to focus on Academics.

### 3. BAND DIRECTOR (Band Hall), 845-3529

For Cadets in the Aggie Band Only

SIGNATURE N/A  DATE 10/17/23

COMMENTS:

### 4. CORPS HOUSING (Plank LLC), 845-3443

Pick up room inventory card and transfer papers (if transferring to civilian housing)

SIGNATURE ██████  DATE 6/17/23

COMMENTS:

### 5. SCHOLARSHIP OFFICE (ASH 1 LLC), 458-0469

Mr. Siegel, Director of Corps Scholarship Programs

██████  DATE 10/17/23

COMMENTS:

## VII. ADDITIONAL REQUIREMENTS (STUDENT MAY INCUR ADDITIONAL CHARGES IF THESE STEPS ARE NOT COMPLETED)

### 1. ROTC REPRESENTATIVE (Trigon)

Army - 3rd Floor, 845-2814;   Air Force - 2nd Floor, 845-7611;
Navy/Marine - 1st Floor & Basement, 845-1775

SIGNATURE ██████  DATE 10/18/23

COMMENTS: ROTC is Aware of resignation.

### 2. UNIFORM DISTRIBUTION CENTER, 845-2528

Uniforms must be turned in no later than **5 business days** from the Date of Resignation (on front side of this form)

SIGN ██████  DATE 10/3/23

The UDC has my permission to assess dry cleaning charges to my fee statement  ☐ YES  ☐ NO

COMMENTS:

### 3. MEAL PLAN OFFICE (Sbisa Underground)

Cancel Corps meal plan or change to non-Corps plan

SI ██████  DATE 10/18/23

COMMENTS:

### 4. CORPS HOUSING OFFICER (In appropriate dorm)

☐ Room Inspected & Inventory Card Signed

SIGNATU ██████  DATE 10/18/23

COMMENTS:

### 5. CORPS HOUSING (Plank LLC), 845-3443

Must complete all previous steps prior to outprocessing Corps Housing

SIGNATU ██████  DATE 10/18/23

COMMENTS:

☑ Signed and completed inventory card & room key returned   ☑ Card access canceled   ☑ Photocopy of this form given to student

### 6. CORPS OPERATIONS (ASH II LLC), 862-4311, *LAST*

LtCol Fleming, Operations Director
LtCol Schlather, Operations Deputy

SIG ██████  DATE 18 OCT 23

COMMENTS:

☐ Deactivated in CMS   ☐ Updated Exit Roster   ☐ Updated Fish Attrition Report, if freshman

---

| From: | Gardner, Jeffery D |
|---|---|
| To: | Schlather, Byron L; Anderson, Chauncy Jovan |
| Cc: | Fleming, John D; Griffing, Kenneth; Scheffler, Ricky L; Washington, Robert Sykes |
| Subject: | RE: Floor Damage and Guidance |
| Date: | Monday, January 29, 2024 9:40:48 AM |

If specific individuals are responsible for the damage, why are they going to pay out of outfit funds? Seems like the individuals responsible should pay. I can charge them with destruction of property under student rules if you would like.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Corps Standards and Accountability Director

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Sent:** Monday, January 29, 2024 9:36 AM

**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>

**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Griffing, Kenneth <kgriffing@corps.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Washington, Robert Sykes <rwashington@corps.tamu.edu>

**Subject:** RE: Floor Damage and Guidance

Chauncy,

Thanks for the info. Other than the shower door and room       , all of the other rooms belong to             , yet those identified as being responsible for the damage are             and       . That's a curious trend.

v/r,
Byron

**LtCol Byron L. Schlather '93, USMC (Ret)** | Deputy, Corps Operations
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979.458.8458 | bschlather@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

**From:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>

**Sent:** Monday, January 29, 2024 8:16 AM

**To:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Griffing, Kenneth <kgriffing@corps.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Washington, Robert Sykes <rwashington@corps.tamu.edu>

**Subject:** RE: Floor Damage and Guidance

Good Morning Sir,

I Spoke with ██████ on this issue. He provided me with the following info.

Room ██████ - Missing Door number. ██████ and ██████ responsible.
Room ██████ - Broken Peephole. ██████ Responsible
Room ██████ - Broken Peephole. ██████ Responsible.
Room ██████ – Broken Peephole. ██████ Responsible
Room ██████ Peephole - ██████ Responsible.
Shower Door- ██████ responsible.

He also stated that they we willing to pay for it with outfit funds if possible. I told him we would let him know if that was an option. I know you said we cant ENFORCE group billing but does that mean they cant voluntarily pay for it with outfit funds? I will stop by the office to get further guidance here in a bit.

R/
**MSgt Chauncy J. Anderson USMC (Ret)** | 1st Wing Military Advisor
Office of the Commandant | Division of Student Affairs| Texas A&M University
Plank| ██████ TAMU | College Station, TX 77843

ph: 979.458.9372 | ██████ | canderson@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Sent:** Friday, January 26, 2024 8:54 AM
**To:** Anderson, Chauncy Jovan <canderson@corps.tamu.edu>
**Cc:** Fleming, John D <jfleming@corps.tamu.edu>; Griffing, Kenneth <kgriffing@corps.tamu.edu>; Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** FW: ██████ Floor Damage and Guidance

Chauncy,
Try to find out who broke the shower door. We can no longer enforce group billing, so if we don't identify a cadet (or multiple cadets), we can't split the cost among all outfit members.

Please look into the peephole issue (pun intended). If cadets are reversing the peepholes or removing them, that's a chargeable offense.

Also, tell the cadets that removing room numbers is vandalism, at least, and could easily be considered theft (an honor code violation).

v/r,
Byron

**LtCol Byron L. Schlather '93, USMC (Ret)** | Deputy, Corps Operations
Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227

ph: 979.458.8458 | bschlather@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

---

**From:** Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>
**Sent:** Friday, January 26, 2024 8:16 AM
**To:** ███████████████████████████
**Cc:** Barrera, Sylvia <sylvia_barrera@reslife.tamu.edu>; Schlather, Byron L
<bschlather@corps.tamu.edu>; Griffing, Kenneth <kgriffing@corps.tamu.edu>; Meredith Jr, Billy
<bmeredith@corps.tamu.edu>; DSA - DL - Corps Advisors <cto@corps.tamu.edu>
**Subject:** RE:                    Floor Damage and Guidance

Thanks ███ for the follow-up and inspection report in                    . -
Just to confirm you put          in the header but
I assume this information is all about          and not   correct ?  I am
including Corps Staff on this as we have a couple of different issues to
resolve here.  Also ███ send me your       report form with all of the
relevant information on these issues including the work order number for
that shower door.

- First as far as the broken shower door if you are able to identify the
  cadet or cadets who broke this door let me know as there will most
  likely be billing involved here as this does not look like normal wear &
  tear.

- As far as the missing number cards if those are the ones with a cadet's
  name & class information those are obtained through the Corps and not
  Housing

- Also on your report let me know where all of the missing peepholes are
  as that is a risk management issue and needs to be addressed asap .

Thanks ,

Rick

---

**From:** ███████████████████████████
**Sent:** Thursday, January 25, 2024 4:13 PM

**To:** Scheffler, Ricky L <rick_scheffler@reslife.tamu.edu>
**Subject:**                      Floor Damage and Guidance

**This Message Is From an External Sender**

This message came from outside your organization.

Howdy Rick,

This week for inspection, there some missing room number cards and a lot of missing or broken peepholes on the _____ floor, as well as a broken shower door which I'll include a picture of. I've already submit a work order for the door and for the number cards and peepholes, I'm going to talk with _____ leadership this evening and determine what all can still be recovered before marking it all as lost.

For the number cards and peepholes that are considered lost or no longer usable, should I submit a work order or are those kept in the housing office?

Thank you,

████████



| From: | Gardner, Jeffery D |
|---|---|
| To: | Michaelis, Patrick Ralph |
| Cc: | Fleming, John D |
| Subject: | FW: FW:       College Station - Off Campus - 01/15/2023 8:00 PM |
| Date: | Tuesday, January 17, 2023 2:58:59 PM |

Sir,

I received the following from Student Conduct. I do not believe we should act until the University determines if they will start a hazing investigation.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

---

**From:** ▮▮▮▮▮▮▮▮ (via Maxient) <notifications@maxient.com>
**Sent:** Sunday, January 15, 2023 8:36 PM
**To:** Sellers, Tyler B <tsellers@stuact.tamu.edu>
**Subject:**       College Station - Off Campus - 01/15/2023 8:00 PM

---

**This Message Is From an External Sender**

This message came from outside your organization.

---

Secondary recipient (you were copied)
**Campus Community Incident Report**
**Background Information**
Campus Location
**College Station**
Status of the Alleged Offender
**Recognized Student Organization**
Date of incident
**2023-01-15**
Time of incident
**8:00 PM**
Location of incident
**Off Campus - Unknown House**

**Involved Parties**
       () Organization

**Incident Description**
Please describe the incident with as much detail as possible and use specific, concise, objective language. Focus on the Who, What, When, Where, How, and Why of the incident. Indicate specific people, words, phrases, and interactions.

Please try use specific names instead of pronouns (he, she, they, etc.) when referring to people in the body of the report. When possible, we encourage the use of direct quotes,

even in incidents when the language may be profane or abusive. For example, "Joe Aggie shook his fist at me and said 'you are a stupid loser'" is more helpful than "Joe Aggie was threatening and used aggressive language with me."

███████████ **and other** ███████████ **blind folded** ███████████ **and made them get into cars and drove them to a house at an unknown location. They then forced them to consume 12 dozen eggs made from a wok that ███ keeps in his dorm.**

## Supporting Documentation
**No additional documents were attached to this report.**

## Submitted By
Your full name
███████████

Position/title/student status
**Student**
Your email address
███████████████

Your phone number
███████████

UIN
███████████

*[UNAUTHENTICATED]*

## Routing Information
Primary recipient:
**Erica Moore (Administrative Coordinator, Department of Student Activities)**
Copied recipients:
• Tyler Sellers
• jhbrown@stuact.tamu.edu
Text msg recipients: None
Originating IP address:
Submitted through IR layout #1
Processed by routing rule #189

**Message sent by Maxient** ███████████
**Replies will be sent to the submitter (** ███████████

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **To:** | Brummett, Kevin L; Nester, Aoife |
| **Cc:** | Simpson, Meredith M; Fleming, John D; Schlather, Byron L; BEATY, GARY; Regan III, John M |
| **Subject:** | RE: ██████████ Incident |
| **Date:** | Thursday, January 26, 2023 12:29:28 PM |
| **Attachments:** | image001.png |

Officer Nestor,

You will need to contact Student Conduct to obtain any violations of Student Rules and resulting sanctions. As for the Corps side, he was in violation of the Corps Alcohol policy ██████████ and received sanctions. If you need more specific information, please contact me directly.

V/R

<span style="color:maroon">Lt. Col Jeff Gardner '82, USAF (Ret)</span>

<span style="color:maroon">Assistant Commandant for Discipline</span>

<span style="color:maroon">Military Advisor Parsons Mounted Cavalry</span>

<span style="color:maroon">979-458-9317</span>

**From:** Brummett, Kevin L <kbrummett@corps.tamu.edu>
**Sent:** Thursday, January 26, 2023 11:28 AM
**To:** Nester, Aoife <aoifenester@tamu.edu>
**Cc:** Simpson, Meredith M <msimpson@corps.tamu.edu>; Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>; BEATY, GARY <gbeaty@corps.tamu.edu>; Regan III, John M <jregan@corps.tamu.edu>
**Subject:** RE: ██████████ Incident

Officer Nestor,

Below are several contacts that may be able to provide information about ██████████ All are copied on this email. My best guess is to talk to LtCol Gardner and COL Beaty first so they can talk to the University Discipline and Legal offices about releasing any information.

Gunnery Sergeant Regan was ██████████ Cadet Training Officer – jregan@tamu.edu

LtCol Gardner is our Asst. Commandant of Discipline – jeff.gardner@tamu.edu

Ms. Simpson is our Asst. Commandant for Academics – msimpson@corps.tamu.edu

COL Beaty is our Chief of Staff for the Corps - gbeaty@tamu.edu

Hope this helps.

**v/r,**

**CPT Kevin L. Brummett USA (ret.)** | 3rd Wing Cadet Training Officer
Office of the Commandant | Operations and Training | Texas A&M University
Harrell Hall,                     | 1227 TAMU College Station | TX 77843-1227

ph: 979.458.4406 |                              | kbrummett@corps.tamu.edu
**TEXAS A&M UNIVERSITY** | We Make Leaders

RANGER
RLTW

**From:** Nester, Aoife <aoifenester@tamu.edu>
**Sent:** Wednesday, January 25, 2023 8:55 PM
**To:** Brummett, Kevin L <kbrummett@corps.tamu.edu>
**Subject:** ██████████ - Dec. 11 Incident

Capt. Brummett,

I'm Officer Nester, one of the two TAMUPD Officers you spoke with in regards to the incident involving ████ and ████████ after the ██████████ .

I've been asked by the District Attorney to obtain any complaints, sanctions, disciplinary actions or commendations for ███████ for his time during the Corps. You were my one point of contact during that ██████ so I figured I would start with you as to figuring out the best way to go about obtaining this information.

As with when we spoke last time, I am still working nights, 1800 to 0600, but I am able to access my email from my phone.

*Aoife Nester '18*
*Police Officer*
*Texas A&M University Police Department*
*979-845-2345*
*aoifenester@tamu.edu*

| **From:** | Gardner, Jeffery D |
| **To:** | Michaelis, Patrick Ralph |
| **Cc:** | BEATY, GARY; Fleming, John D |
| **Subject:** | ███████████ |
| **Date:** | Wednesday, February 1, 2023 10:27:11 AM |

Good morning Sir,

I participated in a conduct panel yesterday for ███████████     The panel's decision was to suspend him from the university and dismiss him from the Corps.  He can return to the university in the fall. He will appeal the decision.

V/R

**From:** Gardner, Jeffery D
**To:** Michaelis, Patrick Ralph
**Cc:** BEATY, GARY; Fleming, John D
**Subject:** outcome
**Date:** Wednesday, February 8, 2023 7:42:55 AM

Sir,

I have requested the official outcome from the Title IX office. I received the following from the outfit:

███ withdrew from the university

████ one year suspension

████ one year suspension

█████ one semester suspension

████ one semester suspension

████ Probation

██████ Probation

███ Probation

█████ Probation

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

| From: | Gardner, Jeffery D |
|---|---|
| **To:** | Michaelis, Patrick Ralph |
| **Cc:** | BEATY, GARY; Fleming, John D |
| **Subject:** | FW: RE: Outcome Letters |
| **Date:** | Wednesday, February 8, 2023 2:06:23 PM |
| **Attachments:** | |



Sir,

Attached is the email request sent to Title IX. It answers your question as to why we were not notified. I reiterated the importance of letting us know the outcome of investigations before or when the student is notified with the understanding the appeals process could change the outcome.

I also contacted Jennifer Smith, who informed me the deadline to appeal is _____ If any of the cases are appealed, it goes through another process and will likely not be resolved until sometime mid-March. As summary of the findings is attached in the excel document.

Sir, I believe we need to have a discussion regarding the cadets not suspended future in the Corps.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Allison, Terri L <terriallison@tamu.edu>
**Sent:** Wednesday, February 8, 2023 9:04 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** Smith, Jennifer M <jennifer.smith@exchange.tamu.edu>
**Subject:** RE: Outcome Letters

Good morning, Lt. Col. Gardner

Our usual practice is not to send out the final decision letters to campus entities until the appeals process has run it's course, in case any decisions are modified. However, I have attached the outcome letters for you here as a courtesy. The deadline for appeal in this case is _____ .

Best,

*Terri Allison* | She |Her|Hers|Hearing Coordinator/Civil Rights Investigator
University Risk, Ethics, and Compliance | Civil Rights and Equity Investigations
Texas A&M University | YMCA, Suite 200D

**From:** Gardner, Jeffery D
**To:** Michaelis, Patrick Ralph
**Cc:** BEATY, GARY; Thompson, Amy L; Fleming, John D
**Subject:**
**Date:** Wednesday, February 8, 2023 2:47:02 PM

Afternoon Sir,

Just got off the phone with Student Conduct. Charge letters for      should be out by next Wednesday. The      █████████ will be included in the letters. I presume      discussed the plan for ensuring     calendar is not impacted.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

FYI. We need to discuss if these cadets will return to their outfit.

V/R


Begin forwarded message:


**From:** "Reilly, Michael" <mreilly@navy.tamu.edu>
**Date:** February 7, 2023 at 5:48:00 PM CST
**To:** "Gardner, Jeffery D" <jeff_gardner@corps.tamu.edu>, "BEATY, GARY" <gbeaty@corps.tamu.edu>
**Cc:** "Fleming, John D" <jfleming@corps.tamu.edu>, "Marsh, Scott" <smarsh@navy.tamu.edu>, "Mullenberg, Jason" <jmullenberg@navy.tamu.edu>
**Subject: Fwd: Outcome Letters**


Gary and Jeff,

Please see the attached SCO and Title IX results for ████ and ██████

Both of these cadets have displayed appropriate repentance and I'd like for them to resume their life in the Corps as soon as possible.

I don't have any of the results for other cadets.


Thanks,
Mike

Semper Fi,
Col Michael D. Reilly


Begin forwarded message:


**From:** "Quandt, Kathryn" <kquandt@navy.tamu.edu>
**Date:** February 7, 2023 at 17:08:23 CST
**To:** "Reilly, Michael" <mreilly@navy.tamu.edu>
**Subject: Outcome Letters**

Good Afternoon, Sir,

As requested.

Respectfully,

**Kathryn Quandt**

Captain | USMC

Marine Officer Instructor | NROTC | Texas A&M University

(979) 845-1775

(979) 458-6066

- - - - - - - - - - - - - - - - - - - - - - -

**TEXAS A&M UNIVERSITY** | FEARLESS on Every Front

| | |
|---|---|
| **From:** | Gardner, Jeffery D |
| **To:** | Norris, Dale W; Fleming, John D |
| **Subject:** | FW: CC: Texas A&M University Correspondence for Conduct Case |
| **Date:** | Thursday, February 9, 2023 10:47:40 AM |
| **Attachments:** | |

FYI

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Student Conduct Office (via Maxient) <notifications@maxient.com>
**Sent:** Thursday, February 9, 2023 10:40 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** CC: Texas A&M University Correspondence for Conduct Case

---

**This Message Is From an External Sender**

This message came from outside your organization.

---

You have been copied on a letter for case ██████████ Please review the PDF attachment and retain a copy for your files. If you encounter difficulty opening this attachment, please contact our office.

Student Conduct Office
Offices of the Dean of Student Life
Texas A&M University
Phone: 979.847.7272
scrs@tamu.edu
https://studentlife.tamu.edu/sco/

| From: | Gardner, Jeffery D |
|---|---|
| **To:** | Norris, Dale W; Fleming, John D |
| **Subject:** | FW: CC: Texas A&M University Correspondence for Conduct Case ████████ |
| **Date:** | Thursday, February 9, 2023 10:47:56 AM |
| **Attachments:** | |

FYI

<span style="color:#7a1f2b">Lt. Col Jeff Gardner '82, USAF (Ret)</span>

<span style="color:#7a1f2b">Assistant Commandant for Discipline</span>

<span style="color:#7a1f2b">Military Advisor Parsons Mounted Cavalry</span>

<span style="color:#7a1f2b">979-458-9317</span>

**From:** Student Conduct Office (via Maxient) <notifications@maxient.com>

**Sent:** Thursday, February 9, 2023 10:44 AM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Subject:** CC: Texas A&M University Correspondence for Conduct Case ████████

---

**This Message Is From an External Sender**

This message came from outside your organization.

---

You have been copied on a letter for case ████████████ Please review the PDF attachment and retain a copy for your files. If you encounter difficulty opening this attachment, please contact our office.

Student Conduct Office
Offices of the Dean of Student Life
Texas A&M University
Phone: 979.847.7272
scrs@tamu.edu
https://studentlife.tamu.edu/sco/

| From: | Gardner, Jeffery D |
|---|---|
| To: | Norris, Dale W; Fleming, John D |
| Subject: | FW: CC: Texas A&M University Correspondence for Conduct Case |
| Date: | Thursday, February 9, 2023 10:51:23 AM |
| Attachments: | |

FYI

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Student Conduct Office (via Maxient) <notifications@maxient.com>

**Sent:** Thursday, February 9, 2023 10:46 AM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Subject:** CC: Texas A&M University Correspondence for Conduct Case

**This Message Is From an External Sender**

This message came from outside your organization.

You have been copied on a letter for case ( Please review the PDF attachment and retain a copy for your files. If you encounter difficulty opening this attachment, please contact our office.

Student Conduct Office
Offices of the Dean of Student Life
Texas A&M University
Phone: 979.847.7272
scrs@tamu.edu
https://studentlife.tamu.edu/sco/

They kicked     back to me.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Thursday, February 9, 2023 11:26 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: CC: Texas A&M University Correspondence for Conduct Case ████████ ████████

Copy all. ████ ?

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 9, 2023 10:51 AM
**To:** Norris, Dale W <dnorris@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** FW: CC: Texas A&M University Correspondence for Conduct Case ████████ ████████

FYI

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Student Conduct Office (via Maxient) <notifications@maxient.com>
**Sent:** Thursday, February 9, 2023 10:46 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** CC: Texas A&M University Correspondence for Conduct Case ████████

**This Message Is From an External Sender**

This message came from outside your organization.

You have been copied on a letter for case ████████████ Please review the PDF attachment and retain a copy for your files. If you encounter difficulty opening this attachment, please contact our office.

From:          Michaelis, Patrick Ralph
To:             Gardner, Jeffery D
Cc:            BEATY, GARY; Fleming, John D; Schlather, Byron L; Washington, Robert Sykes
Subject:   RE:
Date:      Tuesday, February 14, 2023 3:52:10 PM

Got it. Thanks Jeff.

Also... got a not from Joe Ramirez,     will be charged out on Thursday.

**BG Patrick R. Michaelis '93, US Army (Ret.)**
Commandant
1227 TAMU | College Station, TX 77843-1227
ph: 979.845.2811 |
- - - - - - - - - - - - - - - - - - - - - - -

**Corps of Cadets | Texas A&M University**

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Tuesday, February 14, 2023 3:35 PM

**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>

**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>; Schlather, Byron L <bschlather@corps.tamu.edu>; Washington, Robert Sykes <rwashington@corps.tamu.edu>

**Subject:**

Sir,

Results of the       Conduct hearing today are:

████████ not responsible for hazing. Responsible for Conduct unbecoming a cadet- University and Corps Conduct review until 12 May 2023

████████ not responsible for hazing. Responsible for Conduct unbecoming a cadet- University and Corps Conduct review until 12 May 2023

████████ not responsible for hazing. Responsible for Conduct unbecoming a cadet- University and Corps Conduct review until 12 May 2023

Additionally, the outfit is required to meet with me to determine how we are going to change the outfit culture.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

| **From:** | Gardner, Jeffery D |
| --- | --- |
| **To:** | Fleming, John D |
| **Subject:** | RE: |
| **Date:** | Monday, February 20, 2023 4:02:09 PM |

These did not file an appeal. The others did file so we will not be able to move forward until mid-March.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>

**Sent:** Monday, February 20, 2023 4:01 PM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Subject:** RE:

So much for the middle of March…?

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu

- - - - - - - - - - - - - - - - - - - - - - - -

**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Monday, February 20, 2023 3:45 PM

**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>

**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>;
Schlather, Byron L <bschlather@corps.tamu.edu>

**Subject:**

Good afternoon Sir,

Just received notice that the appeals window for ███████████████████████ is closed and their sanctions and their cases are now finalized. We will need to decide on their Corps status in the next couple of days.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

| From: | Gardner, Jeffery D |
|---|---|
| To: | Michaelis, Patrick Ralph |
| Cc: | BEATY, GARY; Fleming, John D; Schlather, Byron L |
| Subject: | |
| Date: | Tuesday, February 21, 2023 2:27:59 PM |
| Attachments: | |

Good afternoon Sir,

The attachment contains the members of        that are being charged. Student Conduct office has determined this to be low level hazing and as such, has given those charged three options:

> (1) Accept responsibility for all charges and accept the sanctions listed below
>
> (2) Choose not to contest the charges and accept the sanctions listed below.
>
> (3) Request a Student Conduct Conference to contest the charges.

The sanctions identified by Student Conduct include:

1. Conduct Review through Friday, May 12, 2023.
2. Corps Conduct Review through Friday, May 12, 2023
3. Hazing Education Workshop (HEW), due Friday, April 28, 2023.

I am standing by for your questions.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

The "deal" was for　　This is still part of the bigger　　problem not separable.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>

**Sent:** Thursday, February 23, 2023 2:20 PM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Subject:** RE: Additional　　charges

Any idea if they will be offered the same deal as the others?

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu

- - - - - - - - - - - - - - - - - - - - - - - -

**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Thursday, February 23, 2023 1:35 PM

**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>

**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>;
Schlather, Byron L <bschlather@corps.tamu.edu>; Regan III, John M <jregan@corps.tamu.edu>

**Subject:** Additional　　charges

Good afternoon Sir,

An additional　　cadets from　　were charged today for hazing resulting from the investigation.　　The cadets are:

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

| From: | Michaelis, Patrick Ralph |
| --- | --- |
| To: | Gardner, Jeffery D |
| Cc: | BEATY, GARY; Fleming, John D; Regan III, John M; Parker, Chad L; Thompson, Amy L |
| Subject: | Re:     Student Conduct |
| Date: | Monday, February 27, 2023 11:32:37 AM |

Got it. Thank you.

Patrick R. Michaelis
Brigadier General, USA (ret)
Commandant
Texas A&M Corps of Cadets

Sent from my iPhone

> On Feb 27, 2023, at 12:31 PM, Gardner, Jeffery D
> <jeff_gardner@corps.tamu.edu> wrote:
>
>
> Sir,
> They are the          class.
> V/R
> Lt. Col Jeff Gardner '82, USAF (Ret)
> Assistant Commandant for Discipline
> Military Advisor Parsons Mounted Cavalry
> 979-458-9317
> _____
> **From:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
> **Sent:** Monday, February 27, 2023 11:30 AM
> **To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
> **Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D
> <jfleming@corps.tamu.edu>; Regan III, John M <jregan@corps.tamu.edu>; Parker,
> Chad L <cparker@corps.tamu.edu>; Thompson, Amy L <amy.thompson@tamu.edu>
> **Subject:** Re:
> Thanks Jeff. Remind me what class they belong to?
>
> Patrick R. Michaelis
> Brigadier General, USA (ret)
> Commandant
> Texas A&M Corps of Cadets
> Sent from my iPhone
>
>
> > On Feb 27, 2023, at 12:21 PM, Gardner, Jeffery D
> > <jeff_gardner@corps.tamu.edu> wrote:

**- 510 -**

Good Morning Sir,

We help the Conduct Conference for ▮▮▮▮ cadets from ▮▮▮ this morning. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were all found NOT RESPONSIBLE for the allegations of hazing regarding last ▮▮▮▮. I am available for questions.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

| From: | Gardner, Jeffery D |
|---|---|
| To: | Fleming, John D |
| Cc: | Schlather, Byron L |
| Subject: | RE: |
| Date: | Thursday, March 2, 2023 9:34:10 AM |

Sorry. Probation until Dec 2023.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>

**Sent:** Thursday, March 2, 2023 9:33 AM

**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Subject:**

Thank you Sir.

██████? 

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>

**Sent:** Thursday, March 2, 2023 9:29 AM

**To:** Fleming, John D <jfleming@corps.tamu.edu>; BEATY, GARY <gbeaty@corps.tamu.edu>

**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>

**Subject:** RE:

Here you go. We need to discuss the future of the ██████ on probation.

██████  one year suspension-withdrew from the university

██████ one year suspension

██████ one year suspension

██████ one semester suspension

██████ one semester suspension

██████ Probation

██████ Probation

██████ Probation

██████ Probation

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:25 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>; BEATY, GARY <gbeaty@corps.tamu.edu>
**Cc:** Schlather, Byron L <bschlather@corps.tamu.edu>
**Subject:** RE:

Jeff,

I have lost count on these. Can you please give us a full paybook on the ▮▮▮ cadets and their status.

Chief,

For all cadets whose suspension from the University has been upheld, are we cleared hot to inform them of their Corps dismissal and have them start checkout?

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
Corps of Cadets | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, March 2, 2023 9:08 AM
**To:** Michaelis, Patrick Ralph <pmichaelis@corps.tamu.edu>
**Cc:** BEATY, GARY <gbeaty@corps.tamu.edu>; Fleming, John D <jfleming@corps.tamu.edu>;
Schlather, Byron L <bschlather@corps.tamu.edu>; Reilly, Michael <mreilly@navy.tamu.edu>
**Subject:**

Sir,

I received the following results of the ▮▮▮ appeals.

▮▮▮▮▮▮▮▮ Suspension from the University until 29 Dec 2023

▮▮▮▮▮▮ Suspension from the University until 31 May 2023

▮▮▮▮▮▮▮ Conduct probation- there was no end date in the letter, so I am checking with Title IX.

▮▮▮▮▮ Suspension form the University until 31 Dec 2024

▮▮▮▮▮▮▮ Suspension from the University until 29 Dec 2023

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Discipline

Military Advisor Parsons Mounted Cavalry

979-458-9317

Patrick R. Michaelis
Brigadier General, USA (ret)
Commandant
Texas A&M Corps of Cadets

Sent from my iPhone

Begin forwarded message:

**From:** "Gardner, Jeffery D" <jeff_gardner@corps.tamu.edu>
**Date:** March 9, 2023 at 11:24:46 AM CST
**To:** "Michaelis, Patrick Ralph" <pmichaelis@corps.tamu.edu>
**Cc:** "BEATY, GARY" <gbeaty@corps.tamu.edu>
**Subject:**

Sir,
The Student Conduct panel for ▉▉▉ concluded today. The students will be notified of their sanctions either this afternoon or tomorrow. I do not have the sanction letters but will send them to you as soon as I receive them. The sanctions are as follows:

▉▉▉▉▉ -University and Corps Conduct Probation until Dec 23
▉▉▉▉▉ - University and Corps Conduct Probation until Dec 23
▉▉▉▉ - University and Corps Conduct Probation until Dec 23
▉▉▉▉▉ - University and Corps Conduct Probation until Dec 23 ( recently selected as a ▉▉▉▉▉ )
▉▉▉▉▉ - University and Corps Conduct Probation until Dec 23
▉▉▉▉▉ ' - University and Corps Conduct Probation until Dec 23
▉▉▉▉▉ ' - University and Corps Conduct Probation until Dec 23
▉▉▉▉▉ - University and Corps Conduct Probation until Dec 23
▉▉▉▉ - University and Corps Conduct Probation until May 23

Each of these students is considered not in good standing with the University or Corps and as such, cannot hold leadership positions in student organizations nor represent the Corps or University.
In addition to the Probation there are educational requirements for each cadet that include Ethical decision-making workshop, Hazing Education workshop, reflective papers and monthly meetings with me.
I am available for questions or to discuss.
V/R
Lt. Col Jeff Gardner '82, USAF (Ret)

**- 514 -**

Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

Rob is being assigned to investigate

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Wednesday, September 13, 2023 1:55 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Who's next

Washington, then Leible.  Provided they do not conflict with the subject of the investigation.

Let me know if they are going to be assigned so I can give them a heads up.

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, September 13, 2023 1:48 PM
**To:** Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** Who's next

John,

Who are the next two on the joint investigation list?

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Discipline

**- 516 -**

Military Advisor Parsons Mounted Cavalry

979-458-9317

| | |
|---|---|
| **From:** | Leible, Jason Aaron |
| **To:** | Fleming, John D |
| **Subject:** | RE: Investigation |
| **Date:** | Friday, October 20, 2023 9:55:16 AM |

Roger Sir.

v/r

Jason

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 9:54 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Investigation

Jason,

 You were next on the list when the ███████ investigation came up, but because you were close to that I assigned John.  So you get the      investigation.

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Friday, October 20, 2023 9:36 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>
**Cc:** Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** Investigation

Jason,

 Heads up.  You will be contacted to assist in the investigation into       .

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**- 518 -**

**From:** Gardner, Jeffery D

**To:** Fleming, John D

**Subject:** RE: Investigator

**Date:** Wednesday, October 25, 2023 9:40:22 AM

I'll come talk to you later today.

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Wednesday, October 25, 2023 7:48 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Investigator

What is this one for?

S/F

**LtCol John D. Fleming '94. USMC (Ret)** | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Wednesday, October 25, 2023 7:42 AM
**To:** Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** RE: Investigator

Thanks

Lt. Col Jeff Gardner '82, USAF (Ret)

Assistant Commandant for Accountability and Standards

Military Advisor Parsons Mounted Cavalry

979-458-9317

**From:** Fleming, John D <jfleming@corps.tamu.edu>
**Sent:** Wednesday, October 25, 2023 6:44 AM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:** RE: Investigator

Desiree is next on the list.  What is this one for?

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Assistant Commandant, Operations and Training
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

---

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Tuesday, October 24, 2023 4:27 PM
**To:** Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** Investigator

John,

I need another investigator.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Assistant Commandant for Accountability and Standards
Military Advisor Parsons Mounted Cavalry
979-458-9317

**From:** Fleming, John D
**To:** Gardner, Jeffery D
**Subject:** RE: Investigation
**Date:** Thursday, February 22, 2024 2:32:00 PM

Sorry, was in class.  Rob already did the       .  Chad is up next, please take him.

S/F

**LtCol John D. Fleming '94. USMC (Ret)**  | Operations Director
Office of the Commandant | Division of Student Affairs | Texas A&M University
Ash II LLC |1227 TAMU | College Station, TX 77843-1227

ph: 979.862.4311 | fax: 979.458.1436 | jfleming@corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**Corps of Cadets** | We Make Leaders

**From:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Sent:** Thursday, February 22, 2024 2:27 PM
**To:** Fleming, John D <jfleming@corps.tamu.edu>
**Subject:** Investigation

John,

        I'm going to take Rob.

V/R

Lt. Col Jeff Gardner '82, USAF (Ret)
Corps Standards and Accountability Director
Military Advisor Parsons Mounted Cavalry
979-458-9317

# ROBERT WASHINGTON

linkedin.com/in/robert-washington-63269438

## EXECUTIVE OVERVIEW

**Seasoned professional** with 25 years' experience building and leading high functioning teams and organizations. Has 7+ years training and instruction to U.S. and foreign military to include advising in austere environments. Proven performer in challenging situations. Effectively managed an under resourced staff while directing twice as many subordinate units than the normal structure and preparing 450 person unit for combat deployment. Led organizations and planning efforts in support of crisis operations. With Master's Degree in Strategic Foresight, learned how to determine and understand changes in business environments and assist companies in modifying their model for continued success. Lean Sigma Six Green Belt trained and currently pursuing Project Management Professional certification. Able to step back to see the big picture and direct appropriate action but does not hesitate to get involved in the work. Proficient in the use of Microsoft Word, Excel, SharePoint and PowerPoint. A dedicated volunteer to the community and non-profits. Foreign experience in Asia, Europe, and Middle East. Active Top Secret Clearance.

## KEY TRAITS

- Executive Leadership
- Organizational Management
- Operational Planning
- Attention to Detail

- Quality Assurance & Quality Improvement
- Resource & Requirements Planning
- Crisis Management
- Program Management

## WORK EXPERIENCE

**Cadet Training Officer (Leadership Teacher)**                    **July 2020- Present**
- Mentor, lecture, and develop cadet leaders within the Texas A&M University Corps of Cadets on the Cadet Values, the Aggie Honor Code as well as leadership traits and principles in order to prepare them to handle the global challenges of the future.

**Senior Marine Instructor (Leadership Teacher)**                    **July 2018- July 2020**
- Lectured, and mentored 80+ Junior Reserve Officer Training Corps high school cadets on techniques of leadership, citizenship, general military subjects and staff planning processes, thereby developing more responsible citizens
- Organized, and scheduled numerous public engagements for the cadets which resulted in improved community relations and opportunities for cadets to develop their leadership skills
- Developed and managed program budget and fundraising activities to enable logistical support to cadet activities and events through equipment acquisition and transportation ordering

**Active Duty Officer, United States Marine Corps**                    Dec 1995- July 2018

**Operations Officer, (Chief Operations Officer)**                    July 2016- July 2018
**2d Marine Expeditionary Brigade, Camp Lejeune, NC**
- Supervised a section of over 40 Marines in the planning and execution of a major exercise for a 4000 person force that successfully conducted training and maneuvers with 9 foreign countries and resulted in no mishaps
- Directed the readiness, equipping and training of a 100 person staff in preparation for crisis response operations for national defense and humanitarian assistance which resulted in a response force ready to execute within 24 hours while managing a $1 million annual budget for exercise, travel and training costs

**Executive Officer, (Senior Vice President)**                    July 2013- June 2016
**10th Marine Regiment, Camp Lejeune, NC**
- Organized the information management and decision making cycle for the chief executive officer that was in charge of three subordinate elements totaling over 2300, enabling on a daily basis multiple critical decisions to maintain, organize and train the force while also meeting all higher headquarters reporting and tasking requirements
- Managed a staff of 12+ intermediate managers who were responsible for a collective of 200+ personnel, organized and prepared this group for successful passing of higher headquarters readiness inspection

# ROBERT WASHINGTON

**Training Requirements Officer, (Training and Development Manager)**     July 2010- June 2013
**Joint Staff, J7 Directorate, Suffolk, VA**
- Assessed strategic initiatives as related to the joint training environment and recommended and developed changes to respond to evolving needs of the joint warfighter, while directing a 25 person staff in the absence of the branch chief and managing a $4 million budget
- Developed Department of Defense technology roadmaps from policy analysis and future technology assessments thereby anticipating future challenges for our forces and preparing their global crisis response readiness

**Executive Officer, (Staff Director)**     Jan 2009- June 2010
**1st Battalion, 10th Marines, Camp Lejeune, NC**
- Evaluated and assigned over 70+ new personnel to positions within the unit to ensure resource allocation was in line with commander's guidance and thereby maximizing efficiencies in human resource structure to meet unit mission
- Analyzed and improved staff processes in order to manage the increased number of assigned sub-units to the headquarters without an equal increase in management personnel to handle the additional requirements and material
- Organized, coordinated and prepared a unit for crisis response deployment on a humanitarian mission to Haiti following an earthquake thereby fully resourcing response options for national command authority relief operations

**Military Transition Team Advisor**, **(Senior Operations Consultant)**     July 2007- Dec 2008
**1st Iraqi Army Division Advisor Team, Camp Lejeune, NC and Iraq**
- Led an ad hoc team of 12 Marines, on short notice, in partnering with an Iraqi Army unit to provide intelligence and operational support during remote location security missions away from Coalition bases and within a 4 month period traveled 800+ miles, cleared 12+ municipalities/neighborhoods, and brought all personnel home safely
- Advised, trained and mentored my Iraqi counterpart on the headquarters staff in the execution of large scale clearing and checkpoint operations which resulted in the transfer of security responsibilities for multiple towns and sectors in the Euphrates River Valley from U.S. forces to host nation forces, thereby facilitating drawdown of U.S. presence

**Small Group Leader & Doctrine Rep, (Staff Trainer & Policy Writer)**     July 2004- June 2007
**U.S. Army Field Artillery School, Fort Sill, Ok**
- Lectured, evaluated and mentored 60+ Army, Marine and International officers in small group settings on techniques of command management and staff planning processes, thereby successfully graduating 4 separate classes
- Organized, scheduled and taught curriculum instruction as the subject matter expert for specialized coursework
- Led project execution with numerous stakeholders on the development and refinement of a publication that provided procedures for the implementation of new system across both the U.S. Army and the Marine Corps services

## EDUCATION

Regent University, Virginia Beach, Virginia
Masters, Strategic Foresight, GPA: 3.83 / 4.0

Texas A&M University, College Station, Texas
Bachelor of Science, Political Science, GPA: 3.24 / 4.0

## TRAINING

- Lean Sigma Six, Green Belt Course, 2018- Department of the Navy recognized continuous performance improvement process for developing efficiencies in administrative procedures and production efforts
- Joint Maritime Prepositioning Forces Planners Course, 2017- Training focused on the tasks necessary to plan, deploy and employ prepositioned equipment by Marine and Navy forces

2

# ROBERT WASHINGTON

- <u>Military Justice Senior Officers Course</u>, 2013- Familiarize one with the uniform code of military justice, administrative fact-finding bodies and policy matters relating to command legal responsibilities
- <u>Toastmaster Curriculum</u>, 2010 to 2013- Competent Communicator and Leader levels achieved
- <u>Collateral Damage Assessment Course</u>, 2011- Determine hazards for target engagement
- <u>Joint Targeting, Staff Course</u>, 2011- Honor Graduate, planning target engagements at operational level
- <u>Joint, Interagency and Multinational Planners Course</u>, 2011- Plan and coordinate operations with Federal, State and local agency for national defense and humanitarian response to natural disasters
- <u>Joint Information Ops Orientation Course</u>, 2011- Plan operations to influence adversary information
- <u>Basic Effective Facilitation Course</u>, 2011- Techniques to enable instructor led discussions and debates
- <u>Joint & Combined Warfighting School</u>, 2011- Operational level of joint & interagency conflict planning
- <u>Security Manager's Course</u>, 2009- Information safeguarding and applying personnel security measures
- <u>Operator Advanced Casualty Response Course</u>, 2007- Hands on first responder treatment of injuries
- <u>Joint Operational Fires and Effects Course</u>, 2006- Plan use of artillery and air delivered munitions
- <u>Combat Lifesaver Course</u>, 2004- Basic lifesaving techniques of CPR, and treating injuries
- <u>Small Group Instructor Training Course</u>, 2004- Techniques of small group teaching and discussion
- <u>Total Army Instructor Training Course</u>, 2004- Techniques of large group lecture and demonstration
- <u>Field Artillery Captain's Career Course</u>, 2001- Distinguished Honor Graduate, number 1 out of 47
- <u>Basic Instructor Course</u>, 2000- Taught the techniques of lecture and discussion methods of instruction
- <u>Field Artillery Officer's Basic Course</u>, 1996- Honor Graduate, number 6 out of 167 students

## <u>VOLUNTEER AND CIVIC CONTRIBUTIONS</u>

- Boy Scouts of America leader for 10 years, mentoring young boys to become better citizens
- Semper Fi Fund volunteer for 5 years, assisted in community events to raise money so that the non-profit could provide assistance to critically wounded service members on their road to recovery
- Local church volunteer for 4 years supporting the children's ministry and guest services
- Volunteered with multiple Parent-Teacher Associations over a 15 year period
- Youth soccer league coach for two years teaching boys and girls between ages 4-7

## <u>AWARDS</u>

Bronze Star Medal, Defense Meritorious Service Medal, Meritorious Service Medal (2x), Navy/Marine Corps Commendation Medal (3x), Army Commendation Medal, Combat Action Ribbon, Presidential Unit Citation, Joint Meritorious Unit Award (x2), Meritorious Unit Commendation, NATO Medal, Iraqi Campaign Medal, Inherent Resolve Campaign Medal, Letter of Appreciation (3x), Certificate of Appreciation (3x), Letter of Commendation, Certificate of Achievement, Staff Achievement Award, Distinguished Student Certificate, Distinguished Naval Student Certificate (3x), Commandant's Honor Roll Certificate (2x), Superior Physical Fitness Certificate

3

| | |
|---|---|
| **From:** | Washington, Robert Sykes |
| **Sent:** | Thursday, April 4, 2024 10:30 PM |
| **To:** | Washington, Robert Sykes |
| **Subject:** | FW: Investigation Interview Notice |

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Wednesday, October 4, 2023 8:14 AM
**To:** XXXXXXXXXXXXXXXX
**Cc:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** RE: Investigation Interview Notice

Okay, thank you for getting back to me!

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** XXXXXXXXXXXXXXXXXXXXXXXXXXX
**Sent:** Monday, October 2, 2023 8:05 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy Audrey,
I apologize for not responding over the weekend. The picture                                                                before it
was deleted and for some reason I had saved it, I came by it when looking through old photos for supporting
documentation like you requested. I do not know who took the picture or who was present but I believe he sent the
picture of himself to the account to be posted.

Thank you,

XXXXXXXXXXXXXX

On Mon, Oct 2, 2023 at 3:53 PM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Hi XXXXXXXXXXXX

I just wanted to follow up to see if you could share with us where you got this picture? Also, if you have any additional context (who took the picture, who was present, etc.), any additional information you have would be greatly appreciated.

Please let me know by the end of the day tomorrow (Tuesday).

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Winking, Audrey J
**Sent:** Friday, September 29, 2023 9:13 AM
**To:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX>
**Subject:** RE: Investigation Interview Notice

Thank you for sending this, XXXXXXXXXXX  Can you clarify where you were able to obtain this picture from?

Thanks again,

Audrey

**Audrey Winking**|  Senior Student Conduct Investigator

Student Conduct Office | Division of Student Affairs | Texas A&M University

1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** XXXXXXXXXXXXXXXXXXXX>
**Sent:** Thursday, September 28, 2023 6:15 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy Audrey,

This is the only supporting documentation I have for The investigation. I
I was asked about at the beginning of my interview in regards to
dorms. I do not know who took the picture but I hope it will be sufficient evidence that XXXXXXXXXXX was
the one who                                                         I was not aware of        when it
happened so all I have is the picture.

Thank you for your time,

XXXXXXXXXXXXX

On Tue, Sep 26, 2023, 7:59 AM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

  Good morning, XXXXXXXXXXXX,

  Thank you for confirming your plan to attend tomorrow's meeting.  I do not need anything from you at this time.  At
  the start of your interview tomorrow I will walk through the acknowledgment form with you, and during the interview
  you will gain more context for what the report entails.  Once you have more context for the situation we will be
  discussing during the interview, should you wish to submit any supporting documentation (statements, pictures, texts,
  etc.) you will have the opportunity to do so!

  We do not share the report with students unless a student is charged with a student rule violation, which is not the
  case at this time.  If this investigation does lead to any charges, the charged student(s) would be able to review the
  report at that time.

Again, I will go over all of this more in detail with you tomorrow at the start of your interview, but hopefully this provides a little clarity on our process in the meantime.

Best,

Audrey

**From XXXXXXXXXXXXXXXXXXXXXXXX**>
**Sent:** Monday, September 25, 2023 11:57 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy,

Thank you for the communication I will be present for the interview in my designated time slot. Is there any additional information you need from me? Is there any additional information you can provide to me about the nature of the complaint or investigation? I do not know anything.

Thank you for your time,

XXXXXXXXXXXXXX

On Mon, Sep 25, 2023, 1:33 PM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Dear XXXXXX

The Student Conduct Office received a report regarding alleged hazing within        You have been identified as someone who may have been involved in the incident or have witnessed/has additional knowledge related to the incident. In order to gain additional information you are being asked to participate in the investigation process and an interview date has been scheduled for **Wednesday, September 27th at 2:30pm in the Student Services Bldg., Suite 309.** Your options for participation in this investigation will be reviewed with you prior to being asked to respond to any questions posed by the investigators.  The attached Investigation Acknowledgement Form will be reviewed with you during your interview and you will be able to choose your level of participation in the interview process. A copy of the investigation flowchart, which outlines the process is also attached for your review.  Information related to the student conduct code and any alleged violations specific to this investigation can be found here: http://student-rules.tamu.edu/rule24/. Click here to review additional information or FAQs regarding the investigation process.

Per student rule (*24.4.23. Abuse of Process*), you are required to meet with investigators. Should this meeting conflict with a scheduled class online or other obligation, please let us know. **Please confirm your receipt of this notice and your intended attendance on the date and time above by** <u>replying</u> **to this email.**

**Please note that pursuant to section 30.06 of the penal code and University Rule 34.06.02. MI:** while formal administrative hearings/investigations are taking place the carrying of concealed handguns is prohibited in **the Student Services Bldg., Suite 309.** Written communication will be posted outside of the room. Section 30.06 of the penal code states:

(3) Written communication means:

(A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

If you need an accommodation for a disability, please contact our office. Requests for accommodations may be evaluated in consultation with Disability Resources.

Sincerely,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Washington, Robert Sykes
**Sent:** Thursday, April 4, 2024 10:22 PM
**To:** Washington, Robert Sykes
**Subject:** FW:

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 29, 2023 10:22 AM
**To:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:**

Hi Lt. Col. Washington,

XXXXXX emailed me saying he has the                                    at 4:00 on Monday, so he was asking if we can reschedule his interview.  I typically only work around students' class schedules, but is this something we should work around? I wasn't sure if this was extracurricular or something that is critical he participates in so I wanted to get your perspective!

He is the one we have scheduled at 2:45, with his class ending at 2:40.  So we in theory should be done by 3:45 but I do recognize that would be really rushed for him.

Thanks,
Audrey

| From: | Washington, Robert Sykes |
|---|---|
| **Sent:** | Thursday, April 4, 2024 10:24 PM |
| **To:** | Washington, Robert Sykes |
| **Subject:** | FW: Investigation Interview Notice |

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Monday, October 2, 2023 3:52 PM
**To:** XXXXXXXXXXXXXXXXXXXXXXXX
**Cc:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** RE: Investigation Interview Notice

Hi XXXXX,

Lt. Col. Washington and I would like to ask you a few follow up questions, so I have scheduled another interview for you on **Wednesday, October 4th at 1:30pm**.  This interview should be pretty brief since we only have a few things to follow up on!

We will meet in the same location and all of the same processes will apply.  Please just reply back to this email to confirm that this new date/time will work for you.

Best,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** XXXXXXXXXXXXXXXXXXXXXXXX
**Sent:** Tuesday, September 26, 2023 10:28 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

I'll be there at 1pm tomorrow.
Very Respectfully,

XXXXXXXXXXX

XXXXXXXXXXXXX
████████

On Mon, Sep 25, 2023 at 13:33 Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Dear XXXXXXX,

The Student Conduct Office received a report regarding alleged hazing within      You have been identified as someone who may have been involved in the incident or have witnessed/has additional knowledge related to the incident. In order to gain additional information you are being asked to participate in the investigation process and an interview date has been scheduled for **Wednesday, September 27th at 1:00pm in the Student Services Bldg., Suite 309.** Your options for participation in this investigation will be reviewed with you prior to being asked to respond to any questions posed by the investigators. The attached Investigation Acknowledgement Form will be reviewed with you during your interview and you will be able to choose your level of participation in the interview process. A copy of the investigation flowchart, which outlines the process is also attached for your review. Information related to the student conduct code and any alleged violations specific to this investigation can be found here: http://student-rules.tamu.edu/rule24/. Click here to review additional information or FAQs regarding the investigation process.

Per student rule (*24.4.23. Abuse of Process*), you are required to meet with investigators. Should this meeting conflict with a scheduled class online or other obligation, please let us know. **Please confirm your receipt of this notice and your intended attendance on the date and time above by replying to this email.**

**Please note that pursuant to section 30.06 of the penal code and University Rule 34.06.02. MI:** while formal administrative hearings/investigations are taking place the carrying of concealed handguns is prohibited in **the Student Services Bldg., Suite 309.** Written communication will be posted outside of the room. Section 30.06 of the penal code states:

(3) Written communication means:

(A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

If you need an accommodation for a disability, please contact our office. Requests for accommodations may be evaluated in consultation with Disability Resources.

Sincerely,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

| | |
|---|---|
| **From:** | Washington, Robert Sykes |
| **Sent:** | Thursday, April 4, 2024 10:27 PM |
| **To:** | Washington, Robert Sykes |
| **Subject:** | FW: Investigation Interview Notice |

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Monday, October 2, 2023 3:54 PM
**To:** XXXXXXXXXXXXXXXXXXXXXXXX
**Cc:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** RE: Investigation Interview Notice

Hi XXXXXXXXXXXXXXX,

I just wanted to follow up to see if you could share with us where you got this picture? Also, if you have any additional context (who took the picture, who was present, etc.), any additional information you have would be greatly appreciated.

Please let me know by the end of the day tomorrow (Tuesday).

Thanks,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:** Winking, Audrey J
**Sent:** Friday, September 29, 2023 9:13 AM

**To:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
**Subject:** RE: Investigation Interview Notice

Thank you for sending this, XXXXXXX!  Can you clarify where you were able to obtain this picture from?

Thanks again,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
**Sent:** Thursday, September 28, 2023 6:15 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy Audrey,
This is the only supporting documentation I have for The investigation. I
                                        I was asked about at the beginning of my interview in regards to
     dorms. I do not know who took the picture but I hope it will be sufficient evidence that XXXXXXXX was the one
who                                                                          I was not aware of           when it
happened so all I have is the picture.
Thank you for your time,
XXXXXXXXXXXXXXX

On Tue, Sep 26, 2023, 7:59 AM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Good morning, XXXXXXXXXX,


Thank you for confirming your plan to attend tomorrow's meeting.  I do not need anything from you at this time.  At the start of your interview tomorrow I will walk through the acknowledgment form with you, and during the interview you will gain more context for what the report entails.  Once you have more context for the situation we will be discussing during the interview, should you wish to submit any supporting documentation (statements, pictures, texts, etc.) you will have the opportunity to do so!


We do not share the report with students unless a student is charged with a student rule violation, which is not the case at this time.  If this investigation does lead to any charges, the charged student(s) would be able to review the report at that time.


Again, I will go over all of this more in detail with you tomorrow at the start of your interview, but hopefully this provides a little clarity on our process in the meantime.

Best,

Audrey

**From:** XXXXXXXXXXXXXXX>
**Sent:** Monday, September 25, 2023 11:57 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy,

Thank you for the communication I will be present for the interview in my designated time slot. Is there any additional information you need from me? Is there any additional information you can provide to me about the nature of the complaint or investigation? I do not know anything.

Thank you for your time,

XXXXXXXXXXXX

On Mon, Sep 25, 2023, 1:33 PM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Dear XXXXXXXXXX,

The Student Conduct Office received a report regarding alleged hazing within          You have been identified as someone who may have been involved in the incident or have witnessed/has additional knowledge related to the incident. In order to gain additional information you are being asked to participate in the investigation process and an interview date has been scheduled for **Wednesday, September 27th at 2:30pm in the Student Services Bldg., Suite 309.** Your options for participation in this investigation will be reviewed with you prior to being asked to respond to any questions posed by the investigators.  The attached Investigation Acknowledgement Form will be reviewed with you during your interview and you will be able to choose your level of participation in the interview process. A copy of the investigation flowchart, which outlines the process is also attached for your review.  Information related to the student conduct code and any alleged violations specific to this investigation can be found here:  http://student-rules.tamu.edu/rule24/. Click here to review additional information or FAQs regarding the investigation process.

Per student rule (*24.4.23. Abuse of Process*), you are required to meet with investigators. Should this meeting conflict with a scheduled class online or other obligation, please let us know. **Please confirm your receipt of this notice and your intended attendance on the date and time above by replying to this email.**

**Please note that pursuant to section 30.06 of the penal code and University Rule 34.06.02. MI:** while formal administrative hearings/investigations are taking place the carrying of concealed handguns is prohibited in **the Student Services Bldg., Suite 309.** Written communication will be posted outside of the room. Section 30.06 of the penal code states:

> (3) Written communication means:
>
>> (A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

If you need an accommodation for a disability, please contact our office. Requests for accommodations may be evaluated in consultation with Disability Resources.

Sincerely,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

| | |
|---|---|
| **From:** | Washington, Robert Sykes |
| **Sent:** | Thursday, April 4, 2024 10:20 PM |
| **To:** | Washington, Robert Sykes |
| **Subject:** | FW: Investigation Interview Notice |

**LtCol Robert S. Washington '95, USMC (Ret)** | Operations Planner & RV Company Advisor
Corps of Cadets | Office of the Commandant | Division of Student Affairs | Texas A&M University
1227 TAMU | College Station, TX 77843-1227
Office ph: 979.458.1202 Mobile ph:
rwashington@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS** | We Make Leaders

---

**From:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Sent:** Friday, September 29, 2023 9:34 AM
**To:** Washington, Robert Sykes <rwashington@corps.tamu.edu>
**Subject:** FW: Investigation Interview Notice

Received the below email and the attached picture from XXXX last night. I emailed him back this morning and asked for clarification in where/how he got the photo. But depending on what he says, we may need to have XXXX come back in so we can ask him about this and some of the other discrepancies in his version of that incident
.).

**Audrey Winking**| Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

---

**From:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
**Sent:** Thursday, September 28, 2023 6:15 PM
**To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
**Subject:** Re: Investigation Interview Notice

Howdy Audrey,
This is the only supporting documentation I have for The investigation. I believe this was
I was asked about at the beginning of my interview in regards to

dorms. I do not know who took the picture but I hope it will be sufficient evidence that XXXXX XXXXX was the one who                                                                                                      . I was not aware of               when it happened so all I have is the picture.

Thank you for your time,

XXXX XXXX

On Tue, Sep 26, 2023, 7:59 AM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

> Good morning, XXXX,
>
> Thank you for confirming your plan to attend tomorrow's meeting.  I do not need anything from you at this time.  At the start of your interview tomorrow I will walk through the acknowledgment form with you, and during the interview you will gain more context for what the report entails.  Once you have more context for the situation we will be discussing during the interview, should you wish to submit any supporting documentation (statements, pictures, texts, etc.) you will have the opportunity to do so!
>
> We do not share the report with students unless a student is charged with a student rule violation, which is not the case at this time.  If this investigation does lead to any charges, the charged student(s) would be able to review the report at that time.
>
> Again, I will go over all of this more in detail with you tomorrow at the start of your interview, but hopefully this provides a little clarity on our process in the meantime.
>
> Best,
>
> Audrey
>
> **From:** XXXXXXXXXXXXXXXXXXXXXXXXXXX
> **Sent:** Monday, September 25, 2023 11:57 PM
> **To:** Winking, Audrey J <audrey_winking@sco.tamu.edu>
> **Subject:** Re: Investigation Interview Notice
>
> Howdy,
>
> Thank you for the communication I will be present for the interview in my designated time slot. Is there any additional information you need from me? Is there any additional information you can provide to me about the nature of the complaint or investigation? I do not know anything.
>
> Thank you for your time,

XXXX XXXX

On Mon, Sep 25, 2023, 1:33 PM Winking, Audrey J <audrey_winking@sco.tamu.edu> wrote:

Dear XXXXX,

The Student Conduct Office received a report regarding alleged hazing within      .  You have been identified as someone who may have been involved in the incident or have witnessed/has additional knowledge related to the incident. In order to gain additional information you are being asked to participate in the investigation process and an interview date has been scheduled for **Wednesday, September 27ᵗʰ at 2:30pm in the Student Services Bldg., Suite 309.** Your options for participation in this investigation will be reviewed with you prior to being asked to respond to any questions posed by the investigators.  The attached Investigation Acknowledgement Form will be reviewed with you during your interview and you will be able to choose your level of participation in the interview process. A copy of the investigation flowchart, which outlines the process is also attached for your review.  Information related to the student conduct code and any alleged violations specific to this investigation can be found here:  http://student-rules.tamu.edu/rule24/. Click here to review additional information or FAQs regarding the investigation process.

Per student rule (*24.4.23. Abuse of Process*), you are required to meet with investigators. Should this meeting conflict with a scheduled class online or other obligation, please let us know. **Please confirm your receipt of this notice and your intended attendance on the date and time above by replying to this email.**

**Please note that pursuant to section 30.06 of the penal code and University Rule 34.06.02. MI:** while formal administrative hearings/investigations are taking place the carrying of concealed handguns is prohibited in **the Student Services Bldg., Suite 309.** Written communication will be posted outside of the room. Section 30.06 of the penal code states:

> (3) Written communication means:
>
>> (A) a card or other document on which is written language identical to the following: "Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (handgun licensing law), may not enter this property with a concealed handgun."

If you need an accommodation for a disability, please contact our office. Requests for accommodations may be evaluated in consultation with Disability Resources.

Sincerely,

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257


ph: 979.847.7272 |[audrey_winking@sco.tamu.edu](mailto:audrey_winking@sco.tamu.edu)| [sco.tamu.edu](http://sco.tamu.edu)

4

**From:** Winking, Audrey J
**Sent:** Thursday, September 21, 2023 4:15 PM
**To:** Washington, Robert Sykes
**Subject:** Investigation

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Howdy,

Dr. Bell informed me that you have been assigned to work on the        investigation with me.  Do you have some time tomorrow (Friday) where we could chat briefly about the plan for the investigation moving forward?  The only times I am unavailable tomorrow are 10-11am and 1:30-3:15pm.  We could meet via Zoom or Teams if that is more convenient for you since it should be a quick meeting!

I am hoping to do interviews next Wednesday afternoon (9/27) if that works for you!

Thanks,
Audrey

**Audrey Winking**|  Senior Student Conduct Investigator
Student Conduct Office | Division of Student Affairs | Texas A&M University
1172 TAMU | College Station, TX 77843-1257

ph: 979.847.7272 |audrey_winking@sco.tamu.edu| sco.tamu.edu

**From:**
**Sent:** Thursday, September 7, 2023 11:35 AM
**To:** WOOD, FRANK Chriswell <fcwood@corps.tamu.edu>
**Cc:** Leible, Jason Aaron <jleible@corps.tamu.edu>; █████████████████████████████
**Subject:** Re:    Hazing Investigation Statements (██████████)

Good morning CSM Wood,

The ████████████, has collected the statements from the ████████ involved, so I'll help make sure that gets to ██████ . ████████ for the cadet in question. Him and I are both free this afternoon from 1415-1500 to link up if that works for you.

Very Respectfully,

██████████████

On Thu, Sep 7, 2023 at 09:27 WOOD, FRANK Chriswell <fcwood@corps.tamu.edu> wrote:

Howdy Mr. ██████

I've read your attachment. You also need individual statements from each of the ████ involved and any that later may have additional information relayed to them after the ████ returned from PT. Those are the most important ones. I would also like to link up with you ██████████████████ sometime today  regarding ████████' statement.

**V/R...RLTW**


**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1ˢᵗ Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University

Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**




---

**From:** ██████████████████████████████████
**Sent:** Thursday, September 7, 2023 8:59 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>; WOOD, FRANK Chriswell <fcwood@corps.tamu.edu>
**Subject:** I1 Hazing Investigation Statements (CDT Kimes)


Good morning SGM Wood and MAJ Leible,


Attached below are the statements in regards to the hazing investigation involving        and  ████████


████████████


████████████████

Of my own volition, I decided to do a morning workout. I wanted to get fit and build up my physical resilience. ▆▆▆▆▆ happened to have a morning workout plan and I volunteered to join. ▆▆▆▆▆ is good at jogging and pacing so I asked to join his morning workout. We slow paced jogged until we reached bush school, then we proceeded to walk around until we were ready to leave. There were no expectations of me and I had a great time with ▆▆▆▆▆▆

I volunteered to participate in the voluntary physical training lead by ██████████ Several times he mentioned that it was voluntary and anyone could join if they want to. I volunteered because I enjoy doing extra ~~pt~~ physical training. During the physical training we jogged for a short distance and completed short easy excersises.

The workout we did with ██████████ was as follows: We started with a jog to a parking area, where we did 100 burpees, or up to however many we could do and double the remainder on squats. After that, we started jogging again until we reached the Bush School of Government and Public Service. We then walked to where President Bush's tombstone, along with his wife Barbara Bush and daughter Pauline Robinson Bush, are located, to which after standing and resting for a few moments began to walk back to

Throughout the workout, the tone was very non chalantent, where we could ask ████████ any questions freely, along with ██████████ giving explanations and stories behind buildings and landmarks. All participants came on their own free will, and there was no shaming for those who did not.

█████ painfully informed people of an entirely voluntary work out that he would hold the morning of ███████ The group who showed up did of their own volition with out any reminder from ██████ that morning. The workout started with stretching then a light jog to the Bush school. At the Bush school ████████ showed us the Berlin wall memorial and the Bush family cemetery with no expectation to memorize information of act a certain way. We walked back to the quad finishing our voluntary work out. ████████████████████

If ████████ punished I will seriously consider quiting the Corps of Cadets. ██████████ is a wealth of knowledge, who has opened my eyes to the possibilities in and out of the corps. ████████ is a model ████████████ and cadet.

On Monday ██████████, a small group of ████████, led by ████████, went out on a run to George Bush's grave. We went at a term minute mile pace and stopped several times to allow everyone to catch up. On these steps he did a series of burpees and squats, with rests in between. Once we reached our destination, and on the walk back, ████████ talked to us about history, rudders, & gave us tips and tricks to be more successful in the corps. This event was not, in any shape of form, a type of hazing in any way.

- 549 -

████████████

`writes:`

████████████████  has^3 ~~pieces of~~   had

incidents of which a lack of _integrity_ was displayed, and behavior was unbecoming of the Corps values. Foremost is the most recent event, in which ██████ took        (see appendix) on a morning run and calisthenics workout on the date of               the        were

told it was the                              , which
████ did start last year. However,  ████  was
the only person there other than     ⠀⠀  There
was not sanctioned practice to be held by the
university or Corps at this time. The workout
was optional for the          which is why only
attended. Next,  ████████  wore a '
          Shirt to a          event, around the
quad, and in the dorms, representing a
poor message to          and     military
career.

what: voluntary workout with

who: myself, male no

when: Mon

where: white tables outside dorms; mvmnt
to Reed; logged 9:30 pace, burpees,
squats, walked back

why: no PT monday ⤳ told      about it
wanted to join

team

## Statement:

Bad judgement on ▮▮▮▮▮ part,
not getting approval from training chain.
Not passing it to any higher before
conducting. ▮▮▮▮▮ did not think he
had to get approved because it was not
corps event.

████████

What: _____, PT'd them unbeknowing to anyone else

When: _____ to his knowledge
Where: run to Bush + back; burpees
how: on the run made stops to do calisthenics
why: he _____ said _____ practice
Recommended Discipline: 4hr, 2 RW's, silenced
How found out: word of mouth, asked _____ during run throughs if it happened or not

statement

████████ task confirmed _____ (suspected) on an unauthorized run. _____ morning. He ran to the bush school and back with calisthenics spread out. He has also been seen disrupting _____ despite not being on scholastic. His actions were not made public and was told after the fact.

■■■■

what :

■■■■ pleads the 5th, does not want a part it in it. Believes discipline evaluation should be left up to command team.

█████████████████ +                    sept 5 23

<u>what</u>: unauthorized PT for the purpose of affiliation
with as a condition for continued membership (24.4.5
hazing) by █████████ + _____ on
<u>when</u>:
<u>where</u>: Reed Arena
<u>why</u>: optional PT; "wbm" (in eyes of       )
   <u>how</u>: unformal meetup unauthorized times,
    Togged on app [evidence]

<u>statement</u>: To put it simply, ███████████ lacks an
understanding of integrity. His actions did not display
a commitment to the Corps values or commitment
to selfless service. _____ ought to represent in memorium
of _____ and what he stood for. He does
not have a clear understanding of following the
standard operating procedures for leadership
development of training. He failed to represent the
Corps values through these actions.

Appendix



| From: | WOOD, FRANK Chriswell |
|---|---|
| Sent: | Friday, April 5, 2024 4:55 AM |
| To: | Simpson, Meredith M |
| Subject: | FW:    Hazing Investigation Statements (          ) |
| Attachments: | Scanned Documents.pdf |

| Categories: | ORR Clear |

More to follow

**V/R...RLTW**

**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1st  Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University
Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**



---

**From:** WOOD, FRANK Chriswell
**Sent:** Thursday, September 7, 2023 9:31 AM
**To:**
**Cc:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Subject:**         Hazing Investigation Statements (            )

██████didn't oversee this (he's been advised to do so) and the ███ didn't even interview the     . MTF…

**V/R...RLTW**

**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1st  Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University
Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**



---

**From:** ████████████████████████████████
**Sent:** Thursday, September 7, 2023 8:59 AM
**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>; WOOD, FRANK Chriswell <fcwood@corps.tamu.edu>
**Subject:**    Hazing Investigation Statements (

Good morning SGM Wood and MAJ Leible,

Attached below are the statements in regards to the hazing investigation involving ███████ and █████████

Very Respectfully,

██████████████████

| | |
|---|---|
| **From:** | WOOD, FRANK Chriswell |
| **Sent:** | Friday, April 5, 2024 4:55 AM |
| **To:** | Simpson, Meredith M |
| **Subject:** | FW:    Hazing Investigation Statements |

| | |
|---|---|
| **Importance:** | High |

| | |
|---|---|
| **Categories:** | ORR Clear |

More to follow

**V/R…RLTW**

**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1ˢᵗ  Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University
Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**

---

**From:** WOOD, FRANK Chriswell
**Sent:** Thursday, September 7, 2023 9:27 AM
**To:** ███████████████████████
**Cc:** Leible, Jason Aaron <jleible@corps.tamu.edu>; ███████████████████████████
**Subject:** RE:    Hazing Investigation Statements
**Importance:** High

Howdy ██████████

I've read your attachment. You also need individual statements from each of the ███████ involved and any that later may have additional information relayed to them after the ██████ returned from PT. Those are the most important ones. I would also like to link up with you ███████████████████ sometime today  regarding ██████████' statement.

**V/R…RLTW**

**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1ˢᵗ  Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University
Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**

**From:** █████████████████████████████████

**Sent:** Thursday, September 7, 2023 8:59 AM

**To:** Leible, Jason Aaron <jleible@corps.tamu.edu>; WOOD, FRANK Chriswell <fcwood@corps.tamu.edu>

**Subject:**    Hazing Investigation Statements (█████████)

Good morning SGM Wood and MAJ Leible,

Attached below are the statements in regards to the hazing investigation involving         and █████████

Very Respectfully,

█████████████

| From: | WOOD, FRANK Chriswell |
|---|---|
| **Sent:** | Friday, April 5, 2024 4:56 AM |
| **To:** | Simpson, Meredith M |
| **Subject:** | FW: Discipline CCIR |

**Categories:** ORR Clear

More to follow

**V/R...RLTW**

**CSM Frank C. Wood '16, USA (Ret)** | Military Advisor, 1st Brigade
Office of the Commandant | Division of Student Affairs | Texas A&M University
Room 334 Leonard Hall | College Station, TX 77843-0000
ph: 979.458.1628 | fcwood@corps.tamu.edu | corps.tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
**CORPS OF CADETS | We Make Leaders**

---

**From:** ████████████████████████████
**Sent:** Tuesday, September 5, 2023 9:18 PM
**To:** Gardner, Jeffery D <jeff_gardner@corps.tamu.edu>
**Cc:** WOOD, FRANK Chriswell <fcwood@corps.tamu.edu>; Leible, Jason Aaron <jleible@corps.tamu.edu>; ████████████
████████████████████████████████████
**Subject:** Discipline CCIR

Good evening Col. Gardner,

There was a report this morning that ████████ (          ) took a group          out for a workout on
      . I am treating this allegation as a hazing report and have asked the          of Company    to collect statements, silence the                in question, and ensure the      are mentally and physically well.

I will have the packet ready for your review by Thursday COB.

Very Respectfully,

████████████ ████████████████████ Corps of Cadets Intramural & Logistics Office Division of Student Affairs
TAMU | College Station, TX 77843-1227

████████████████████
████████████████████
████████████████████



# 24. Student Conduct Code

(Revised: 2024)

The General Order on Judicial Standards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education supports higher standards of behavior for students. Attendance at a university is not compulsory. The voluntary attendance of a student at a university is a voluntary entrance into the academic community. By such voluntary entrance, the student voluntarily assumes obligations of performance and behavior reasonably imposed by the university. These obligations are generally much higher than those imposed on all citizens by the civil and criminal law. A university may discipline students to secure compliance with these higher obligations as a teaching method or to sever the student from the academic community. The General Order further emphasizes the ability of universities to establish standards of superior ethical and moral behavior that occur either on or off campus.

24.1 Definitions. Only for purposes of this Student Conduct Code, the following terms and definitions will apply. The Vice President for Student Affairs or designee reserves the right to interpret and enforce this Code of Conduct.

24.1.1. The term "**accused student**" means any student charged with a violation of a student *rule*.

24.1.2. The term "**chairperson"** means a *Student Conduct Administrator* who is authorized by the *Vice President for Student Affairs* or designee to take the lead role in conducting *conferences* when there is more than one person serving as a *Student Conduct Panel* and/or more than one *Student Conduct Administrator* present.

24.1.3. The term "**charge**" means an allegation of a potential violation of the Student Rules. Charges are issued after a Student Conduct Administrator has determined sufficient information exists to hold a *conference* to determine whether a student (or students) has violated a *rule* (or *rules*).

24.1.4. The term "**complainant**" means any person who submits information indicating that a *student may* have violated the Student Conduct Code. Information brought forth by the *complainant may* result in an *investigation*.

24.1.5. The term **"conference"** means a process that provides an opportunity for an accused *student* to respond to a specific *charge* or *charges*. The purpose of a *conference* is to determine whether there is a preponderance of information to support the *charges* and if so, to determine the appropriate *sanction* or *sanctions*. Only information presented during the *conference* can be used to determine if there is a finding of responsibility.

24.1.6. The term "**consent**," solely for the purposes of the Sexual Misconduct rule (see *rule* 24.4.20), means clear, voluntary, and positive verbal or non-verbal communication that all participants have agreed to the activity.

- Consent must occur prior to or at the same time as the activity.
- Consent must remain clear, voluntary, and positive throughout the activity.
- Consent must be given for the current activity. The existence of a prior relationship or prior activity does not automatically ensure consent for current or future activity. There must be consent for each specific type of act throughout the activity. Consent must be given by each participant involved.
- A person must be 17 years of age or older to be able to consent to sexual activity if the other participant(s) involved are more than three (3) years of age older than that person.
- A person who is clearly or visibly incapacitated is not able to give consent to sexual activity (see definition of incapacitation below).

24.1.7. The term "**faculty member**" means any person hired by the *University* to conduct classroom, teaching, or research activities or who is otherwise considered by the *University* to be a member of its faculty.

24.1.8. The term "**incapacitation**" means the physical and/or mental inability to make informed, rational judgments. States of *incapacitation* include, but are not limited to, sleep, unconsciousness, and brownouts and blackouts (where an individual is awake but is not forming memories). Where alcohol or other drugs are involved, *incapacitation* is defined with respect to how the substance consumed impacts a person's decision-making capacity, awareness of consequences, and ability to make fully informed judgments.

24.1.9. The term "**investigation**" means the follow through on a complaint to ascertain details and circumstances associated with the complaint. *Investigations may* result in *charges*, a form of alternative dispute resolution, or dismissal of complaint. This determination is made at the sole discretion of the Vice President for Student Affairs or designee responsible for the oversight of the Student Conduct processes.

24.1.10. The term "**may**" is used in the permissive sense.

24.1.11. The term "**member of the University community**" includes any person who is a *student, faculty member, staff, University official* or any other person employed by the *University or by a company contracted to provide services for the University.*

24.1.12. The term "**organization**" means any number of people who meet any single or combination of the following criteria:

- belong to a group whose members are primarily Texas A&M University *students* including but not limited to academic, athletic, recreational, religious, performance, political, and social or similar groups, and/or
- have complied with the formal requirements for *University* recognition, and/or
- are advised by a *University official* whose position description designates them as an advisor, and/or
- are advised by a *University official* who has volunteered as an advisor, and/or
- live in close proximity to, for example, residence hall floors or wings, Corps outfit, Corps unit or Corps Special Activity, and/or
- are otherwise considered by the *University* to be an *organization*.

24.1.13. The term "**retaliation**" means any adverse action taken against a person for making a good faith report of a violation of Texas A&M System policies, university rules, student rules, and/or the law, or for participating in any proceeding related to the investigation or resolution of such report. Retaliation includes threatening, intimidating, harassing, coercing or any other conduct that would discourage a reasonable person from engaging in activity protected under this policy. Retaliation may be present even where there is a decision of "unsubstantiated," "insufficient information to substantiate," "not responsible," and/or "not guilty" on the allegations. Retaliation does not include good faith actions lawfully pursued in response to a report. Violation of an interim, remedial, or protective measure will be considered retaliation.

24.1.14. The term "**sanction**" includes responses or requirements given by the *University* to a *student* during a *conference* in response to a violation of a *rule*. *University sanctions* include all items listed in Section 27 of this Student Conduct Code.

24.1.15. The term "**shall**" is used in the imperative sense.

24.1.16. The term "**staff**" means any person who is employed by the *University* that is not defined as *faculty.*

24.1.17. The term "**student**" includes all persons who have accepted their offer of admission, and/or who are taking courses at the *University*, either full-time or part-time, pursuing undergraduate, graduate, or professional studies and who are either currently enrolled or

were enrolled the previous semester and registered for a future semester. Persons who withdraw after allegedly violating the Student Conduct Code, or who are not officially enrolled for a particular term but who have a continuing relationship with the *University* are considered *students*. In addition, persons who are living in University residence halls and apartments, although not enrolled in this *institution*, are also considered "*students*", for the purpose of enforcing this code.

24.1.18. The term "**Student Conduct Administrator**" means a *University official* authorized by the *Vice President for Student Affairs* or designee to collect information, to initiate *charge* letters, articulate *charges* in conferences, present information to support *charge*s, to conduct *conferences*, and to impose *sanctions* upon any *student*(*s*) found to have violated the Student Conduct Code. The Vice President for Student Affairs or designee may authorize a *Student Conduct Administrator* to serve simultaneously as a *Student Conduct Administrator* as the sole member, or one of the members of a *Student Conduct Panel*.

24.1.19. The term "**Student Conduct Panel**" means any person or persons authorized by the *Vice President for Student Affairs* or designee to determine whether a *student* has violated the Student Conduct Code and to determine *sanctions* that *may* be imposed when a *rule* violation has been committed (or found responsible).

24.1.20. The term "**rule**" encompasses those behavior expectations contained in, but not limited to, the Student Rules, Residence Hall handbook, University Apartment Handbook, the Standard of the Corps of Cadets, and the University Computer Use and Resource Rules. These rules should be read broadly and are not designed to define prohibited conduct in exhaustive terms.

24.1.21. The term "**university**" or "**institution**" means Texas A&M University.

24.1.22. The term "**University official**" means any person employed by the *University* to perform assigned administrative or professional responsibilities or who is otherwise considered by the *University* to be a *University official*.

24.1.23. The term "**University premises**" includes all land, buildings, facilities, and other property in the possession of or owned, leased, operated, supervised, used or controlled by the *University* (including adjacent streets and sidewalks)

24.1.24. The **Vice President for Student Affairs** is that person designated by the *University* President to be responsible for the administration of the Student Conduct Code. The Vice President for Student Affairs *may* assign a designee to meet these responsibilities.

24.2 Student Conduct Authority

24.2.1. The Vice President for Student Affairs or designee *shall* develop procedures for the administration of the student conduct system and for the implementation of Student Conduct Conferences that are consistent with provisions of the Student Conduct Code.

24.2.2. The Vice President for Student Affairs or designee *shall* determine the composition of *Student Conduct Panel*(s) and determine which *Student Conduct Panel*, *Student Conduct Administrator* and Appeal Panel *shall* be authorized to hear each matter.

24.2.3. Decisions made by a *Student Conduct Panel* and/or *Student Conduct Administrator shall* not be final until the appeal processes have been exhausted, waived, or time has expired.

24.3. Jurisdiction of the Student Conduct Code The Student Conduct Code *shall* apply to conduct that occurs on *University premises* and/or at *University* sponsored activities or any other activity that adversely affects the *University* community and/or the pursuit of its objectives (mission). This action *may* be taken for either affiliated or non-affiliated activities. The *University may* take action in situations occurring off *university premises* involving: student misconduct demonstrating flagrant disregard for any person or persons; or when a *student*'s or student *organization*'s behavior is judged to threaten the health, safety, and/or property of any individual or group; and/or when a student's sexual harassment of a *Member of the University Community* occurring off campus creates a hostile environment on campus.. Using the Vice President for Student Affairs' discretion, the Vice President for Student Affairs or designee *shall* decide whether the Student Conduct Code *shall* be applied to conduct occurring off campus, on a case-by-case basis. This Student Conduct Code applies at all locations of the *University*, except those campuses who write their own student conduct code.

24.4 Rules and Regulations Conduct standards at the *University* are set forth in writing in order to give *students* general notice of prohibited conduct. These rules should be read broadly and are not designed to define prohibited conduct in exhaustive terms. Any *student* found to have committed or to have attempted to commit the following misconduct is subject to the disciplinary *sanctions* outlined in Section 27. It *shall* not be a defense that a *University official*, student leader or other person authorized the behavior in question:

24.4.1. **Dishonesty.** Acts of dishonesty, including but not limited to the following:

- Withholding material information from the *University*, misrepresenting the truth during a *University investigation* or student conduct conference, and/or making false statements to any *University officials or*, law enforcement officer, in the course of their duties.
- Furnishing false information to and/or withholding information from any University official, faculty member, office, or law enforcement officers in the course of their duties.
- Forgery, alteration, possession, or misuse of any *University* document, record, or instrument of identification.

- The submission of false information at the time of admission or readmission is grounds for rejection of the application, withdrawal of any offer of acceptance, cancellation of enrollment, dismissal or other appropriate disciplinary action.

24.4.2. **Harassment.** Behavior that is severe, pervasive, or persistent to a degree that a reasonable person similarly situated would be prevented from accessing an educational opportunity or benefit. This behavior includes, but is not limited to, verbal abuse, threats, intimidation, and coercion. In addition, harassment *may* be conducted by a variety of mediums, including but not limited to, physical, verbal, graphic, written, or electronic. (Please see University Rule 08.01.01.M1. for harassment based on a person's protected status).

24.4.3. **Physical abuse.** Any attempt to cause injury or inflict pain; or causing injury or inflicting pain. Also causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. It is not a defense that the person, group, or *organization* against whom the physical abuse was directed consented to, or acquiesced to, the physical abuse.

The physical abuse *rule* is not intended to prohibit the following conduct:

- Customary public athletic events, contests, or competitions that are sponsored by the *University* or the organized and supervised practices associated with such events; or
- Any activity or conduct that furthers the goals of a legitimate educational curriculum, a legitimate extracurricular program or a legitimate military training program as defined and approved by the *University*.

24.4.4. **Theft/Damages.**

24.4.4.1. **Theft**. Unauthorized removal or stealing and/or attempted removal or stealing of property of a *member of the University community* or other personal or public property, on or off campus. This includes knowingly possessing such stolen property. This also includes theft of services and/or misuse of another's property including, but not limited to, unauthorized use of another's property, unauthorized selling of subsidized tickets, and use of a forged parking permit.

24.4.4.2. **Damages.** Behavior that destroys, damages, or litters any property of the *University*, of a *University* community member, of another institution, or of another person, on or off campus (as permitted in section 24.3.) is prohibited under this *rule*.

24.4.5. **Organization Affiliation Misconduct** means any intentional, knowing, or reckless act, occurring on or off any campus of Texas A&M University, by one person alone or acting with others, directed against an individual for the purpose of pledging, being initiated into, affiliating with, holding office in, or maintaining membership in an organization; or as part of any activity

of a recognized student organization, student group, Corps of Cadets, Corps outfit, Corps unit, Corps Special Activities, or Athletics that meets the criteria of: 24.4.5.1. Hazing; and/or 24.4.5.2. Organization-Related Intimidation and/or Abuse.

A student is responsible for Organization Affiliation Misconduct if the student:
(a) engages in Organization Affiliation Misconduct;
(b) solicits, encourages, directs, aids, or attempts to aid another in engaging in Organization Affiliation Misconduct;
(c) recklessly permits Organization Affiliation Misconduct to occur; or
(d) has firsthand knowledge of the planning of a specific Organization Affiliation Misconduct incident involving a student or has firsthand knowledge that a specific Organization Affiliation Misconduct incident has occurred, and knowingly fails to report that knowledge to the Vice President for Student Affairs or other appropriate official of the institution, a peace officer, or a law enforcement agency.

There are two types of Organization Affiliation Misconduct, based on the conduct and potential resulting harm:

24.4.5.1 **Hazing** is Organization Affiliation Misconduct that includes:

24.4.5.1.1 any type of physical brutality, such as whipping, beating, striking, branding, electronic shocking, placing of a harmful substance on the body, or similar activity;

24.4.5.1.2 sleep deprivation, exposure to the elements, confinement in a small space, calisthenics, or other similar activity that subjects the individual to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the individual;

24.4.5.1.3 consumption of a food, liquid, alcoholic beverage, liquor, drug, or other substance, other than as described by 24.4.5.1.5., that subjects the individual to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the individual;

24.4.5.1.4 any activity that induces, causes, or requires the individual to perform a duty or task that involves a violation of a criminal law or university rule that implicates a criminal law; or

24.4.5.1.5 coercion of the individual to consume:
(a) a drug; or
(b) an alcoholic beverage or liquor in an amount that would lead a reasonable person to believe that the individual is intoxicated.

"Coercion" means a threat, however communicated, to commit a violation of a criminal law or university rule that implicates a criminal law; inflict bodily injury in the future on the person threatened or another; accuse a person of any criminal offense or violation of university rule; expose a person to hatred, contempt, or ridicule; harm the credit or professional repute of any person; or take or withhold action as a public servant, or to cause a public servant to take or withhold action.

Conduct constituting Hazing may also be a violation of Texas state law (see Tex. Educ. Code §37.151 and §51.936).

24.4.5.2. **Organization-Related Intimidation and/or Abuse** is Organization Affiliation Misconduct that does not rise to the level of Hazing and includes, but is not limited to:

24.4.5.2.1 conduct that endangers the mental or physical health or safety of the individual

24.4.5.2.2. behavior that is severe and/or persistent to a degree that a reasonable person similarly situated would be prevented from accessing an educational opportunity or benefit. This behavior includes, but is not limited to, verbal abuse, deceit, threats, intimidation, and unreasonable requirements for new and continued membership of an organization;

24.4.5.2.3. confining a person or exposing participants to uncomfortable elements such as environments that are too hot, cold, noisy, small, or intimidating;

24.4.5.2.4. parading individuals in public areas, transporting individuals in a motor vehicle while wearing a visual obstruction, or privately conducting visually obstructed activities that serve no constructive purpose;

24.4.5.2.5. encouraging or requiring a person to publicly carry objects or wear apparel that is abnormal, not normally in good taste, conspicuous, and/or indecent;

24.4.5.2.6. destroying or removing public or private property;

24.4.5.2.7. any activity that induces, causes, or requires the individual to perform a duty or task that involves a violation of a university rule that does not implicate a criminal law;

24.4.5.2.8. soliciting, encouraging, directing, aiding, or attempting to aid another in engaging in intimidation or harassment; or

24.4.5.2.9. assisting, directing, or in any way causing others to participate in degrading behavior and/or behavior that causes ridicule, humiliation, or embarrassment.

Previously practiced "traditions" (including Corps of Cadets, fraternity/sorority, or any other group or organization activity, practice or tradition) or coercion by current or former members or student leaders of the involved organization, will not suffice as a justifiable reason for participation in Organization Affiliation Misconduct. It is not a defense that the person (or group) against whom the Organization Affiliation Misconduct was directed consented or acquiesced to the behavior in question.

Students who are recipients and/or victims of Organization Affiliation Misconduct and who have not perpetrated Organization Affiliation Misconduct on others involved in the fact pattern for which they are reporting, and who report the activities to the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes and/or the University Police Department, will not be charged with a violation of the Organization Affiliation Misconduct rule.

The Organization Affiliation Misconduct rule is not intended to prohibit the following conduct:

- Customary public athletic events, contests, or competitions that are sponsored by the University or the organized and supervised practices associated with such events; or
- Any activity or conduct that furthers the goals of a legitimate educational curriculum, a legitimate extracurricular program or a legitimate military training program as defined and approved by the University.

24.4.6. **Failure to comply.** Failure to comply with proper and lawful direction of any *University official* or law enforcement officer.

24.4.6.1. **Evading**. Intentionally fleeing from a *University official* or law enforcement officer when the person knows or reasonably should have known the *University official* or law enforcement officer is attempting to confront, arrest, or detain.

24.4.7. **Failure to present identification.** Failure to provide identification upon the request of a *University official*.

24.4.8. **Breaching safety or security**. This includes but is not limited to: Unauthorized access to *University* facilities; unauthorized entry into or use of *University premises*; intentionally damaging door locks; unauthorized possession of *University* keys or access cards; duplicating *University* keys or access cards; propping open of exterior residence hall or other

campus building doors; tampering with fire safety equipment such as fire extinguishers, smoke detectors, alarm pull stations, gas detectors, or emergency exits; and/or unauthorized entry into another person's or entity's residence, vehicle, or business.

24.4.9. **Violation of published University rules.** Violation of any *University* policy, *rule*, or regulation published in hard copy or available electronically on the *University* website. Such rules include, but are not limited to, Residence Life contracts and rules, Corps of Cadets rules, *University* motor vehicle rules, rules relating to the use of student identification cards, entry and use of *University* facilities and dining hall conduct.

24.4.10. **Violation of NCAA Regulations.** Violations of any NCAA regulations.

24.4.11. **Violation of law.** Violation(s) of any federal, state or local law.

24.4.12. **Drugs.** The act of using, possessing, being under the influence of, manufacturing, or distributing illegal drugs or illegally obtained/possessed controlled substances is prohibited. Abusing legally obtained drugs by failing to take the drug as directed. Except as expressly permitted by law, use, possession, manufacturing, or distribution or being a party thereto of marijuana, heroin, narcotics, or other controlled and/or prescribed substances and/or drug paraphernalia and/or dangerous drug is also prohibited. Individuals may not operate a motor vehicle or another form of transportation while under the influence of drugs or while intoxicated. (See **Appendix VII, Texas A&M University Drug Rules (https://student-rules.tamu.edu/append7)** )

24.4.13. **Alcohol.** Alcohol use, possession, manufacturing, or distribution of alcoholic beverages (except as expressly authorized by *University* regulations), is prohibited on Texas A&M *University premises* and *University* sponsored events. In addition, use, possession, or distribution of alcohol beverages while driving or riding in or on a vehicle on *University premises* is prohibited. Alcoholic beverages may not, in any circumstance, be used by, possessed by, or distributed to any person under twenty-one (21) years of age. Individuals may not be in a state of public intoxication or drunkenness. Individuals may not operate a motor vehicle or another form of transportation while intoxicated or while under the influence of alcohol (See **Appendix VIII, Texas A&M University Alcohol Rules (https://student-rules.tamu.edu/append8)**).

24.4.14. **Weapons and explosives.** Illegal or unauthorized use, possession, or storage of fireworks or explosives, other weapons, or dangerous chemicals on *University premises* or at any *University*-sponsored activity is prohibited. In addition, use of any such item, even if legally possessed, in a manner that harms, threatens or causes fear to others is prohibited. The term weapon is defined as any object or substance designed or used to inflict a wound, to cause or threaten injury , or to incapacitate. Weapons may include, but are not limited to, all firearms, pellet guns, tasers, stunguns, slingshots, martial arts devices, switchblade knives and clubs.

24.4.15. **Disruptive activity.** Disruption or obstruction of teaching, research, administration, or other *University* activities (including public-service functions on or off campus) or of other authorized non-*University* activities when conduct occurs on *University premises*. Such activities *may* include, but are not limited to:

- Leading or inciting others to disrupt scheduled and/or normal activities on *University premises*.
- Classroom behavior that seriously interferes with either (a) the *faculty member*'s ability to conduct the class or (b) the ability of other *students* to profit from the instructional program. (See Texas A&M University Rule on **Classroom Behavior, section 21 (https://student-rules.tamu.edu/rule21)** of this publication.)
- Any behavior in class or out of class, which for any reason interferes with the class work of others, involves disorder, or otherwise disrupts the regular and essential operation of the *University*.
- Activity or conduct that violates the Texas A&M University Rules on Freedom of Expression (See **Appendix XI (https://student-rules.tamu.edu/append11)**).

24.4.16. **Traffic obstruction.** Obstruction of the free flow of pedestrian or vehicular traffic on *University premises* or at *University*-sponsored or supervised activities.

24.4.17. **Disorderly conduct.** Public behavior that is disruptive, lewd, or indecent; breach of peace; or aiding, or procuring another person to breach the peace on University premises or at functions sponsored by the *University* or participated in by members of the *University* community.

24.4.18. **Unauthorized recording**. Any unauthorized use of electronic or other devices to make an audio, video, still frame or photographic record of any persons without their prior knowledge, or without their effective consent when the person or persons being recorded have a reasonable expectation of privacy and/or such recording is likely to cause injury or distress. This includes, but is not limited to, surreptitiously taking pictures of another person in a gym, locker room, or restroom or recording administrative meetings with *University officials*. If a recording is made that captures a violation of the Student Rules or law, the *Student Conduct Administrator may* elect not to enforce this section of the Student Rules against the *student* making the recording.

24.4.19. **Misuse of Computing Resources.** Failure to comply with *University* regulations and policies, license agreements, and contracts governing network, software and hardware use; abuse of communal resources; use of computing resources for unauthorized commercial purposes or personal gain; failure to protect your password or use of your account; breach of computer security, harmful access or invasion of privacy. Misuse and/or other abuse of computer facilities and resources including, but not limited to:

- Use of another individual's identification and/or password.
- Use of computing facilities and resources to send obscene or threatening messages.
- Use of computing facilities and resources in violation of copyright laws.

(see Appendix V, Individual Responsibility for Use of Computing Resources)

24.4.20. **Sexual Misconduct.**

> **24.4.20.1. Sexual contact.** Attempting or making sexual contact, including but not limited to, inappropriate touching without the person's consent (see "consent" definitions), or in circumstances where the person is physically, mentally or legally unable to give consent when the behavior is not so severe, pervasive, or persistent to create a work, educational, or campus living environment that a reasonable person would consider intimidating, abusive, or offensive or sexual exploitation as defined in Texas A&M University System Regulation 08.01.01. (For sex-based behaviors that are sever, persistent, or pervasive to create a work, education, or campus living environment that a reasonable person would consider intimidating, abusive, or offensive; sexual exploitation; sexual assault; or sexual harassment; please see System Texas A&M University System Regulation 08.01.01. and University Rule 08.01.01.M1.)

24.4.21. **Animal Cruelty.** Intentionally, knowingly, or recklessly torturing or in a cruel manner killing or causing serious bodily injury to an animal, failing to provide necessary food, water or care for an animal in the person's custody, abandoning unreasonably an animal in the person's custody, transporting or confining an animal in a cruel manner, causing bodily injury to any animal without the owner's *consent*, causing one animal to fight with another animal, or seriously overworking an animal. Intentionally, knowingly, or recklessly attacking, injuring or killing an assistance animal or inciting another to attack, injure or kill an assistance animal.

This policy is not intended to prohibit:

- Killing or injuring an animal within the scope of a person's employment or furthering the goals of legitimate educational curriculum as designed and approved by the *University*.
- Killing or injuring an animal when the actor had a reasonable fear of bodily injury to self or other person by that animal.

24.4.22. **Reckless driving**. Driving in a manner that recklessly endangers the health and/or safety of oneself or others.

24.4.23. **Abuse of process**. Abuse of the student conduct, disciplinary and/or legal processes including, but not limited to, *investigations*, *conferences*, and appeals. Prohibited behavior includes, but is not limited to:

- Failure to obey the notice from a *Student Conduct Panel*, *Student Conduct Administrator*, and/or *University official* to appear for a meeting or *conference* as part of an official *University* disciplinary process.
- Falsification, distortion, or misrepresentation of information.
- Disruption or interference with the orderly conduct of an *investigation*, *conference*, or an appeal process.
- Intentionally initiating or causing to be initiated any false report.
- Attempting to discourage an individual's proper participation in, or use of, a student conduct, disciplinary, or legal process.
- Attempting to influence the impartiality of a member of a *Student Conduct Panel* prior to, and/or during the course of, the *Student Conduct Panel*
- Verbal or physical intimidation, and/or retaliation of any party to the Student Conduct proceeding prior to, during, and/or afterwards.
- Committing a violation of *University* rules while serving a conduct probation, conduct review, or deferred suspension status or failing to meet deadlines imposed in accordance with *University*
- Failure to abide by the terms of *University* administered *sanctions*.
- Influencing or attempting to influence another person to commit an abuse of the Student Conduct Code system.

24.4.24. **Complicity.** Attempting, aiding, abetting, conspiring, hiring or being an accessory to any act prohibited by this code *shall* be considered to the same extent as completed violations.

24.5. **Bias-Related Violations**–Violations of 24.4 of this Student Conduct Code that are motivated by prejudice toward a person or group because of factors such as race, religion, ethnicity, disability, national origin, age, gender or sexual orientation *may* be assessed an enhanced *sanction* as prescribed in section 27 of this publication.

24.6. **Violations of Law and University Discipline** The focus of inquiry in student conduct proceedings *shall* be the determination of whether a violation of University rules occurred. Student conduct proceedings *shall* be informal in nature and need not comply with the formal processes associated with the criminal and civil courts, nor *shall* deviations from prescribed process necessarily invalidate a decision or proceeding unless significant prejudice to the *student* or *University may* result. Standards outlined by the *University* for *students may* be higher than those standards set for the general population. As each person is subject to multiple layers of expectations through the Federal, State, County and local governments, *students* are further expected to maintain a higher standard of behavior as members of the *University* community. *Students* failing to adhere to those standards *may* be subject to a University conduct process in addition to civil or criminal litigation should the behavior also be a potential violation of the law. The attempted analogy of student discipline to criminal proceedings

against adults and juveniles is not sound. *Students may* be charged with conduct that potentially violates both the criminal law and this Student Conduct Code (that is, if both possible violations result from the same factual situation) without regard to the pendency of civil or criminal litigation in court or criminal arrest and prosecution. Proceedings under this Student Conduct Code *may* be carried out prior to, simultaneously with, or following civil or criminal proceedings off campus at the discretion of Vice President for Student Affairs or designee. Determinations made or *sanctions* imposed under this Student Conduct Code *shall* not be subject to change because criminal *charges* were dismissed, reduced, or resolved in favor of or against the criminal law defendant. When a *student* is charged by federal, state, or local authorities with a violation of law, the *University* will not request or agree to special consideration for that individual because of that individual's status as a *student*. If the alleged offense is also being processed under the Student Conduct Code, the *University may* advise off-campus authorities of the existence of the Student Conduct Code and of how matters are typically handled within the *University* community. The *University* will attempt to cooperate with law enforcement and other agencies in the enforcement of criminal law on campus.

## 24.7 **Amnesty**

24.7.1 **Amnesty relating to sexual harassment, sexual assault, dating violence, and stalking.** Texas A&M University will "not take any disciplinary action against a student enrolled at the institution who in good faith reports to the institution being the victim of, or a witness to, an incident of sexual harassment, sexual assault, dating violence, or stalking [as defined in System Regulation 08.01.01, *Civil Rights Compliance*], for a violation by the student of the institution's code of conduct occurring at or near the time of the incident, regardless of the location at which the incident occurred or the outcome of the institution's disciplinary process regarding the incident, if any." (Texas Education Code Sec. 51.284).

This amnesty does not apply in situations where:

(a) A student "reports the student's own commission or assistance in the commission of sexual harassment, sexual assault, dating violence, or stalking" [as defined in System Regulation 08.01.01]; or
(b) A student's behavior occurring near or at the time of the incident could result in a suspension or expulsion from the university. For the purposes of this rule, suspension or expulsion may be possible outcomes when the student's behavior:

- Threatens or endangers the physical or mental health and/or safety of other individuals;
- Causes significant property damage or loss;
- Causes significant burden on the university and/or community members to repair the harm caused by the behavior;

- Would cause a reasonable person similarly situated to fear for their safety or suffer substantial emotional distress;
- Causes significant disruption that limits others' ability to access the academic, co-curricular, or work environment; or
- Has demonstrated a pattern of failure to comply with university behavioral expectations;

Staff in the Student Conduct Office "may investigate to determine whether a report of an incident of sexual harassment, sexual assault, dating violence, or stalking was made in good faith" (Texas Education Code Sec. 51.284(b)). A determination by the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes that a student is entitled to amnesty is final and may not be revoked. All questions of implementation of this amnesty rule are subject to the decision of the Vice President for Student Affairs or designee responsible for oversight of the student conduct processes.

24.7.2 **Amnesty pertaining to alcohol and other drugs.** A student who calls 9-1-1 or takes an individual to receive emergency treatment for possible alcohol and/or drug overdose will not be charged under this code for possession or use of alcohol or other drugs. This amnesty only applies if:

(a) The student stays with the individual needing treatment until emergency services arrive;
(b) The student takes reasonable measures to assist the individual needing treatment; and
(c) The student is cooperative with emergency services and university processes.

**Propose a Student Rule Revision (https://student-rules.tamu.edu/propose/revision/?title=Student Conduct Code&section=)**

Cause No. 24-3177-CV-85

| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Plaintiff's Response to Defendant's Plea to the Jurisdiction

> It appears to me that you want to skip the [mandamus] process, go directly to trial, skip that, and get a dismissal. Well, I'm not about to revamp the entire judicial process just because you find yourself in the **unique** position of defending clients who say they didn't do it.[1]

### I. Introduction

In this proceeding, Brian Beckcom asks this Court to consider whether Texas A&M University has properly complied with his requests under the Texas Public Information Act. A Texas statute specifies that a petition for a writ of mandamus is the appropriate vehicle to do so. The University's assertion that this Court lacks "jurisdiction" to consider a remedy that the Legislature authorized is spurious.

This Court should also summarily reject the University's contention that this Court lacks "jurisdiction" simply because the University believes it has complied with the TPIA's requirements. (Indeed, if a party could challenge a court's "jurisdiction" whenever it believed itself to be wrongly accused, no court would *ever* have jurisdiction to consider the merits of *any* dispute.) Instead, this Court should deny the University's plea and proceed to consider the merits of the parties' respective arguments.

---

[1] Judge Chamberlain Haller, *My Cousin Vinny*, 20th Century Fox (1992) (emphasis orginal).

## II. Restatement of the Case

Beckcom narrowed the issues that remain before this Court in the *amended* petition that he filed on March 3, 2025.[2] Specifically, Beckcom's live pleading contends that the University violated the Texas Public Information Act by failing to provide sufficient responses to two requests, which relate to:

— The Corps of Cadets freshman-experience program (also known as the "fish brigade"), which the University has coded as Request J000762; and

— The University's investigation of Squadron 17 of the Corps of Cadets, which the University has coded as Request J001147.

Beckcom is *not* asking this Court to consider the merits of any other requests that he identified in his *original* petition at this time.

The "argument and authority" section of the University's plea to the jurisdiction addresses the second of these two requests (J001147)—but not the first (J000762). And because the University did not amend its plea to the jurisdiction after Beckcom filed his amended petition, the plea contains sections of "argument and authority" devoted to disputes that are no longer before this Court, specifically, sections I, V-D, V-E, V-F, V-G, and V-I. Accordingly, none of these sections have any relevance to the pending dispute, and this Court only needs to consider the following arguments:

— Section V-H (whether Beckcom has standing to pursue mandamus);

— Section V-A (the requirements of the TPIA, which are undisputed); and

— Sections V-B and V-C (whether the University satisfied its obligations with respect to Request J001147).

---

[2] Although Beckcom filed his amended petition in Cause No. 24-*3177*-CV-85, this Court consolidated that proceeding into this Cause on March 6, 2025.

## III. Argument for Denying the University's Plea

**A.      The Legislature specifically authorized this Court to grant mandamus relief when a government agency fails to comply with the Public Information Act.**

Although the University's arguments challenging Beckcom's standing to seek relief in this Court appear at the *end* of its plea, this Court must consider those arguments *first*.[3] At the outset of this discussion, therefore, this Court should note that 552.321 of the Texas Government Code authorizes a "requestor" of information under the Texas Public Information Act to "file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision." The University does not—because it cannot— argue that Beckcom does not meet the Government Code's definition of a "requestor."[4] Nor does any authority cited in section IV or section V-H of University's plea make any reference to the TPIA or the remedies that it provides for parties who are dissatisfied with a governmental agency's response to a public-information request. In sum, the University is asking this Court to conclude that it has no jurisdiction, despite the undisputed existence of a statute that specifically provides it with jurisdiction. Because the University's plea seeks an absurd result, this Court should summarily reject it.

---

[3] *See Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 917 (Tex. 2020) ("Because lack of standing deprives the court of subject-matter jurisdiction," we would normally "address the issue first" before resolving the merits of the plaintiffs' claims.").

[4] Tex. Gov't Code § 552.003(6) ("'Requestor' means a person who submits a request to a governmental body for inspection or copies of public information.").

**B.** **The University's argument that this Court "lacks jurisdiction" is an impermissible effort to obtain a dismissal on the merits—without a sufficient evidentiary showing.**

Instead, the University maintains that Beckcom lacks standing in this proceeding because it believes that it has satisfied all of its obligations under the TPIA and, therefore, Beckcom either has no cognizable injury or, alternatively, his complaints are moot.[5] But, of course, denying an opposing party's allegations is not a unique strategy for a defendant in civil litigation. Indeed, if a general denial could deprive a trial court of jurisdiction to hear the merits of a dispute, *every* case would be dismissed for lack of jurisdiction.

Accordingly, the Texas Supreme Court held a quarter century ago in *Bland Independent School District v. Blue* that pleas to the jurisdiction should *not* be used to require plaintiffs "to put on their case simply to establish jurisdiction."[6] The state's high court expanded on that rule four years later in *Texas Department of Parks and Wildlife v. Miranda* when it held, "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court *cannot* grant the plea to the jurisdiction."[7] This Court should conclude that the prohibitions announced in *Blue* and *Miranda* should apply here.

As discussed above, there are two factual disputes for this Court to resolve, both of which relate to whether the evidence attached to the University's plea conclusively establishes that it satisfied its obligations under the TPIA.

— With respect to Request J000762, the evidence that the University filed reveals that its last communication with Beckcom regarding this request

---

[5] 1st Am. Plea, p. 22–23.

[6] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[7] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004).

occurred on March 29, 2024, in which it stated "we are still in the process of locating and gathering records responsive to your request."[8] Beckcom's attached declaration confirms that the University has since produced *some* documents, but has withheld others.[9] Because the "argument and authority" section of the University's plea does not address this request *at all*, it has not conclusively established its compliance with the TPIA.

— With respect to Request J001147, section C of the "argument and authority" section of the University's plea claims that Beckcom "served as his son's representative in the process."[10] Not only does the University fail to explain the "process" it references, it offers no evidence in support of this argument. But even if it had, Beckcom's attached declaration denies that he has *ever* served as his son's representative in any "process" related to his request.[11]

Because both of the University's "jurisdictional" arguments are "inextricably linked to the merits" of its defenses, this Court should conclude that the University cannot obtain a dismissal in this proceeding without satisfying "a burden very similar to that of a movant for summary judgment."[12] And because the University has not "conclusively established" that it has complied with the TPIA (as required by Rule of Civil Procedure 166a(c)) nor identified "no-evidence" points that would shift the burden to Beckcom to come forward with evidence (as required by Rule 166a(i)), this Court should reject the University's argument that this Court "lacks jurisdiction" to consider the merits of the parties' respective arguments.

---

[8] 2d Supp. to Plea, p. 38; *see also* Ex. _ to Beckcom Decl., (attached).

[9] Beckcom Decl., ¶ 3 (attached).

[10] 1st Am. Plea, p. 15.

[11] Beckcom Decl., ¶ 6 (attached).

[12] *See, e.g.*, *City of San Antonio by & through City Pub. Serv. Bd. of San Antonio v. Smith*, 562 S.W.3d 75, 86 (Tex. App.—San Antonio 2018, pet. denied); *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.).

## IV. Conclusion

Having established that genuine issues of material fact remain in dispute with respect to whether the University's responses to Beckcom's requests J001147 and J000762 satisfied the requirements of the Texas Public Information Act, this Court should deny the University's plea to the jurisdiction and provide the parties with guidance for submitting arguments and evidence to this Court for a ruling on the merits.

Respectfully submitted,

*/s/ Hunter Shurtleff*
Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

## Certificate of Service

I certify that on April 15, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

*/s/ Brian Beckcom*
Brian Beckcom

# DECLARATION OF BRIAN BECKCOM

My name is Brian Beckcom. My date of birth is November 30, 1972. My address is 1220 Augusta Drive, Suite 240, Houston, Texas 77057. I am over 18 years of age, of sound mind, and capable of making this declaration.

1. I am the Plaintiff in the above-captioned case. I submitted the two requests that remain at issue in this case: Request J000762 and Request J001147.

2. Request J000762 relates to a proposed radical restructuring of the Corps of Cadets freshman-experience program (also known as the "fish brigade"). I submitted this request to the University on March 28, 2024.

3. As of the date of this declaration, TAMU has refused to produce *all* responsive documents to this request alleging that they are a "compilation" of DEI documents within the meaning of Education Code section 51.971. However, based on information and belief, the documents existed independently prior to SB17 and therefore do not only exist as part of the alleged compliance program.

4. Additionally, SB17 made DEI illegal in the State of Texas and established a mechanism to report violations. If public institutions can withhold DEI documents as a "compliance effort," the public could not discover or report violations.

5. Request J001147 relates to the University's investigation of Squadron 17 of the Corps of Cadets in the Spring of 2024. I submitted this request to the University on March 28, 2024.

6. TAMU claims in an affidavit that I served as a "legal" representative during these hearings. TAMU's affidavit is false. While many parents and their students wanted me to serve as their lawyer, and I requested the same from TAMU, TAMU rules prohibit students from having lawyers during administrative hearings and TAMU did not allow me to represent any students as their lawyer during the hearings. I was allowed to sit in on my son's hearings as an advisor but was prohibited from speaking or serving as his lawyer. Per TAMU rules, I was only allowed to be in the room because I was his father.

7. TAMU has produced to me almost all of the materials related to an investigation of Squadron 17 in the Fall of 2024, but has withheld almost all documents from an investigation of Squadron 17 in the Spring of 2024, now alleging FERPA protections via affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on this 15th day of April, 2025.


/s/ Brian Beckcom

_____

Brian Beckcom



# Kyle Hawthorne
## DISTRICT JUDGE
### 85th Judicial District

Brazos County Courthouse
300 East 26th Street, Suite 440
Bryan, Texas 77803

(979) 361-4270
FAX: (979) 361-4276

April 24, 2025

**VIA E-MAIL:**
hunter@shurtlefflaw.com
Mr. Hunter Shurtleff

**VIA E-MAIL:**
Jason.Contreras@oag.texas.gov
Mr. Jason Contreras

Re:     **LETTER RULING – Brian Beckom v. Texas A&M University Cause # 24-003177-CV-85; 85th District Court, Brazos County, Texas**

Dear Mr. Shurtleff and Mr. Contreras:

On April 17, 2025, the court heard and considered Plaintiff's Amended Petition for Writ of Mandamus and Defendant's First Amended Plea to the Jurisdiction (along with a First, Second and Third Supplements thereto).

After consideration of the live pleadings, including Plaintiff's Response to Defendant's Plea to the Jurisdiction, the court rules as follows.

Defendant's First Amended Plea to the Jurisdiction is denied. Plaintiff's Amended Petition for Writ of Mandamus is denied.

Mr. Contreras is ordered to prepare an order for the court in compliance with the court's ruling as noted above. The order shall be submitted to the court per the local rules for signature of the court. Any conflict between this letter ruling and the judgment signed shall be controlled by the order signed. This letter ruling will be maintained in the court's file.

Sincerely,

KYLE HAWTHORNE

CAUSE NO. 24-003177-CV-85

| | | |
|---|---|---|
| BRIAN BECKOM, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## ORDER

Came to be considered Plaintiff's First Amended Petition for Writ of Mandamus and Defendant's First Amended Plea to the Jurisdiction, along with all three supplements thereto and Plaintiff's Response to Defendant's plea.

After consideration of the afore-mentioned pleadings, the controlling law and the argument of counsel, Plaintiff's First Amended Petition for Writ of Mandamus is **DENIED** and Defendant's First Amended Plea to the Jurisdiction is **DENIED**.

Accordingly, all claims and causes of action are **DISMISSED WITH PREJUDICE** and Plaintiff is **DENIED** all requested relief.

This order is a final, appealable judgment in this cause. All other relief not expressly granted herein is denied.

SIGNED this 12 day of MAY 2025.

JUDGE KYLE HAWTHORNE

- 585 -

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Plaintiff's Request for Findings of Fact and Conclusions of Law

This Court. Plaintiff respectfully requests this Court to issue findings of fact and conclusions of law in support of its Final Judgment dated May 12, 2025. The Texas Supreme Court has held that such requests are appropriate and necessary in statutorily authorized mandamus proceedings in trial courts. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex.1991). This request is timely, as it is filed within 20 days of this Court's final judgment. Tex. R. Civ. P. 4, 296. **The Court's findings and conclusions are due June 23, 2025.** Tex. R. Civ. P. 4, 297.

Respectfully submitted,

*/s/ Hunter Shurtleff*
Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

## CERTIFICATE OF SERVICE

   I certify that on June 2, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

           */s/ Hunter Shurtleff*
           Hunter Shurtleff

| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant Texas A&M University ("TAMU") files its Objections to Plaintiff's Request for Findings of Fact and Conclusions of Law because Plaintiff is not entitled to findings and conclusions in this case. In support, TAMU respectfully offers the following for consideration by the Court:

On April 17, 2025, a hearing was held before this Court on Plaintiff's Amended Petition for Writ of Mandamus ("Petition"), Defendant's Plea to the Jurisdiction along with all three supplements thereto and Plaintiff's Response to the Plea. On May 12, 2025, an order was issued denying Plaintiff's Petition and also denying TAMU's Plea. On June 2, 2025, Plaintiff filed a Request for Findings of Fact and Conclusions of Law.

For the reasons set forth herein, Plaintiff is not entitled to findings of fact and conclusions of law therefore this request should be denied and disregarded.

## LEGAL ARGUMENT AND AUTHORITY

This is a suit for writ of mandamus pursuant to the Texas Public Information Act (TPIA). TEX. GOV'T CODE § 552.321.

According to Rules 296 and 297 of the Texas Rules of Civil Procedure, a trial judge must prepare findings of fact in cases *tried* in the district court without a jury. See TEX. R. CIV. P. 296, 297 (emphasis added). When a trial court grants summary judgment relief, however, findings of fact are not appropriate because the summary judgment proceeding has not been "tried" within the scope of rule 296. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) (holding that findings of fact and legal conclusions are neither necessary nor proper in summary judgment proceeding); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 810 (Tex. App. - Dallas 2006, pet. denied); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994) (holding that appellate deadlines are not extended by request for findings of fact and conclusions of law following summary judgment because they "have no place in a summary judgment proceeding").

As these cases suggest, the trial court's precise legal conclusions are neither essential nor particularly germane to the disposition of an appeal from a summary judgment because the grounds for granting summary judgment are limited to those specified in the motion, and courts of appeal review those judgments de novo. *See, e.g., Valence Operating Co. v. Dorsett*, 164 S.W.3d 656,

661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211,215 (Tex. 2003).

Here, the Court expressly denied Plaintiff's Petition by way of an Order dismissing with prejudice all claims and causes of action asserted by Plaintiff. See Order dated May 12, 2025. Accordingly, all relief requested by Plaintiff was denied. *Id.* This is tantamount to the granting of a summary judgment since the Court effectively dismissed the case because Plaintiff's TPIA claims were unmeritorious and lacked any genuine issue of material fact. See TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). As a result, TAMU was entitled to and, in fact, obtained a final judgment in its favor.

Moreover, nowhere in the TPIA does it authorize a bench trial much less a jury trial. In this regard, the April 17th hearing was exactly that, simply a hearing based on the pleading and the evidence. There were no opening statements, no witness examination or cross examination, no closing arguments and no verdict by the Honorable Judge. Stated another way, there was no indicia to indicate or suggest that the April 17th hearing was "tried" within the meaning of Rule 296.

Plaintiff also misrepresents the case cited in support of his request for findings and conclusions, namely *Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991). First and most obviously, *Anderson* was not a TPIA case.

Rather, it involved a suit to require a mayor to hold an election on a question abolishing the city's corporate existence. *Id.* Additionally, the *Anderson* case involved a bench trial in which witnesses testified and there was even conflicting witness testimony. *Id.* at 793. In this case, as explained above, what occurred in this case on April 17th was merely a hearing more akin to a dispositive summary judgment motion versus a "trial" within the meaning of Rule 296.

Moreover, nowhere in *Anderson*, including footnote 1 cited to by Plaintiff, can be found the broad and sweeping generalization that "The Texas Supreme Court has held that such requests (i.e., a request for findings of facts and conclusions of law) are appropriate and necessary in statutorily authorized mandamus proceedings in trial courts." See Plaintiff's Request. Plaintiff blatantly misrepresents the *Anderson* case to this Court.

## CONCLUSION

Accordingly, because findings of fact and conclusions of law are not appropriate, TAMU's objections should be sustained. Therefore, the Court should deny and disregard Plaintiff's Request for Findings of Fact and Conclusions of Law.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General
Texas Bar No. 24032093
Jason.Contreras@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
**Attorneys for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served electronically through E-File Texas, File and Serve Texas in compliance with TRCP 21 on June 4, 2025 to:

Hunter Shurtleff
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
Office: 409 E. 26th Street
Bryan, Texas 77803
Telephone (979) 446-4012
Fax (979) 431-0065
hunter@shurtlefflaw.com

<u>/s/ Jason T. Contreras</u>
JASON T. CONTRERAS
Assistant Attorney General

Cause No. 24-3177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

### Plaintiff's Amended Response to Defendant's Objection to Request for Findings of Fact and Conclusions of Law

Defendant Texas A&M University's objections to Plaintiff's request for findings of fact and conclusions of law are premised on its mistaken belief that (a) this court's denial of Plaintiff's petition for writ of mandamus was "tantamount to the granting of summary judgment;" and (b) Plaintiff's cited authorities do not support his request. Because TAMU is wrong on both counts, this Court should overrule its objection.

First, the hearing that this Court held on April 17, 2025 has no similarities to a summary-judgment proceeding, either procedurally or substantively. Here, Plaintiff filed suit for a writ of mandamus as section 552.321 of the Texas Government Code requires when "a governmental body…refuses to supply public information." In response, TAMU filed a "plea to the jurisdiction" that did not cite Texas Rule of Civil Procedure 166a, nor did it cite the summary-judgment standard of review, nor did it argue that it had "conclusively established" *anything*, nor did it argue that "there is no genuine issue as to any material fact," nor did it suggest that it was entitled to relief on "no evidence" grounds following "an adequate time for discovery." Instead, TAMU argued that this Court lacked subject-matter jurisdiction because it believed that it complied with the

Pubic Information Act and, therefore, Plaintiff lacked standing to pursue mandamus relief in this Court.

Correctly recognizing that Legislature granted Plaintiff's standing to seek this relief when it enacted section 552.321 of the Texas Government Code, this Court summarily denied TAMU's "plea to the jurisdiction." But this Court also reached its decision to deny Plaintiff's request for writ of mandamus *with prejudice* after considering the parties' arguments and evidence and the applicable law. Although Plaintiff acknowledges that this appears to be an issue of first impression, he respectfully submits that this Court's April 17, 2025 hearing was much more akin to a bench trial than to a summary-judgment proceeding.

Accordingly, Plaintiff requested findings of fact and conclusions of law to facilitate the court of appeals' review of this proceeding. For example, given that TAMU denied Plaintiff's requests for records on *multiple* bases, which one did this Court find persuasive? Were the requests too broad? Was the information protected by state or federal law? Did TAMU demonstrate that responsive documents do not exist? Moreover, what authority allows this Court to deny a suit for a writ of mandamus "with prejudice"? And what does "with prejudice" mean? If the Court's conclusion was based on the absence of existing documents, and Plaintiff learns later that responsive documents have been created, could Plaintiff seek production of them in the future? If Plaintiff files a new records request using different criteria, does the court's existing order now collaterally estop any requests for any documents that could have been the subject of the requests in *this* proceeding?

TAMU's argument that findings of fact and conclusions of law will not be helpful to the court of appeals is unpersuasive. According to TAMU:

> The trial court's precise legal conclusions are neither essential nor particularly germane to the disposition of an appeal *from a summary judgment* because the grounds for granting summary judgment are limited to those specified in the motion."

But the fact is, *none* of these questions can be answered by looking to the bases on which TAMU sought relief, because its only basis for denying Plaintiff's substantive requests for relief was based on his alleged "lack of standing," a nonsensical argument that this Court summarily dismissed. And TAMU's reliance on the Texas Supreme Court's 1979 decision in City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 n.5 (Tex. 1979)—a case where the governmental entity *moved* for summary judgment, obviously has no relevance to this issue either.

Finally, with respect to Plaintiff's reliance on *Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991) in support of his request for findings of fact and conclusions of law, Plaintiff acknowledges that it does not arise out of a Public Information Act dispute. (Of course, neither do any of the authorities on which TAMU relies.). But in *Anderson*, the Texas Supreme Court recognized that the trial court's findings of fact and conclusions of law allowed the appellate court to conduct its legal and factual sufficiency review. *Id.* at 794. And because there—as here—this Court's factual findings will be inherently tied to the determination of whether a government agency or official had discretion to act in a certain way, *Id.* at 794 n.2, this Court should reject TAMU's suggestion that Plaintiff's reliance on *Anderson* was a "blatant misrepresentation."

For these reasons, this Court should overrule TAMU's objection and issue the findings and conclusions that Plaintiff requested.

Respectfully submitted,

*/s/ Hunter Shurtleff*
Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

### Certificate of Service

I certify that on June 6, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

*/s/ Brian Beckcom*
Brian Beckcom

Cause No. 24-3177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Petitioner's Proposed Findings of Fact and Conclusions of Law

Petitioner Brian Beckcom submits the following proposed findings of fact and conclusions of law in support of an order that DENIES Defendant Texas A&M University's plea to the jurisdiction.

**Findings of Fact**

1.     On February 26, 2024, Plaintiff Brian Beckcom sent a letter to Defendant Texas A&M University requesting documents related to plans regarding the restructuring of the Corps of Cadets.

2.     In a separate correspondence also sent on February 26, 2024, but as part of the same request, Beckcom requested documents regarding TAMU's DEI initiatives, as they related to the restructuring of the Corps of Cadets.

3.     In its response to Beckcom, TAMU stated that it intended to withhold and/or redact documents that were responsive to Beckcom's February 26, 2024 requests and cited section 552.101 of the Texas Government Code and section 51.971 of the Texas Education Code as authority for its withholding and/or redactions.

4.     Although TAMU produced some documents in response to Beckcom's February 26, 2024 requests, it also redacted and/or withheld documents that were responsive to Beckcom's February 26, 2024 requests.

5.     On March 28, 2024, Beckcom sent another request to TAMU for documents related to several investigations into the Corps of Cadets.

6.     In its response to Beckcom, TAMU stated that it intended to withhold and/or redact documents that were responsive to Beckcom's March 28, 2024 requests and cited the federal Family Education Rights and Privacy Act, 28 U.S.C. § 1232g and section 552.026 of the Texas Education Code as authority for its withholding and/or redactions.

7.     Although TAMU produced some documents in response to Beckcom's March 28, 2024 requestes, it also withheld and/or redacted documents that were responsive to Beckcom's March 28, 2024 requests.

8.     This is the second of three suits that Beckcom filed in this Court seeking writs of mandamus ordering TAMU to comply with his requests:

—     Beckcom nonsuited his first suit, Cause No. 23-902-CV-85

—     This Court consolidated Beckcom's third suit, Cause No. 23-3358-CV-85, into this Cause.

9.     In response to Beckcom's suits, TAMU filed a plea to the jurisdiction in which it contended that it complied with its obligations under the Texas Public Information Act and, therefore, Plaintiff lacked standing to seek relief in this Court.

10. TAMU's plea to the jurisdiction did not cite Texas Rule of Civil Procedure 166a, nor did it include the words "summary judgment" or any phrases from Rule 166a that would suggest to this Court that it was requesting a summary judgment, nor did its plea attach evidence that would be admissible in a summary-judgment proceeding.

11. Beckcom filed a response to TAMU's plea to the jurisdiction on April 15, 2025, which included a declaration from Beckcom.

12. The Court considered the parties' arguments and evidence at a hearing on April 17, 2025.

13. At the hearing, TAMU did not object to Beckcom's response as being untimely under Rule 166a.

## Conclusions of Law

1. The first section of the Texas Public Information Act provides:

> Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. The provisions of this chapter shall be liberally construed to implement this policy.

Tex. Gov't Code Ann. § 552.001(a).

2. The Public Information Act requires "*an officer for public information* of a governmental body shall promptly produce public information for inspection, duplication, or both *on application by any person* to the officer." *Id.* at § 552.221(a) (emphasis added).

3. Beckcom's requests to TAMU on February 26, 2024 and March 28, 2024 are "applications" within the meaning of section 552.221(a).

4. Beckcom's applications were received by TAMU's "officer for public information" within the meaning of section 552.221(a).

5. The Public Information Act authorizes a "requestor" of information to "file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to…supply public information…." *Id.* at § 552.321.

6. Beckcom is a "requestor" of information within the meaning of section 552.321(a).

7. TAMU is a "governmental body" within the meaning of section 552.321(a).

8. TAMU refused to supply public information to Beckcom.

9. Beckcom had standing to file this suit against TAMU.

10. TAMU has failed to explain how the federal Family Education Rights and Privacy Act, 28 U.S.C. § 1232g, sections 552.101 and 552.026 of the Texas Government Code, or sections 51.971 of the Texas Education Code, support its decisions to withhold and/or redact documents in its possession, custody, or control that are responsive to Beckcom's requests.

Respectfully submitted,

*/s/ Hunter Shurtleff*
Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

## CERTIFICATE OF SERVICE

I certify that on April 15, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

*/s/ Brian Beckcom*
Brian Beckcom

| | | |
|---|---|---|
| BRIAN BECKCOM | § | |
| | § | 85th DISTRICT COURT |
| v. | § | |
| | § | BRAZOS COUNTY, TEXAS |
| TEXAS A&M UNIVERSITY | § | |

**ORDER**

Upon consideration of Defendant Texas A&M University's objections to Plaintiff Brian Beckcom's request for findings of fact and conclusions of law, as well as Plaintiff's response, this Court OVERRULES the objection.

_____
JUDGE KYLE HAWTHORNE

Cause No. 24-3177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Order

This Court's Order dated May 12, 2025 is VACATED.

Defendant Texas A&M University's plea to the jurisdiction is DENIED.

The Clerk of this Court is ORDERED to set this proceeding for a bench trial at its next available setting.

_____

JUDGE KYLE HAWTHORNE

| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBJECT TO OBJECTIONS

Defendant Texas A&M University ("TAMU") respectfully submits the following Findings of Fact and Conclusions of Law as requested by the Court, subject to its Objections:

## I. FINDINGS OF FACT

1. On or about February 26, 2024, Plaintiff made a TPIA request to TAMU, including a request for DEI-related documents.

2. TAMU withheld and excepted from disclosure certain DEI-related documents in response to the February 26, 2024 request pursuant to TEX. GOV'T CODE § 552.101 and TEX. EDUC. CODE § 51.971.

3. On or about March 28, 2024, Plaintiff made another TPIA request to TAMU, including a request for documents related to a hazing investigation occurring within the TAMU Corps of Cadets.

4. TAMU withheld and excepted from disclosure certain hazing-related documents in response to the March 28, 2024 request pursuant to TEX. GOV'T CODE § 552.114.

5. At a hearing before the Court on April 17, 2025, the court considered the argument of the parties and the evidence presented in support, including TAMU's Plea to the Jurisdiction, all three supplements attached thereto, and all exhibits attached to the Plea and the three supplements.

6. Plaintiff failed to present any evidence to support his claim that TAMU has additional responsive documents to his TPIA requests, not subject to an applicable exception to disclosure that it failed to provide.

7. Plaintiff failed to present any evidence that TAMU did not conduct an adequate search of documents responsive to the TPIA requests in issue.

## II. CONCLUSIONS OF LAW

1. Plaintiff's Original Petition for Writ of Mandamus filed on October 24, 2024 was superseded by Plaintiff's Amended Petition for Writ of Mandamus filed on March 3, 2025. TEX. R. CIV. P. 64 and 65; *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 195 (Tex. App.— Houston [1st Dist.] 2021, no pet.) ("When an amended pleading is

filed, the amended pleading supersedes and supplants the prior pleading, which may no longer be considered.").

2. TAMU was not required to request an opinion from the Attorney General to withhold documents protected by Family Educational Rights and Privacy Act (FERPA).

3. TAMU has discretion whether to disclose information in an educational record even if disclosure is authorized by FERPA.

4. TAMU met its burden that the exceptions from disclosure applied in response to the TPIA requests in issue pursuant to TEX. GOV'T CODE § 552.101 and § 552.114, and TEX. EDUC. CODE § 51.971.

5. TAMU met its obligations under the TPIA in response to Plaintiff's requests and was in no way in violation of the TPIA.

6. Plaintiff's Amended Petition for Writ of Mandamus was denied by the trial court because it lacked merit and due to the lack of a genuine issue of any material fact.

## CONCLUSION

Accordingly, TAMU respectfully requests that the above findings of fact and conclusions of law be entered in support of the final judgment in this case.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General
Texas Bar No. 24032093
Jason.Contreras@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served electronically through E-File Texas, File and Serve Texas in compliance with TRCP 21 on June 6, 2025 to:

Hunter Shurtleff
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
Office: 409 E. 26th Street
Bryan, Texas 77803
Telephone (979) 446-4012
Fax (979) 431-0065
hunter@shurtlefflaw.com

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General

| | | |
|---|---|---|
| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED ORDER TO VACATE FINAL JUDGMENT ORDER

Defendant Texas A&M University ("TAMU") files its Objections to Plaintiff's Proposed Order to Vacate the May 12, 2025 Final Judgment Order and to set this case for a bench trial. In support of its Objections, TAMU respectfully offers the following for consideration by the Court:

TAMU objects to Plaintiff's proposed order because he filed it as a "stand-alone" order without any motion or brief in support. The reason Plaintiff submitted the proposed order in this manner is because no legal basis exists that would entitle him to any of the relief requested therein.

Moreover, in his Amended Response to Defendant's Objection to Request for Findings of Fact and Conclusions of Law (Amended Response), Plaintiff argued that "this Court's April 17, 2025 hearing was much more akin to a bench trial …." Assuming what occurred on April 17th was a bench trial as he argues, which TAMU disputes, he is now in non-sensical fashion requesting

*another* bench trial. See Amended Response at p. 2. He then proceeds to posit a host of irrelevant, immaterial questions in an obvious attempt to distort the issues. *Id*. By all accounts, requesting a second bench trial after taking the position that the April 17th hearing was a bench trial, is not only procedurally improper but also entirely absurd.

Plaintiff had his day in court on April 17th and he does not get a "re-do" simply because he is unhappy that TAMU prevailed.

Plaintiff's proposed order is entirely vacuous and without legal basis. Accordingly, filing this frivolous proposed order without any grounds in law whatsoever subjects Plaintiff and his counsel to sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure and Section 10.001 of the Civil Practice and Remedies Code.

## CONCLUSION

Accordingly, TAMU's objections to Plaintiff's proposed order seeking to vacate the May 12, 2025 Final Judgment Order should be SUSTAINED. Therefore, the Court should deny and disregard Plaintiff's proposed order.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

- 611 -

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General
Texas Bar No. 24032093
Jason.Contreras@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served electronically through E-File Texas, File and Serve Texas in compliance with TRCP 21 on June 9, 2025 to:

Hunter Shurtleff
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
Office: 409 E. 26th Street
Bryan, Texas 77803
Telephone (979) 446-4012
Fax (979) 431-0065
hunter@shurtlefflaw.com

/s/ Jason T. Contreras
JASON T. CONTRERAS
Assistant Attorney General

| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Plaintiff's Motion for New Trial

Plaintiff Brian Beckcom respectfully requests this Court to order a new trial because the Court's conclusions of law that (a) Plaintiff was not entitled to a writ of mandamus, and (b) Defendant Texas A&M University is entitled to a dismissal *with prejudice*, were contrary to law and/or against the overwhelming weight of the evidence. Tex. R. Civ. P. 320; 324.

Respectfully submitted,

*/s/ Hunter Shurtleff*

Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

## Certificate of Service

I certify that on June 10, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

*/s/ Brian Beckcom*
Brian Beckcom

**Received & Filed 6/5/2025 1:14 PM**
**Gabriel Garcia, District Clerk**
**Brazos County, Texas**
**Cereena Grimes**
**Envelope# - 101668037**

CAUSE NO. 24-003177-CV-85

| | | |
|---|---|---|
| BRIAN BECKOM, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| *Defendant.* | § | 85TH JUDICIAL DISTRICT |

## **ORDER**

Came to be considered Defendant's Objections to Plaintiff's Request for Findings of Fact and Conclusions of Law. After consideration of the objections and the controlling law, it is **SUSTAINED**.

Accordingly, Plaintiff's Request for Findings of Fact and Conclusions of Law is **DENIED** and disregarded.

6/16/2025
SIGNED this _____ day of June 2025.

_____
JUDGE PRESIDNG

**- 616 -**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Jason Contreras
Bar No. 24032093
nicole.myette@oag.texas.gov
Envelope ID: 101668037
Filing Code Description: Proposed Order
Filing Description: Denying Plaintiff's Request for Findings of Fact and Conclusions of Law
Status as of 6/5/2025 2:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patti Artavia | | patti@vbattorneys.com | 6/5/2025 1:14:32 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 6/5/2025 1:14:32 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 6/5/2025 1:14:32 PM | SENT |
| Michael  Granado | | michael@vbattorneys.com | 6/5/2025 1:14:32 PM | SENT |
| Hunter Shurtleff | | hunter@shurtlefflaw.com | 6/5/2025 1:14:32 PM | SENT |

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 6/5/2025 1:14:32 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 6/5/2025 1:14:32 PM | SENT |

Cause No. 24-3177-CV-85

| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

**Plaintiff's Notice of Past-Due
Findings of Fact and Conclusions of Law**

This Court signed an order in this Cause on May 12, 2025 that serves as a final judgment because it disposed of all claims against all parties. Because all of Plaintiff's claims against all Defendant were adjudicated by the Court (as opposed to a jury trial) a request for findings of fact and conclusions of law is now timely. In a document filed June 2, 2025, Plaintiff respectfully requested this Court to issue findings of fact and conclusions of law. **The Court's findings and conclusions were due June 22, 2025.** Tex. R. Civ. P. 297. Accordingly, Plaintiff serves this notice to inform the Court that its findings and conclusions are past due. **This Court's plenary power expires on August 25, 2025.**

Respectfully submitted,

*/s/ Hunter Shurtleff*
Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
Texas Bar No. 24097706
1220 Augusta, Suite 240
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

## Certificate of Service

I certify that on June 23, 2025, I served a copy of this response brief on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a and this Court's local rules.

*/s/ Hunter Shurtleff*
Hunter Shurtleff

Cause No. 24-3177-CV-85

| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Designation of Reporter's Record

Plaintiff Brian Beckcom respectfully requests this Court's reporter to prepare a transcript of the proceedings in this Cause before this Court on April 17, 2025, and to send the transcript and all exhibits to the Court of Appeals of Texas, Tenth District.

Respectfully submitted,

*/s/ Matthew J. Kita*
Matthew J. Kita
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

Appellate Counsel for Plaintiff

## Certificate of Service

I certify that on June 30, 2025, I served a copy of this notice on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a.

/s/ *Matthew J. Kita*
Matthew J. Kita

**Received & Filed 6/30/2025 12:47 PM**
**Gabriel Garcia, District Clerk**
**Brazos County, Texas**
**Mikayla Ryann Watson**
**Envelope# - 102585598**

Cause No. 24-3177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

### Plaintiff's Notice of Appeal

Plaintiff Brian Beckcom appeals this Court's May 12, 2025 order of dismissal to the Court of Appeals of Texas, Tenth District

Respectfully submitted,

*/s/ Matthew J. Kita*
Matthew J. Kita
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

Appellate Counsel for Plaintiff

### Certificate of Service

I certify that on June 30, 2025, I served a copy of this notice on all counsel of record and this Court's reporter via e-filing in accordance with Texas Rule of Civil Procedure 21a, Texas Rule of Appellate Procedure 42.3, and section 51.017(a) of the Texas Civil Practice and Remedies Code.

*/s/ Matthew J. Kita*
Matthew J. Kita

**- 622 -**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Kita on behalf of Matthew Kita
Bar No. 24050883
matt@mattkita.com
Envelope ID: 102585598
Filing Code Description: Notice
Filing Description: of Appeal
Status as of 6/30/2025 3:09 PM CST

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason Contreras | | Jason.contreras@oag.texas.gov | 6/30/2025 12:47:37 PM | SENT |
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 6/30/2025 12:47:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patti Artavia | | patti@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Matthew Kita | 24050883 | matt@mattkita.com | 6/30/2025 12:47:37 PM | SENT |
| Michael Granado | | michael@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Hunter Shurtleff | | hunter@shurtlefflaw.com | 6/30/2025 12:47:37 PM | SENT |
| Paula Frederick | | pfrederick@co.brazos.tx.us | 6/30/2025 12:47:37 PM | SENT |

Received & Filed 6/30/2025 12:47 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Mikayla Ryann Watson
Envelope# - 102585598

Cause No. 24-3177-CV-85

| | | |
|---|---|---|
| Brian Beckcom | § | |
| | § | 85th District Court |
| v. | § | |
| | § | Brazos County, Texas |
| Texas A&M University | § | |

## Notice of Appendix in Lieu of Clerk's Record

Plaintiff Brian Beckcom provides the Clerk of this Court with notice that he will prepare an appendix in lieu of a clerk's record for the appeal of this cause. This notice is filed within 10 days of the filing of his notice of appeal, as permitted and required by section 51.018 of the Civil Practice and Remedies Code and Texas Rule of Appellate Procedure 34.5a. Under this statute and rule, the Clerk *may not* prepare a Clerk's Record or assess a fee if an appendix is filed.

Respectfully submitted,

*/s/ Matthew J. Kita*
Matthew J. Kita
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

Appellate Counsel for Plaintiff

- 1 -

## Certificate of Service

I certify that on June 30, 2025, I served a copy of this notice on all counsel of record via e-filing in accordance with Texas Rule of Civil Procedure 21a.

*/s/ Matthew J. Kita*
Matthew J. Kita

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Kita on behalf of Matthew Kita
Bar No. 24050883
matt@mattkita.com
Envelope ID: 102585598
Filing Code Description: Notice
Filing Description: of Appeal
Status as of 6/30/2025 3:09 PM CST

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 6/30/2025 12:47:37 PM | SENT |
| Jason Contreras | | Jason.contreras@oag.texas.gov | 6/30/2025 12:47:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patti Artavia | | patti@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Brian ABeckcom | | brian@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Brendan Fradkin | | brendan@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Matthew Kita | 24050883 | matt@mattkita.com | 6/30/2025 12:47:37 PM | SENT |
| Michael Granado | | michael@vbattorneys.com | 6/30/2025 12:47:37 PM | SENT |
| Hunter Shurtleff | | hunter@shurtlefflaw.com | 6/30/2025 12:47:37 PM | SENT |
| Paula Frederick | | pfrederick@co.brazos.tx.us | 6/30/2025 12:47:37 PM | SENT |

# Case Information

24-003177-CV-85 | Brian Beckcom vs. Texas A&M University

| Case Number | Court | Judicial Officer |
|---|---|---|
| 24-003177-CV-85 | 85th District Court | Hawthorne, Kyle |
| File Date | Case Type | Case Status |
| 10/24/2024 | Civil Case - Other | Dismissed |

# Party

**Plaintiff**
Beckcom, Brian

Address
1200 Augusta, Suite 240
Suite 400
Houston TX 77057

Active Attorneys ▾

Attorney
Fradkin, Brendan
Retained

Attorney
BECKCOM, BRIAN
Retained

Lead Attorney
Kita, Matthew Joseph
Retained

**Defendant**
Texas A&M University

Address
400
Bizzel St.
College Station TX 77840

Active Attorneys ▾

Lead Attorney
Contreras, Jason T.
Retained

**- 627 -**

## Disposition Events

05/12/2025 Judgment ▾

Judicial Officer
Hawthorne, Kyle

Judgment Type
Dismissed

## Events and Hearings

10/24/2024 Original Petition (OCA)

10/24/2024 ORIGINAL PETITION

10/28/2024 Issue Process Instructions

11/12/2024 Writ of Mandamus

11/12/2024 Issue Process Instructions

11/15/2024 CITATION ISSUED

11/19/2024 Citation ▾

Served
12/19/2024 8:10 AM

**- 628 -**

| |
|---|
| 11/19/2024 CITATION ISSUED |
| 12/04/2024 Citation Served |
| 12/11/2024 SETTING REQUESTS |
| 12/20/2024 Citation Served |
| 12/27/2024 Original Answer |
| 12/27/2024 OBJECTIONS |
| 01/13/2025 Defendant's Original Answer |
| 01/15/2025 MOTION TO CONSOLIDATE |
| 01/15/2025 Order |
| 01/16/2025 REQUEST |
| 01/16/2025 CERTIFICATE OF |
| 01/17/2025 MOTION TO COMPEL |
| 01/17/2025 PLEA TO THE JURISDICTION |
| 01/17/2025 EXHIBIT |
| 01/17/2025 Proposed Order |
| 01/17/2025 REQUEST |
| 01/27/2025 RESPONSE TO MOTION (MISC. MOTIONS) |
| 01/27/2025 ORDER ON MOTION TO COMPEL |
| 02/06/2025 PLEA TO THE JURISDICTION |
| 02/06/2025 EXHIBIT |
| 02/06/2025 EXHIBIT |
| 02/06/2025 Proposed Order |
| 02/06/2025 REQUEST |
| 02/19/2025 No Fee Documents |
| 02/19/2025 PLEA TO THE JURISDICTION |

**- 629 -**

02/19/2025 Order

02/27/2025 NOTICE OF APPEARANCE

02/27/2025 NOTICE OF APPEARANCE

03/03/2025 AMENDED NOTICE

03/03/2025 Order

03/05/2025 Motion to Compel ▼

Judicial Officer
Hawthorne, Kyle

Hearing Time
01:30 PM

Cancel Reason
Both Parties Agree to Reset

03/05/2025 Plea to the Jurisdiction ▼

Judicial Officer
Hawthorne, Kyle

Hearing Time
01:30 PM

Cancel Reason
Both Parties Agree to Reset

03/05/2025 Petition ▼

Judicial Officer
Hawthorne, Kyle

Hearing Time
01:30 PM

Cancel Reason
Both Parties Agree to Reset

03/05/2025 RULE 11 AGREEMENT

03/06/2025 Proposed Order

03/06/2025 Proposed Order

03/06/2025 Proposed Order

03/20/2025 Docket Entry

03/21/2025 PLEA TO THE JURISDICTION

**- 630 -**

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 PLEA TO THE JURISDICTION

03/21/2025 REQUEST

03/21/2025 PLEA TO THE JURISDICTION

04/14/2025 PLEA TO THE JURISDICTION

04/14/2025 REQUEST

04/15/2025 Plaintiff's Response

04/17/2025 Plea to the Jurisdiction ▾

Judicial Officer
Hawthorne, Kyle

Hearing Time
10:30 AM

04/17/2025 Petition ▾

Judicial Officer
Hawthorne, Kyle

Hearing Time
10:30 AM

04/24/2025 BRIEF

04/28/2025 Order

04/28/2025 Order

05/13/2025 NOTICE OF JUDGMENT AS TO RULE 306A

05/13/2025 RETENTION (DESTROY DATE)

06/02/2025 FINDINGS OF FACT AND CONCLUSION OF LAW

06/04/2025 OBJECTIONS

**- 631 -**

| 06/05/2025 Proposed Order |
| --- |
| 06/06/2025 Plaintiff's Response |
| 06/06/2025 FINDINGS OF FACT AND CONCLUSION OF LAW |
| 06/06/2025 AMENDED ANSWER |
| 06/06/2025 Proposed Order |
| 06/06/2025 Proposed Order |
| 06/06/2025 FINDINGS OF FACT AND CONCLUSION OF LAW |
| 06/09/2025 OBJECTIONS |
| 06/10/2025 MOTION FOR NEW TRIAL |
| 06/17/2025 Docket Entry |
| 06/24/2025 NOTICE |
| 06/25/2025 OBJECTIONS |
| 06/25/2025 Proposed Order |
| 06/27/2025 NOTICE |
| 06/30/2025 NOTICE OF APPEAL |
| 06/30/2025 NOTICE |
| 06/30/2025 DESIGNATION |
| 06/30/2025 NOTICE OF APPEARANCE |
| 07/02/2025 Docket Entry |
| 07/08/2025 LETTER FROM CCA |
| 07/25/2025 TRANSFER IN AND OUT LETTER |

**- 632 -**

# Financial

Beckcom, Brian

| | Total Financial Assessment | | | $438.00 |
| | Total Payments and Credits | | | $438.00 |

| 10/28/2024 | Transaction Assessment | | | $350.00 |
| 10/28/2024 | eFile Payment | Receipt # 2024-166055 | Beckcom, Brian | ($213.00) |
| 10/28/2024 | State Credit | | | ($137.00) |
| 10/28/2024 | Transaction Assessment | | | $8.00 |
| 10/28/2024 | eFile Payment | Receipt # 2024-166074 | Beckcom, Brian | ($8.00) |
| 6/10/2025 | Transaction Assessment | | | $80.00 |
| 6/10/2025 | eFile Payment | Receipt # 2025-169208 | Beckcom, Brian | ($35.00) |
| 6/10/2025 | State Credit | | | ($45.00) |

**- 633 -**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Kita on behalf of Matthew Kita
Bar No. 24050883
matt@mattkita.com
Envelope ID: 105940551
Filing Code Description: Motion
Filing Description: Appellants Motion to Abate and Remand for Findings of Fact and Conclusions of Law
Status as of 9/23/2025 8:49 AM CST

Associated Case Party: Texas A&M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason T.Contreras | | jason.contreras@oag.texas.gov | 9/23/2025 8:33:43 AM | SENT |

Associated Case Party: Brian Beckcom

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew J.Kita | | matt@mattkita.com | 9/23/2025 8:33:43 AM | SENT |